THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., JEAN M. BIRCH, WELDON SPANGLER, NOAH A. ELBOGEN, BENJAMIN HOCHBERG, YOO JIN KIM, ALEXANDER C. MATINA, DAVID MOUNTS, JOHN SHAFER, KATHERINE L. SCHERPING, ROB WEISBERG and NORTH POINT ADVISORS LLC,

Defendants.

No. 19-cv-05514-BHS-JRC

PAPA MURPHY'S DEFENDANTS' REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    REPLY ARGUMENT ............................................................................................. 1

    A.    Plaintiff Does Not Adequately Plead Any False or Misleading Statements.......... 1

    B.    Plaintiff Does Not Adequately Plead Materiality .................................................. 8

    C.    Plaintiff Does Not Adequately Plead that the Papa Murphy's Defendants Were Negligent ................................................................................................... 10

    D.    Plaintiff Does Not Adequately Plead Loss Causation ......................................... 12

    E.    There Is No Private Right of Action for Negligence-Based Claims Under Section 14(e) ...................................................................................................... 14

III.    CONCLUSION.................................................................................................... 15

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –ii

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

Baum v. Harman Int'l Indus., Inc.,
    408 F. Supp. 3d 70 (D. Conn. 2019).................................................................................3, 4, 6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)......................................................................................................................7

City of Birmingham Relief & Ret. Sys. v. Hastings,
    No. 18-cv-02107-BLF, 2019 WL 3815722 (N.D. Cal. Feb. 13, 2019) ...................................12

City of Hialeah Emps.' Ret. Sys. v. FEI Co.,
    289 F. Supp. 3d 1162 (D. Or. 2018) ..........................................................................................6

Edenbrook Capital, LLC v. RhythmOne Plc,
    No. 19-cv-00615-WHO, 2019 WL 1791419 (N.D. Cal. Apr. 24, 2019)..................................11

Fargo v. City of San Juan Bautista,
    857 F.2d 638 (9th Cir. 1988), overruled on other grounds by L.W. v. Grubbs,
    92 F.3d 894 (9th Cir. 1996) ........................................................................................................11

Farmer v. Brennan,
    511 U.S. 825 (1994)....................................................................................................................11

Golub v. Gigamon, Inc.,
    372 F. Supp. 3d 1033 (N.D. Cal. 2019) ......................................................................................3

Graham-Bingham Irrevoc. Tr. v. John Hancock Life Ins. Co. USA,
    827 F. Supp. 2d 1275 (W.D. Wash. 2011)..................................................................................8

Great Lakes Chem. Corp. v. Pharmacia Corp.,
    788 A.2d 544 (Del. Ch. 2001)......................................................................................................8

Hayes v. Crown Central Petroleum Corp.,
    78 F. App'x 857 (4th Cir. 2003)...................................................................................................2

Hussey v. Ruckus Wireless, Inc.,
    263 F. Supp. 3d 781 (N.D. Cal. 2017) .........................................................................................9

In re Appraisal of Panera Bread Co.,
    C.A. No. 2017-0593-MTZ, 2020 WL 506684 (Del. Ch. Jan. 31, 2020) ...............................6, 7

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –iii

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## TABLE OF AUTHORITIES
### (continued)

Page

In re Convergent Techs. Sec. Litig.,
948 F.2d 507 (9th Cir. 1991) ................................................................................................9

In re Emerging Commc'ns, Inc. S'holders Litig.,
No. Civ.A. 16415, 2004 WL 1305745 (Del. Ch. May 3, 2004) ...............................................8

In re Hot Topic Sec. Litig.,
No. CV 13-02939 SJO, 2014 U.S. Dist. LEXIS 180513, 2014 WL 7499375
(C.D. Cal. May 2, 2014) .................................................................................................4, 11

In re Ocera Therapeutics, Inc. Sec. Litig.,
No. 17-cv-06687-RS, 2018 WL 7019481 (N.D. Cal. Oct. 16, 2018) .....................8, 10, 11, 12

In re Stone & Webster, Inc., Sec. Litig.,
414 F.3d 187 (1st Cir. 2005) ...............................................................................................12

In re Tesla Motors, Inc. S'holder Litig.,
C.A. No. 12711-VCS, 2020 WL 553902 (Del. Ch. Feb. 4, 2020).............................................7

In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.,
MDL No. 2672 CRB (JSC), 2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) ..........................12

In re Wash. Pub. Power Supply Sys. Sec. Litig.,
823 F.2d 1349 (9th Cir. 1987) .............................................................................................14

Khoja v. Orexigen Therapeutics, Inc.,
899 F.3d 988 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019) .........................................2

Koppel v. 4987 Corp.,
167 F.3d 125 (2d Cir. 1999).................................................................................................12

Kuebler v. Vectren Corp.,
412 F. Supp. 3d 1000 (S.D. Ind. 2019) ..................................................................................13

Laborers Local #231 Pension Fund v. Cowan,
Civ. No. 17-478, 2018 U.S. Dist. LEXIS 110545, 2018 WL 3243975 (D. Del.
July 2, 2018)........................................................................................................................6

Manufactured Home Communities, Inc. v. City of San Jose,
420 F.3d 1022 (9th Cir. 2005) ...............................................................................................7

Marx v. Comput. Scis. Corp.,
507 F.2d 485 (9th Cir. 1974) ................................................................................................8

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –iv

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Mills v. Elec. Auto-Lite Co.,
    396 U.S. 375 (1970)..............................................................................................................12

NECA-IBEW Pension Tr. Fund (the Decatur Plan) v. Precision Castparts Corp.,
    No. 3:16-cv-01756-YY, 2017 U.S. Dist. LEXIS 165139, 2017 WL 4453561
    (D. Or. Oct. 3, 2017) (report and recommendation), adopted, 2018 WL
    533912 (D. Or. Jan. 24, 2018) .............................................................................................6

O'Neill v. United States,
    369 F. App'x 854 (9th Cir. 2010).......................................................................................15

Olin v. Dakota Access, LLC,
    910 F.3d 1072 (8th Cir. 2018) ...........................................................................................11

Or. Pub. Emps. Ret. Fund v. Apollo Grp., Inc.,
    774 F.3d 598 (9th Cir. 2014) .............................................................................................12

Plaine v. McCabe,
    797 F.2d 713 (9th Cir. 1986) .......................................................................................12, 14

Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health &
    Human Servs.,
    946 F.3d 1100 (9th Cir. 2020) ...........................................................................................15

Richter v. CC-Palo Alto, Inc.,
    No. 5:14-cv-00750-EJD, 2019 WL 634648 (N.D. Cal. Feb. 14, 2019),
    appeal docketed sub nom. Cork v. CC Palo Alto, Inc., No. 19-15441 (9th Cir.
    Mar. 12, 2019)...................................................................................................................8

Ridler v. Hutchinson Tech. Inc.,
    216 F. Supp. 3d 982 (D. Minn. 2016)..................................................................................6

Salviejo-Fernandez v. Gonzales,
    455 F.3d 1063 (9th Cir. 2006) ...........................................................................................11

Schreiber v. Burlington N. Inc.,
    472 U.S. 1 (1985)...........................................................................................................7, 14

SEC v. Pocklington,
    No. EDCV 18-701 JGB (SPx), 2018 WL 6843663 (C.D. Cal. Sept. 10, 2018) ..................2

Smith v. Robbins & Meyers, Inc.,
    969 F. Supp. 2d 850 (S.D. Ohio 2013) ................................................................................2

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –v

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

**Page**

Tse v. Ventana Med. Sys., Inc.,
   123 F. Supp. 2d 213 (D. Del. 2000), aff'd, 297 F.3d 210 (3d Cir. 2002)................................14

Varjabedian v. Emulex Corp.,
   888 F.3d 399 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019) ...................7, 10, 14, 15

Vess v. Ciba-Geigy Corp. USA,
   317 F.3d 1097 (9th Cir. 2003) ......................................................................................12

Wenger v. Lumisys, Inc.,
   2 F. Supp. 2d 1231 (N.D. Cal. 1998) ..............................................................................9

**STATUTES**

15 U.S.C. § 77k(b)(3)(C) ................................................................................................6

15 U.S.C. § 78n(e) .........................................................................................................2

15 U.S.C. § 78u-4(b)(2)(A).............................................................................................11

15 U.S.C. § 78u-5(i)(1)(A) ..............................................................................................8

Del. Code Ann. tit. 8, § 141(e).........................................................................................6

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –vi

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.      INTRODUCTION

In his opposition, ECF No. 29 ("Opp."), Plaintiff makes two admissions that are fatal to his claims.[1]  First, he acknowledges that he bases his claims only on affirmative statements in the Recommendation Statement, and that "this is not an omissions case."  Opp. at 10.  Second, he admits that all statements at issue allegedly are false or misleading for a single reason:  North Point's inclusion of its base case projections into its DCF analysis.  Id. at 9-10.  But the Recommendation Statement fully discloses the base case, North Point's reasons for its use, and its impact on the DCF analysis.  Because Plaintiff's claims of falsity fail, and for the other reasons discussed in the Motion and below, the Amended Complaint should be dismissed with prejudice.

# II.      REPLY ARGUMENT

## A.      Plaintiff Does Not Adequately Plead Any False or Misleading Statements

Apparently conceding that he fails to state a claim based on omissions, Plaintiff asserts in his opposition that four statements in the Recommendation Statement are false or misleading:

1. He asserts that North Point's base case projections were false and misleading because they were "meaningfully lower than management's projections and inconsistent with the Company's financial performance and management's statements made during the months preceding the announcement" of MTY's tender offer;

2. He asserts that the Recommendation Statement's summary of North Point's DCF analysis and "the resulting implied equity value range" for the Company's stock was misleading because the implied equity value range was calculated using the base case projections;

3. He asserts that the statement that North Point's fairness opinion was a material factor underlying the board's recommendation in favor of MTY's tender offer was misleading because the fairness opinion relied on the base case projections; and

4. He asserts that the rationale stated for North Point's use of the base case projections—to

---

[1] Capitalized terms and abbreviations used in this brief, unless defined herein, have the same meaning as in the Papa Murphy's Defendants' motion to dismiss, ECF No. 25 (the "Motion").

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

reflect risk that the management case would not be fully achieved—was false or misleading because North Point's real reason for using the base case projections was to bring the Merger Consideration within the DCF valuation range.

Opp. at 9-10.  None of these four statements was either false or misleading.

"Falsity is alleged when a plaintiff points to defendant's statements that directly contradict what the defendant knew at that time." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1008 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019).  Even if not false, a statement "may be misleading if it omits material information." Id. at 1008-09; accord SEC v. Pocklington, No. EDCV 18-701 JGB (SPx), 2018 WL 6843663, at *6 (C.D. Cal. Sept. 10, 2018) ("Even when a statement is not itself false, it is misleading if it omits material information.").  The plain language of Section 14(e) confirms that a true statement may be misleading only if there is a material omission:  "It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made . . . not misleading." 15 U.S.C. § 78n(e) (emphasis added).  Given Plaintiff's forswearing of omission-based claims, only the falsity aspect of Section 14(e) is at issue in this case.[2]

Plaintiff's allegation that any statement in the Recommendation Statement that relies on North Point's base case projections is false rests on his contention that only the management case projections are accurate. See Opp. at 1; Am. Compl. ¶ 55.  But Plaintiff's contention rests on three unsupportable assertions:  (1) the management case projections were "conservative," Opp. at 2, 12, 22; (2) management represented that it provided North Point its "best available estimates," id. at 2, 3, 12; and (3) Papa Murphy's had "strong" third and fourth quarters in 2018, with same-store sales at their "best levels" in years, id. at 12, 22.

First, Plaintiff does not—and cannot—attribute his characterization of the management case projections as "conservative" to anything said by the Papa Murphy's Defendants.  The

_____

[2] Plaintiff's abandonment of claims based on alleged omissions distinguishes this case from Smith v. Robbins & Meyers, Inc., 969 F. Supp. 2d 850 (S.D. Ohio 2013), and Hayes v. Crown Central Petroleum Corp., 78 F. App'x 857 (4th Cir. 2003), discussed at pages 18-19 of his opposition brief, both of which were based on alleged omissions. See Smith, 969 F. Supp 2d at 858-59, 872-73; Hayes, 78 F. App'x at 863.

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –2

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Recommendation Statement does not contain the word "conservative."  The only instance in which Plaintiff alleges that a Company representative used that term pertained to the fourth quarter of 2018, Am. Compl. ¶ 32 ("[W]e are maintaining a conservative outlook for the balance of the [fourth] quarter."), a period that is outside the management case's five-year projections.  And based on all the historical performance information in the Recommendation Statement, there is nothing from which to conclude that the management case projections were conservative.[3]

Second, nowhere does the Recommendation Statement say that <u>management represented</u> that it provided North Point its "best available estimates."  The Recommendation Statement's only reference to "best available estimates" concerns an <u>assumption</u> by North Point:  "North Point has assumed that with respect to financial estimates and other forward-looking information reviewed by it, such information has been reasonably prepared based on assumptions reflecting the best currently available estimates and judgments of the Company's management . . . ."  RS at 39.

Third, Plaintiff's narrative regarding the Company's performance in the third and fourth quarters of 2018 misleadingly places an overly positive spin on those results.  Even though Plaintiff alleges that the third quarter brought the "best percentage change in same store sales in 12 quarters," the percentage change was "still negative."  Am. Compl. ¶ 32.  And whereas Plaintiff argues that "same store sales growth figures during the months immediately prior to the Merger announcement were positive," Opp. at 12, the press release announcing the Company's fourth quarter results stated that in the fourth quarter only one month—the first month in 37 months— had seen "positive comparable store sales growth."  Am. Compl. ¶ 36.  This slight short-term improvement compared to a very poor track record does not inexplicably lead to a conclusion that the high comparable-store growth-rate assumptions in the management case are the only accurate ones.  <u>See</u> <u>Golub v. Gigamon, Inc.</u>, 372 F. Supp. 3d 1033, 1048 (N.D. Cal. 2019) ("It does not necessarily follow that Gigamon's weak Q2 and Q3 2017, followed by a presumably successful

---

[3] This stands in contrast to <u>Baum v. Harman International Industries, Inc.</u>, 408 F. Supp. 3d 70 (D. Conn. 2019), discussed at page 13 of Plaintiff's opposition, in which two sets of projections also were at issue.  In that case, not only did the target company's CEO allegedly refer to the higher projections as "by far very conservative," but he did so in the context of "express[ing] confidence in Harman's revenue growth <u>overall</u>."  <u>Id.</u> at 87 (emphasis added).

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –3

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Q4 2017, boded well for the company's long term prospects.").[4]  In fact, as the Company announced in the same press releases on which Plaintiff relies, most of the "key financial highlights" of the third and fourth quarters of 2018 were worse than in the comparable quarters of 2017:  revenue, comparable store sales, pro forma net income, and adjusted EBITDA.  Second Declaration of Joseph E. Bringman in Support of Papa Murphy's Defendants' Rule 12(b)(6) Motion to Dismiss Amended Complaint (Apr. 8, 2020) ("Second Bringman Decl."), Ex. A at 1 (Nov. 7, 2018, press release, partly quoted in paragraph 32 of the Amended Complaint); id., Ex. B at 1 (Mar. 14, 2019, press release, partly quoted in paragraph 36 of the Amended Complaint).  These publicly disclosed facts demonstrate that Plaintiff also is wrong in asserting that there were no significant downward changes in the Company's financial outlook between preparation of the management case and North Point's development of the base case.  Opp. at 12; see also Second Bringman Decl., Ex. B at 1 (showing that, in comparison to fiscal 2017, full-year revenues for fiscal 2018 were down $22.1 million and full-year comparable store sales decreased 2.5 percent).

Plaintiff's contention that there was "nothing negative" in the Company's economic performance to justify North Point's reduction of the management case projections, Opp. at 12, is also undercut by the 21 percent drop in the Company's stock price, from $6.20 to $4.89, during the four weeks before MTY's tender offer was announced.  [First] Bringman Decl. (ECF Nos. 27 and 27-1), Ex. E at 1.  This 21 percent price decrease is particularly notable because Plaintiff bases his allegation that the Company "was in the midst of a significant turnaround" on the increase in the Company's stock price from the start of 2019 until March 14, 2019, the only day on which the stock price reached $6.20.  See Opp. at 4; Am. Compl. ¶ 30.  Yet the Company's $4.89 closing price on April 10, the day before the tender offer was announced, was lower than its $5.00 closing price on January 2, 2019, the first trading day in 2019.  [First] Bringman Decl., Ex. E at 1-2.

---

[4] This one-month improvement, after three years of declining same-store sales growth, stands in marked contrast to the facts in In re Hot Topic Sec. Litig., No. CV 13-02939 SJO (JCx), 2014 U.S. Dist. LEXIS 180513, 2014 WL 7499375 (C.D. Cal. May 2, 2014), on which Plaintiff heavily relies.  See Opp. at 13.  Hot Topic revised downward its earlier gross revenue projections despite "the company's strong improvements in that area in the two preceding years."  Baum, 408 F. Supp. 3d at 88 (emphasis added) (citing Hot Topic, 2014 U.S. Dist. LEXIS 180513, at *16-17).

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –4

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Further, contrary to Plaintiff's allegations, the Recommendation Statement does not state that the Papa Murphy's Defendants believed that the management case's five-year projections were sacrosanct. In fact, the Recommendation Statement is replete with warnings about uncertainties in the management case, risks that the management case did not fully capture, and the management case's reliance on various assumptions, many outside the Company's control. See, e.g., RS at 42-43 ("The management case reflects numerous estimates and assumptions made by the Company's senior management . . . all of which are difficult to predict and many of which are beyond the Company's control. . . . [It] is subject to risks and uncertainties that could cause the actual results to differ materially from the projected results . . . ."). In light of the identified risks and uncertainties, the Recommendation Statement cautioned that "the management case cannot, therefore, be considered a guarantee of future operating results" and that shareholders should not "place undue, if any, reliance on the management case." Id.

Despite recognition of these risks and weaknesses, the management case projections "assumed that management's business and operational plan would be successfully executed." Id. at 38. By contrast, in performing its DCF analysis, North Point developed the base case projections, which took those risks into account and did not assume the completely successful execution of management's business plan. This is all disclosed in the Recommendation Statement:

> Working from the management plan, North Point then prepared base case projections that did not assume the successful execution of management's business and all aspects of the operational plan or the achievement of all of its benefits in the magnitude and time schedule contemplated in the management case.

Id. Even so, North Point did not "slash" the management case projections, as Plaintiff contends. Opp. at 22. The base case still projected growth in same-store sales over the following five years, just at a slightly lower rate (2.5 percent annually) than management had projected (3.5 to 4.5 percent annually) to account for the risks that management itself acknowledged.

Given that the Company experienced an average annual 3.9 percent decrease in same-store sales during the prior three years, North Point's modest difference of opinion with management

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –5

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

concerning same-store sales growth over the next five years, which was fully disclosed with explanation, RS at 38, does not make the management case projections valid and the base case projections invalid.  See Ridler v. Hutchinson Tech. Inc., 216 F. Supp. 3d 982, 989 (D. Minn. 2016) ("[B]ecause the valuation of a company is an inherently subjective exercise, plaintiffs must point to something more than mere disagreement in order to render the share price ranges misleading."); cf. City of Hialeah Emps.' Ret. Sys. v. FEI Co., 289 F. Supp. 3d 1162, 1179 (D. Or. 2018) ("The discount rate in a discounted cash flow analysis reflects a financial analyst's judgment, and disagreement over the rate does not form the basis of a § 14(a) claim.").

Thus, there is nothing "illegitimate," e.g., Am. Compl. ¶¶ 4, 5, 28, 46; Opp. at 9, 17, 20, about the base case projections.[5]  It was appropriate for North Point to modify the management case projections—for reasons disclosed in the Recommendation Statement—before performing its DCF analysis.  And it was appropriate for the Company's board to rely, in part, on North Point's multiple financial analyses, including the DCF analysis which applied both the management and base case projections, before recommending MTY's tender offer to Company shareholders.[6]

---

[5] The situation here is substantially different from that in Laborers Local #231 Pension Fund v. Cowan, Civ. No. 17-478, 2018 U.S. Dist. LEXIS 110545, 2018 WL 3243975 (D. Del. July 2, 2018), discussed at page 20 of Plaintiff's opposition, and NECA-IBEW Pension Tr. Fund (the Decatur Plan) v. Precision Castparts Corp., No. 3:16-cv-01756-YY, 2017 U.S. Dist. LEXIS 165139, 2017 WL 4453561 (D. Or. Oct. 3, 2017) (report and recommendation), adopted, 2018 WL 533912 (D. Or. Jan. 24, 2018), discussed at pages 23-24 of the opposition.  In Cowan, the court held potentially actionable defendants' statement that a fairness opinion was a positive factor in their decision to approve a merger, even though (1) the fairness opinion relied on management-prepared projections that did not factor in growth by acquisition, and (2) defendants, among other things, knew that growth through acquisition had long been part of the company's business plan and assured shareholders that growth through acquisitions would continue.  2018 U.S. Dist. LEXIS 110545, at *3-4, 11, 29-30.  Similarly, in Precision Castparts, the defendants touted a management-prepared forecast as the "most up-to-date and most accurate forecast[]," even though that forecast did not account for past growth by acquisition and acquisitions were "a continuing part of [the company's] business plan."  2017 U.S. Dist. LEXIS 165139, at *3, *18-22.  Here, by contrast, neither the Papa Murphy's Defendants' reliance in part on North Point's fairness opinion nor North Point's base case contradicted any of the Company's public statements.

[6] Corporate boards regularly rely on experts.  The General Corporation Law of Delaware—the Company's state of incorporation, Am. Compl. ¶ 12—grants directors the right to rely on experts for matters within their professional or expert competence.  Del. Code Ann. tit. 8, § 141(e).  Similarly, the federal securities laws recognize a defense to director liability based on reliance on expert advisors.  See 15 U.S.C. § 77k(b)(3)(C).  It is entirely plausible, therefore, as stated in one of the cases on which Plaintiff relies, "that management could change its view of its own forecasts based on input from its financial advisors."  Baum, 408 F. Supp. 3d at 89 n.7; see In re Appraisal of Panera Bread Co., C.A. No. 2017-0593-MTZ, 2020 WL 506684, at *27 (Del. Ch. Jan. 31, 2020) (after assessing two DCF analyses—one based on a "management case," the other a "street case" that used lower projections—and the financial advisor's explanation of risks to achieving the management case projections, the company's board "decided that the

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –6

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Nor can this difference of opinion be the basis for a Section 14(e) claim. Section 14(e) is a disclosure provision. Schreiber v. Burlington N. Inc., 472 U.S. 1, 11 (1985) ("Nowhere in the legislative history is there the slightest suggestion that § 14(e) serves any purpose other than disclosure . . . ."); Varjabedian v. Emulex Corp., 888 F.3d 399, 406 (9th Cir. 2018) (Section 14(e) "govern[s] disclosures and statements made in connection with an offer of securities"), cert. dismissed, 139 S. Ct. 1407 (2019). Here, the Recommendation Statement disclosed North Point's base case projections and the reasons for their use. The Delaware Court of Chancery recently rejected an argument related to a DCF analysis similar to Plaintiff's argument here:

> The methods Evercore used to create its valuations were adequately disclosed. The proxy disclosed that Evercore used a 3-5% perpetual growth rate for SolarCity in calculating SolarCity's terminal value. While Plaintiffs argue this rate was too high, disputing Evercore's substantive analysis does not a disclosure claim make. If stockholders thought this rate was too high, then they were free to discount, or reject altogether, Evercore's valuation.

In re Tesla Motors, Inc. S'holder Litig., C.A. No. 12711-VCS, 2020 WL 553902, at *9 (Del. Ch. Feb. 4, 2020) (footnotes omitted).

Likewise, there is no basis for Plaintiff's speculative and conclusory assertion that North Point created the base case projections so that it could render a fairness opinion that would get the merger approved, allowing it to receive the bulk of its fee. See Am. Compl. ¶¶ 4, 28, 47-52; Opp. at 22, 24. If this bald allegation of North Point's motivation were sufficient to defeat a motion to dismiss, then any complaint challenging a merger or tender offer would survive a motion to dismiss, as it is common to tie a financial advisor's compensation to completion of the transaction for which it is retained. See, e.g., Panera Bread, 2020 WL 506684, at *32 ("Contingent fees for financial advisors in a merger context are somewhat 'routine' and previously have been upheld by Delaware courts." (internal quotation marks omitted)). Plaintiff cannot rely on speculation to get past a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1035 (9th Cir. 2005).

management case wasn't the proper way to look at the valuation" (internal quotation marks omitted)).

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –7

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiff attempts to distinguish In re Ocera Therapeutics, Inc. Securities Litigation, No. 17-cv-06687-RS, 2018 WL 7019481 (N.D. Cal. Oct. 16, 2018), on grounds that in Ocera company management created both the original projections and the subsequent lower projections, whereas here the Company's financial advisor created the lower base case projections. See Opp. at 14. This distinction harms rather than helps Plaintiff's argument. There is no basis from which to infer an inappropriate motive when financial experts engaged by a corporate board reach a different conclusion than company management about assumptions of future performance used in developing projections, all of which is fully disclosed. See supra note 6.

Finally, Plaintiff contends that in Marx v. Computer Sciences Corp., 507 F.2d 485 (9th Cir. 1974), the Ninth Circuit treated projections as statements of fact. Opp. at 10. But Marx was a pre-PSLRA case, and the PSLRA defines projections to be forward-looking statements. 15 U.S.C. § 78u-5(i)(1)(A). The PSLRA's treatment of projections is consistent with the common law, under which projections are not considered existing facts and therefore cannot form the basis for liability for fraud or misrepresentation. See Graham-Bingham Irrevoc. Tr. v. John Hancock Life Ins. Co. USA, 827 F. Supp. 2d 1275, 1285 (W.D. Wash. 2011) ("Statements about future performance are not representations of existing fact and generally will not support a claim of fraud or misrepresentation."); Great Lakes Chem. Corp. v. Pharmacia Corp., 788 A.2d 544, 554 (Del. Ch. 2001) ("Predictions about the future cannot give rise to actionable common law fraud.").

**B.      Plaintiff Does Not Adequately Plead Materiality**

Plaintiff's obsessive focus on same-store sales causes him to overlook that it is projected revenue or net income, not percentage changes in same-store sales, that is a component of the DCF analysis. See, e.g., Richter v. CC-Palo Alto, Inc., No. 5:14-cv-00750-EJD, 2019 WL 634648, at *4 (N.D. Cal. Feb. 14, 2019) ("Notably, a valuation opinion using the DCF method should focus on [the company]'s future earnings as the relevant asset."), appeal docketed sub nom. Cork v. CC Palo Alto, Inc., No. 19-15441 (9th Cir. Mar. 12, 2019); In re Emerging Commc'ns, Inc. S'holders Litig., No. Civ.A. 16415, 2004 WL 1305745, at *12 (Del. Ch. May 3, 2004) ("Critical to any DCF

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –8

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

valuation are the projected revenues, expenses, reserves, and other charges of the firm being valued."). Moreover, contrary to Plaintiff's narrative that the base case abandoned the management case's optimism about future performance, the difference in projected same-store sales growth between the management and base cases had only a minor impact on projected revenue used in arriving at the DCF value. Over the five years covered by both sets of projections, the difference in total projected revenue between the management case ($592.4 million) and the base case ($577.1 million) is 2.6 percent. Even in the fifth (and final) year, when the difference is at its greatest ($128.5 million under the management case and $123.1 million under the base case), the difference is only 4.2 percent. See RS at 43; Opp. at 3 (table). Such modest differences in projected revenue—which form the entire premise for Plaintiff's assertion that the Recommendation Statement contains false statements—are immaterial as a matter of law. See, e.g., In re Convergent Techs. Sec. Litig., 948 F.2d 507, 514 (9th Cir. 1991) (holding that revenue ten percent below target was not actionable); Wenger v. Lumisys, Inc., 2 F. Supp. 2d 1231, 1249 (N.D. Cal. 1998) (holding that eight percent difference between projected and actual sales was "insignificant" and nine percent difference between projected and actual earnings per share was "immaterial").

Moreover, the five-year revenue projections, North Point's DCF analysis, and North Point's fairness opinion were only a small part of the total mix of information available to the Company's shareholders in considering the tender offer, further demonstrating the immateriality of the minor differences in revenue projections.

- Revenue projections were only one of several inputs into North Point's DCF analysis and same-store sales were only one component of the revenue input. RS at 38, 43.

- The DCF analysis was only one of six financial analyses that North Point performed in formulating its fairness opinion. Id. at 31-38; see Hussey v. Ruckus Wireless, Inc., 263 F. Supp. 3d 781, 786 (N.D. Cal. 2017) ("[I]t is important to keep the DCF analysis in context. It was one of several models of financial analyses . . . .").

- North Point's fairness opinion was only one of fourteen factors supporting the board's

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –9

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

recommendation that Company shareholders accept MTY's tender offer.  RS at 26-30.

## C.    Plaintiff Does Not Adequately Plead that the Papa Murphy's Defendants Were Negligent

Conceding that his Amended Complaint lacks sufficient allegations of negligent conduct, Plaintiff argues that he need not allege facts showing negligence because Emulex provides that Section 14(e) liability is established merely by alleging that the Recommendation Statement contains a material misstatement or omission (which it does not).  Opp. at 7.  This argument turns Emulex—the only federal appellate decision to allow Section 14(e) claims to proceed on a negligence theory, see Motion at 27-28—on its head.  If accepted, this argument, which Plaintiff bases on non-Ninth Circuit cases predating Emulex, see Opp. at 25, would turn Section 14(e) into a strict liability statute—which Emulex emphatically determined it is not.  Indeed, under Emulex, for a negligence-based Section 14(e) claim to survive a motion to dismiss, Plaintiff

> must plead a highly unreasonable [misrepresentation or] omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.

888 F.3d at 408 (quoting Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 991 (9th Cir. 2009)).  This pleading standard requires plaintiffs "to plead with particularity how each Defendant was negligent, such as by clearly articulating the duty each Defendant had to the Plaintiffs and how their failure to satisfy that duty gave rise to negligence" and "how the [disclosure documents] were materially misleading or omitted material information, not simply incomplete."  Ocera Therapeutics, 2018 WL 7019481, at *11.[7]

Unlike the district court's decision on remand in Emulex (discussed in Opp. at 26-27), Ocera's interpretation of the Ninth Circuit's negligence standard as requiring plaintiffs to plead a

---

[7] Plaintiff asserts that following Emulex's definition of negligence would require plaintiffs to plead scienter even though the Ninth Circuit in the same decision ruled that scienter is not a required element of a Section 14(e) claim, and therefore should be rejected as dictum.  Opp. at 25-27.  Plaintiff is wrong.  The Ninth Circuit instructed the district court as to the contours of the heightened definition of negligence that it should apply on remand.  888 F.3d at 408.  That instruction was integral to the Ninth Circuit's remand decision; it is not dictum, as Plaintiff argues.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) –10

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

"strong inference of negligence," Ocera, 2018 WL 7019481, at *3; accord Edenbrook Capital, LLC v. RhythmOne Plc, No. 19-cv-00615-WHO, 2019 WL 1791419, at *5 (N.D. Cal. Apr. 24, 2019), is consistent with the PSLRA's requirement that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). Here, Plaintiff failed to do so. See Motion at 7-8, 21-22. While Plaintiff contends that he need not do so because (he says) negligence is not a state of mind, Opp. at 26, he ignores U.S. Supreme Court and Ninth Circuit decisions that recognize negligence as a state of mind. See Farmer v. Brennan, 511 U.S. 825, 836 (1994) (recognizing that culpable states of mind run the gamut "between the poles of negligence at one end and purpose or knowledge at the other"); Salviejo-Fernandez v. Gonzales, 455 F.3d 1063, 1067 (9th Cir. 2006) (identifying negligence as one of "four levels of culpable states of mind").[8]

Even if Plaintiff had pled the heightened negligence required by Emulex—and he does not come close—his Amended Complaint fails because his claims rest not on negligence, but on the purported knowledge of the Papa Murphy's Defendants that statements in the Recommendation Statement were false. See Motion at 12, 23 n.12 (citing Am. Compl. ¶¶ 4, 53, 55-56). Plaintiff thus alleges that the Papa Murphy's Defendants "knew that the Management Case reflected the only accurate view of the Company's future . . . , knew that North Point illegitimately lowered those projections . . . [and] knew that North Point's fairness opinion was misleading, but still offered [the fairness opinion] as a 'material' reason for Papa Murphy's shareholders to tender their shares in the Tender Offer." Am. Compl. ¶ 55 (emphasis added). These are allegations of scienter and fraud that must be pled with particularity, even if Section 14(e) claims do not require proof of scienter. See, e.g., Olin v. Dakota Access, LLC, 910 F.3d 1072, 1075 (8th Cir. 2018) ("A claim may sound in fraud even though it is brought under a statute that also prohibits non-fraudulent

---

[8] The same conclusion was reached in a decision on which Plaintiff relies. See Hot Topic, 2014 U.S. Dist. LEXIS 180513, at *27 ("For § 14(a) claims, th[e] required state of mind is generally negligence."). Farmer, Salviejo-Fernandez, and Hot Topic all are more recent decision than Fargo v. City of San Juan Bautista, 857 F.2d 638 (9th Cir. 1988), overruled on other grounds by L.W. v. Grubbs, 92 F.3d 894 (9th Cir. 1996), the only Ninth Circuit decision that Plaintiff cites for this proposition that negligence is not a state of mind. See Opp. at 26.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) –11

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

conduct.").[9]  Plaintiff's conclusory allegations of knowledge do not satisfy the PSLRA's particularity requirement for allegations of state of mind.  See, e.g., In re Stone & Webster, Inc., Sec. Litig., 414 F.3d 187, 205-06 (1st Cir. 2005) ("Where the state of mind in question is the defendant's knowledge of the fraudulent nature of the Company's financial reports, and the PSLRA requires that facts be stated with particularity giving rise to a strong inference that the defendant acted with that state of mind, the requirement is not satisfied by a pleading which simply asserts that the defendant knew of the falsity.").[10]

## D.    Plaintiff Does Not Adequately Plead Loss Causation

Plaintiff's primary argument regarding loss causation is that by alleging facts that support a finding of transaction causation, he simultaneously satisfies the requirements for pleading loss causation.  Opp. at 27-29.  This is wrong on multiple levels.

First, Plaintiff's argument fails to recognize that transaction causation and loss causation are separate and distinct elements of a claim under Section 14.  See, e.g., Koppel v. 4987 Corp., 167 F.3d 125, 137 (2d Cir. 1999) (noting that both transaction causation and loss causation are components of a section 14(a) claim); City of Birmingham Relief & Ret. Sys. v. Hastings, No. 18-cv-02107-BLF, 2019 WL 3815722, at *15 (N.D. Cal. Feb. 13, 2019) (same).  Plaintiff's argument conflates the two and would make satisfaction of one satisfaction of both.  That is not the law.

Second, Plaintiff bases this argument largely on Mills v. Electric Auto-Lite Co., 396 U.S. 375 (1970), and Plaine v. McCabe, 797 F.2d 713 (9th Cir. 1986).  Opp. at 27-28.  These cases were decided prior to the PSLRA, and therefore do not consider the PSLRA's requirement that loss causation under Section 14(e) must be pled with particularity.  Ocera, 2018 WL 7019481, at *3; see Or. Pub. Emps. Ret. Fund v. Apollo Grp., Inc., 774 F.3d 598, 605 (9th Cir. 2014) ("[We] hold

---

[9] If a claim not requiring proof of fraud is based on a combination of fraud and non-fraud allegations, the Court must disregard all fraud allegations not pled with particularity and dismiss the claim if the remaining allegations alone do not state a claim for relief.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104-05 (9th Cir. 2003).

[10] Even if Rule 9(b) rather than the PSLRA controlled, Plaintiff's conclusory allegations of knowledge still would not suffice.  See, e.g., In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2672 CRB (JSC), 2019 WL 4581340, at *6 (N.D. Cal. Sept. 20, 2019) ("Although Rule 9(b) permits knowledge to be alleged generally, allegations of knowledge must still be factual, not conclusory.").

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –12

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

today that Rule 9(b) applies to all elements of a securities fraud action, including loss causation.").

Third, even assuming the applicability of Plaintiff's claimed materiality/causation link, the Papa Murphy's Defendants made no materially false or misleading representations.  And even had they done so, Plaintiff's step-by-step analysis purporting to show why Plaintiff accepted the "inadequate Merger Consideration" suffers from numerous defects:

1.   Plaintiff argues that his Papa Murphy's shares were worth up to $12.34 per share.  Opp. at 29 (citing Am. Compl. ¶ 58).  But this purported value comes from the same DCF analysis that Plaintiff disparages, and which shows the $6.45 Merger Consideration at the low end of the range of fairness under that analysis.  Accordingly, the DCF analysis was sufficient to alert Plaintiff that the fair value of his shares in an appraisal proceeding might be higher than MTY's tender offer.

2.   Plaintiff cites the "derisory 4% premium to the Company's trading price less than a month before the Transaction was announced."  Opp. at 29 (citing Am. Compl. ¶ 59).  Yet this four-percent premium is based on a trading price that was reached only once (March 14, 2019) during the year prior to the announcement of the tender offer.  See [First] Bringman Decl., Ex. E.  When measured against other days and periods, the premium is substantially higher.  RS at 26-27; see Motion at 20-21.

3.   Plaintiff cites "alternative offers for the Company at up to $6.64 per share."  Opp. at 29 (citing Am. Compl. ¶ 59).  But Plaintiff ignores that the only company that made an offer higher than MTY had not demonstrated that it could obtain the financing necessary to make good on that offer, despite repeated requests from the Company to do so.  RS at 22-24, 27.

Plaintiff has not and cannot allege that there were viable offers higher than MTY's.  Thus, no better deal was available and Plaintiff has suffered no damages.  Plaintiff, at best, speculates that he might have done better in an appraisal proceeding.  But speculation is not sufficient to plead loss causation.  See Kuebler v. Vectren Corp., 412 F. Supp. 3d 1000, 1010-11 (S.D. Ind. 2019) (dismissing complaint after concluding the loss causation allegations were speculative: "That there

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) –13

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

might have been a better future prospect at some point in time had the shareholders held on to their shares is too speculative to state a claim—at least without more factual content to support that inference."); Tse v. Ventana Med. Sys., Inc., 123 F. Supp. 2d 213, 225 (D. Del. 2000) ("[T]he plaintiffs cannot establish the element of loss causation because its alleged losses are wholly speculative."), aff'd, 297 F.3d 210 (3d Cir. 2002).  Plaintiff has thus failed to plead loss causation.

**E.      There Is No Private Right of Action for Negligence-Based Claims Under Section 14(e)**

That a private right of action should exist under Section 14(e) for claims premised on fraud, but not for claims premised on negligence, follows from the Ninth Circuit's recognition that Section 14(e) consists of two very different clauses, one similar to SEC Rule 10b-5 and the other similar to Section 17(a) of the Securities Act of 1933.  Emulex, 888 F.3d at 404-06.  Because Plaintiff bases his claim on the clause that is analogous to Section 17(a), Am. Compl. ¶ 67, that claim is subject to the same limitation on private rights of action applicable to claims under Section 17(a).  See In re Wash. Pub. Power Supply Sys. Sec. Litig., 823 F.2d 1349, 1353-58 (9th Cir. 1987) (holding that there is no private right of action under Section 17(a)).

Trying to avoid this common-sense result, Plaintiff argues that the district court on remand in Emulex rejected this dichotomy in finding that a private right of action exists.  Opp. at 29-30.  The problem with Plaintiff's argument is that the Emulex district court relied primarily on Plaine.  Opp. at 29.  But there was no reason in Plaine for the Ninth Circuit to consider whether a private right of action exists under the first clause of Section 14(e) because, unlike here, the plaintiff in Plaine did not rely on a negligence theory:  "she alleged injury occurring as a result of fraudulent activity in connection with a tender offer."  797 F.2d at 718.  This same infirmity applies to Plaintiff's reliance on Schreiber v. Burlington Northern, in which the plaintiff also premised his Section 14(e) claim on fraud.  472 U.S. at 6 ("Petitioner relies on a construction of the phrase, 'fraudulent, deceptive, or manipulative acts or practices.'").

Plaintiff, as did the Emulex district court on remand, also infers from the Ninth Circuit's decision to remand the plaintiff's Section 14(e) claim for consideration under a negligence standard

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –14

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

that the Ninth Circuit must have concluded that Section 14(e) remedies are available to private parties asserting negligence-based claims. Opp. at 30. Plaintiff ignores, as did the Emulex district court, that as of the time the Ninth Circuit remanded the case to the district court, it had not been asked to address whether a private right of action exists under Section 14(e) for claims premised on negligence, and therefore did not rule on that unasked question. See 888 F.3d at 401-12.

That the Ninth Circuit in Plaine and Emulex, and the Supreme Court in Schreiber, did not address issues not raised before them—whether a private plaintiff may assert a negligence-based Section 14(e) claim—is in keeping with the judicial rules that federal courts do not render advisory opinions unrelated to issues before them, O'Neill v. United States, 369 F. App'x 854, 855 (9th Cir. 2010) ("[F]ederal courts are prohibited from rendering advisory opinions in the absence of a justiciable controversy."), and do not decide issues that the lower courts have not addressed, Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs., 946 F.3d 1100, 1110 (9th Cir. 2020) (with limited exceptions, "an appellate court does not decide issues that the trial court did not decide"). Thus, the Emulex district court on remand got it wrong. The Ninth Circuit has not held that there is a negligence-based private cause of action under Section 14(e). This Court should state clearly that there is no such private cause of action.

## III.   CONCLUSION

For the reasons set forth above and in the Motion, the Court should dismiss the Amended Complaint with prejudice.

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –15

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED this 8th day of April, 2020.

s/ Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., Jean M. Birch, Weldon Spangler, Noah A. Elbogen, Benjamin Hochberg, Yoo Jin Kim, Alexander C. Matina, David Mounts, John Shafer, Katherine L. Scherping and Rob Weisberg*

PAPA MURPHY'S DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) –16

59718-0023/LEGAL147600652.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000