UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on
Behalf of All Others Similarly Situated,

                   Plaintiff,

    v.

PAPA MURPHY'S HOLDINGS INC.
et al.,

                   Defendants.

CASE NO. 3:19-cv-05514-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  JUNE 5, 2020

      This matter has been referred to the undersigned by the District Court.  *See* Dkt. 6.

      In his amended complaint, plaintiff alleges that defendants Papa Murphy's Holdings, Inc. ("Papa Murphy's Holdings"), North Point Advisors LLC ("North Point"), and named members of Papa Murphy's Holdings' board of directors ("Individual defendants") violated Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(e), 78(a). *See* Dkt. 22, at 1–2.  Plaintiff alleges that these violations are based on allegedly misleading statements contained in a Recommendation Statement made in connection with a tender offer to acquire Papa Murphy's Holdings' issued and outstanding shares.  *See id.* at 2.

1    Papa Murphy's Holdings and Individual defendants (collectively "Papa Murphy

2    defendants") move to dismiss plaintiff's amended complaint (Dkt. 22) with prejudice and

3    without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt. 25.  Papa Murphy

4    defendants concurrently request that the Court take judicial notice of documents filed in support

5    of Papa Murphy defendants' motion to dismiss.  Dkt. 28.

6    Defendant North Point Advisors LLC ("North Point") also moves to dismiss plaintiff's

7    amended complaint (Dkt. 22) with prejudice and without leave to amend, pursuant to Fed. R.

8    Civ. P. 12(b)(6).  Dkt. 26.

9    Also pending before the Court is plaintiff's notice of dismissal of North Point from this

10   action pursuant to Fed. R. Civ. P. 41(a)(1)(A).  Dkt. 31.

11   Plaintiff alleges that Papa Murphy defendants were negligent in recommending and

12   endorsing a fairness opinion prepared by North Point that contained allegedly untrue statements

13   of material fact, thus violating Sections 14(e) and 20(a) of the Securities Exchange Act.  *See* Dkt.

14   22, at 17, 19–22.  Plaintiff further alleges that North Point violated Section 14(e) of the

15   Securities Exchange Act because it illegitimately lowered Papa Murphy's Holdings' financial

16   projections in order to reach the conclusion that a tender offer and merger were financially fair to

17   Papa Murphy's Holdings' shareholders.  *See id.* at 15, 22–23.  Plaintiff alleges that Papa Murphy

18   defendants' negligent endorsement of the North Point fairness opinion and North Point's

19   manufactured financial projections were materially misleading and prompted Papa Murphy's

20   Holdings' shareholders to accept the allegedly unfair, undervalued tender offer.  *See id.* at 14, 18.

21   Having reviewed the parties' motions and briefs, the Court finds that plaintiff fails to

22   state a claim under Section 14(e) against Papa Murphy defendants because he fails to plead

23   sufficient facts to demonstrate a "strong inference" that Papa Murphy defendants acted with

24

REPORT AND RECOMMENDATION - 2

1  negligence, as required by Ninth Circuit authority.  The Court further finds that plaintiff fails to

2  sufficiently plead with particularity that Papa Murphy defendants made a material misstatement

3  of fact in the Recommendations Statement.  Since plaintiff fails to state a Section 14(e) claim, his

4  Section 20(a) claims against Individual defendants also necessarily fail.  Nevertheless, plaintiff

5  may be able to amend his pleadings to address these issues.  Therefore, the Court recommends

6  that Papa Murphy defendants' motion to dismiss (Dkt. 25) be granted without prejudice and that

7  plaintiff be given leave to amend.

8          The Court further recommends that plaintiff's notice of dismissal of North Point without

9  prejudice (Dkt. 30) be granted and that North Point's motion to dismiss (Dkt. 26) be denied as

10  moot.

11                          **REQUEST FOR JUDICIAL NOTICE**

12          Pursuant to Fed. R. Civ. P. 201(b)(2), Papa Murphy defendants request judicial notice of

13  the following documents, true and correct copies of which were submitted in support of its

14  motion to dismiss:

15      1.  Exhibit A – Schedule 14D-9 Solicitation/Recommendation Statement
          ("Recommendation Statement") filed with the Securities and Exchange Commission
16        ("SEC") on April 25, 2019;

17      2.  Exhibit B – Amendment No. 2 to the Recommendation Statement filed with the SEC
          on May 10, 2019;
18

19      3.  Exhibit C – Complaint filed by plaintiff against Papa Murphy defendants on May 3,
          2019, in the United States District Court for the Southern District of New York, under
20        the caption *Brown v. Papa Murphy's Holdings Inc., et al.*, Case No. 1:19-cv-03984
          ("SDNY Action");

21      4.  Exhibit D – Notice of Dismissal filed by plaintiff in SDNY Action on June 3, 2019;
          and
22

23      5.  Exhibit E – Seeking Alpha chart listing historical prices of Papa Murphy's common
          stock from April 11, 2018, to April 11, 2019.

24

1    Plaintiff does not object to the Court reviewing or considering these documents, so long

2    as the Court does not "assume the truth of an incorporated document if such assumptions only

3    serve to dispute facts stated in [the] well-pleaded complaint."  Dkt. 30, at 2 (citing *Khoja v.*

4    *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)).  In other words, plaintiff does

5    not object to the Court's judicial notice of the actual documents, but objects to judicial notice of

6    the truth of disputed facts in the amended complaint.  *See id.*

7    Generally, a district court may not consider material beyond the complaint in ruling on a

8    Rule 12(b)(6) motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

9    However, there are limited exceptions to this rule: (1) a court may consider material properly

10    submitted as a part of the complaint; (2) a court may consider documents not physically attached

11    to the pleading if the contents are alleged in the complaint and no party questions the

12    authenticity; and (3) under Federal Rule of Evidence 201, a court may take judicial notice

13    matters of public record.  *Id*. at 688–89.  Rule 201 provides, in pertinent part, "[a] judicially

14    noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and

15    ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed.

16    R. Evid. 201(b)(2).

17    Having reviewed Papa Murphy defendants' request (Dkt. 28), proposed documents for

18    judicial notice (Dkt. 27-1), and plaintiff's response to the request for judicial notice (Dkt. 30), the

19    Court takes judicial notice of Exhibits A though E.  To the extent that Papa Murphy defendants

20    ask the Court to accept the truth of the factual assertions contained in Exhibit A (the

21    Recommendation Statement), the Court will not "assume the truth" of the statements in Exhibit

22    A "if such assumptions only serve to dispute facts stated" in the amended complaint.  *Khoja*, 899

23    F.3d at 1003.

24

1

## BACKGROUND

2      Plaintiff Evan Brown, a former Papa Murphy's Holdings' shareholder, initiated this

3   putative class action in June 2019.  *See* Dkt. 1.  In his amended complaint, plaintiff alleges that

4   Papa Murphy defendants and North Point allegedly violated Sections 14(e) and 20(a) of the

5   Exchange Act.  *See id.* at 1–2.  Plaintiff alleges that his claims arise in connection with the tender

6   offer by MTY Food Group Inc. ("MTY"), used to acquire all of the issued and outstanding Papa

7   Murphy's Holdings' shares.  *Id.* at 2.

8      Plaintiff alleges that on April 10, 2019, Papa Murphy's Holdings entered into an

9   agreement and plan of merger with MTY, pursuant to which Papa Murphy's Holdings'

10  shareholders would receive $6.45 in cash for each common stock share ("Merger

11  Consideration").  Dkt. 22, at 2.  Plaintiff alleges that on April 25, 2019, Papa Murphy defendants

12  authorized the filing of the Recommendation Statement with the SEC.  *Id.*; *see also* Dkt. 27-1, at

13  2–67.  Plaintiff alleges that the purpose of the Recommendation Statement was to convince Papa

14  Murphy's Holdings' shareholders to tender their shares.  Dkt. 22, at 2.

15      Plaintiff alleges that Papa Murphy defendants engaged North Point as a financial advisor

16  in connection with a potential strategic transaction.  *See* Dkt. 22, at 5.  Specifically, in connection

17  with the MTY merger, plaintiff alleges that North Point prepared a fairness opinion letter, filed

18  with the Recommendation Statement, that concluded that the Merger Consideration "was fair

19  from a financial point of view to [] stockholders."  *See id.* at 15; Dkt. 27, at 60–62.  Plaintiff

20  alleges that North Point "illegitimately" lowered Papa Murphy's Holdings management's

21  "significantly higher" financial projections ("Management Case") for use in the valuation

22  process. Dkt. 22, at 2.  Instead of using the Management Case, plaintiff alleges that North Point

23  created a "downwardly revised set of projections" ("Base Case") in order to justify an "otherwise

24

unjustifiable finding of fairness." *Id.* at 2–3.  Plaintiff alleges that the Base Case "was not

reflective of Papa Murphy's [Holdings] actual future business prospects" and was "not entirely

consistent with the positive trend in same store sales growth announced in [Papa Murphy's

Holdings'] earnings statements and press releases" leading up to the announcement of the MTY

merger and tender offer.  *Id.* at 13.  Plaintiff further alleges that without the use of the

"adulterated, manufactured Base Case projections," North Point "would not have been able to

frame the Merger Consideration as 'fair' consideration for [] shareholders."  *Id.* at 2, 14.

Plaintiff alleges that North Point's statements that the Merger Consideration was

financially fair to Papa Murphy's Holdings' shareholders were "false and/or misleading," and

that North Point "knew that the Merger Consideration was not actually fair" to shareholders.  *Id.*

at 15–16.  Plaintiff also alleges that North Point's Base Case projections were material

misrepresentations of Papa Murphy's Holdings' valuation and therefore, materially misleading to

shareholders.  *Id.* at 16.

Plaintiff alleges that Individual defendants "knew that North Point illegitimately lowered

[Management Case] projections to fit the inadequate Merger Consideration" and that Individual

defendants "knew that the Management Case reflected the only accurate view of the Company's

future financial performance."  Dkt. 22, at 17.  Plaintiff alleges that although Individual

defendants "knew North Point's fairness opinion was misleading," Individual defendants cited

North Point's fairness opinion as a "material reason for [] shareholders to tender their shares."

*Id.* at 17.  Plaintiff alleges that Individual defendants' "endorsement and recommendation of the

[MTY] merger" was thus "a misleading statement."  *Id.*  Plaintiff alleges that in the

Recommendation Statement, Papa Murphy defendants "touted the fairness of the Merger

Consideration" but that the Recommendation Statement allegedly "misled investors with respect

1    to [Papa Murphy's Holdings'] financial projections, the value of [Papa Murphy's Holdings], and

2    the fairness of the Merger Consideration."  *Id.* at 2.

3         Plaintiff alleges that Papa Murphy defendants "negligently caused or allowed the

4    Recommendation Statement to be disseminated to Papa Murphy's [Holdings'] shareholders"

5    because the Recommendation statement contained "materially misleading statements."  Dkt. 22,

6    at 19.  Plaintiff further alleges that Individual defendants, as Papa Murphy's Holdings directors

7    and officers, "had a duty to carefully review the Recommendation Statement before it was

8    disseminated."  *Id.*  Plaintiff alleges that Individual defendants "were negligent in carrying out

9    their duty."  *Id.*  Plaintiff alleges that Papa Murphy's Holdings "is imputed with the negligence

10   of the Individual [d]efendants."  *Id.* at 20.

11        Plaintiff asserts that the "material misrepresentations in the Recommendation Statement

12   misled shareholders to tender their shares into the undervalued [t]ender [o]ffer."  Dkt. 22, at 18.

13   Plaintiff alleges that shareholders were "harmed millions of dollars in the aggregate," and that

14   the "material misrepresentations in the Recommendation Statement caused [] shareholders to

15   forfeit and not enforce their appraisal rights.  *Id.*

16                              **STANDARD OF REVIEW**

17        When considering a motion to dismiss under Rule 12(b)(6), the court construes the

18   complaint in the light most favorable to the nonmoving party.  *Livid Holdings, Ltd. v. Salomon*

19   *Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  To avoid dismissal for failure to state a

20   claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of

21   action;" it must contain factual allegations sufficient "to raise a right to relief above the

22   speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007).  Where, however,

23   the plaintiffs fail to "nudge[] [his] claims across the line from conceivable to plausible, [his]

24

1    complaint must be dismissed." *Id.* at 570.  A claim is plausible on its face when "the plaintiff

2    pleads factual content that allows the court to draw the reasonable inference that the defendant is

3    liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4        A court must accept as true all factual allegations—but not legal conclusions—when

5    reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6).  *See id.*

6    "When there are well-pleaded factual allegations, a court should assume their veracity and then

7    determine whether they plausibly give rise to an entitlement to relief." *Id.*  A court may dismiss

8    a complaint as a matter of law if it lacks a cognizable legal theory or states insufficient facts

9    under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

10   1990).

11                              **DISCUSSION**

12   **I.    Papa Murphy Defendants' Motion to Dismiss**

13        **A.    Plaintiff's Section 14(e) Claims & the PSLRA**

14        Plaintiff's claims in this case are subject to the heightened pleading standards set forth in

15   the Private Securities Litigation Reform Act ("PSLRA").  15 U.S.C. § 78u-4(a)–(b).  To state a

16   claim under Section 14(e) and to satisfy the PSLRA, a plaintiff must plead with particularity (a)

17   "each statement alleged to have been misleading, the reason or reasons why the statement is

18   misleading and, if an allegation regarding the statement or omission is made upon information

19   and belief, the complaint shall state with particularity all facts on which that belief is formed";

20   (b) "with respect to each act or omission . . . , facts giving rise to a strong inference that the

21   defendant acted with the required state of mind"; and (c) "that the act or omission . . .caused the

22   loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(1), (b)(2)(A), (b)(4).

23

24

1      **1.      Negligence**

2      Papa Murphy defendants argue that plaintiff fails to plead facts giving rise to a "strong

3   inference" of negligence, and therefore, plaintiff's Section 14(e) claims should be dismissed.

4   Dkt. 25, at 29–31.  This Court agrees, as discussed below.

5      The Ninth Circuit has held that the requisite state of mind for Section 14(e) violations is

6   negligence.  *See Varjabedian v. Emulex Corp.*, 888 F.3d 399, 408 (9th Cir. 2018) *cert. dismissed*,

7   139 S.Ct. 1407 (2019) (per curium).  Therefore, plaintiff must plead with particularity facts

8   giving rise to a strong inference that defendants acted with negligence.  15 U.S.C.A. § 78u-4

9   (West); *see id.*; *see also In re Ocera Therapeutics, Inc. Sec. Litig.*, Case No. 17-cv-06687-RS,

10  2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018).

11     Further, plaintiff must, with respect to each alleged act or omission, allege particular facts

12  showing a strong inference that *each* defendant acted with negligence, not as a group.  *See* 15

13  U.S.C. § 78u-4(b)(2)(A); *see also In re Ocera*, 2018 WL 7019481, at *10.

14     Papa Murphy defendants assert that, under the Ninth Circuit's *Varjabedian* decision, the

15  following negligence standard applies:  "The plaintiff must plead a highly unreasonable

16  [misrepresentation or] omission, involving not merely simple, or even inexcusable negligence,

17  but an extreme departure from the standards of ordinary care, and which presents a danger of

18  misleading buyers or sellers that is either known to the defendant or is so obvious that the actor

19  must have been aware of it."  888 F.3d at 408 (quoting *Zucco Partners, LLC v. Digimarc Corp.*,

20  552 F.3d 981, 991 (9th Cir. 2009).  However, this Court is not convinced that the quoted

21  language establishes the Ninth Circuit's particularized pleading necessary to show negligence for

22  Section 14(e) claims.  The cited portion of the *Varjabedian* decision is contained in the section

23  providing the district court guidance upon remand to consider whether a documentary omission

24

1  was an omission of material fact.  *Id.*  Thus, the Ninth Circuit instructed the district court to

2  consider whether the plaintiff in that case adequately pled a *material omission* by alleging "a

3  highly unreasonable omission . . . ."  *Id.*  The Ninth Circuit did not instruct the district court to

4  apply that same analysis when considered whether the plaintiff adequately pled negligence.

5  Additionally, the quoted language from the *Zucco Partners* decision states the pleading

6  requirements necessary to show that a defendant acted with scienter.  *See id; Zucco Parners*, 552

7  F.3d at 991.  The Ninth Circuit explicitly held that a showing of negligence—not scienter—is

8  required to establish a Section 14(e) claim.  *See Varjabedian*, 888 F.3d at 401.  It does not follow

9  that the Ninth Circuit would then require a plaintiff to show negligence by pleading that a

10  defendant acted with scienter.  However, the Ninth's Circuit's reference to *Zucco Partners* may

11  be indicative of the particularized pleading required to show a "strong inference" of the

12  negligence.  *See* 15 U.S.C. § 78u-4(b)(2)(A).

13      However, the dispute over the applicable standard for Papa Murphy defendants' state of

14  mind is immaterial.  Even applying the more plaintiff-friendly standard—that he need merely

15  allege a strong inference of ordinary negligence—plaintiff has failed to allege facts amounting to

16  a strong inference of negligence.

17      Here, plaintiff concludes that Papa Murphy defendants "negligently caused or allowed

18  the Recommendation Statement to be disseminated to Papa Murphy's shareholders."  Dkt. 22, at

19  19.  However, plaintiff fails to plead factual allegations giving rise to a strong inference that each

20  Papa Murphy defendant acted negligently.  Further, plaintiff alleges that Individual defendants,

21  "as directors and officers" of Papa Murphy, had "a duty to carefully review the Recommendation

22  Statement before it was disseminated . . . to ensure that it did not contain untrue statements of

23  material fact."  *Id.*  Plaintiff further alleges that Individual defendants were "negligent in carrying

24

out their duty." *Id.* However, plaintiff fails to allege facts giving rise to a strong inference that *each* Individual defendant acted negligently in carrying out his or her duty. Plaintiff's amended complaint contains only conclusory allegations that Papa Murphy defendants collectively acted negligently, and as such, plaintiff fails to state a Section 14(e) claim against Papa Murphy defendants. *See Ballistreri*, 901 F.2d at 699 (stating that "[d]ismissal can be based on . . . the absence of sufficient facts alleged under a cognizable legal theory"); *see also In re Ocera*, 2018 WL 7019481, at *11 (dismissing Section 14(e) claims where a plaintiff failed to sufficiently allege facts with particularity showing how each defendant was negligent).

Plaintiff also alleges that Papa Murphy defendants "knew" that North Point's fairness opinion was "manufactured" and misleading because Papa Murphy defendants "knew" that the Management Case was the "only accurate view of the Company's future financial performance." Dkt. 22, at 16–17, 19–22. These conclusory allegations do not establish a strong inference that Papa Murphy defendants acted with negligence. *See id.* at 19–22. Rather, plaintiff infers that Papa Murphy defendants knew or should have known that North Point's Base Case projections were "manufactured" based on the mere existence of the Management Case; however, plaintiff does not allege facts that reasonably support this inference. *See id.* at 17; *Rubke v. Capital Bancorp Ltd.*, 460 F. Supp. 2d 1124, 1146 (N.D. Cal. 2006), *aff'd*, 551 F.3d 1156 (9th Cir. 2009) ("the fact that [a financial advisor's] fairness opinion[] differed from [a company's valuation] does not demonstrate that [either] opinion [was] false. There can be more than one appropriate [valuation]."); *see also In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 205–206 (1st Cir. 2005) ("Where the state of mind in question is the defendant's knowledge of the fraudulent nature of the [c]ompany's financial [projections], and the PSLRA requires that facts be stated with particularity giving rise to a strong inference that the defendant acted with that state of

1    mind, the requirement is not satisfied by a pleading which simply asserts that the defendant knew

2    of the falsity.").

3        Plaintiff's allegation that Papa Murphy defendants knew of the Management Case does

4    not plausibly lead to the conclusion that Papa Murphy defendants must have known that North

5    Point's fairness opinion was allegedly false or misleading. *See Rubke*, 460 F. Supp. 2d at 1146.

6    Further, plaintiff does not allege factual allegations that establish a strong inference that Papa

7    Murphy defendants negligently failed to properly review and/or consider all relevant

8    information, including North Point's fairness opinion, before disseminating the Recommendation

9    Statement.  Plaintiff's conclusory allegations and implausible inferences of Papa Murphy

10    defendants' alleged negligent conduct do not state claim under Section 14(e).  *See Kwan v.*

11    *SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) ("conclusory allegations of law and

12    unwarranted inferences . . . are insufficient to avoid dismissal" of a claim) (internal citations

13    omitted); *see also Ballistreri*, 901 F.2d at 699; *In re Ocera*, 2018 WL 7019481, at *11.

14        Plaintiff argues that where documents seeking shareholder approval of a transaction

15    "contain a materially false or misleading statement, the officers and directors—who had a duty to

16    ensure the document did not contain material misstatements or omissions—were negligent as a

17    matter of law." Dkt. 29, at 32.  The Court disagrees with plaintiff's argument.  The Court does

18    not find that the Ninth Circuit's *Varjabedian* opinion eliminated the heightened pleading

19    requirements under the PLRSA.  In fact, the Ninth Circuit's *Varjabedian* opinion holds only

20    "that the first clause of Section 14(e) requires a showing of only negligence, not scienter."  888

21    F.3d at 408.

22        Plaintiff further argues that he is not required to plead with particularity that Papa

23    Murphy defendants acted with negligence under the PSLRA because negligence is not a "state of

24

1    mind." Dkt. 29, at 33. The PSLRA explicitly requires a plaintiff to plead a strong inference of

2    the requisite state of mind with particularity. *See* 15 U.S.C. § 78u-4(b)(2)(A). Unlike plaintiff's

3    position, the Ninth Circuit's *Varjabedian* decision did not conclude that a plaintiff is not required

4    to plead a strong inference of negligence. In support of his argument that negligence is not a

5    "state of mind," plaintiff cites to the Ninth Circuit's opinion in *Fargo v. City of San Juan*

6    *Bautista*, which states that "state of mind is not at issue where . . . negligence . . . [is] alleged."

7    857 F.2d 639, 643 (9th Cir. 1988). However, *Fargo* contemplated whether negligence was a

8    state of mind under a 42 U.S.C. § 1983 action, not whether negligence was a state of mind under

9    the PSLRA or a Section 14(e) action. These statutes and the case law interpreting them use a

10   different definition of a person's "state of mind" and must be followed here. Further, more recent

11   opinions by the U.S. Supreme Court and the Ninth Circuit have recognized negligence as a "state

12   of mind." *See Farmer v. Brennan*, 511 U.S. 825, 836 (recognizing that negligence can be a

13   culpable state of mind); *Salviejo-Fernandez v. Gonzales*, 455 F.3d 1063, 1067 (9th Cir. 2006)

14   (stating that negligence is a culpable state of mind). Thus, the Court finds that plaintiff must

15   plead facts giving rise to a strong inference that Papa Murphy defendants acted with negligence.

16   *See* 15 U.S.C. § 78u-4(b)(2)(A).

17        As discussed above, even construing the allegations in the amended complaint in the light

18   most favorable to plaintiff, the Court finds that plaintiff has not plausibly alleged a strong

19   inference of negligent conduct by Papa Murphy defendants. Therefore, the Court recommends

20   dismissal of plaintiff's Section 14(e) claims.

21        It is not clear from the face of the amended complaint that plaintiff would be unable to

22   cure the deficiencies in an amended pleading. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316

23   F.3d 1048, 1051–52 (9th Cir. 2003) (stating that leave to amend a pleading should be granted

24

freely, especially in the context of the PSLRA); *Osher v. JNI Corp.*, 183 Fed. App'x 604, 605

(9th Cir. 2006) ("Leave to amend is to be granted with extreme liberality in securities fraud cases

because pleading requirements by the PLRSA are so difficult to meet."). Therefore, the Court

recommends granting plaintiff leave to amend.

### 2. Material Misstatements

Papa Murphy defendants argue that plaintiff fails to allege any materially false or

misleading statement or omission. Dkt. 25, at 16. Although a material omission was alleged in

the amended complaint (*see* Dkt. 22 at 9, 19), Plaintiff appears to concede that that this case is

"not an omissions case" and that he alleges only that the Recommendation Statement contained

materially false or misleading statements. Dkt. 29, at 17. Therefore, the Court will address only

the allegations regarding materially false or misleading statements. As discussed below, the

Court agrees with Papa Murphy defendants that plaintiff has failed to allege with particularity

any materially false or misleading statement.

In stating a claim under Section 14(e), plaintiff must "specify each statement alleged to

have been misleading, the reason or reasons why the statement is misleading, and, if an

allegation regarding the statement . . . is made on information and belief, the complaint shall

state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). False

or misleading statements are actionable only if material. *Bell v. Cameron Meadows Land Co*.,

669 F.2d 1278, 1281 (9th Cir. 1982). In order establish materiality, a plaintiff must show a

substantial likelihood that the material misrepresentation would have "significantly altered the

total mix of information made available" to investors. *Basic Inc. v. Levinson*, 485 U.S. 224,

231–32 (1988). "A statement is misleading if it would give a reasonable investor the impression

of a state of affairs that differs in a material way from the one that actually exists." *Retail*

1  *Wholesale & Dept. Store Union Local Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275

2  (9th Cir. 2017) (internal citations omitted).

3        If a plaintiff alleges a material misrepresentation, the plaintiff must allege *both* objective

4  and subjective falsity of the misrepresentation.  *City of Dearborn Heights Act 345 Police & Fire*

5  *Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017).  "Falsity is alleged when a

6  plaintiff points to a defendant's statements that directly contradict what the defendant knew at

7  the time." *Khoja*, 899 F.3d at 1008.  When a plaintiff alleges that an opinion, such as a

8  recommendation statement itself is a material misrepresentation, the plaintiff must allege *both*

9  that "the speaker did not hold the belief that she professed" (*e.g.*, the directors did not believe the

10  merger to be fair) and "that the belief is objectively untrue" (*e.g.*, the merger is not fair).  *Id.* at

11  615–16 (quoting *Omnicare, Inc. v. Laborors Dist. Council Constr. Indus. Pension Fund*, 575

12  U.S. 175, 186 (2015)); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248,

13  1265 (N.D. Cal. 2000).  When a plaintiff contends that a statement of fact within an opinion

14  statement is materially misleading, the plaintiff must allege that "the supporting fact the speaker

15  supplied is untrue." *Dearborn Heights*, 856 F.3d at 616 (citing *Omnicare*, 575 U.S. at 186)).

16        Here, plaintiff alleges that the following statements were materially false or misleading

17  statements:

18      1.  North Point's Base Case Projections and fairness opinion contained in the
19          Recommendation Statement (*see* Dkt. 27-1, at 46) were false and misleading.  *See* Dkt.
        22, at 16;

20      2.  The summary of North Point's Discounted Cash Flow Analysis ("DCF") and the
21          resulting implied equity value range set forth in the Recommendation Statement (*see* Dkt.
        27-1, at 41) was misleading.  Dkt. 22, at 16;

22      3.  The statements in the Recommendation Statement identifying North Point's fairness
23          opinion as a "material factor" underlying Individual Defendants' recommendation in
        favor of the MTY tender offer (*see* Dkt. 27-1, at 29–31) were misleading.  Dkt. 22, at 16–
24          17; and

4.   The statement in the Recommendation Statement that "North Point prepared the [B]ase [C]ase in order to reflect the risk that the full benefits of the [M]anagement [C]ase may not be achieved for a variety of reasons," (*see* Dkt. 27-1, at 41) was false and/or misleading.  *See* Dkt. 22, at 15–16.

Plaintiff alleges that Papa Murphy defendants "knew that the Management Case reflected the only accurate view of the Company's future financial performance."  Dkt. 22, at 2, 17.  Plaintiff further alleges that North Point "illegitimately" prepared the Base Case projections "to justify an otherwise unjustifiable finding of fairness" and that these projections were inconsistent with Papa Murphy's Holdings' financial performance, press releases, and store sales growth figures during the months' immediately preceding the announcement of the MTY merger.  *Id.* at 3, 10–13.  However, plaintiff does not allege *how* Papa Murphy defendants' statements in the Recommendation Statement directly contradicted what they knew at the time of the MTY merger (*see Khoja*, 899 F.3d at 1008), and plaintiff does not allege *how* North Point's Base Case projections and fairness opinion must have been false and misleading in light of the Management Case.  *See Rubke*, 460 F. Supp. 2d at 1146 ("the fact that [a financial advisor's] fairness opinion[] differed from [a company's valuation] does not demonstrate that [either] opinion [was] false.").

Plaintiff's conclusory allegations that Individual defendants knew that North Point's Base Case projections were untrue do not sufficiently establish that Papa Murphy defendants' alleged misstatements in the Recommendation Statement were objectively or subjectively false.  *See Khoja*, 899 F.3d at 1008; *Rubke*, 460 F. Supp. 2d at 1146.  Nor does plaintiff's conclusory allegations that North Point "illegitimately" prepared the Base Case projections establish that the Base Case or the resulting fairness opinion cited in the Recommendation Statement were in fact false.  *See Dearborn Heights*, 856 F.3d at 616 (citing *Omnicare*, 575 U.S. at 186)).

1    Although plaintiff alleges that Management Case projections were used in connection

2    with the strategic review process (*see* Dkt. 22, at 12), this fact alone, without additional factual

3    allegations, does not establish that Papa Murphy defendants "knew" that North Point's Base

4    Case projections and fairness opinion must have been false.   *See In re Hot Topic, Inc. Sec. Litig.*,

5    No. CV 13-02939 SJO, 2014 WL 7499375, at *6–7 (C.D. Cal. May 2, 2014) (stating that the

6    defendants' use of higher financial projections throughout a strategic review process, but

7    including self-lowered projections in a forward-looking statement, *could* support a claim where

8    plaintiff alleged facts that the defendants knew that the lower projections were flawed or

9    inaccurate).  Here, plaintiff does not allege that Papa Murphy defendants prepared the Base Case

10    projections, nor does plaintiff allege additional facts supporting his conclusion that the

11    Management Case was the *only* accurate set of financial projections.

12    Reviewing the facts in the light most favorable to plaintiff, the Court finds that the

13    alleged misstatements, if sufficiently pled with particularity, *could* be material (*see Basic*, 485

14    U.S. at 231–32); however, plaintiff has failed to allege sufficient facts with particularity to

15    establish that Papa Murphy defendants' alleged statements were in fact misleading and

16    objectively and subjectively false.  *See Dearborn Heights*, 856 F.3d at 615–16.  Accordingly, the

17    Court finds that plaintiff has not plausibly alleged a materially misleading statement with

18    particularity.  15 U.S.C. § 78u-4(b)(1).

19    It is not clear from the face of the amended complaint that plaintiff would be unable to

20    cure these deficiencies in an amended pleading.  *See Eminence Capital, LLC*, 316 F.3d at 1051–

21    52; *Osher*, 183 Fed. App'x at 605.  Therefore, the Court recommends granting plaintiff leave to

22    amend.  In any amended pleading, plaintiff must allege with particularity facts showing *how*

23    Papa Murphy's alleged material misstatements were objectively and subjectively false and

24

1    materially misleading.  *See* U.S.C. § 78u-4(b)(1); *Dearborn Heights*, 856 F.3d at 615–16.

2    Plaintiff must further plead with particularity *how* North Point's Base Case projections and

3    fairness opinion were actually false.  *See id.*

4    **3.    Loss Causation**

5    Papa Murphy defendants argue that plaintiff fails to allege loss causation with

6    particularity because the amended complaint does not support an inference that plaintiff suffered

7    an economic loss.  See Dkt. 25, at 31–32.  This Court disagrees, as discussed below.

8    In stating a claim under Section 14(e), plaintiff must plead loss causation with

9    particularity.  *See* 15 U.S.C. § 78u-4(b)(4).  Loss causation requires a showing that a defendant

10   caused the loss for which plaintiff seeks to recover damage.  *Id.*  To prove loss causation,

11   plaintiff need only show a "causal connection" between the alleged misleading statement or

12   omission and the loss by tracing the loss back to the facts about which the defendant(s) misstated

13   or omitted.  *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018)

14   (internal citations omitted).  "Because loss causation is simply a variant of proximate cause, the

15   ultimate issue is whether the defendant's misstatement, as opposed to some other fact,

16   foreseeably caused plaintiff's loss."  *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir.

17   2016 (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343–46 (2005)).

18   Here, plaintiff alleges that North Point's Base Case projections and finding of fairness,

19   included in the Recommendation Statement, were material misrepresentations of Papa Murphy's

20   Holdings' valuation and did not reflect the actual value of plaintiff's shares.  Dkt. 22, at 17.

21   Plaintiff alleges that Papa Murphy's Holdings' shares were "worth up to $12.34" per share, that

22   other bidders valued the shares at a higher value than was provided in the MTY tender offer, and

23

24

1   that the Management Case projections reflected a higher valuation of Papa Murphy's Holdings'

2   future financial performance. *Id.* at 17–18.

3       Plaintiff alleges that the material misrepresentations contained in the Recommendation

4   Statement "misled [] shareholders to tender their shares into the undervalued [t]ender [o]ffer,"

5   and shareholders were thus "misled and harmed millions of dollars in the aggregate." *Id.* at 18.

6   Plaintiff further alleges that the materially misleading Recommendation Statement caused

7   shareholders to accept the "unfair Merger Consideration in exchange for their shares rather than

8   recoup a greater value through appraisal remedies available." *Id.* Thus, plaintiff alleges that "as

9   a direct and proximate result of the dissemination of the misleading Recommendation

10  Statement," which Papa Murphy defendants "used to obtain shareholder approval of the [merger

11  t]ransaction," plaintiff "suffered damages and actual economic loss (*i.e.* the difference between

12  the value [plaintiff] received as a result of the [t]ransaction and the true value of [the] shares)."

13  Dkt. 22, at 20.

14      In viewing the facts in the light most favorable to plaintiff, the Court finds that for the

15  purpose of withstanding a motion to dismiss, plaintiff has sufficiently pled loss causation with

16  particularity. *See* 15 U.S.C. §78u-4(b)(4). Plaintiff sufficiently pled with particularity that the

17  alleged material misstatements by Papa Murphy defendants and North Point caused plaintiff to

18  accept the undervalued MTY tender offer, thus resulting in the alleged economic harm. *See*

19  *Lloyd v. CVB Fin. Corp.*, 811 F.3d at 1210. The difference between the value that plaintiff

20  received as a result of the MTY merger and the speculative "true value" of the shares does not

21  alone establish loss causation. *In re Ocera*, 2018 WL 7019481, at *11 (stating that merely

22  alleging "the difference between the price [] stockholders received and the 'true value' of their

23  shares . . . is a mere legal conclusion."). However, plaintiff also alleges that another company

24

1  actually assessed the value of Papa Murphy's Holdings' shares at a higher value at the time of

2  the MTY merger.  *See* Dkt. 22, at 18.  Plaintiff further alleges that Papa Murphy's Holdings'

3  Management Case reflected significantly higher projections in the company's financial

4  performance, and that those projections were accurate, thus increasing the potential value of the

5  company.  *See id.* at 2, 17.

6       Taking these allegations as true, it is not implausible at this stage in the proceedings that

7  the alleged material misstatements in the Recommendation Statement foreseeably caused

8  plaintiff to accept the allegedly undervalued MTY tender offer and forfeit appraisal remedies,

9  thus resulting in economic harm.  *See* Dkt. 22, at 20; *Mineworkers' Pension Scheme*, 881 F.3d at

10  754; *see also In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (agreeing with the

11  Second Circuit that loss causation "is a matter of proof at trial and not to be decided on a [Fed. R.

12  Civ. P.] 12(b)(6) motion to dismiss," so long as "the complaint alleges facts, that taken as true,

13  plausibly establish loss causation.") (quoting *Emergent Capital Inv. Mgmt., LLC v. Stonepath*

14  *Grp., Inc.*, 343 F.3d 189, 197 (2d Cir. 2003)) (internal citations omitted).  Accordingly, the Court

15  recommends denying Papa Murphy defendants' motion to dismiss plaintiff's amended complaint

16  on this ground.

17  **4.    Safe Harbor**

18       The PSLRA's "safe harbor" provision limits a plaintiff's ability to bring a private action

19  based on an untrue statement of material fact or omission of material fact made in a public

20  company's forward-looking statements.  *See* 15 U.S.C. § 78u-5(c).  A "forward-looking

21  statement" encompasses a statement containing projections and predictions of a company's

22  furniture economic performance.  *See id.* at § 78u-5(i)(A)–(D).

23

24

1    Papa Murphy defendants argue that plaintiff's Section 14(e) claims are barred by the

2    PSLRA's safe harbor for forward-looking statements.  *See* 15 U.S.C. § 78u-5; Dkt. 25, at 9.

3    However, as plaintiff correctly notes (Dkt. 29, at 13), the PSLRA is specifically inapplicable to

4    forward-looking statements "made in connection with a tender offer[.]"  15 U.S.C. § 78u-

5    5(b)(2)(C).  As the Recommendation Statement was made in connection with the MTY tender

6    offer, the PSLRA safe harbor provision does not apply.  *See id.*; Dkt. 22, at 2.  Accordingly, the

7    Court recommends denying Papa Murphy defendants' motion to dismiss plaintiff's amended

8    complaint on this ground.

9    **5.    Private Right of Action under Section 14(e)**

10    Ninth Circuit precedent clearly establishes an implied private right of action under

11    Section 14(e).  *See Plaine v. McCabe*, 797 F.3d 713, 718 (9th Cir. 1986).  Papa Murphy

12    defendants argue that the Ninth Circuit's opinion in *Varjabedian*, comparing Section 14(e) with

13    Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(2), leads to the conclusion that

14    there is no private right of action under Section 14(e) where plaintiff alleges that a defendant

15    acted with negligence because there is no private right of action under Section 17(a).  *See* Dkt.

16    25, at 35–37; *Varjabedian*, 888 F.3d at 406–407.

17    In *Plaine*, the Ninth Circuit analyzed whether a plaintiff had standing to bring a private

18    action under Section 14(e).  *See Plaine*, 797 F.3d at 716.  The Court stated that the purpose of

19    statute was "to ensure that public shareholders who are confronted with a cash tender offer for

20    their stock will not be required to respond without adequate information."  *Id.* (quoting *Rondeau*

21    *v. Mosinee Paper Corp.*, 422 U.S. 49, 58 (1975)).  The Ninth Circuit's opinion in *Plaine* did not

22    limit a private right of action under Section 14(e) to any particular state of mind required to find

23    liability under Section 14(e).

24

1      Although they recognize *Plaine*'s holding, Papa Murphy defendants urge the Court to

2  depart from Ninth Circuit precedent by finding that Section 14(e), like Section 17(a), does not

3  establish a private right of action for claims premised on negligence.  Dkt. 25, at 36–37.  Indeed,

4  the Ninth Circuit has held that there is no implied private right of action under Section 17(a).

5  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1358 (9th Cir. 1987).

6  However, the Ninth Circuit did not make this same finding in *Varjabedian.*  Rather, the Ninth

7  Circuit remanded that case to the district court with explicit instructions to "reconsider

8  [d]efendant's motion to dismiss under a negligence standard" and to consider whether an omitted

9  document was a material omission.  *Varjabedian*, 888 F.3d at 410.  Upon remand, the district

10  court declined to adopt the defendants' same argument that there is no private right of action for

11  negligent violations of Section 14(e).  *See Varjabedian v. Emulex Corp*., 2020 WL 1847708, at

12  *5–6 (C.D. Cal. Feb. 25, 2020), *on remand from* 888 F.3d 399 (9th Cir. 2018).  The district court

13  noted that it lacked authority to overturn *Plaine*'s holding that there was a private right of action

14  under Section 14(e).  *See id.*

15      While the Court finds some logic in Papa Murphy defendants' argument, the Court

16  concludes that it will not disturb Ninth Circuit precedent that plaintiff does indeed have a private

17  right of action under Section 14(e).  *See Plaine*, 797 F.3d at 716; *Varjabedian*, 2020 WL

18  1847708, at *5–6.  Accordingly, the Court recommends denying Papa Murphy defendants'

19  motion to dismiss plaintiff's amended complaint on this ground.

20      **B.      Section 20(a) Claims Against Individual Defendants**

21      Section 20(a) of the Exchange Act provides for joint and several liability of "controlling

22  persons" where an underlying securities law violation is found.  *See* 15 U.S.C. § 78t(a).  To

23  establish a cause of action under Section 20(a), a plaintiff must first prove (1) a primary violation

24

of underlying securities laws; and (2) that the defendant exercised power or control over the primary violator. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014); *see also Varjabedian*, 888 F.3d at 409 (stating that Section 20(a) claims necessarily depend on plaintiff's Section 14(e) claims). "Whether [a defendant] is a controlling person is an intensely factual question, involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (internal citations omitted). "[I]t is not necessary to show actual participation or exercise of actual power"; however, a defendant is entitled to a defense that he or she "acted in good faith and did not directly or indirectly induce" the alleged securities law violations. *Id.*

Because plaintiff has not successfully alleged a violation under Section 14(e), his Section 20(a) claims also must fail. *See id.* Accordingly, the Court recommends granting Papa Murphy defendants' motion to dismiss plaintiff's Section 20(a) claims against Individual defendants without prejudice. As discussed above, plaintiff may be able to amend his pleading to state a cognizable claim under Section 14(e), and therefore, his Section 20(a) claims against Individual defendants may survive. *See Varjabedian*, 888 F.3d at 409; *see also Eminence Capital, LLC*, 316 F.3d at 1051–52; *Osher*, 183 Fed. App'x at 605.

## II.    North Point's Motion to Dismiss & Plaintiff's Notice of Dismissal

After North Point filed its motion to dismiss (Dkt. 26), plaintiff filed a notice of voluntary dismissal of North Point from this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Dkt. 30. North Point did not object to plaintiff's voluntary dismissal without

1  prejudice; however, North Point's motion to dismiss seeks dismissal of claims against it with

2  prejudice.  *See* Dkt. 26, at 24.

3      Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing a

4  notice of dismissal before the opposing party serves either an answer or a motion for summary

5  judgement."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Unless the notice states otherwise, "the dismissal is

6  without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action

7  based on or including the same claim, a notice of dismissal operates as an adjudication on the

8  merits."  Fed. R. Civ. P. 41(a)(1)(B).  Here, plaintiff filed his notice of dismissal prior to North

9  Point serving an answer or motion for summary judgment.  *See* Dkt.  Although plaintiff

10  previously dismissed Papa Murphy defendants from the SDNY Action, North Point was not a

11  party to that action.  *See* Dkt. 27, at 106.

12      In light of the above, the Court recommends that plaintiff's request for dismissal (Dkt.

13  30) without prejudice should be granted, and that North Point's motion to dismiss (Dkt. 26) with

14  prejudice should be denied as moot.

15                              **CONCLUSION**

16      For the reasons set forth above, the Court recommends that Papa Murphy's motion to

17  dismiss (Dkt. 25) be **GRANTED**, and that the claims against Papa Murphy defendants should be

18  dismissed without prejudice and with leave to amend.  Plaintiff should be granted 30 days from

19  the date of the District Court's Order to file an amended complaint.

20      The Court further recommends that plaintiff's motion to voluntarily dismiss North Point

21  from this action (Dkt. 30), without prejudice, be **GRANTED**, and that North Point's motion to

22  dismiss (Dkt. 26) be **DENIED**.

23

24

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

3    6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

4    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

5    of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

6    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

7    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2020,**

8    as noted in the caption

9    Dated this 20th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge