THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

PAPA MURPHY'S DEFENDANTS' REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC)

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     REPLY ARGUMENT ............................................................................................... 1

        A.     Plaintiff Does Not Adequately Plead Any False or Misleading Statements.......... 1

        B.     Plaintiff Does Not Adequately Plead Materiality .................................................... 9

        C.     Plaintiff Does Not Adequately Plead that the Papa Murphy's Defendants
               Were Negligent ..................................................................................................... 10

        D.     Plaintiff Does Not Adequately Plead Loss Causation ....................................... 12

        E.     There Is No Private Right of Action for Negligence-Based Claims Under
               Section 14(e) ........................................................................................................ 14

III.    CONCLUSION .......................................................................................................... 15

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – i

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

Alexander v. Sandoval,
532 U.S. 275 (2001).............................................................................................................14

Azar v. Yelp, Inc.,
No. 18-cv-00400-EMC, 2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ..................................3

Baum v. Harman Int'l Indus., Inc.,
408 F. Supp. 3d 70 (D. Conn. 2019).....................................................................................5, 7

Brown v. Brewer,
No. CV 06-3731-GHD, 2010 WL 2472182 (C.D. Cal. June 17, 2010) ...................................2

City of Hialeah Emps.' Ret. Sys. v. FEI Co.,
289 F. Supp. 3d 1162 (D. Or. 2018) .......................................................................................2

Edenbrook Capital, LLC v. RhythmOne Plc,
No. 19-cv-00615-WHO, 2019 WL 1791419 (N.D. Cal. Apr. 24, 2019)................................11

Fargo v. City of San Juan Bautista,
857 F.2d 638 (9th Cir. 1988), overruled on other grounds by L.W. v. Grubbs,
92 F.3d 894 (9th Cir. 1996) ...................................................................................................12

Farmer v. Brennan,
511 U.S. 825 (1994).............................................................................................................12

Golub v. Gigamon, Inc.,
372 F. Supp. 3d 1033 (N.D. Cal. 2019) ..................................................................................6

Gonzaga Univ. v. Doe,
536 U.S. 273 (2002).............................................................................................................14

Gonzalez v. Planned Parenthood of L.A.,
759 F.3d 1112 (9th Cir. 2014), cert. denied, 135 S. Ct. 2313 (2015) ......................................3

Hayes v. Crown Central Petroleum Corp.,
78 F. App'x 857 (4th Cir. 2003)............................................................................................11

Herskowitz v. Nutri/System, Inc.,
857 F.2d 179 (3d Cir. 1988), cert. denied, 489 U.S. 1054 and
489 U.S. 1060 (1989)..........................................................................................................1, 8

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – ii

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

**Page**

Huff Fund Inv. P'ship v. CKx, Inc.,
  Civ. No. 6844-VCG, 2013 WL 5878807 (Del. Ch. Nov. 1, 2013), aff'd mem.,
  2015 WL 631586 (Del. Feb. 12, 2015) ..................................................................................4

Hussey v. Ruckus Wireless, Inc.,
  263 F. Supp. 3d 781 (N.D. Cal. 2017) ...................................................................................10

In re 3Com S'holders Litig.,
  No. 5067-CC, 2009 WL 5173804 (Del. Ch. Dec. 18, 2009) ..............................................1, 10

In re Appraisal of Panera Bread Co.,
  C.A. No. 2017-0593-MTZ, 2020 WL 506684 (Del. Ch. Jan. 31, 2020) ..................................7

In re Appraisal of PetSmart, Inc.,
  Consol. C.A. No. 10782-VCS, 2017 WL 2303599, at *34 (Del. Ch.
  May 26, 2017) .......................................................................................................................4

In re Cogent, Inc. S'holder Litig.,
  7 A.3d 487 (Del. Ch.), appeal refused, 30 A.3d 782 (Del. 2010) ..........................................14

In re CompuCom Sys., Inc. S'holders Litig.,
  No. Civ.A 499-N, 2005 WL 2481325 (Del. Ch. Sept. 29, 2005) ..........................................10

In re Convergent Techs. Sec. Litig.,
  948 F.2d 507 (9th Cir. 1991) .................................................................................................9

In re Envision Healthcare Corp.,
  Civ. No. 18-1068-RGA, 2019 WL 3494407 (D. Del. Aug. 1, 2019), adopted,
  2019 WL 4536554 (D. Del. Sept. 19, 2019) ...........................................................................13

In re Hot Topic Sec. Litig.,
  No. CV 13-02939 SJO, 2014 WL 7499375 (C.D. Cal. May 2, 2014) .................................5, 12

In re Ocera Therapeutics, Inc. Sec. Litig.,
  No. 17-cv-06687-RS, 2018 WL 7019481 (N.D. Cal. Oct. 16, 2018), aff'd
  mem., 806 F. App'x 603 (9th Cir. 2020) .............................................................................8, 11

In re Ocera Therapeutics, Inc. Sec. Litig.,
  806 F. App'x 603 (9th Cir. 2020) ..........................................................................................13

In re Stone & Webster, Inc., Sec. Litig.,
  414 F.3d 187 (1st Cir. 2005) .................................................................................................12

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – iii

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

Page

In re Tangoe, Inc. S'holders Litig.,
    333 F. Supp. 3d 77 (D. Conn. 2018)..................................................................................10

In re Tesla Motors, Inc. S'holder Litig.,
    C.A. No. 12711-VCS, 2020 WL 553902 (Del. Ch. Feb. 4, 2020)......................................9, 10

In re Wash. Pub. Power Supply Sys. Sec. Litig.,
    823 F.2d 1349 (9th Cir. 1987) ...........................................................................................15

Karri v. Oclaro, Inc.,
    No. 18-cv-03435-JD, 2020 WL 5982097 (N.D. Cal. Oct. 8, 2020) .........................................5

Khoja v. Orexigen Therapeutics, Inc.,
    899 F.3d 988 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019) ...................................3, 13

Laborers Local #231 Pension Fund v. Cowan,
    Civ. No. 17-478, 2018 WL 3243975 (D. Del. July 2, 2018) .....................................................6

Mills v. Elec. Auto-Lite Co.,
    396 U.S. 375 (1970)..........................................................................................................12

NECA-IBEW Pension Tr. Fund (the Decatur Plan) v. Precision Castparts Corp.,
    No. 3:16-cv-01756-YY, 2017 WL 4453561 (D. Or. Oct. 3, 2017), adopted,
    2018 WL 533912 (D. Or. Jan. 24, 2018) ..................................................................................6

O'Neill v. United States,
    369 F. App'x 854 (9th Cir. 2010)........................................................................................15

Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.,
    774 F.3d 598 (9th Cir. 2014) ..............................................................................................13

Osofsky v. Zipf,
    645 F.2d 107 (2d Cir. 1981)..................................................................................................9

Owen v. Cannon,
    C.A. No. 8860-CB, 2015 WL 3819204 (Del. Ch. June 17, 2015)......................................4, 6

Piper v. Chris-Craft Indus., Inc.,
    430 U.S. 1 (1977).................................................................................................................14

Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health &
    Human Servs.,
    946 F.3d 1100 (9th Cir. 2020) ............................................................................................15

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – iv

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Reed v. Gen. Mills, Inc.,
    No. C19-0005-JCC, 2019 WL 2475706 (W.D. Wash. June 13, 2019) ....................................3

Ridler v. Hutchinson Tech. Inc.,
    216 F. Supp. 3d 982 (D. Minn. 2016)....................................................................................1

Rubke v. Capitol Bancorp, Ltd.,
    551 F.3d 1156 (9th Cir. 2009) ...............................................................................................8

Salviejo-Fernandez v. Gonzales,
    455 F.3d 1063 (9th Cir. 2006) .............................................................................................12

Schreiber v. Burlington N., Inc.,
    472 U.S. 1 (1985).......................................................................................................9, 10, 15

Sec'y of Labor, U.S. Dep't of Labor v. Seward Ship's Drydock, Inc.,
    937 F.3d 1301 (9th Cir. 2019) .............................................................................................12

Smith v. Robbins & Myers, Inc.,
    969 F. Supp. 2d 850 (S.D. Ohio 2013) ................................................................................11

Varjabedian v. Emulex Corp.,
    888 F.3d 399 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019) ...........................11, 15

Wenger v. Lumisys, Inc.,
    2 F. Supp. 2d 1231 (N.D. Cal. 1998) ....................................................................................9

**STATUTES**

15 U.S.C. § 78n(a) ......................................................................................................................12

15 U.S.C. § 78r(a) .......................................................................................................................12

15 U.S.C. § 78u-4(b)(2)(A)..........................................................................................................11

15 U.S.C. § 78u-4(b)(4) ...............................................................................................................12

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – v

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.   INTRODUCTION

In his opposition, ECF No. 42 ("Opp."), Plaintiff concedes that, although he alleges four distinct false or misleading statements in the Recommendation Statement, they are all allegedly false or misleading for a single reason:  because they either constitute or are derived from the base case projections prepared by Papa Murphy's financial advisor, North Point.[1]  But there is nothing false or misleading about the base case projections.  The difference in the projections prepared by Papa Murphy's management and those prepared by North Point boils down to a quibble over the disclosed assumptions underlying each set of projections.  Yet it is well-established that "quibbles with a financial advisor's work simply cannot be the basis of a disclosure claim" under Section 14(e).  In re 3Com S'holders Litig., No. 5067-CC, 2009 WL 5173804, at *6 (Del. Ch. Dec. 18, 2009); see Ridler v. Hutchinson Tech. Inc., 216 F. Supp. 3d 982, 989 (D. Minn. 2016) ("[B]ecause the valuation of a company is an inherently subjective exercise, plaintiffs must point to something more than mere disagreement in order to render the share price ranges misleading.").  The inclusion of the base case projections in the Recommendation Statement does not provide the basis for a viable Section 14(e) claim against Papa Murphy's and Mr. Spangler, and the Second Amended Complaint should be dismissed with prejudice.

## II.   REPLY ARGUMENT

### A.   Plaintiff Does Not Adequately Plead Any False or Misleading Statements

As Plaintiff observes (in bold, italicized print), whether a financial advisor's projection or valuation is objectively false depends on whether that "*expert, in making a projection, adopts an assumption which the factfinder concludes was objectively unreasonable in the circumstances.*"  Opp. at 11 (quoting Herskowitz v. Nutri/System, Inc., 857 F.2d 179, 185 (3d Cir. 1988), cert. denied, 489 U.S. 1054 and 489 U.S. 1060 (1989)).  Here, the assumptions that North Point employed in preparing the base case projections are not "objectively unreasonable in the

---

[1] Capitalized terms and abbreviations used in this brief, unless defined herein, have the same meaning as in the Papa Murphy's Defendants' motion to dismiss the Second Amended Complaint, ECF No. 41 (the "Motion").

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 1

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

circumstances," and therefore are not objectively false.

In projecting same-store sales growth of between 3.5 and 4.5 percent for the years 2020 to 2023, the management case "assumed that management's business and operational plan would be successfully executed and would lead to increased revenues and earnings." RS at 38. In other words, management forecast that its five-year business and operational plan would be carried out flawlessly—even though same-store sales had fallen at an average rate of almost four percent each year over the prior three years, with only one month (October 2018) during those three years in which same-store sales had increased year-over-year. Id.; SAC ¶ 34.

Although North Point used the management case projections as the starting point for its base case projections, it recognized the unlikelihood that management's assumptions would prove to be 100 percent accurate, particularly in light of the Company's historical financial performance.[2] Therefore, the base case projections "did not assume the successful execution of management's business and all aspects of the operational plan or the achievement of all of its benefits in the magnitude and time schedule contemplated in the management case," and North Point projected same-store sales growth of 2.5 percent "compared to an average annual decrease of 3.9% over the previous three years." RS at 38.[3] Given the Company's declining same-store sales performance over the previous three years, not only were North Point's assumptions not "objectively unreasonable in the circumstances," they were more reasonable than management's assumptions. See City of Hialeah Emps.' Ret. Sys. v. FEI Co., 289 F. Supp. 3d 1162, 1176 (D. Or. 2018) (holding that assumption underlying board of directors' opinion, that certain business sectors "would miss at least some of their goals, as they had historically done," was not unreasonable); Brown v. Brewer, No. CV 06-3731-GHD (SHx), 2010 WL 2472182, at *27-28 (C.D. Cal. June 17, 2010) (crediting expert witness's revenue growth projections in DCF analysis that were higher than those

[2] Because North Point used the management case projections as its starting point, the facts here are distinguishable from many of the cases Plaintiff cites in his opposition, in which a financial advisor "create[d] new projections entirely" or "disregard[ed] contemporaneous management projections." Opp. at 12.

[3] North Point thus did not "slash" management's same-store sales projections, as Plaintiff contends. Opp. at 1-2, 3, 4. The base case projected growth in such sales, just at a slightly lower rate than management had projected to account for risks that management acknowledged but did not factor into its own projections. See RS at 38, 41-43.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 2

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

used by management, where expert provided a "reasoned basis" for adjustment he made).

In the Recommendation Statement, moreover, Mr. Spangler and the Board acknowledged that the management case projections were optimistic. Thus, the Recommendation Statement is replete with warnings of uncertainties in the management case, risks that the management case did not fully capture, and its reliance on assumptions outside the Company's control. E.g., RS at 42-43 ("The management case reflects numerous estimates and assumptions . . . all of which are difficult to predict and many of which are beyond the Company's control. . . . [It] is subject to risks and uncertainties that could cause the actual results to differ materially from the projected results . . . ."). For these reasons, the Recommendation Statement cautioned that "the management case cannot, therefore, be considered a guarantee of future operating results" and that shareholders should not "place undue, if any, reliance on the management case." Id.[4]

Moreover, in preparing the base case projections, North Point used more up-to-date financial results than were used in preparing the management case. The management case projections relied on "prospective financial information for the remainder of fiscal year 2018." RS at 41, 43-44 (emphasis added). By contrast, North Point used both the information in the management case projections "and actual fiscal year 2018 results." Id. (emphasis added).

Plaintiff argues that some courts give more weight to management-created projections than

---

[4] Plaintiff alleges that the management case projections took these risks into account, SAC ¶ 42, and that it is not proper for the Court to consider contrary statements in the Recommendation Statement in deciding the Motion. See Opp. at 2 & n.2 (citing Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019)). Plaintiff misinterprets Khoja. The incorporation by reference doctrine recognizes that when a plaintiff extensively relies on a document, that document is deemed a part of the complaint and its contents therefore are to be treated as true. Khoja, 899 F.3d at 1002, 1003; see Gonzalez v. Planned Parenthood of L.A., 759 F.3d 1112, 1115 (9th Cir. 2014) (court not required to accept as true complaint's allegations that are contradicted by incorporated documents), cert. denied, 135 S. Ct. 2313 (2015). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Khoja, 899 F.3d at 1002. In Khoja, the court placed a limitation on this doctrine: "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and should not be considered. Id.; accord Reed v. Gen. Mills, Inc., No. C19-0005-JCC, 2019 WL 2475706, at *2 (W.D. Wash. June 13, 2019). That limitation does not apply here because Plaintiff relies extensively on the Recommendation Statement, which is discussed throughout the Second Amended Complaint and is the basis for his claims (SAC ¶¶ 3, 5, 11, 12, 13, 20, 21, 23(b)(1), 28, 39, 40, 41, 46-50, 52, 53, 58-60, 62, 64, 65, 67-70, 72-74). See Khoja, 899 F.3d at 1002; Azar v. Yelp, Inc., No. 18-cv-00400-EMC, 2018 WL 6182756, at *4, *5 (N.D. Cal. Nov. 27, 2018) (incorporating by reference and assuming the truth of statements in documents to which the plaintiff referred extensively in the complaint and which formed the basis of the plaintiff's claims).

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) – 3

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to an investment banker's projections. Opp. at 4-5. But Plaintiff ignores that "it may be appropriate to reject a DCF analysis based on management-created projections . . . where the projections were created for the purpose of obtaining benefits outside the company's ordinary course of business." Owen v. Cannon, C.A. No. 8860-CB, 2015 WL 3819204, at *18 (Del. Ch. June 17, 2015) (internal quotation marks omitted)). Courts accordingly have declined to defer to management projections that were prepared to induce a transaction rather than for use in the ordinary course of business:

> [T]he Management Projections were created specifically to aid PetSmart in its pursuit of strategic alternatives, including a sale of the Company. To fulfill this purpose, the projections were created to be aggressive and extra-optimistic about the future of the Company. In fact, the Management Projections projected a reversal of several downward trends, including with regard to the important metric of comparable store sales growth estimates. As Teffner, Gangwal and Aiyengar testified at trial, the projections were designed to be aggressive because the Board (and JPM) were convinced that potential bidders would discount whatever projections were put in front of them. This makes perfect sense when projections are being prepared not in the ordinary course but to facilitate a sale of the Company.

In re Appraisal of PetSmart, Inc., Consol. C.A. No. 10782-VCS, 2017 WL 2303599, at *34 (Del. Ch. May 26, 2017) (footnotes omitted); see Huff Fund Inv. P'ship v. CKx, Inc., Civ. No. 6844-VCG, 2013 WL 5878807, at *10 (Del. Ch. Nov. 1, 2013) (rejecting projections made in anticipation of negotiations with buyers to generate a higher merger price), aff'd mem., 2015 WL 631586 (Del. Feb. 12, 2015). Here, management prepared its projections specifically for use in the potential sale of the Company, rather than to assist it in conducting day-to-day business operations. RS at 41. Accordingly, the management case projections are not entitled to deference.

In an effort to bolster the management case projections and denigrate the base case projections, Plaintiff cites the Company's so-called refranchising initiative. E.g., Opp. at 1, 3, 10, 11; SAC ¶¶ 27, 41(a). But that is a dead end. This initiative envisioned reducing the number of company-owned stores from 168 at the start of 2017 to 50 by the end of 2020. SAC ¶ 27; RS at 43; Form 10-K of Papa Murphy's Holdings, Inc. for Fiscal Year Ended December 31, 2018, at 11 (attached as Exhibit A to Declaration of Joseph E. Bringman filed November 2, 2020) ("Third

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) – 4

59718-0023/LEGAL149887219.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Bringman Decl.")).  But the Recommendation Statement shows 106 company-owned stores at the end of 2018, and both the management case and North Point's base case assumed no change in this number through the end of 2023.  RS at 43.  The refranchising initiative thus played no part in the differences between the management case projections and the base case projections.

Nor does this initiative explain why same-store sales precipitously declined over the previous three years.  Although Plaintiff conclusorily alleges that the sale in 2017 and 2018 of 62 company-owned stores to franchisees contributed to the decline in same-store sales, SAC ¶ 27; see RS at 43, Plaintiff does not explain how or why this change of ownership caused sales at those 62 stores to decline.  Although the ownership change would impact the Company's revenue from those stores, because "once the stores are refranchised [Papa Murphy's] will derive revenue from the collection of a royalty equal to a percentage of net sales rather than from the total net sales of food and beverages to customers," as it had collected while owning those stores, Third Bringman Decl., Ex. A at 11, that has no bearing on the number of sales at those stores.

Plaintiff also asserts that North Point's base case projections were inconsistent with "the recent trend in Papa Murphy's same store sales performance."  Opp. at 11.  In his zeal to critique the base case, Plaintiff has placed far too positive a spin on the Company's performance in the third and fourth quarters of 2018.[5]  The slight short-term improvement at the end of 2018 compared to

---

[5] While Plaintiff alleges that the third quarter of 2018 brought the "best percentage change in same store sales in 12 quarters," the percentage change was "still negative."  SAC ¶ 30.  And although Plaintiff argues that "same store sales growth figures during the months immediately prior to the Merger announcement were trending positive [and] exceeded internal expectations," Opp. at 10, the press release announcing the Company's fourth quarter results stated only that October had seen "positive comparable store sales growth"—the first month to do so in 37 months.  SAC ¶ 34.  This one-month improvement stands in marked contrast to the facts in In re Hot Topic Sec. Litig., No. CV 13-02939 SJO (JCx), 2014 WL 7499375 (C.D. Cal. May 2, 2014) (see Opp. at 13-14), and Karri v. Oclaro, Inc., No. 18-cv-03435-JD, 2020 WL 5982097 (N.D. Cal. Oct. 8, 2020) (attached to Lead Plaintiff's Notice of Supplemental Authority), on which Plaintiff relies.  Hot Topic revised earlier revenue projections downward despite "the company's strong improvements in that area in the two preceding years."  Baum v. Harman Int'l Indus., Inc., 408 F. Supp. 3d 70, 88 (D. Conn. 2019) (emphasis added) (citing Hot Topic, 2014 WL 7499375, at *6).  In Karri, management reduced its projections twice even though the company's performance was at the upper end of management's guidance and the company had eight consecutive quarters of double-digit operating income growth.  2020 WL 5982097, at *2.

In fact, as Papa Murphy's announced in the same press releases on which Plaintiff relies, most of the "key financial highlights"—revenue, comparable store sales, pro forma net income, and adjusted EBITDA—were worse in the third and fourth quarters of 2018 than in the comparable quarters of 2017.  Second Bringman Decl. (ECF No. 33), Ex. A at 1 (Nov. 7, 2018, press release, partly quoted in paragraph 30 of the Second Amended Complaint); id., Ex. B at 1 (Mar. 14, 2019, press release, partly quoted in paragraph 34 of the Second Amended Complaint); see also id.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 5

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the poor same-store-sales track record over the three preceding years does not support Plaintiff's allegation that the high comparable-store growth-rate assumptions in the management case are the only accurate ones, making the base case assumptions unreasonable as a matter of law. See Golub v. Gigamon, Inc., 372 F. Supp. 3d 1033, 1048 (N.D. Cal. 2019) ("It does not necessarily follow that Gigamon's weak Q2 and Q3 2017, followed by a presumably successful Q4 2017, boded well for the company's long term prospects."). In any event, Plaintiff's argument ignores that North Point gave credence to that "trend," albeit less than management did, as North Point projected growth in same-store sales over the next five years despite the decline in same-store sales over the past three years and the risks attendant to achieving that growth.[6]

Plaintiff asserts that it is probative that Management prepared no new projections between its creation of the management case projections and the announcement of the merger with MTY. Opp. at 10. But as noted above, the management case was prepared for use in connection with the attempt to sell the Company; it was not a tool that management used in the regular course of business. That it was prepared to facilitate a merger is reason to give it less rather than more deference. E.g., Owen, 2015 WL 3819204, at *18. Moreover, Plaintiff's premise is wrong, as management did create additional forecasts for internal purposes, including ones specific to the first fiscal quarter of 2019. RS at 25; see also id. at 41 (the Company typically "does not disclose internal forecasts or projections as to future performance, earnings or results of operations").

Plaintiff further tries to undermine the base case projections by asserting that Mr. Spangler

_____

(showing that, in comparison to fiscal 2017, full-year revenues for fiscal 2018 were down $22.1 million and full-year comparable store sales decreased 2.5 percent). These facts severely undercut Plaintiff's contention that "no negative events occurred in the months preceding the announcement of the Merger that would warrant any reduction (let alone a meaningful reduction) to the same store sales projected in the Management Case." See Opp. at 10.

[6] The situation here differs substantially from that in Laborers Local #231 Pension Fund v. Cowan, Civ. No. 17-478, 2018 WL 3243975 (D. Del. July 2, 2018), discussed at pages 21 and 22 of Plaintiff's opposition, and NECA-IBEW Pension Tr. Fund (the Decatur Plan) v. Precision Castparts Corp., No. 3:16-cv-01756-YY, 2017 WL 4453561 (D. Or. Oct. 3, 2017) (report and recommendation), adopted, 2018 WL 533912 (D. Or. Jan. 24, 2018), discussed at page 19 of the opposition. In both cases, the allegedly misleading projections failed to factor in growth by acquisition, even though management of both companies knew that their companies historically had relied on such growth and publicly stated that growth by acquisition would continue. Cowan, 2018 WL 3243975, at *1, 4, 10-11; Precision Castparts, 2017 WL 4453561, at *1, *6-8. In contrast, neither the Papa Murphy's Defendants' partial reliance on North Point's fairness opinion nor North Point's base case contradicted the Company's prior public statements.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 6

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

was "conservative" in preparing the management case projections. Opp. at 1, 2, 3, 10. This is just more spin. The only time that Mr. Spangler used the word "conservative" pertained solely to projections for part of the fourth quarter of 2018, SAC ¶ 30 ("[W]e are maintaining a conservative outlook for the balance of the [fourth] quarter.").[7] That quarter was not part of management's five-year projections. Nothing in the Recommendation Statement describes the management case as conservative. Moreover, given the contrast between the optimistic assumptions underlying the management case and the Company's lackluster historical performance, there is no support for Plaintiff's conclusory assertion that management's projections were conservative.

Plaintiff also tries to undermine the base case projections by asserting that the management case projections reflected Mr. Spangler's "best estimates." E.g., Opp. at 2, 11. Once again, this is more spin by Plaintiff. The Recommendation Statement's only reference to best estimates is not to a representation by management, but to North Point's assumption "that . . . financial estimates . . . reviewed by it [have] been reasonably prepared based on assumptions reflecting the best currently available estimates and judgments of the Company's management." RS at 39. As North Point recognized, the estimates in the management case reflected management's disclosed assumptions that North Point deemed too aggressive under all the circumstances.

Likewise, there is no basis for Plaintiff's speculative assertion that North Point created the base case projections so that it could render a fairness opinion that would get the merger approved, allowing it to receive the bulk of its fee. See SAC ¶ 7; Opp. at 3, 12, 18. As discussed below in Section D, shareholders were not required to approve the merger, so a fairness opinion was not necessary to persuade shareholders to do so. Furthermore, if Plaintiff's bald allegation of North Point's motivation were sufficient to defeat this motion to dismiss, then any complaint challenging a tender offer would survive a motion to dismiss, as it is typical to tie a financial advisor's compensation to completion of the transaction for which it is retained. In re Appraisal of Panera

---

[7] This stands in contrast to Baum, 408 F. Supp. 3d 70, discussed at page 15 of Plaintiff's opposition, in which two sets of multi-year projections also were at issue and in which the target company's CEO allegedly referred to the higher of these two sets of projections as "by far very conservative." Id. at 87.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 7

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Bread Co., C.A. No. 2017-0593-MTZ, 2020 WL 506684, at *32 (Del. Ch. Jan. 31, 2020) ("Contingent fees for financial advisors in a merger context are somewhat 'routine' and previously have been upheld by Delaware courts." (internal quotation marks omitted)).

Because there was nothing objectively unreasonable in the assumptions underlying North Point's base case projections, those projections are not objectively false. Herskowitz, 857 F.2d at 185.[8] And because each of the other statements Plaintiff alleges to be false rely completely on the base case projections, SAC ¶¶ 39, 41; Opp. at 8, none of those statements is objectively false either.

For essentially the same reasons that the assertion of objective falsity fails, Plaintiff also fails to adequately allege subjective falsity. The disclosures in the Recommendation Statement support the conclusion that it was not possible that Mr. Spangler believed that the base case projections were false and that only the management case projections were accurate. The Recommendation Statement evidences that Mr. Spangler knew that: (i) the management case relied on projections for the fourth quarter of 2018, whereas North Point used actual fourth-quarter and full-year numbers for 2018, RS at 41, 43-44; (ii) North Point considered multiple risks and contingencies facing the Company's ability to achieve projected financial results that the management case did not, id. at 38, 42; and (iii) management assumed that the Company would flawlessly execute its five-year plan in the stated timeframe while North Point did not, id. at 38.[9]

Not only are the base case projections and statements in the Recommendation Statement derivative of those projections neither objectively nor subjectively false, but the difference of opinion as to whether management's projections or the base case projections are more accurate is

[8] Plaintiff attempts to distinguish In re Ocera Therapeutics, Inc. Securities Litigation, No. 17-cv-06687-RS, 2018 WL 7019481 (N.D. Cal. Oct. 16, 2018), aff'd mem., 806 F. App'x 603 (9th Cir. 2020), on grounds that in Ocera company management created both the original projections and the subsequent lower projections, whereas here the Company's financial advisor created the lower base case projections. See Opp. at 14. This distinction does not advance Plaintiff's argument. There is no basis to reject an expert's projections that differ from projections prepared by a company's management where, as here, the expert's projections are based on assumptions that are not objectively unreasonable in the circumstances.

[9] Furthermore, Plaintiff's conclusory allegation that Mr. Spangler knew that only the management case projections could be accurate because his position gave him "unrivaled insight regarding the Company's prospects," Opp. at 11, lacks the particularity required by the PSLRA. Cf. Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1162 (9th Cir. 2009) ("[T]he First Amended Complaint must allege with particularity that Capitol's directors and officers believe the Exchange Offer was unfair.").

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) – 8

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

not, and cannot be, the basis for a Section 14(e) claim.  Section 14(e) is a disclosure provision.  Schreiber v. Burlington N., Inc., 472 U.S. 1, 11 (1985) ("Nowhere in the legislative history is there the slightest suggestion that § 14(e) serves any purpose other than disclosure . . . .").  The Recommendation Statement disclosed (i) the management case projections, (ii) North Point's base case projections and the reasons for their preparation and use, and (iii) that North Point's DCF analysis was based on both sets of projections.  RS at 38, 41-44.  With all these disclosures, there is no viable basis for a Section 14(e) claim.  See In re Tesla Motors, Inc. S'holder Litig., C.A. No. 12711-VCS, 2020 WL 553902, at *9 (Del. Ch. Feb. 4, 2020) (rejecting challenge to DCF analysis where financial advisor's methods used in its preparation were disclosed, and holding that although plaintiffs objected to the perpetual growth rate used, "disputing Evercore's substantive analysis does not a disclosure claim make.  If stockholders thought this rate was too high, then they were free to discount, or reject altogether, Evercore's valuation." (footnote omitted)).

**B.      Plaintiff Does Not Adequately Plead Materiality**

The difference in projected same-store sales under the management case and the base case is not material, as it does not result in a material difference in projected revenue.  As the Ninth Circuit has held, and as Plaintiff continues to ignore, projected revenue differences of less than ten percent are not actionable.  In re Convergent Techs. Sec. Litig., 948 F.2d 507, 514 (9th Cir. 1991); see Wenger v. Lumisys, Inc., 2 F. Supp. 2d 1231, 1249 (N.D. Cal. 1998) (following Convergent and holding that eight percent difference between projected and actual sales was "insignificant" and nine percent difference between projected and actual earnings per share was "immaterial").  Because the difference in revenue projected by the management case and the base case is only 2.6 percent over five years (the period of each projection) and 4.2 percent in the projections' final year, RS at 43, Plaintiff's effort to establish materiality based on same-store sales is unavailing.  Also unavailing is Plaintiff's reliance on Osofsky v. Zipf, 645 F.2d 107, 110, 114 (2d Cir. 1981), a Second Circuit decision predating Convergent that compared differences between the represented

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 9

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

merger consideration and the actual merger consideration, not differences in projected revenue.[10]

Furthermore, as discussed at pages 18-19 of the Motion, projected same-store sales growth was only one consideration in North Point's base case projections and DCF analysis, and the DCF analysis was only one of six separate financial analyses that North Point performed in preparing its fairness opinion.  A single factor (projected same-store sales growth) applied to a single analysis (DCF) is not material to "the overall multifaceted financial analysis." Hussey v. Ruckus Wireless, Inc., 263 F. Supp. 3d 781, 786 (N.D. Cal. 2017); accord In re CompuCom Sys., Inc. S'holders Litig., No. Civ.A 499-N, 2005 WL 2481325, at *7 (Del. Ch. Sept. 29, 2005) (holding that directors reasonably relied on "fairness opinions [that] were supported by a number of financial analyses").

The immateriality of the difference between the management case projections and the base case projections is stark because North Point prepared its DCF analysis based on both sets of projections, and the Recommendation Statement disclosed the differences between the projections (RS at 38, 43).  See In re 3Com, 2009 WL 5173804, at *5, *7 (holding that plaintiffs failed to state colorable disclosure claims where "3Com management disclosed both sets of projections in the Proxy and clearly explained that both were used"); In re Tangoe, Inc. S'holders Litig., 333 F. Supp. 3d 77, 104-05 (D. Conn. 2018) (holding that where defendants provided shareholders the information needed to understand the experts' financial analysis, plaintiffs "failed to allege that Defendants materially misstated or omitted information that a reasonable shareholder would have considered important in making a decision about whether to tender shares").

Section 14(e)'s purpose is to ensure adequate disclosure to shareholders in connection with a tender offer.  Schreiber, 472 U.S. at 11; In re Tesla Motors, 2020 WL 553902, at *9. Unquestionably, this disclosure purpose was satisfied here.

**C.  Plaintiff Does Not Adequately Plead that the Papa Murphy's Defendants Were Negligent**

Plaintiff's allegation of negligence is premised entirely on his assertion that the base case

[10] If the Court were to look to the difference between the $6.45 Merger Consideration paid by MTY and the $6.64 offered by Company A (subject to unobtained financing), the differential is only 2.9 percent, also not material.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (No. 19-cv-05514-BHS-JRC) – 10

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

projections were false and misleading because Mr. Spangler allegedly knew that they relied on "unreasonable assumptions" and were lower than management's estimates. Opp. at 24. As discussed above in Section A, Plaintiff's allegation that Mr. Spangler knew that the base case projections were false and misleading fails. But the negligence claim fails for additional reasons.

First, based on cases from outside the Ninth Circuit which predate Varjabedian v. Emulex Corp., 888 F.3d 399 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019), Plaintiff in effect argues that the presence of a material misstatement in a tender offer-related document per se constitutes negligence and establishes Section 14(e) liability. Opp. at 25-26.[11] This argument treats Section 14(e) as if it were a strict liability statute—which Emulex emphatically determined it is not. See 888 F.3d at 408 (establishing heightened standard of negligence under Section 14(e)); see also Ocera, 2018 WL 7019481, at *11 (holding that heightened negligence standard applies to allegations of affirmative misrepresentations).[12] Not only do Plaintiff's allegations not come close to adequately pleading the heightened negligence required by Emulex, but they also fail to adequately plead ordinary negligence. See R&R at 10-13.

Second, as the court in Ocera explained, Emulex does not suggest that negligence is pled simply by pleading a material misstatement or omission, as "[s]uch a conclusion would make Section 78u-4(b)(2)(A) of the PSLRA surplusage." 2018 WL 7019481, at *10; see 15 U.S.C. § 78u-4(b)(2)(A) (complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"). Rather, plaintiffs must plead a "strong inference of negligence." Ocera, 2018 WL 7019481, at *3; accord Edenbrook Capital, LLC v. RhythmOne Plc, No. 19-cv-00615-WHO, 2019 WL 1791419, at *5 (N.D. Cal. Apr. 24, 2019).[13]

_____

[11] Plaintiff's abandonment of claims based on alleged omissions distinguishes this case from Smith v. Robbins & Myers, Inc., 969 F. Supp. 2d 850 (S.D. Ohio 2013), and Hayes v. Crown Central Petroleum Corp., 78 F. App'x 857 (4th Cir. 2003), discussed at pages 20-21 of his opposition, both of which were based on alleged omissions. See Smith, 969 F. Supp 2d at 858-59, 872-73; Hayes, 78 F. App'x at 863.

[12] Plaintiff asserts that Emulex's definition of negligence is dicta and would require plaintiffs to plead scienter even though the Ninth Circuit also ruled in Emulex that scienter is not a required element of a Section 14(e) claim. Opp. at 23. Plaintiff is wrong. The Ninth Circuit's negligence definition provided direction to the district court as to how it should determine on remand whether plaintiff adequately alleged negligence. 888 F.3d at 408. That definition was integral to the Ninth Circuit's remand decision; it is not dicta.

[13] Plaintiff alleges that the PSLRA's "state of mind" pleading requirement does not apply because the heading

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 11

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiff fails to satisfy this requirement. See Motion at 6, 20-21. In contending that negligence is not a state of mind, Opp. at 23-24, moreover, Plaintiff ignores binding authority recognizing negligence as a state of mind. See Farmer v. Brennan, 511 U.S. 825, 836 (1994) (recognizing that culpable states of mind run the gamut "between the poles of negligence at one end and purpose or knowledge at the other"); Salviejo-Fernandez v. Gonzales, 455 F.3d 1063, 1067 (9th Cir. 2006) (identifying negligence as one of "four levels of culpable states of mind").[14]

Finally, to support his claim of negligence, Plaintiff makes allegations concerning what Mr. Spangler and Papa Murphy's supposedly "knew." E.g., SAC ¶¶ 8, 12. These conclusory allegations of knowledge do not satisfy the PSLRA's particularity requirement for pleading state of mind. See In re Stone & Webster, Inc., Sec. Litig., 414 F.3d 187, 205-06 (1st Cir. 2005) ("Where the state of mind in question is the defendant's knowledge of the fraudulent nature of the Company's financial reports, and the PSLRA requires that facts be stated with particularity giving rise to a strong inference that the defendant acted with that state of mind, the requirement is not satisfied by a pleading which simply asserts that the defendant knew of the falsity.").

**D.    Plaintiff Does Not Adequately Plead Loss Causation**

To plead loss causation, Plaintiff must allege an "essential link" between the alleged false statements and "the accomplishment of the transaction." Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 385 (1970). Here, there is no "essential link" between any allegedly false statement and the "transaction" at issue—the merger with MTY—because, before the Recommendation Statement was issued, shareholders owning approximately 52 percent of the Company's stock contractually

that precedes Section 78u-4(b) refers to actions for "securities fraud." Opp. at 24. This shorthand section title "cannot limit the plain meaning of the text." Sec'y of Labor, U.S. Dep't of Labor v. Seward Ship's Drydock, Inc., 937 F.3d 1301, 1309 (9th Cir. 2019) (internal quotation marks omitted)). Here, Section 78u-4(b)(4)—appearing under the same heading as Section 78u-4(b)(2)—states that it applies to "any private action arising under this chapter." 15 U.S.C. § 78u-4(b)(4). The referenced chapter is Chapter 2B of Title 15 (the Securities Exchange Act of 1934, as amended) and includes causes of action for which proof of fraud is not required, including Sections 14(a) and 18(a), 15 U.S.C. §§ 78n(a), 78r(a).

[14] The same conclusion was reached in a decision on which Plaintiff heavily relies. See Hot Topic, 2014 WL 7499375, at *10 ("For § 14(a) claims, th[e] required state of mind is generally negligence."). Farmer, Salviejo-Fernandez, and Hot Topic all are more recent decisions than Fargo v. City of San Juan Bautista, 857 F.2d 638 (9th Cir. 1988), overruled on other grounds by L.W. v. Grubbs, 92 F.3d 894 (9th Cir. 1996), the only Ninth Circuit decision that Plaintiff cites for the proposition that negligence is not a state of mind. See Opp. at 23-24.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 12

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

obligated themselves to tender their shares and otherwise support the merger, which meant that the transaction would be completed regardless of the number of additional shares tendered. RS at 4; cf. In re Envision Healthcare Corp., Civ. No. 18-1068-RGA, 2019 WL 3494407, at *8 (D. Del. Aug. 1, 2019) ("[T]he amended complaint states that '[t]he materially false and misleading Proxy was an essential link in the consummation of the Merger, as the Stockholder Vote and resulting Merger could not have occurred without the dissemination of the Proxy.'" (second alteration in original)) (report and recommendation), adopted, 2019 WL 4536554 (D. Del. Sept. 19, 2019). Plaintiff's only substantive response is that "some [unspecified] percentage" of that 52 percent might breach their contracts. Opp. at 27.[15] This response fails to satisfy the requirement for particularized pleading of loss causation, Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 605 (9th Cir. 2014), and is pure speculation that cannot support a finding of loss causation. See, e.g., In re Ocera Therapeutics, Inc. Sec. Litig., 806 F. App'x 603, 604 (9th Cir. 2020) (affirming dismissal for failure to plead loss causation where plaintiffs' assertion that undisclosed higher, earlier projections represented the true value of their shares, and that reasonable shareholders, if they had known of those projections, "would have held out for a hypothetical better offer" rather than accept the only remaining bidder's offer, was "speculative in the extreme").

Changing course, Plaintiff claims that the alleged false statements affected his right to pursue appraisal remedies. Opp. at 27-28. But the Recommendation Statement provided notice to shareholders of their right to an appraisal. RS at 46 & Annex B. In addition, as Plaintiff points out, "the Merger Consideration came in just barely above the bottom end" of the range of values in North Point's DCF analysis, SAC ¶ 5, and several of North Point's financial analyses (including the DCF) illustrated that, in an appraisal proceeding, shareholders potentially could establish a claim to consideration for their shares greater than the Merger Consideration. RS at 34, 38.

---

[15] Plaintiff argues that the Court may not consider this fact under the incorporation by reference doctrine, Opp. at 27 n.14, but the Recommendation Statement is fully incorporated into the Second Amended Complaint, see supra note 4, and, in any event, the Recommendation Statement's statement regarding shareholder commitments to support the merger does not conflict with any well-pled allegation in the Second Amended Complaint. Consideration of this fact therefore is proper even if it "weaken[s]—or doom[s]—[Plaintiff's] claims." Khoja, 899 F.3d at 1002.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 13

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff's reliance on Company A's $6.64 bid to demonstrate that other bidders valued Papa Murphy's stock more highly than the $6.45 Merger Consideration, Opp. at 28-29, misses the point. MTY offered the highest realistic purchase price because its offer was not subject to a financing contingency. RS at 20, 22. By contrast, Company A's offer depended on its ability to obtain debt financing, and it repeatedly declined to tell Papa Murphy's how or when it would obtain the required financing. Id. at 21-24. Given the "high degree of uncertainty" surrounding Company A's ability to obtain financing and to complete a transaction with Papa Murphy's at an acceptable price, see id. at 27, Company A's offer should be disregarded for loss causation purposes. See In re Cogent, Inc. S'holder Litig., 7 A.3d 487, 501 (Del. Ch.) (holding that company's board acted reasonably in discounting an offer based on the risk that the bidder was unable to make a firm offer), appeal refused, 30 A.3d 782 (Del. 2010).

Finally, although Mr. Spangler signed the Recommendation Statement, the Company's full board of directors concluded that MTY's tender offer was fair and recommended that the Company's shareholders tender their shares to MTY. RS at 16, 30. Plaintiff's decision to drop his claims against the Board (other than Mr. Spangler) is a concession that the majority of the Board did not act negligently or cause harm to Plaintiff, and that the Recommendation Statement would have discussed North Point's base case projections independent of whether Mr. Spangler may have acted negligently. Therefore, Mr. Spangler's actions cannot have caused harm to Plaintiff.

**E.    There Is No Private Right of Action for Negligence-Based Claims Under Section 14(e)**

Plaintiff ignores the U.S. Supreme Court decisions holding that a private right of action exists only where a statute facially displays both an intent to create a private right and a private remedy, and identifies the persons to be benefited. Alexander v. Sandoval, 532 U.S. 275, 286 (2001); Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002). The lack of any right- or remedy-creating language in Section 14(e), see Piper v. Chris-Craft Indus., Inc., 430 U.S. 1, 25, 38 (1977), precludes Plaintiff's purported negligence-based claim.

Furthermore, no Ninth Circuit decision has ever held that a private right of action exists for

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 14

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

a Section 14(e) claim that is premised on negligence.  To the contrary, Ninth Circuit cases strongly imply that negligence-based Section 14(e) claims should be subject to the same limitation on private rights of action as applies to claims under Section 17(a) of the Securities Act of 1933, the statute whose language most closely tracks the language in the provision of Section 14(e) on which Plaintiff bases his claim.  See Emulex, 888 F.3d at 404-08 (analogizing first clause of Section 14(e) to Section 17(a)); In re Wash. Pub. Power Supply Sys. Sec. Litig., 823 F.2d 1349, 1353-58 (9th Cir. 1987) (holding that there is no private right of action under Section 17(a)).

Plaintiff infers from the Ninth Circuit's decision in Emulex to remand the plaintiff's Section 14(e) claim to the district court, for consideration under a negligence standard, that the Ninth Circuit must have concluded that Section 14(e) remedies are available to private parties asserting negligence-based claims. Opp. at 30.  Plaintiff's analysis ignores that, as of the time the Ninth Circuit remanded the case to the district court, no challenge had yet been made to the existence of a private right of action for a Section 14(e) claim premised on negligence.  See 888 F.3d at 401-12.  Therefore, consistent with the judicial norms that federal courts do not render advisory opinions on issues that are not before them, O'Neill v. United States, 369 F. App'x 854, 855 (9th Cir. 2010), and do not decide issues that the lower courts have not addressed, Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs., 946 F.3d 1100, 1110 (9th Cir. 2020), the Ninth Circuit's remand decision did not convey one way or the other whether it believed a private right of action exists for a negligence-based Section 14(e) claim.

Plaintiff's reliance on Schreiber, 472 U.S. 1, likewise fails.  In that case, the plaintiff premised his Section 14(e) claim on fraud.  Id. at 6 ("Petitioner relies on a construction of the phrase, 'fraudulent, deceptive, or manipulative acts or practices.'").  The Supreme Court therefore had no reason to opine on whether a negligence-based private action exists under Section 14(e).

### III.   CONCLUSION

For the reasons set forth above and in the Motion, the Court should dismiss the Second Amended Complaint with prejudice.

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 15

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED this 2nd day of November, 2020.

*s/ Ronald L. Berenstain*
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

PAPA MURPHY'S DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT (No. 19-cv-05514-BHS-JRC) – 16

59718-0023/LEGAL149887219.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000