THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

CASE NO. 3:19-cv-05514-BHS-JRC

LEAD PLAINTIFF'S SURREPLY REQUESTING THE COURT STRIKE OR EXCLUDE THE DECLARATION OF JOSEPH E. BRINGMAN FILED NOVEMBER 2, 2020

NOTE ON MOTION CALENDAR:
Friday, November 6, 2020

LEAD PLAINTIFF'S SURREPLY REQUESTING THE COURT STRIKE OR EXCLUDE THE DECLARATION OF JOSEPH E. BRINGMAN
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Pursuant to Local Civil Rule 7(g), Lead Plaintiff Evan Brown ("Plaintiff") respectfully submits this surreply requesting that the Court strike or exclude the Declaration of Joseph E. Bringman filed November 2, 2020 and the excerpt of Papa Murphy's 2018 Form 10-K ("10-K") attached thereto (ECF No. 45). As set forth below, the Court may grant the relief requested herein pursuant to its inherent authority or Federal Rule of Civil Procedure 12(d).

## ARGUMENT

In another attempt to improperly dispute Plaintiff's factual allegations and "present their own version of the facts at the pleading stage[,]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), Defendants have provided the Court with the 10-K, which they cite in their motion to dismiss reply brief ("Reply Brief") (ECF No. 44) to refute the new factual allegations Plaintiff added to the Second Amended Class Action Complaint ("SAC") (ECF No. 36) regarding Papa Murphy's refranchising initiative.

As an initial matter, Defendants do not make any legal argument or provide any authority regarding why it would be appropriate for the Court to both consider the 10-K and accept as true the factual inferences Defendants derive from the 10-K and assert in their Reply Brief. This failure alone justifies the Court excluding the 10-K pursuant to Federal Rule of Civil Procedure 12(d) or striking the 10-K pursuant to its inherent authority, and the Court should disregard both the 10-K and the factual assertions in Defendants' Reply Brief that derive from the 10-K. *See* Fed. R. Civ. P. 12(d) (providing that if "on a motion under Rule 12(b)(6)…matters outside the pleadings are presented to" the court, it must either exclude them or treat the motion "as one for summary judgment")[1]; *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 361 (9th Cir. 2016) (citing Rule

[1] "Converting Defendants' Motion into one for summary judgment would be premature at this point in the case, in part because [t]he record discloses [that] no discovery [has been] conducted. Plaintiff therefore has not been afforded a reasonable opportunity to respond to and present all material pertinent to Defendants' contentions[.]" *Michael v. La Jolla Learning Inst., Inc.*, No. 17-CV-934 JLS (MDD), 2019 U.S. Dist. LEXIS 169369, at *13 (S.D. Cal. Sept. 30, 2019) (internal quotation marks and citations omitted); *Golden v. Home Depot, U.S.A., Inc.*, No. 1:18-cv-00033-LJO-JLT, 2018 U.S. Dist. LEXIS 91182, at *9 n.2 (E.D. Cal. May 31, 2018) (same); *see also Hotel Emples. & Rest. Emples. Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 986 n.7 (N.D. Cal. 2005) ("Consideration of that declaration would be utterly inappropriate for the purposes of the present motion to dismiss, and defendant has not offered a rationale for its submission…conversion to a motion for summary judgment would be inappropriate in the

LEAD PLAINTIFF'S SURREPLY REQUESTING
THE COURT STRIKE OR EXCLUDE THE
DECLARATION OF JOSEPH E. BRINGMAN
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12(d) in support of proposition that district court should have excluded document that was not properly before it in ruling on a motion to dismiss); *Schmidt v. Contra Costa Cty.*, 310 F. App'x 110, 111 (9th Cir. 2009) (same); *Palin v. N.Y. Times Co.*, 940 F.3d 804, 810-11 (2d Cir. 2019) (explaining Rule 12(d) allows a court to "exclude the additional material and decide the motion on the complaint alone") (internal quotation marks omitted); *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW (DMR), 2010 U.S. Dist. LEXIS 113219, at *18 (N.D. Cal. Oct. 15, 2010) ("[B]ased on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders.") (collecting cases).

As alleged in the SAC, Defendant Spangler knew that while Papa Murphy's refranchising initiative (which began in 2017 and was expected to reach its target by the end of 2020) was causing *temporary* decreases in store sales and revenues, the Company's *long-term* prospects would be much stronger upon its completion, and he expected the significant benefits of the refranchising initiative to be fully realized after the Company reached its target of having no more than 50 Company-owned stores by the end of 2020. SAC ¶ 27. As Plaintiff explained in his opposition to Defendants' motion to dismiss, these facts alleged in the SAC (along with others) support that the Base Case Projections were both objectively and subjectively false. ECF No. 42 at 1, 3-4, 10-13. Recognizing as much, in their Reply Brief Defendants cite the Form 10-K in support of their argument that the refranchising initiative purportedly could not have actually dragged down Papa Murphy's same-store sales figures over the previous three years. ECF No. 44 at 4-5.[2] At best, Defendants' argument amounts to a factual dispute.

---

present action, where the nonmoving party had no notice of the conversion and did not themselves submit any evidence outside of the pleadings.").

[2]   Aside from being procedurally inappropriate, Defendants' latest attempt to refute Plaintiff's well pleaded allegations is also factually inaccurate and directly contradicts statements made by CFO Nick Rupp on both the third and fourth quarter 2018 earnings calls indicating that the recently refranchised stores substantially underperformed their counterparts and thus temporarily exacerbated the period-over-period comparable store sales decline, even though the initiative would ultimately optimize the Company's long-term prospects upon its completion. If the Court is inclined to weigh into this factual dispute, Plaintiff must be allowed to pursue discovery on this and all other

LEAD PLAINTIFF'S SURREPLY REQUESTING
THE COURT STRIKE OR EXCLUDE THE
DECLARATION OF JOSEPH E. BRINGMAN
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Defendants' introduction of another document outside the SAC in order to raise a factual dispute with the SAC's factual allegations is improper on a motion to dismiss. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage — and district courts accept those facts as uncontroverted and true — it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). Simply put, it is improper for Defendants to ask the Court to accept various factual assertions from yet another document beyond the SAC and the purported inferences that Defendants believe flow from those factual assertions as true on a motion to dismiss. While "Defendants may later attempt to prove that…Plaintiffs' factual allegations are [] without merit, at this stage of the litigation Plaintiffs' allegations regarding the projections suffice." *Azar v. Blount Int'l, Inc.*, No. 3:16-cv-483-SI, 2017 U.S. Dist. LEXIS 39493, at *18 (D. Or. Mar. 20, 2017). Defendants' reliance on the 10-K in their Reply Brief to make their argument regarding the refranchising initiative "reduces to a factual dispute inappropriate for resolution on a motion to dismiss." *Id*. at *20 n.4.

## CONCLUSION

Based on the foregoing, the Court should exclude the Declaration of Joseph E. Bringman and accompanying 10-K (ECF No. 45) pursuant to Federal Rule of Civil Procedure 12(d), or strike the documents pursuant to its inherent authority. The Court should further decline to accept as true the factual assertions in Defendants' Reply Brief regarding the refranchising initiative, which Defendants contend are supported by the 10-K.

//

//

//

//

---

pertinent issues. *Grove v. Mead Sch. Dist.*, 753 F.2d 1528, 1532 (9th Cir. 1985) ("The opportunity to respond must include time for discovery necessary to develop facts justifying opposition to the motion.").

LEAD PLAINTIFF'S SURREPLY REQUESTING
THE COURT STRIKE OR EXCLUDE THE
DECLARATION OF JOSEPH E. BRINGMAN
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

DATED:  November 4, 2020

LOCAL COUNSEL:

BRESKIN JOHNSON TOWNSEND, PLLC

s/ Roger Townsend
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

OF COUNSEL:

MONTEVERDE & ASSOCIATES PC
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

Counsel for Lead Plaintiff and Lead Counsel for the Putative Class

LEAD PLAINTIFF'S SURREPLY REQUESTING
THE COURT STRIKE OR EXCLUDE THE
DECLARATION OF JOSEPH E. BRINGMAN
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4