THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING RULE 12(b)(6) MOTION TO DISMISS SECOND AMENDED COMPLAINT

NOTE FOR MOTION CALENDAR: Friday, February 12, 2021

**ORAL ARGUMENT REQUESTED**

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................ 1

II.     OBJECTIONS................................................................................................. 1

    A.   The Second Report Erroneously Concludes that the Papa Murphy's Defendants Made Material Representations that Were Objectively and Subjectively False ................................................................................ 1

    B.   The Second Report Erroneously Concludes that the SAC Adequately Pleads Negligence .......................................................................................... 9

    C.   The Second Report Erroneously Concludes that Plaintiff Adequately Pleads Loss Causation.......................................................................... 10

    D.   The Second Report Erroneously Concludes that Section 14(e) Provides a Private Right of Action for Negligence-Based Claims...................................... 12

III.    CONCLUSION............................................................................................. 12

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) –i

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

Alexander v. Sandoval,
  532 U.S. 275 (2001)..................................................................................................12

City of Hialeah Emps.' Ret. Sys. v. FEI Co.,
  289 F. Supp. 3d 1162 (D. Or. 2018) ..........................................................................6

Gonzaga Univ. v. Doe,
  536 U.S. 273 (2002)..................................................................................................12

Herskowitz v. Nutri/System, Inc.,
  857 F.2d 179 (3d Cir. 1988), cert. denied, 489 U.S. 1054 and 489 U.S. 1060
  (1989)..........................................................................................................................3

Hussey v. Ruckus Wireless, Inc.,
  263 F. Supp. 3d 781 (N.D. Cal. 2017) ........................................................................9

In re 3Com S'holders Litig.,
  No. 5067-CC, 2009 WL 5173804 (Del. Ch. Dec. 18, 2009) .......................................6

In re Appraisal of PetSmart, Inc.,
  Consol. C.A. No. 10782-VCS, 2017 WL 2303599 (Del. Ch. May 26, 2017)......................3, 4

In re Cogent, Inc. S'holder Litig.,
  7 A.3d 487 (Del. Ch.), appeal refused, 30 A.3d 782 (Del. 2010) ...........................11

In re Convergent Technologies Securities Litigation,
  948 F.2d 507 (9th Cir. 1991) ......................................................................................8

In re Hot Topic Securities Litigation,
  No. CV 13-02939 SJO, 2014 WL 7499375 (C.D. Cal. May 2, 2014).................................5, 6

In re Keryx Biopharm., Inc.,
  454 F. Supp. 3d 407 (D. Del. 2020), appeal dismissed, 2020 WL 6737436 (3d
  Cir. Aug. 5, 2020) ......................................................................................................7

In re Silicon Graphics, Inc. Sec. Litig.,
  970 F. Supp. 746 (N.D. Cal. 1997) .............................................................................8

In re Tesla Motors, Inc. S'holder Litig.,
  C.A. No. 12711-VCS, 2020 WL 553902 (Del. Ch. Feb. 4, 2020)............................6

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) –ii

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.,
   MDL No. 2672 CRB (JSC), 2019 WL 4581340 (N.D. Cal. Sept. 20, 2019) ........................10

In re Washington Public Power Supply System Securities Litigation.,
   823 F.2d 1349 (9th Cir. 1987) .........................................................................................12

Karri v. Oclaro, Inc.,
   No. 18-cv-03435-JD, 2020 WL 5982097 (N.D. Cal. Oct. 8, 2020) ..........................................5

Khoja v. Orexigen Therapeutics, Inc.,
   899 F.3d 988 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019) ....................................2, 8

Laborers Local No. 231 Pension Fund v. Cowan,
   ___ F. App'x ___, 2020 WL 7056070 (3d Cir. 2020)...................................................................7

Manufactured Home Communities, Inc. v. City of San Jose,
   420 F.3d 1022 (9th Cir. 2005) ..........................................................................................8

Piper v. Chris-Craft Indus.,
   430 U.S. 1 (1977)...............................................................................................................12

Plaine v. McCabe,
   797 F.3d 713 (9th Cir. 1986) ............................................................................................12

Rubke v. Cap. Bancorp,
   460 F. Supp. 2d 1124 (N.D. Cal. 2006), aff'd, 551 F.3d 1156 (9th Cir. 2009).........................8

Tse v. Ventana Med. Sys.,
   123 F. Supp. 2d 213 (D. Del. 2000), aff'd, 297 F.3d 210 (3d Cir. 2002)................................11

Varjabedian v. Emulex Corp.,
   888 F.3d 399 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019) ..................................12

Walleye Trading LLC v. AbbVie Inc.,
   962 F.3d 975 (7th Cir. 2020) ............................................................................................12

Wenger v. Lumisys, Inc.,
   2 F. Supp. 2d 1231 (N.D. Cal. 1998) ...................................................................................8

Zillow Grp., Inc. Sec. Litig.,
   No. C17-1387-JCC, 2019 WL 1755293 (W.D. Wash. Apr. 19, 2019)....................................10

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – iii

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.   INTRODUCTION

On June 10, 2020, the Court adopted Magistrate Judge Creatura's first Report and Recommendation ("First Report") (ECF No. 34) and dismissed Plaintiff's Amended Complaint ("AC") (ECF No. 22) for failure to state a claim, based on his conclusion that the AC failed to sufficiently allege two required elements of Plaintiff's Section 14(e) claim:  objective/subjective falsity as to North Point's[1] base case projections, and negligence by the defendants.  In an attempt to cure the deficiencies of the AC, Plaintiff filed a Second Amended Class Action Complaint ("SAC") (ECF No. 36).  But the SAC adds no new alleged facts related to the deficiencies in the dismissed complaint.  Plaintiff merely added some conclusory assertions and removed all individual defendants other than Spangler.

Even though the SAC completely fails to provide new well-pleaded facts which address the deficiencies that were the basis for the dismissal of the AC, Magistrate Judge Creatura, in his second Report and Recommendation ("Second Report") (ECF No. 47), recommended that the Court deny the Papa Murphy's Defendants' motion to dismiss the SAC.  In doing so, the Magistrate Judge mistook the cosmetic changes in the SAC for new substantive allegations, but they are not. The Magistrate Judge also rejected much of his own analysis from the First Report without any acknowledgement or explanation, erroneously accepted conclusory allegations and gave credence to other allegations in the SAC that he previously found insufficient, and relied heavily on two unpublished district court decisions (one of which he also analyzed in the First Report) that do not support the conclusion that North Point's projections were objectively false.  The Second Report is wrong and its recommendation should be rejected.  The SAC should be dismissed with prejudice.

## II.   OBJECTIONS

**A.   The Second Report Erroneously Concludes that the Papa Murphy's Defendants Made Material Representations that Were Objectively and Subjectively False**

Adopting language from the First Report, the Second Report recognizes that, to plead a

---

[1] Unless defined in these Objections, capitalized terms have the same meaning as in the Papa Murphy's Defendants' Motion ("Motion") (ECF No. 41) and their reply brief in support of the Motion ("Reply") (ECF No. 44).

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Section 14(e) claim based on financial projections, a plaintiff must allege that the projections are both objectively and subjectively false. Second Report at 7; see First Report at 15. Here, Plaintiff alleges that North Point's base case projections, used in one of its financial analyses, were false for only one reason: because North Point assumed that Papa Murphy's same-store sales would grow 2.5 percent annually from 2020 to 2023, whereas months earlier the Company's Management (including Defendant Spangler) prepared projections which assumed annual growth rates during that time of between 3.5 and 4.5 percent. See RS at 43; SAC ¶ 44.

In considering this same assertion in the First Report, Magistrate Judge Creatura recognized that "[f]alsity is alleged when a plaintiff points to a defendant's statements that directly contradict what the defendant knew at the time." First Report at 15 (quoting Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1008 (9th Cir. 2018), cert. denied, 139 S. Ct. 2615 (2019)). He considered Plaintiff's allegations that the base case projections were false—that they "were inconsistent with Papa Murphy's Holdings' financial performance, press releases, and store sales growth figures during the months immediately preceding the announcement of the MTY merger." Id. at 16. Applying Khoja and the PSLRA's heightened pleading standards, he concluded that:

> [P]laintiff does not allege how Papa Murphy defendants' statements in the Recommendation Statement directly contradicted what they knew at the time of the MTY merger (see Khoja, 899 F.3d at 1008), and plaintiff does not allege how North Point's Base Case projections and fairness opinion must have been false and misleading in light of the Management Case.

Id. (emphasis in original).

There are no material differences between the AC and the SAC with respect to Plaintiff's allegations that the North Point projections are false. Indeed, the Second Report acknowledges that the allegations on which Plaintiff relies in the SAC to establish falsity are essentially the same ones on which he relied in the AC. Second Report at 9. Yet inexplicably the Second Report reaches the opposite conclusion as to falsity, without any assessment of how the Papa Murphy Defendants' statements in the Recommendation Statement directly contradicted what they knew at the time of the MTY merger or how the base case projections and North Point's fairness opinion

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 2

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

based in part on those projections must have been false in light of the management case projections.

**Objective Falsity.** Whether a financial advisor's projection is objectively false depends on whether that "expert, in making a projection, adopts an assumption which the factfinder concludes was objectively unreasonable in the circumstances." Herskowitz v. Nutri/System, Inc., 857 F.2d 179, 185 (3d Cir. 1988), cert. denied, 489 U.S. 1054 and 489 U.S. 1060 (1989), quoted in Opp. (ECF No. 42) at 11. Here, the assumptions underlying North Point's base case projections differ from those in the management case in only one respect, the appropriate predicted rate of future same-store sales growth. The Second Report does not discuss—much less analyze—North Point's assumptions. If it had, the Second Report would have concluded that they are not "objectively unreasonable in the circumstances" and, therefore, that the base case projections and statements based in part on those projections are not objectively false.

The principal basis for Plaintiff's allegation that the base case projections are false is simply that they are lower than the management case projections. The Second Report recognizes that this allegation cannot satisfy the objective falsity standard, Second Report at 8, but ignores that management's projections cannot reasonably be considered the "only accurate projections," so as to make the base case projections objectively false, for an additional, fundamental reason: Management prepared its projections to induce a purchase of the Company.

> [The Company] does not publicly disclose internal forecasts or projections as to future performance, earnings or results of operations due to, among other reasons, the uncertainty of the underlying assumptions and estimates. However, in connection with the Company's exploration of strategic alternatives, management provided to prospective bidders and North Point a management case containing prospective financial information for the remainder of fiscal year 2018 and for fiscal years 2019 through 2023.

RS at 41; see Reply at 4, 6. Other courts have recognized the propriety of discounting projections, such as the management case projections here, that are prepared to induce a company's sale:

> [T]he Management Projections were created specifically to aid PetSmart in its pursuit of strategic alternatives, including a sale of the Company. To fulfill this purpose, the projections were created to be aggressive and extra-optimistic about the future of the Company. In fact, the Management Projections projected a reversal of several downward trends, including with regard to the important metric of comparable store sales growth

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 3

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

estimates. . . . [T]he projections were designed to be aggressive because the Board (and JPM) were convinced that potential bidders would discount whatever projections were put in front of them. This makes perfect sense when projections are being prepared not in the ordinary course but to facilitate a sale of the Company.

In re Appraisal of PetSmart, Inc., Consol. C.A. No. 10782-VCS, 2017 WL 2303599, at *34 (Del. Ch. May 26, 2017) (footnotes omitted).

The base case projections do not directly contradict the management case projections, and North Point's adjustment of Management's projections was not objectively unreasonable, for yet another reason that the Second Report fails to consider. Even as Management in its sale-oriented projections assumed that its business and operational plan would be fully and "successfully executed," RS at 38, it acknowledged "risks and uncertainties" that "could cause the actual results to differ materially from the projected results," and it cautioned that "the management case cannot, therefore, be considered a guarantee of future operating results" and that shareholders should not "place undue, if any, reliance on the management case." Id. at 42-43. Given North Point's knowledge that Papa Murphy's same-store sales fell 3.9 percent annually during the previous three years, id. at 38—a historical fact that is nowhere acknowledged in the Second Report—that the management case was prepared to induce a sale of the Company, and that Management had disclosed concerns about relying on the management case projections, it was not unreasonable and, indeed, sound on its face, for North Point to "prepare[ ] base case projections that did not assume the successful execution of management's business and all aspects of the operational plan or the achievement of all of its benefits in the magnitude and time schedule contemplated in the management case." Id.[2] Yet the Second Report did not consider the reasonableness of any of these assumptions before concluding that the base case projections were objectively false.

Furthermore, unlike the First Report, the Second Report accepts and relies on the false and

---

[2] For the same reasons, North Point's assumption that potential bidders would discount Management's projections was reasonable. See RS at 38. As the court in PetSmart anticipated, 2017 WL 2303599, at *34, that is just what potential bidders did as they received more information about the Company. Of 211 potential bidders contacted by North Point, only seven submitted nonbinding indications of interest, ranging from $5.20 to $6.50 per share. RS at 18-19. These same bidders later submitted "refreshed" bids ranging only from $4.00 to $6.10 per share. Id. at 20. By March 2019, all but MTY and Company A had dropped out of the bidding process. See id. at 19-22.

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) – 4

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

conclusory allegation that North Point's projections failed to consider Papa Murphy's improving business trends. Second Report at 9; cf. First Report at 16. But North Point did not reject either Management's statements about a business turnaround or its assumption that financial metrics would improve as a refranchising initiative was implemented. Like the management case, the base case assumed that same-store sales would grow, only at a slightly lower rate than Management projected, as was consistent with Management's disclosed reservations about the management case projections. Accordingly, it was error for the Magistrate Judge to accept Plaintiff's premise that the base case projections are false because they "rejected" improving business trends.

Citing In re Hot Topic Securities Litigation, No. CV 13-02939 SJO (JCx), 2014 WL 7499375 (C.D. Cal. May 2, 2014), and Karri v. Oclaro, Inc., No. 18-cv-03435-JD, 2020 WL 5982097 (N.D. Cal. Oct. 8, 2020), the Second Report finds it "hard to square" Management's positive statements in late 2018 and early 2019 with North Point's modification of Management's projections. Second Report at 9-10. But Plaintiff alleged the same positive statements in the AC, which the Court dismissed. Compare AC ¶¶ 32-38, with SAC ¶¶ 30-36. And while the courts in Hot Topic and Oclaro rejected as unreasonable projections that company management (not an independent financial advisor such as North Point) reduced despite their own optimistic statements and two years of positive economic growth, Hot Topic, 2014 WL 7499375, at *6; Oclaro, 2020 WL 5982097, at *2, Plaintiff here challenges North Point's reduction of the management case's "rosy" projections that were based on only one month of same-store sales growth after three years of decline, SAC ¶ 34. While the facts in Hot Topic and Oclaro may have supported the conclusion that downward adjustment of optimistic projections was unreasonable in those cases, the markedly different facts here do not support the same conclusion.

Moreover, contrary to the Second Report's conclusion, Hot Topic supports the conclusion that the allegations of objective falsity as to the North Point base case projections are deficient.[3]

---

[3] Indeed, the First Report cited Hot Topic to support dismissal because Plaintiff had not alleged that Papa Murphy's (as opposed to North Point) prepared the lower, base case projections—which Plaintiff could not allege, because it was not true. First Report at 17.

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 5

59718-0023/LEGAL151062118.1

Acknowledging the oddity of "consider[ing] whether one set of forward-looking financial projections is more accurate than another, given the difficulty in ascertaining likely financial earnings in advance," the court in Hot Topic concluded that only three circumstances might cause projections to be objectively false:  where they are (1) seriously undermined by undisclosed facts or (2) unreasonable assumptions or (3) do not follow generally accepted accounting principles ("GAAP").  2014 WL 7499375, at *6.  None of these circumstances is present here.  Plaintiff does not allege undisclosed facts or GAAP violations, and the Second Report does not address in any way the assumptions underlying the base case projections, much less find them to be unreasonable. Indeed, it was not unreasonable for North Point to assume that the Company would be unable to flawlessly execute its business and operational plan and achieve 100 percent of the same-store sales growth that it projected or, in preparing the base case projections, to consider the past three years' decline in same-store sales and recognize that the management case was developed to support the Company's sale.  See RS at 38; City of Hialeah Emps.' Ret. Sys. v. FEI Co., 289 F. Supp. 3d 1162, 1176 (D. Or. 2018) (holding that assumption that certain business sectors "would miss at least some of their goals, as they had historically done," was not unreasonable).

The judgment inherent in financial projections means that neither the base case nor the management case projections necessarily are false.  Just as "[t]he discount rate in a discounted cash flow analysis reflects a financial analyst's judgment, and disagreement over the rate does not form the basis of a § 14(a) claim," City of Hialeah, 289 F. Supp. 3d at 1179, so also disagreement over how successfully Papa Murphy's would execute its business plan, and the appropriate growth rate to project for same-store sales, cannot be the basis of a viable claim under Section 14(e). Plaintiff's effort to equate Management's assumptions with the "only accurate projections" creates nothing more than a quibble over whose judgment and whose assumptions to believe, which "simply cannot be the basis of a disclosure claim" under Section 14(e).  In re 3Com S'holders Litig., No. 5067-CC, 2009 WL 5173804, at *6 (Del. Ch. Dec. 18, 2009).[4]

_____

[4] See also In re Tesla Motors, Inc. S'holder Litig., C.A. No. 12711-VCS, 2020 WL 553902, at *9 (Del. Ch. Feb. 4, 2020) (holding, where plaintiffs objected to the perpetual growth rate used in financial advisor's DCF analysis,

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) – 6

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The Second Report also wrongly credits Plaintiff's assertion of a material increase in the Company's stock price between January and March 2019 as proof of the turnaround that North Point's base case projections allegedly failed to consider. Second Report at 9. But, as discussed above, North Point's assumptions gave weight to the turnaround and assumed robust same-store sales growth. Further, Plaintiff's conclusory allegations regarding the Company's stock price should be rejected. The Second Report ignores that, after peaking on March 14, 2019, the stock price plunged during the following four weeks—immediately before the merger with MTY was announced—to a point almost as low as it was at the end of December 2018. ECF No. 27, Ex. E at 1. The transient stock-price increase, when considered in context, does not provide any support for the conclusion in the Second Report that the base case projections are objectively false. Plaintiff made the same allegation about the purported stock price increase in the earlier complaint, AC ¶ 30, and the Court did not deem it sufficiently material to the falsity question even to discuss it in the First Report. That was the proper approach then; it is the proper approach now.[5]

For all these reasons the SAC, like its predecessor, fails to plead sufficient facts from which to conclude that the base case projections are objectively false. The Second Report does not—and cannot—justify its conclusion that Plaintiff adequately alleges objective falsity.

**Subjective Falsity.** Given Management's disclosed qualms and disclaimers about the many challenges to achieving the management case projections, RS at 42-43, there is no basis, other than speculation and conclusory allegations about Spangler's "unique" knowledge and expertise, see, e.g., SAC ¶¶ 10, 13, to conclude that Spangler believed that only the management case projections were accurate. The Second Report therefore errs in concluding that Plaintiff

that "disputing [the financial advisor's] substantive analysis does not a disclosure claim make").

[5] Finally, the Company and North Point issued disclaimers about the base case projections: "The inclusion of the management case and base case should not be regarded as an indication that the Company or its representatives then considered, or now consider, either to be material information of the Company or necessarily predictive of actual future events, and this information should not be relied upon as such. None of the Company, North Point or any of their respective affiliates or representatives intends to, and each of them disclaims any obligation to, update, revise or correct the management case or base case if anything contained in them becomes inaccurate." RS at 42. Courts have held that similar disclaimers preclude a finding that projections constitute a false statement. See Laborers Local No. 231 Pension Fund v. Cowan, ___ F. App'x ___, 2020 WL 7056070, at *3 (3d Cir. 2020); In re Keryx Biopharm., Inc., 454 F. Supp. 3d 407, 413 (D. Del. 2020), appeal dismissed, 2020 WL 6737436 (3d Cir. Aug. 5, 2020).

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) – 7

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

adequately alleges subjective falsity.  See Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1035 (9th Cir. 2005) (allegations that are speculative or that require the court to draw unreasonable or unwarranted factual inferences are insufficient to avoid dismissal).[6]

**Materiality.**  Even if the base case projections could be deemed both objectively and subjectively false—and they cannot—the alleged falsehood is not material as a matter of law.  The difference in revenue projected in the management case and the base case is only 2.6 percent over the full five-year period of the projections and is never greater than 4.2 percent in any one year. RS at 43.  Following In re Convergent Technologies Securities Litigation, 948 F.2d 507, 514 (9th Cir. 1991), courts in the Ninth Circuit consistently have held that such minor differences are immaterial as a matter of law.  See Wenger v. Lumisys, Inc., 2 F. Supp. 2d 1231, 1249 (N.D. Cal. 1998) (holding eight percent sales shortfall "insignificant" and nine percent earnings per share shortfall "immaterial"); In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 766 (N.D. Cal. 1997) (holding five percent revenue shortfall "immaterial as a matter of law").

Even absent the Convergent standard, there is no basis to find any material misstatement here.  As Magistrate Judge Creatura acknowledges, to establish materiality a plaintiff must show "a substantial likelihood that the material misrepresentation would have significantly altered the total mix of information made available to investors."  Second Report at 7 (internal quotation marks omitted).  But the alleged misrepresentations here could not have been material, given that the management case projections and their key underlying assumptions, the various risks to achievement of the management case projections, the base case projections, and North Point's assumptions in adjusting the management case projections to create the base case projections all were disclosed to shareholders in the Recommendation Statement.

Finally, the Second Report fails to recognize that in this case, which asserts a claim concerning the sufficiency of disclosure to shareholders, projected same-store sales growth was

[6] See also First Report at 16 ("Plaintiff's conclusory allegations that Individual defendants knew that North Point's Base Case projections were untrue do not sufficiently establish that Papa Murphy defendants' alleged misstatements in the Recommendation Statement were objectively or subjectively false." (citing Khoja, 899 F.3d at 1008, and Rubke v. Cap. Bancorp, 460 F. Supp. 2d 1124, 1146 (N.D. Cal. 2006), aff'd, 551 F.3d 1156 (9th Cir. 2009))).

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) – 8

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

only one consideration in North Point's base case projections and the DCF analysis, in which those projections were used, was only one of six separate financial analyses that North Point performed in preparing its fairness opinion.  A single factor (projected same-store sales growth) applied to a single analysis (DCF) is not material to "the overall multifaceted financial analysis."  Hussey v. Ruckus Wireless, Inc., 263 F. Supp. 3d 781, 786 (N.D. Cal. 2017).

There are no allegations in the SAC that support a conclusion that the base case projections and statements premised on those projections were materially false.  The SAC should be dismissed.

**B.    The Second Report Erroneously Concludes that the SAC Adequately Pleads Negligence**

The Second Report concludes that Plaintiff sufficiently alleged negligence to defeat the Motion for two reasons:  (1) the base case projections were materially false and misleading; and (2) Spangler "knew that the Management Case Projections represented the best estimates with respect to Papa Murphy's operations and financial conditions," yet allowed the base case projections and North Point's fairness opinion, based in part on those projections, to be included in the Recommendation Statement.  Second Report at 13.  Because the base case projections were not false, as discussed above, there is no basis from which to conclude that anyone acted negligently in including the base case projections or the fairness opinion in the Recommendation Statement.  But there are additional reasons why Spangler was not negligent.

Plaintiff's negligence argument assumes that only the management case projections were accurate because they incorporated Spangler's "best estimates," but even "best estimates" are only estimates.  Moreover, the Second Report's conclusion that Spangler's "best estimates" were the correct estimates is undermined by the disclosures that Management (1) created the management case projections to interest third parties in acquiring Papa Murphy's, rather than to manage the Company, RS at 23, 25, 41, (2) recognized therefore that there were limitations on the reliability of its projections, RS at 42-43, and (3) knew that North Point had access to more up-to-date Company financial information in preparing the base case projections than Management had months earlier when it prepared its projections, id. at 41, 43-44.

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 9

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In an attempt to establish Spangler's negligence, Plaintiff makes conclusory allegations that Spangler was "uniquely knowledgeable about the Company's future prospects" and "knew" that his "best estimates" were the only accurate projections of same-store sales, see SAC ¶ 13—which the Second Report appears to have accepted.  But Plaintiff does not allege how Spangler gained this supposed knowledge, other than to cite his position as Papa Murphy's CEO and creator of the management case projections.  Opp. at 22-23; Second Report at 13.  There are no allegations, for example, that Spangler reviewed updated financial records after receiving the base case projections or discussed those projections with his management team.  The conclusory allegations of Spangler's supposed knowledge do not support a finding of negligence required to avoid dismissal of the SAC.  See, e.g., Zillow Grp., Inc. Sec. Litig., No. C17-1387-JCC, 2019 WL 1755293, at *19 (W.D. Wash. Apr. 19, 2019) (allegations of corporate insider's position and duties, by themselves, do not support a strong inference that her statements were made with scienter); In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2672 CRB (JSC), 2019 WL 4581340, at *6 (N.D. Cal. Sept. 20, 2019) ("Although Rule 9(b) permits knowledge to be alleged generally, allegations of knowledge must still be factual, not conclusory.").

The First Report correctly concluded that even under the "plaintiff-friendly" ordinary negligence standard, the AC failed.  First Report at 9-13.  Here, incongruously, the Second Report concludes that Plaintiff has pled a strong inference of negligence under a heightened negligence standard, Second Report at 13-14, even though the SAC fails to cure the AC's deficiencies by offering any concrete basis to plausibly infer that Spangler "knew" that the base case projections were false or that only the management case projections were accurate.  The Second Report does not and cannot justify the Magistrate Judge's reversal on the issue of negligence.

**C.    The Second Report Erroneously Concludes that Plaintiff Adequately Pleads Loss Causation**

The Second Report concludes that Plaintiff sufficiently pleads loss causation because he alleges that (1) another company valued Papa Murphy's shares more highly than did MTY at the time of the merger, and (2) the management case projections were significantly higher than the

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 10

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

base case projections and were accurate.  Second Report at 16.  The Second Report is wrong.

First, while Company A's bid was 19 cents per share higher than MTY's bid, despite repeated requests Company A never provided assurance to Papa Murphy's that it could obtain the financing it needed to make good on its bid.  RS at 21-24.  Without that assurance, Company A's bid effectively was no bid at all.  See In re Cogent, Inc. S'holder Litig., 7 A.3d 487, 501 (Del. Ch.) (holding that company's board acted reasonably in discounting an offer based on the risk that the bidder was unable to make a firm offer), appeal refused, 30 A.3d 782 (Del. 2010).

Second, the management case projections were neither more accurate nor significantly higher than the base case projections.  As discussed above, the only alleged difference between the two projections was the assumption regarding rate of same-store sales growth, which resulted in an immaterial difference in projected revenue of 2.4 percent over the projections' five-year term.

Third, the Second Report ignores that Papa Murphy's disclosed to its shareholders their right to pursue appraisal and provided more than adequate information—and reason—for its shareholders to do so.  RS at 46 & Annex B.  MTY's $6.45 offer barely exceeded the low end of North Point's DCF range of fair values ($6.28 to $12.34).  RS at 38.  Other analyses showed high values of $16.70 and $11.82.  Id. at 34, 36.  All three analyses disclosed to shareholders that they might establish a higher value for their shares than MTY offered if they pursued appraisal.  Because the Recommendation Statement informed shareholders that they might obtain more for their shares by seeking appraisal, the Papa Murphy's Defendants could not possibly have deterred the assertion of appraisal rights, as the Second Report concludes.  Second Report at 15-16.[7]

The Second Report completely fails to recognize the inadequacy of Plaintiff's pleading of loss causation, which provides another, independent reason that the SAC should be dismissed.

---

[7] Further precluding a finding that Plaintiff pled loss causation with the required particularity, it is purely speculative that Plaintiff would have obtained more for his shares than the Merger Consideration through the appraisal process.  See Tse v. Ventana Med. Sys., 123 F. Supp. 2d 213, 225 (D. Del. 2000) ("[T]he plaintiffs cannot establish the element of loss causation because its alleged losses are wholly speculative."), aff'd, 297 F.3d 210 (3d Cir. 2002).

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 11

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**D.     The Second Report Erroneously Concludes that Section 14(e) Provides a Private Right of Action for Negligence-Based Claims**

Magistrate Judge Creatura twice has found "logic" in the Papa Murphy's Defendants' argument that, like the negligence-based statute (Section 17(a) of the Securities Act of 1933) on which Section 14(e) is modeled, there should be no private right of action for Section 14(e) claims premised on negligence.  Second Report at 21-22; First Report at 22.  He declines to follow this logic, however, because in Plaine v. McCabe, 797 F.3d 713 (9th Cir. 1986), the Ninth Circuit held that the plaintiff had a private right of action to assert a fraud-based Section 14(e) claim.

The Court should decline to extend Plaine and hold that no private right of action exists under Section 14(e) for negligence-based claims for the following reasons:  (1) The Ninth Circuit in Plaine did not address whether there is a private right of action for negligence-based Section 14(e) claims because (a) the plaintiff's claim was premised on fraud, 797 F.3d at 718, and (b) at that time, no court had held that a Section 14(e) claim could proceed based on allegations of negligence, see Varjabedian v. Emulex Corp., 888 F.3d 399, 404-05 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019); (2) Plaine was decided before In re Washington Public Power Supply System Securities Litigation., 823 F.2d 1349, 1353-58 (9th Cir. 1987), in which the Ninth Circuit held that there is no private right of action under Section 17(a), the analog to Section 14(e); (3) Plaine was decided before the U.S. Supreme Court established that a private right of action exists only where a statute (a) facially displays an intent to create both a private right and a private remedy and (b) identifies the persons to be benefited, Alexander v. Sandoval, 532 U.S. 275, 286 (2001); Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002);[8] and (4) Section 14(e) does not contain right- or remedy-creating language, Piper v. Chris-Craft Indus., 430 U.S. 1, 25, 38 (1977).

### III.     CONCLUSION

For the reasons set forth above, in the Motion, and in the Reply, the Court should decline to adopt the Second Report and should dismiss the SAC with prejudice.

---

[8] Indeed, given the Supreme Court's current views about implying new private rights of action, it is "hazardous" to predict "that an expansion of implied private rights under § 14 is likely."  Walleye Trading LLC v. AbbVie Inc., 962 F.3d 975, 978-79 (7th Cir. 2020).

PAPA MURPHY'S DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (No. 19-cv-05514-BHS-JRC) – 12

59718-0023/LEGAL151062118.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED this 26th day of January, 2021.

s/ Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

PAPA MURPHY'S DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION (No. 19-
cv-05514-BHS-JRC) – 13

59718-0023/LEGAL151062118.1