THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf
of All Others Similarly Situated,

                            Plaintiff,

    v.

PAPA MURPHY'S HOLDINGS INC., and
WELDON SPANGLER,

                           Defendants.

CASE NO. 3:19-cv-05514-BHS-JRC

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION
REGARDING RULE 12(b)(6) MOTION
TO DISMISS SECOND AMENDED
COMPLAINT

NOTE ON MOTION CALENDAR:
Friday, February 12, 2021

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 3

   I.    The SAC Adequately Pleads Subjective and Objective Falsity and Materiality ............. 3

   II.   The SAC Adequately Pleads Negligence ...................................................... 10

   III.  The SAC Adequately Pleads Loss Causation ................................................ 11

   IV.  Section 14(e) is Privately Enforceable Pursuant to Binding Precedent ......................... 12

CONCLUSION .............................................................................................................. 12

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

i

# TABLE OF AUTHORITIES

**CASES**                                                                                                               **PAGE(S)**

*In re 3Com S'holders Litig.*,
   No. 5067-CC, 2009 Del. Ch. LEXIS 215 (Del. Ch. Dec. 18, 2009) ....................................... 7

*Arido-Sorro v. Ryan*,
   No. CIV 18-219-TUC-CKJ (JR), 2020 U.S. Dist. LEXIS 2644 (D. Ariz. Jan. 7, 2020) ......... 1

*Ayotte v. Am. Econ. Ins., Co.*,
   No. CV-09-57-BU-RFC-CSO, 2010 U.S. Dist. LEXIS 146274 (D. Mont. Dec. 10, 2010)  1, 2

*Azar v. Blount Int'l, Inc.*,
   No. 3:16-cv-483-SI, 2017 U.S. Dist. LEXIS 39493 (D. Or. Mar. 20, 2017) ............... 2, 10, 11

*In re BankAmerica Corp. Secs. Litig.*,
   78 F. Supp. 2d 976 (E.D. Mo. 1999) ...................................................................................... 10

*Barker v. Bank of Am., N.A.*,
   No. CV 17-55-BLG-SPW, 2018 U.S. Dist. LEXIS 24403 (D. Mont. Feb. 14, 2018) ............. 1

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988) ................................................................................................................. 9

*Baum v. Harman Int'l Indus.*,
   408 F. Supp. 3d 70 (D. Conn. 2019) ....................................................................................... 5

*Brown v. Brewer*,
   No. CV 06-3731-GHK (SHx), 2010 U.S. Dist. LEXIS 60863 (C.D. Cal. June 17, 2010) .... 10

*Camardo v. GM Hourly-Rate Emps. Pension Plan*,
   806 F. Supp. 380 (W.D.N.Y. 1992) ........................................................................................ 1

*Cede & Co. v. JRC Acquisition Corp.*,
   No. 18648-NC, 2004 Del. Ch. LEXIS 12 (Del. Ch. Feb. 10, 2004) ........................................7

*City of Hialeah Emps. Ret. Sys. v. FEI Co.*,
   289 F. Supp. 3d 1162 (D. Or. 2018) ....................................................................................... 6

*In re Convergent Techs. Sec. Litig.*,
   948 F.2d 507 (9th Cir. 1991) ................................................................................................... 9

*In re Envision Healthcare Corp.*,
   No. 18-1068-RGA, 2019 U.S. Dist. LEXIS 128237 (D. Del. Aug. 1, 2019) ................. 5, 7, 10

*In re Envision Healthcare Corp.*,
   No. 18-cv-01068-RGA, 2019 U.S. Dist. LEXIS 159356 (D. Del. Sept. 19, 2019) ................. 3

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

ii

*Fecht v. Price Co.*,
   70 F.3d 1078 (9th Cir. 1995) ........................................................................... 9

*Fix v. Hartford Life & Accident Ins. Co.*,
   No. CV 16-41-M-DLC-JCL, 2017 U.S. Dist. LEXIS 97643 (D. Mont. June 23, 2017) .......... 1

*Fradkin v. Ernst*,
   571 F. Supp. 829 (N.D. Ohio 1983) ................................................................. 11

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ..................................................................... 2, 10

*Hot Topic Sec. Litig.*,
   No. CV 13-02939 SJO (JCx),
   2014 U.S. Dist. LEXIS 180513 (C.D. Cal. May 2, 2014) ...................................... 5, 6, 10, 12

*Howard v. Everex Sys.*,
   228 F.3d 1057 (9th Cir. 2000) ....................................................................... 10

*Karp v. First Conn. Bancorp, Inc.*,
   No.: RDB-18-2496, 2019 U.S. Dist. LEXIS 162819 (D. Md. Sept. 24, 2019) ...................... 12

*Karri v. Oclaro, Inc.*,
   No. 18-cv-03435-JD, 2020 U.S. Dist. LEXIS 187317 (N.D. Cal. Oct. 8, 2020) ....... 5, 6, 7, 10

*Kenniston v. McDonald*,
   No.: 15-cv-2724-AJB-BGS, 2019 U.S. Dist. LEXIS 105426 (S.D. Cal. June 24, 2019) ........ 1

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .................................................................... 2, 6, 11

*Lane v. Page*,
   649 F. Supp. 2d 1256 (D.N.M. 2009) ................................................................. 3

*Marx v. Comput. Scis. Corp.*,
   507 F.2d 485 (9th Cir. 1974) ......................................................................... 8

*Parsons v. Jefferson-Pilot Corp.*,
   789 F. Supp. 697 (M.D.N.C. 1992) ............................................................... 10-11

*Plaine v. McCabe*,
   797 F.2d 713 (9th Cir. 1986) ........................................................................ 12

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) ......................................................................... 3

*Rubke v. Capitol Bancorp, Ltd.*,
   551 F.3d 1156 (9th Cir. 2009) ......................................................................... 3

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Schreiber v. Burlington N., Inc.*,
 472 U.S. 1 (1985) ........................................................................................... 12

*SEC v. Carter Hawley Hale Stores, Inc.*,
 760 F.2d 945 (9th Cir. 1985) ......................................................................... 12

*SEC v. Murphy*,
 626 F.2d 633 (9th Cir. 1980) ........................................................................... 8

*SEC v. Todd*,
 642 F.3d 1207 (9th Cir. 2011) ......................................................................... 8

*Smith v. Robbins & Myers*,
 969 F. Supp. 2d 850 (S.D. Ohio 2013) .......................................................... 12

*Taylor v. Am. Specialty Retailing Grp., Inc.*,
 No. 19239, 2003 Del. Ch. LEXIS 75 (Del. Ch. July 25, 2003) ....................... 7

*TSC Indus. v. Northway*,
 426 U.S. 438 (1976) ......................................................................................... 9

*Va. Bankshares v. Sandberg*,
 501 U.S. 1083 (1991) ................................................................................... 3, 4

*Varjabedian v. Emulex Corp.*,
 888 F.3d 399 (9th Cir. 2018) ......................................................................... 12

*Wilson v. Great Am. Indus.*,
 855 F.2d 987 (2d Cir. 1988) .......................................................................... 10

*Zack v. Allied Waste Indus.*,
 CIV-04-1640-PHX-MHM, 2005 U.S. Dist. LEXIS 35323 (D. Ariz. Dec. 15, 2005) .............. 9

**STATUTES**

15 U.S.C. § 78n(a) (Section 14(a) of the Securities Exchange Act of 1934) ..........................7, 12

15 U.S.C. § 78n(e) (Section 14(e) of the Securities Exchange Act of 1934) .................... *passim*

15 U.S.C. § 78u-5(b)(2)(C) (PSLRA Safe Harbor for Forward-Looking Statements)................. 7

**RULES**

Fed. R. Civ. P. 72 ...................................................................................................... 1

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iv

# **INTRODUCTION**

"Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case." *Barker v. Bank of Am., N.A.*, No. CV 17-21-BLG-SPW, 2018 U.S. Dist. LEXIS 24403, at *4 (D. Mont. Feb. 14, 2018). Indeed:

> It is improper for an objecting party to attempt to relitigate the entire content of the [briefing] before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation, as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary.

*Camardo v. GM Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).[1]

Yet rehashing and relitigating meritless arguments is precisely what Defendants have done. They "merely submitted a revised version of the same arguments" that they presented to Judge Creatura twice, *Arido-Sorro v. Ryan*, No. CIV 18-219-TUC-CKJ (JR), 2020 U.S. Dist. LEXIS 2644, at *7 (D. Ariz. Jan. 7, 2020), and they object to every single portion of the Second Report and Recommendation ("Second Report") (ECF No. 47). Where a party submits a "slightly modified [] brief[]…to serve as [their] Rule 72 objections[,]" and "essentially recycles [their] previous arguments in an attempt to relitgate [their] case[,]" "the Court is permitted to overrule the objections without analysis." *Fix v. Hartford Life & Accident Ins. Co.*, No. CV 16-41-M-DLC-JCL, 2017 U.S. Dist. LEXIS 97643, at *3 (D. Mont. June 23, 2017); *see also Ayotte v. Am. Econ. Ins., Co.*, No. CV-09-57-BU-RFC-CSO, 2010 U.S. Dist. LEXIS 146274, at *2 (D. Mont. Dec. 10, 2010) (explaining the Court "still undertakes a *de novo* review of the magistrate judge's conclusions of law, but does not directly refute each objection.").

According to Defendants, Judge Creatura did a complete 180 from his first Report and Recommendation ("First Report") (ECF No. 34)—which recommended dismissing the prior

---

[1]  S*ee also Kenniston v. McDonald*, No. 15-cv-2724-AJB-BGS, 2019 U.S. Dist. LEXIS 105426, at *23 (S.D. Cal. June 24, 2019) (it is improper to ask a District Judge to conduct a duplicative review by raising nearly every issue presented to the Magistrate Judge for a second time).

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

Amended Complaint ("AC") (ECF No. 22)—for absolutely no reason. That is obviously not true. In the AC, Plaintiff named all nine of Papa Murphy's outside directors as defendants. In response to Judge Creatura's First Report, which faulted Plaintiff for targeting all ten individual defendants as a group, Plaintiff dropped the nine outside directors and refocused the Second Amended Class Action Complaint ("SAC") (ECF No. 36) on the actions, statements, and knowledge of Defendant Weldon Spangler, Papa Murphy's CEO, who was responsible for creating the significantly higher Management Case Projections. Furthermore, as the Second Report explains, the SAC added facts regarding "Papa Murphy's positive financial trends and strong growth prospects pursuant to a refranchising plan" which "are hard to square with the contemporaneous decision to downwardly revise the Management Case Projections and further confirm that the Base Case Projections may not reflect a reasonable view of Papa Murphy's prospects." Second Report 3, 9-10.

Defendants continue to raise factual disputes with the SAC's well-pleaded allegations, and seek to offer "a competing theory against plaintiff's second amended complaint." *Id.* at 3. They simply refuse to accept the well-settled "prohibition against resolving factual disputes at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Defendants' arguments fail because "factual dispute[s] with Plaintiffs' allegations [] do not affect the legal sufficiency of the pleadings. At this stage of the lawsuit, the Court must assume that Plaintiffs' well-pleaded factual allegations are true." *Azar v. Blount Int'l, Inc.*, No. 3:16-cv-483-SI, 2017 U.S. Dist. LEXIS 39493, at *19 (D. Or. Mar. 20, 2017). Indeed, the Ninth Circuit has cautioned district courts about wading into factual disputes at the pleading stage, explaining that "a district court ruling on a motion to dismiss is not sitting as a trier of fact…so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). Defendants' arguments are no more persuasive in their third go-around, and should be rejected.

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

**ARGUMENT**

**I.      The SAC Adequately Pleads Subjective and Objective Falsity and Materiality**

**Subjective and Objective Falsity.**   Defendants continue to advocate for a rule that, for all practical purposes, would prevent projections and opinions from ever being actionable because they are subject to inherent "judgment[.]" Objections (ECF No. 51) 6. But binding precedent is clear on the issue: projections and opinions are actionable if they are subjectively and objectively false or misleading. *Rubke v. Capitol Bancorp, Ltd.*, 551 F.3d 1156, 1162 (9th Cir. 2009) (citing *Va. Bankshares v. Sandberg*, 501 U.S. 1083, 1094-96 (1991) (explaining disbelief plus "further proof that the statement was defective as to its subject matter" or "expressly or impliedly asserted something false or misleading about its subject matter" renders such statements actionable)); *see also Provenz v. Miller*, 102 F.3d 1478, 1487 (9th Cir. 1996).

As the Second Report correctly found, "when it comes to the underlying facts that will support a conclusion that a statement is objectively or subjectively false, there may be significant overlap." Second Report 10 (quoting *Lane v. Page*, 649 F. Supp. 2d 1256, 1291 (D.N.M. 2009)); *see also In re Envision Healthcare Corp.*, No. 18-cv-01068-RGA, 2019 U.S. Dist. LEXIS 159356, at *5 (D. Del. Sept. 19, 2019) (overruling similar objections). Indeed, the Supreme Court recognized as much in *Virginia Bankshares*, where it explained the same facts that supported subjective falsity would also support the conclusion "that the statement also expressly or impliedly asserted something false or misleading about its subject matter" or "was defective as to its subject matter[,]" (*i.e.*, was objectively false). *Va. Bankshares*, 501 U.S. at 1095-96. Furthermore, "circumstantial evidence" is necessary to establish subjective falsity, because it is "unusual" for a plaintiff to uncover "a director's naked admission of disbelief." *Id.* at 1092, 1096.

Defendants assert that the Second Report found that Plaintiff sufficiently pled subjective and objective falsity "without any assessment" of how the challenged projections and statements directly contradicted what Spangler and Papa Murphy's knew at the time of the merger. Objections 2. That is simply false. The Second Report cited numerous facts from the SAC which

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

exemplify how Defendants' knowledge and statements at the time of the merger contradict and are "hard to square with the contemporaneous decision to downwardly revise the Management Case Projections[.]" Second Report 9-10. As the Second Report explains, *in addition* to alleging the two cases of projections were meaningfully different:

> [P]laintiff *also* alleges that prior to the MTY merger announcement, Papa Murphy's was "in the midst of a significant turnaround," noting that in 2017, defendants initiated a refranchising plan that was expected to cause "temporary decreases in store sales and revenues" but that "long-term prospects would be much stronger" upon completion of the plan in 2020. Plaintiff further alleges that between January to March 2019—several months prior to announcement of the MTY merger—Papa Murphy's stock price increased 36% and was preceded by defendant Spangler's own statements in November 2018 "heralding" third quarter financial results as a "success," that "sales trend[s] have continued to improve and are currently tracking slightly positive," and that Papa Murphy's business strategy and marketing initiatives "will drive profitable and sustainable comp [sic] sales growth in both the short and long-term." Plaintiff further identifies a February 2019 release announcing that 2018 fourth quarter and fiscal year results were "better than guidance and sales trends [were] improving." Plaintiff further identifies a March 2019 press release and conference call announcing "positive trending results—which exceeded previous guidance." Finally, plaintiff alleges that defendants used and relied upon the Management Case Projections during the entirety of the strategic review process; however, defendants failed to disclose the Base Case Projections to other potential bidders, which were used only in…the MTY merger.

*Id*. at 9 (internal citations to SAC omitted) (emphasis added).

In other words, contrary to Defendants' assertion, "the principal basis for Plaintiff's allegation that the base case projections are false" *is not* "simply that they are lower than the management case projections" (Objections 3)—it is that the slashing of the Management Case to create the Base Case was inconsistent with various statements Spangler and Papa Murphy's made during the relevant time period indicating that the Company's prospects were strong and expected to significantly improve.

Judge Creatura's analysis on this issue was not erroneous. Indeed, courts in several recent Section 14 actions have found facts qualitatively similar to those alleged here sufficient to plead subjective and objective falsity, including another district court in the Ninth Circuit just four

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

months ago. *Karri v. Oclaro, Inc.*, No. 18-cv-03435-JD, 2020 U.S. Dist. LEXIS 187317, at *15 (N.D. Cal. Oct. 8, 2020) (citing "rosy statements" about the company's prospects made by CEO during relevant period that were "hard to square with management's contemporaneous decision to make the downward revisions", and alleging the lowered projections were only provided to the banker); *see also In re Envision Healthcare Corp.*, No. 18-1068-RGA, 2019 U.S. Dist. LEXIS 128237, at *11,*14 (D. Del. Aug. 1, 2019) (Report and Recommendation), *adopted by* 2019 U.S. Dist. LEXIS 159356 (citing: (i) "the timing of the preparation of the" lower projections "in relation to the overtures" of the buyer "and other potential bidders"; (ii) "the lack of any meaningful change between" the date the higher projections and the lower projections were prepared; (iii) "the fact that the [lower projections] were not given to" the buyer; and (iv) "statements made by executives regarding confidence in the [higher projections]"); *Baum v. Harman Int'l Indus.*, 408 F. Supp. 3d 70, 87 (D. Conn. 2019) (allegations that the company's CEO "expressed confidence in Harman's revenue growth overall" sufficient to plead the CEO and directors did not really believe higher management projections "contained greater downside risk than upside potential."); *In re Hot Topic Sec. Litig.*, No. CV 13-02939 SJO (JCx), 2014 U.S. Dist. LEXIS 180513, at *15-21 (C.D. Cal. May 2, 2014) (citing facts that: the lowered projections "moderated downwards" the company's growth for certain businesses, even though CEO had "praised" the business's growth and referred to such growth as "the Company's 'number one priority' and 'the major highlight'" of the quarters prior to the merger; while the lowered projections "assumed a slower build out of stores", the slower build out was "contrary to the Company's stated goals to continue to open new" stores; and the "changes to gross revenue growth" were inconsistent with "the Company's strong improvements in this area").[2]

---

[2]  Defendants' assertion that "*Hot Topic* supports the conclusion that the allegations of objective falsity" here are deficient is meritless. Objections 5. The *Hot Topic* Court found revised, lowered projections were predicated on "unreasonable assumptions", *i.e.,* "flawed and inaccurate assumptions", and were thus plausibly objectively false. 2014 U.S. Dist. LEXIS 180513, at *15-16. As examples of the facts the Court found sufficient to plead the challenged projections were predicated on "unreasonable assumptions", the Court cited that the projections were "moderated downwards" even though the company "frequently praised" its growth and prospects, and "assumed a slower build out" that was "contrary to the Company's stated goals" and "strong improvement" in the pertinent area. *Id*. at *16-

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

5

Contrary to Defendants' spin, the factual allegations in the above cases are not "markedly different" from the facts here. Objections 5. And the fact that Defendants emphasize—that the challenged projections were reduced by North Point—only strengthens the allegations of subjective and objective falsity here. Indeed, it is more than plausible that Spangler did not genuinely believe in projections he did not prepare, particularly when they meaningfully differed from the projections he prepared and assured North Point were his reasonable best estimates.[3] SAC ¶¶ 6-8, 10, 13, 39, 50.

Defendants also repeat another meritless *factual dispute* and suggest that the Management Case Projections were overly optimistic because they were prepared "to induce a purchase of the Company." Objections 3. In support of this factual assertion, Defendants quote a paragraph from the Recommendation Statement that does not even support the premise,[4] as nothing in the block-quote Defendants cite says the Management Case Projections were overly optimistic or aggressive. Rather, the block quote simply says that the Management Case was "provided to prospective bidders and North Point[.]" Objections 3. As Judge Creatura correctly found, the fact that the Management Case was given to bidders *but the Base Case was not* only "further supports the inference that defendants were allegedly aware that the Base Case Projections were flawed or inaccurate." Second Report 10 (citing *Hot Topic*, 2014 U.S. Dist. LEXIS 180513, at *6). Indeed, other courts have found the same fact supports rather than cuts against subjective and objective

17. In other words, contrary to Defendants' argument, the same types of facts the *Hot Topic* Court found sufficient to plead that projections were predicated on "unreasonable assumptions" exist here.

[3] This fact also renders *City of Hialeah Emps. Ret. Sys. v. FEI Co.*, 289 F. Supp. 3d 1162 (D. Or. 2018) distinguishable. There, the plaintiff was challenging projections that were *prepared by management* and "*developed during the same internal review process*" as the higher projections, which occurred *well before* the merger price was set and a fairness opinion was needed. *Id.* at 1167, 1176. Unlike here, the challenged projections were *not prepared by a financial advisor right before the merger was approved to support a fairness opinion*. Cf. *Karri*, 2020 U.S. Dist. LEXIS 187317, at *16-17 (fact that lowered projections were prepared at end of process and solely given to banker for fairness opinion suggested they were prepared "for the express purpose of justifying a low-ball offer").

[4] Defendants also continue to ignore the Ninth Circuit's holding in *Khoja* that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a wellpleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." 899 F.3d at 1003; s*ee also id.* at 1014 ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). In fact, Defendants make several factual assertions without citing to anything at all. Objections 5.

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND [PLLC]
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

falsity. *Kari*, 2020 U.S. Dist. LEXIS 187317,*16; *Envision*, 2019 U.S. Dist. LEXIS 128237, *14.

Defendants also cite a Delaware appraisal opinion in support of the proposition that "courts have recognized the propriety of discounting projections[.]" Objections 3. To the extent the Court believes that opinions from Delaware state courts addressing state law claims are relevant, the most on-point ones cut against rather than support Defendants' position, as they have consistently conveyed "healthy skepticism for" expert-created projections and valuations "that disregard contemporaneous management projections." *Cede & Co. v. JRC Acquisition Corp.*, No. 18648-NC, 2004 Del. Ch. LEXIS 12, at *7 (Del. Ch. Feb. 10, 2004); *Taylor v. Am. Specialty Retailing Grp., Inc.*, No. 19239, 2003 Del. Ch. LEXIS 75, at *7 (Del. Ch. July 25, 2003) (valuation "lacks credibility" where the expert "ignored a contemporaneous set of projections prepared by [the company's] management," and instead performed a DCF analysis based "on far more pessimistic assumptions of [the company's] future prospects that he prepared on his own.").[5]

Furthermore, contrary to Defendants' argument, the boilerplate disclaimers stating that the financial projections may not come to fruition are of no probative value in assessing the pertinent issue. Objections 4, 7.[6] Indeed, the boilerplate warnings that Defendants cite are included in every SEC filing containing projections, and say nothing about Spangler's *genuine* views regarding the accuracy of the Management Case and unreasonableness of the Base Case. Far more probative is the fact that Spangler did not deem it necessary for management to create a second set of projections at any point during the sales process, and that he and his team assured North Point that the Management Case was prepared on a reasonable basis in accordance with industry

---

[5] Defendants also perplexingly cite *In re 3Com S'holders Litig.*, No. 5067-CC, 2009 Del. Ch. LEXIS 215 (Del. Ch. Dec. 18, 2009), an opinion involving a motion to expedite discovery in an action arising under Delaware fiduciary duty law. Objections 6. Obviously, that opinion has no bearing on what is required to state a claim under Section 14(e). Moreover, the plaintiff there presented an omission claim—he wanted explanation regarding why a second set of projections called the "Revised *Management* Plan" had been created by management. *Id*. at *16. Unlike here, the *3Com* plaintiff did not allege that *banker-created* projections were false or misleading because they disregarded management's best estimate assumptions. Simply put, *3Com* is irrelevant to this case.

[6] In support of their "disclaimers" argument, Defendants cite inapposite Section 14(a) actions, which are subject to the PSLRA safe-harbor for forward looking statements. Objections 7 n.5. Conversely, because this action challenges a forward-looking statement "made in connection with a tender offer[,]" the safe-harbor is facially inapplicable here. 15 U.S.C. § 78u-5(b)(2)(C); First Report 20-21.

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

practice, that they were not aware of any information that would make the Management Case incomplete or misleading, and that the Management Case had been prepared using assumptions reflecting their best judgments as to the Company's expected future results and financial condition. SAC ¶¶ 6-11. These facts, coupled with Spangler's positive statements about the Company's growth and prospects, ¶¶ 30-39, are more than sufficient to plead subjective falsity.

Defendants also assert that the Second Report failed to acknowledge that "Papa Murphy's same-store sales fell 3.9 percent annually during the previous three years[.]" Objections 4. Once again, that is not true. The Second Report noted the historical "decreases in store sales and revenues," Second Report 9, but correctly recognized the SAC's factual allegation as to why that historical trend did not and could not rationally justify slashing projections that spanned to 2023: namely, that the historical same-store sales decline was caused by Papa Murphy's refranchising plan initiated in 2017, which was causing temporary decreases in same-store sales but was expected to strengthen the Company's long term prospects "upon completion of the plan in 2020." *Id.* This was one of the new facts added to the SAC after the First Report, and Judge Creatura correctly accepted it as true and drew all reasonable inferences in Plaintiff's favor.

**Materiality.**   Defendants' materiality argument is also meritless. Objections 8. Financial projections are material to shareholders because they "constitute a prime factor in estimating the worth of" their stock. *Marx v. Comput. Scis. Corp.*, 507 F.2d 485, 489 (9th Cir. 1974). Thus, there can be no "doubt that the forecast of earnings was a 'material' fact." *Id.; see also SEC v. Murphy*, 626 F.2d 633, 653 (9th Cir. 1980) ("Surely the materiality of information relating to financial condition, solvency and profitability is not subject to serious challenge."); *SEC v. Todd*, 642 F.3d 1207, 1221 (9th Cir. 2011) (company's financial condition is material).

According to Defendants, the Base Case Projections were not meaningfully lower than the Management Case, and thus did not materially alter the valuation picture of the Company. Objections 8. For starters, Defendants attempt to obfuscate the comparison, focusing on the difference between the projections for Total Revenue, and ignoring the significantly higher

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

differences for EBITDA and Cash Flow (which were as much as 18.7%). SAC ¶ 4. The Second Report correctly rejected Defendants' sleight of hand, explaining: "the overall impact of using the Base Case Projections in determining and endorsing the fairness of the MTY merger to Papa Murphy's shareholders resulted in the alleged aggregate loss of millions of dollars, which is not an immaterial sum." Second Report 11. The loss of millions of dollars in value is plausibly material to a reasonable investor.

Defendants also repeat their strained reading of *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507 (9th Cir. 1991). Objections 8. As the Second Report correctly explained, "the Ninth Circuit in *Convergent Technologies* did not categorically hold that only revenue differences greater than 10% are actionable." Second Report 11; *see also Zack v. Allied Waste Indus.*, No. CIV-04-1640-PHX-MHM, 2005 U.S. Dist. LEXIS 35323, at *33 (D. Ariz. Dec. 15, 2005) (rejecting same argument, explaining "there does not appear to be a bright-line 10% rule, where a projection missed by less than ten percent is immaterial as a matter of law."). And even if such a bright line rule existed, it was met here—the EBITDA difference was 18.7%. SAC ¶ 4. However, the bright line rule Defendants advocate for is not only unsupported by *Convergent*— it is also at odds with Supreme Court precedent, which has expressly rejected such "bright-line rule[s]" in conjunction with the materiality analysis. *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988); *TSC Indus. v. Northway*, 426 U.S. 438, 450 (1976) (materiality "requires delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him"). Defendants' materiality argument also ignores that the issue may only be resolved as a matter of law when the answer is "so obvious that reasonable minds [could] not differ[.]" *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995).

Simply put, the difference between the Base Case and the Management Case is far from "so obvious[ly]" inconsequential, *id.*, and the Court therefore cannot deem the false and misleading Base Case Projections to be immaterial as a matter of law on a motion to dismiss.

At bottom, the various factual assertions Defendants offer to justify the legitimacy of the

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

slashed Base Case Projections are unpersuasive and contradicted by the facts alleged in the SAC. Moreover, the time for Defendants to attempt to refute the SAC's well-pleaded facts is "on summary judgment or at trial," not on a motion to dismiss. *Azar*, 2017 U.S. Dist. LEXIS 39493, at *18; *see also Gilead*, 536 F.3d at 1057. "Although defendants present a number of reasons why the [Base] Case Projections were reasonable, this amounts to a factual dispute requiring a weighing of the evidence to ascertain the motivations behind preparing the [Base] Case Projections." *Envision*, 2019 U.S. Dist. LEXIS 128237, at *15; *see also Hot Topic*, 2014 U.S. Dist. LEXIS 180513, at *18 ("It is possible that further examination will reveal that these items were moderated downward to bring the Revised Projections in line with the Company's actual and expected growth. However, at this point, it is at least plausible that Defendants' changes to [the] financial projections resulted in a less accurate forecast."). Even if Defendants' arguments "may ultimately prevail, on a motion to dismiss, the Court must make all reasonable inferences in favor of the amended complaint." *Karri*, 2020 U.S. Dist. LEXIS 187317, at *17. The SAC alleges facts to support a theory that is not facially implausible, and cannot be dismissed. *Supra*.

## II.    The SAC Adequately Pleads Negligence

Defendants' criticism of Judge Creatura's negligence analysis fares no better. As the Second Report correctly explained, "[a] 'deliberate decision' to disclose and endorse false and/or misleading information 'demonstrates a culpable state of mind far in excess of negligence.'" Second Report 14 (quoting *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988) and citing *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1061 (9th Cir. 2000)). Indeed, numerous courts have held that when shareholder communications contain a materially false or misleading statement, the officers or directors who approved or signed the document and had a duty to ensure there were no material misstatements were negligent as a matter of law. *Wilson*, 855 F.2d at 995; *Brown v. Brewer*, No. CV 06-3731-GHK (SHx), 2010 U.S. Dist. LEXIS 60863, at *81 (C.D. Cal. June 17, 2010); *In re BankAmerica Corp. Secs. Litig.*, 78 F. Supp. 2d 976, 989 (E.D. Mo. 1999); *Parsons v. Jefferson-Pilot Corp.*, 789 F. Supp. 697, 703 (M.D.N.C. 1992); *Fradkin v. Ernst*, 571

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10

F. Supp. 829, 843 (N.D. Ohio 1983); *see also Azar*, 2017 U.S. Dist. LEXIS 39493, at *28 (explaining how "materiality is related to negligence").

Defendants offer no persuasive reason why this Court should depart from this mountain of precedent. Instead, they once again offer various *unverified and dubious factual assertions* from the Recommendation Statement that purportedly "undermine[]" the Second Report's conclusion regarding the plausibly misleading nature of the Base Case Projections and related valuations. Objections 9. However, repeating the same tactic over and over cannot change binding precedent: courts may not "resolv[e] factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003.

Defendants then revert to repackaging their subjective falsity argument, contending that the SAC's allegations regarding Spangler's genuine views about the Management Case and Base Case are insufficient. Objections 10. As set forth above, and correctly explained by Judge Creatura, they are not. And Spangler's decision to disseminate projections and valuations that he did not genuinely believe in and knew were far lower than they should have been most certainly "demonstrates a culpable state of mind far in excess of negligence." Second Report 14.

### III.    The SAC Adequately Pleads Loss Causation

The Second Report thoroughly analyzed whether the SAC sufficiently pleaded loss causation and reached the correct conclusion. Unable to critique Judge Creatura's legal analysis, Defendants revert yet again to raising more unverified factual assertions, this time about what another bidder purportedly told Papa Murphy's regarding why its higher bid needed financing. Objections 11. They then repeat their argument about how the two cases of projections—which differed by as much as 18.7% for EBITDA and reflected an "aggregate loss of millions of dollars" in value (SAC ¶ 4, Second Report 11)—were not really that much different. Objections 11. Lastly, Defendants assert shareholders should have pursued their state law appraisal rights, and repeat their argument that the Recommendation Statement was not plausibly false or misleading. *Id*.

None of Defendants' arguments are remotely persuasive. Judge Creatura's loss causation analysis was spot on, as several other recent opinions in Section 14 actions confirm. *See Azar*,

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2017 U.S. Dist. LEXIS 39493, at *33 (no need to "plead a precise figure at which the Company's stock should have been valued" so long as the allegations make plausible "that the Company's stock was worth more"); *Hot Topic*, 2014 U.S. Dist. LEXIS 180513, at *28; *Smith v. Robbins & Myers*, 969 F. Supp. 2d 850, 868-69 (S.D. Ohio 2013); *Karp v. First Conn. Bancorp, Inc.*, No. RDB-18-2496, 2019 U.S. Dist. LEXIS 162819, at *13-14 (D. Md. Sep. 24, 2019).

## IV.   Section 14(e) is Privately Enforceable Pursuant to Binding Precedent

In *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018) (which is Lead Counsel's case), the Ninth Circuit held that negligence is sufficient to state a claim under § 14(e), and then remanded the **private action** to the district court "to reconsider Defendant's motion to dismiss under a negligence standard." *Id.* at 410. It defies credulity to think that the Ninth Circuit would have done so unless it found its negligence standard enforceable in private actions.[7] *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) also held that the first clause of Section 14(e) creates a private right of action for shareholders of a target company. Similarly, in *Schreiber v. Burlington N., Inc.*, 472 U.S. 1 (1985), the Supreme Court construed the elements of a private § 14(e) claim, without even hinting that the claim's existence was debatable. *Id.* at 2, 4, 12-13. And Defendants do not point to a single statute that's private enforceability depends on whether the defendant violated it fraudulently or negligently. Simply put, this Court cannot "disturb Ninth Circuit precedent" indicating Plaintiff has a private right of action. Second Report 19.

## CONCLUSION

It is Defendants' arguments—not Judge Creatura's analysis—that miss the mark. The Second Report should be adopted.

---

[7]   Moreover, during oral argument at the Supreme Court before it dismissed the writ of certiorari as improvidently granted, multiple justices noted the absurdity of holding that shareholders lack a private right of action under Section 14(e) given the established negligence-based private right of action under Section 14(a) and the fact that Section 14(e) was intended to close the "gap" between the two. *Emulex v. Varjabedian* S. Ct. Oral Arg. Tr. 13, 14 (Apr. 15, 2019) (statements of Justice Kagan and Justice Ginsburg); *see also SEC v. Carter Hawley Hale Stores, Inc.*, 760 F.2d 945, 948 (9th Cir. 1985) ("The Williams Act was intended to ensure that investors responding to tender offers received full and fair disclosure, analogous to that received in proxy contests.").

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

DATED:  February 11, 2021                    Respectfully Submitted,

                                                   **LOCAL COUNSEL:**

                                     **BRESKIN JOHNSON TOWNSEND, PLLC**

                                     *s/ Roger Townsend*
                                     Roger M. Townsend, WSBA No. 25525
                                     1000 Second Avenue, Suite 3670
                                     Seattle, Washington  98104
                                     Tel: 206-652-8660
                                     Fax: 206-652-8290
                                     rtownsend@bjtlegal.com

                                     **OF COUNSEL:**

                                     **MONTEVERDE & ASSOCIATES PC**
                                     Juan E. Monteverde
                                     Miles D. Schreiner
                                     The Empire State Building
                                     350 Fifth Avenue, Suite 4405
                                     New York, New York 10118
                                     Tel:  212-971-1341
                                     Fax:  212-202-7880
                                     jmonteverde@monteverdelaw.com
                                     mschreiner@monteverdelaw.com

                                     *Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISMISS SECOND AMENDED COMPLAINT
Case No. 19-cv-5514 BHS-JRC