THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

DEFENDANTS' NOTICE REGARDING STATUS OF EMULEX CASE

Pursuant to Local Rules W.D. Wash. LCR 7(n), Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler respectfully notify the Court regarding the status of the pending Ninth Circuit appeal in the case of Varjabedian v. Emulex Corp., No. SACV 15-00554-CJC(JCGx), 2020 WL 1847708 (C.D. Cal. Feb. 25, 2020).  That appeal is proceeding in the Ninth Circuit under the title Mutza v. Emulex Corp., No. 20-55339 (filed Mar. 30, 2020).  The Ninth Circuit decision in Mutza, when issued, will be pertinent to Defendants' Rule 12(b)(6) Motion to Dismiss Second Amended Complaint for Failure to State a Claim (the "Motion to Dismiss") (ECF No. 41), which is currently before the Court pursuant to Defendants' objections (ECF No. 51) to the Report and Recommendation issued by Magistrate Judge Creatura on January 12, 2021 (ECF No. 47).

The Ninth Circuit held oral argument in Mutza on April 7, 2021.  As reported by Law 360, one of the issues argued is whether there is a private right of action under Section 14(e) of the

DEFENDANTS' NOTICE REGARDING
STATUS OF EMULEX CASE (No. 19-cv-
05514-BHS-JRC) –1

LEGAL152105805.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Securities Exchange Act of 1934 where the plaintiff's claim is premised on alleged negligence rather than fraud. If the Ninth Circuit rules that a private right of action does not exist under these circumstances, that ruling will be dispositive of the Defendants' Motion to Dismiss.

A copy of the Law 360 report regarding oral argument in Mutza is attached. In addition, audio of the oral argument can be found on the Ninth Circuit's website at https://www.ca9.uscourts.gov/media/view.php?pk_id=0000036595 and video of the argument can be found at https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000019084.

RESPECTFULLY SUBMITTED this 9th day of April, 2021.

**PERKINS COIE LLP**

s/ Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

DEFENDANTS' NOTICE REGARDING
STATUS OF EMULEX CASE (No. 19-cv-
05514-BHS-JRC) –2
LEGAL152105805.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 9th Circ. Urged To Revive Investor Suit Over Omitted Deal Info

By **Craig Clough**

Law360 (April 7, 2021, 10:46 PM EDT) -- A proposed class of shareholders urged the Ninth Circuit to revive their allegations that Emulex Corp. provided incomplete information about a $606 million acquisition, saying the appeals court already found that a provision of the Exchange Act allows private plaintiffs to bring negligence claims.

The shareholders argued that a lower court was wrong to decide that Emulex and other defendants hadn't been negligent in leaving out certain information about the deal, but they also said the panel shouldn't reconsider something it had already decided: that Section 14(e) of the Exchange Act — which seeks to prevent fraudulent, deceptive or manipulative acts in tender offers — can be enforced in court by private plaintiffs and not just the U.S. Securities and Exchange Commission.

Juan E. Monteverde of Monteverde & Associates PC, who represents the plaintiffs, told the panel that "the court obviously recognized" a private right "implicitly" in its previous ruling before he was cut off by U.S. Circuit Judge Andrew D. Hurwitz, who appeared to believe the question was still open.

"You're implying it," Judge Hurwitz said. "You're saying we must have recognized it there."

Emulex argued to the panel that although it did previously rule a negligence standard **exists**, it did not decide that the standard is privately enforceable.

"It really is the threshold question before this court, because if there's no implied right of private action for negligence, then there's really no reason for this court to be opining on whether or not the particular allegations here state a claim for negligence," Gregory Garre of Latham & Watkins LLP, who represents Emulex, told the panel.

The shareholders' suit hinged significantly on a "premium analysis" presented by Emulex leadership and prepared by Goldman Sachs, which they alleged was omitted in a presentation to shareholders because it showed that although Avago's offer was within industry norms, the 26.4% premium to investors was below average.

U.S. District Judge Cormac J. Carney first dismissed the complaint in 2016 on the grounds that Emulex shareholders needed to show scienter, or that the telecommunications company had intentionally deceived investors. The Ninth Circuit remanded the case to the district court to reconsider its finding by assessing whether the shareholders had shown negligence, rather than scienter.

The ruling departed from circuit court rulings in five similar cases, and the defendants appealed. The U.S. Supreme Court granted their petition for writ of certiorari, but dismissed the writ of certiorari as improvidently granted in April 2019 after hearing **oral arguments**. A number of justices seemed **unconvinced** that the case was the best vehicle for the claims, given that Emulex didn't raise the question of a private right of action before any of the lower courts.

That high court ruling landed that case back in Judge Carney's court, and he **again dismissed** the case in February 2020, ruling that the omission of the premium analysis was not significant, among other things. The chart was about semiconductor companies, a related but "ultimately distinct sector

of the industry," and included mergers that occurred four years before Avago's tender offer, he said.

Judge Carney declined to rule on the larger issue of the existence of a private right of action under the negligence standard and said he believed that the Ninth Circuit's earlier ruling "seems to foreclose the issue," but that he was leaving it "for another court and another day."

Emulex told the Ninth Circuit Wednesday that it can decide there is no private right, and that it should do so.

"Fundamentally, the problem, Your Honor, is that an implied right of action for negligence runs head long into statutory provisions like the expressed procedural provisions on negligence actions that Congress created in Section 11 of the securities laws," Garre said. "When Congress creates a negligence action it adds added procedural restrictions to restrain that are absent when a court implies a private right of action for negligence."

Monteverde told the panel that in its previous ruling, the circuit "did not create a new cause of action, it just clarified a standard of liability."

The shareholders are represented by Juan E. Monteverde of Monteverde & Associates PC.

The Emulex directors are represented by Eric Landau of Thomas Whitelaw & Kolegraff LLP.

Emulex is represented by Gregory G. Garre of Latham & Watkins LLP.

The case is Gary Varjabedian v. Emulex Corp. et al., case number 20-55339, in the U.S. Court of Appeals for the Ninth Circuit.

--Additional reporting by Dunstan Prial and Rachel Graf. Editing by Regan Estes.

All Content © 2003-2021, Portfolio Media, Inc.