THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,<br><br>Defendants. | CASE NO. 3:19-cv-05514-BHS-JRC<br><br>LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE REGARDING STATUS OF *EMULEX* CASE |

Lead Plaintiff Evan Brown respectfully submits this response to Defendants' Notice Regarding Status of *Emulex* Case (ECF No. 53). While Defendants assert that their Notice was filed pursuant to W.D. Wash. LCR 7(n), Defendants have not provided the Court with any "authority" as contemplated by the rule. Rather, Defendants provided a Law360 article regarding a pending appeal, and appear to be seeking a stay without having to file a motion and explain why a stay is warranted pursuant to the governing factors. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (setting forth the interests a court should weigh); *Hartless v. Clorox Co.*, No. 06CV2705 JAH(CAB), 2008 U.S. Dist. LEXIS 137399, at *4, *9 (S.D. Cal. Nov. 6, 2008) (same, denying defendant's motion to stay proceedings pending resolution of an appeal where it was not

certain the Ninth Circuit would "base[] its ruling" on the pertinent issue and "defendant has not sufficiently demonstrated it will endure hardship if a stay is not granted.").

Specifically, Defendants suggest the Ninth Circuit's forthcoming ruling in *Emulex* may be dispositive here because the Ninth Circuit may address the appellees' argument that § 14(e) is only privately enforceable if the claim is grounded in fraud, and that the private right of action recognized for over five decades disappears if the claim sounds in negligence. Lead Counsel here is also Lead Counsel in *Emulex*, and submits that the Ninth Circuit is highly unlikely to so hold, for several reasons.

First, the Ninth Circuit panel in the pending appeal is foreclosed by prior precedent from ruling the way Defendants here would like. The Ninth Circuit already recognized a private right of action for claims sounding in negligence in the prior appeal, *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 408 (9th Cir. 2018) ("*Emulex* I"). The Ninth Circuit remanded with specific instructions for the district court "to reconsider Defendant's motion to dismiss" in a case brought by a private plaintiff "under a negligence standard." *Id*. at 410.  As the district court explained on remand, *Emulex* I "seems to foreclose the issue[,]" as the Ninth Circuit "would not have instructed the [District] Court to apply its newly articulated negligence standard unless it found it applicable to private actions." *Varjabedian v. Emulex Corp.*, No. SACV 15-00554-CJC(JCGx), 2020 U.S. Dist. LEXIS 40037, at *17 (C.D. Cal. Feb. 25, 2020). Moreover, in *Plaine v. McCabe*, 797 F.2d 713 (9th Cir. 1986) "the Ninth Circuit held—in no uncertain terms—that the first clause of Section 14(e) creates an implied private right of action for shareholders of a target company." *Varjabedian*, 2020 U.S. Dist. LEXIS 40037 at *14. In *Plaine*, the Ninth Circuit "recognized an implied private right of action under the first clause of Section 14(e) without reference to the relevant mens rea standard[,]" and *Plaine* thus does not support the distinction that Defendants here and the appellees in *Emulex* advocate for. *Id*. at *15.

In light of *Emulex I* and *Plaine*, only the *en banc* court could render the holding that Defendants here hope for. *See United States v. Parker*, 651 F.3d 1180, 1184 (9th Cir. 2011). And

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE REGARDING *EMULEX*
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

the Ninth Circuit denied the appellees' petition for initial hearing *en banc*. *Mutza v. Emulex Corp.*, *et al.*, 9th Cir. Case No. 20-55339, Dkt No. 35 (Nov. 23, 2020).

Second, in the prior appeal in *Emulex*, the appellees conceded that § 14(e) is privately enforceable. *See Emulex* I, 888 F.3d at 409. Thus, the appellees' argument in the pending appeal is foreclosed by judicial estoppel. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).

Lastly, even if the Ninth Circuit were to reach the issue, the argument itself is meritless. Neither Defendants here nor the appellees in *Emulex* cited a single case holding a statute is privately enforceable if the defendant violated it with scienter, but is not privately enforceable if the defendant's violation was negligent. And eliminating the private right of action for § 14(e) claims grounded in negligence would eviscerate the very purpose of the statute, which was to close the gap between the enforcement schemes governing proxy solicitations and tender offers. *See SEC v. Carter Hawley Hale Stores, Inc.*, 760 F.2d 945, 948 (9th Cir. 1985); *see also Dekalb Cty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 409 n.95 (2d Cir. 2016) (collecting the "myriad decisions" holding that § 14(a) proxy claims against corporations and officers sounding in negligence may be privately enforced). There are several additional reasons why the argument advanced by Defendants here and the appellees in *Emulex* is meritless, which are fully set forth in the appellant's briefs in *Emulex*. 9th Cir. Case No. 20-55339, Dkt Nos. 13, 38.

Simply put, a stay here is unwarranted. Defendants have not even attempted to establish that the applicable factors weigh in favor of a stay, and it is highly unlikely that the Ninth Circuit's opinion in the pending *Emulex* appeal will eliminate the private right of action for negligence-based § 14(e) claims.

//

//

//

//

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE REGARDING *EMULEX*
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

DATED:  April 12, 2021

LOCAL COUNSEL:

**BRESKIN JOHNSON TOWNSEND, PLLC**

*s/ Roger Townsend*
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE REGARDING *EMULEX*
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4