THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER, <br><br> Defendants. | CASE NO. 3:19-cv-05514-BHS-JRC <br><br> LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *EMULEX* CASE |

Lead Plaintiff Evan Brown respectfully submits this Notice of Supplemental Authority pursuant to W.D. Wash. LCR 7(n). Last week, Defendants informed the Court that *Mutza v. Emulex Corp.*, 9th Cir. Case No. 20-55339, was submitted for disposition. ECF No. 53. Lead Plaintiff files this Notice to inform the Court that on April 15, 2021, the Ninth Circuit rendered a non-precedential Memorandum Opinion affirming the dismissal of the distinct *omission*-based claim at issue in *Emulex* on the basis that the omission did not render any affirmative statement misleading. *See* attached Memorandum at 2-3. The Ninth Circuit did not address the appellees' argument regarding the private enforceability of Section 14(e), leaving existing Ninth Circuit precedent on that issue undisturbed.

LEAD PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY REGARDING
*EMULEX* CASE
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

DATED:  April 16, 2021

**LOCAL COUNSEL:**

**BRESKIN JOHNSON TOWNSEND, PLLC**

*s/ Roger Townsend*
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY REGARDING
*EMULEX* CASE
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

(1 of 8)

Case 3:19-cv-05541-BHS Document 56-8 Filed 04/16/21 Page 3 of 6
Case: 20-55339, 04/15/2021, ID: 12075688, DktEntry: 41, Page 1 of 6

NOT FOR PUBLICATION

FILED

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY MUTZA, Lead Plaintiff, | No.   20-55339 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-00554-CJC-JCG |
| v. | |
| EMULEX CORPORATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 7, 2021
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Avago Technologies Wireless Manufacturing, Inc. made a tender offer for all outstanding stock of Emulex Corporation.  After Emulex's financial advisor, Goldman Sachs, opined that the offer was fair, Emulex filed a statement advising shareholders to tender their shares (the "Recommendation").  The requisite majority of Emulex shareholders tendered their shares, and the merger was consummated.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This putative class action by an Emulex shareholder alleges that Emulex and its board of directors were negligent and violated §§ 14(e) and 20(a) of the Securities Exchange Act of 1934 in making the Recommendation.[1] The district court dismissed for failure to state a claim, finding that § 14(e) requires scienter. *Varjabedian v. Emulex Corp.*, 152 F. Supp. 3d 1226, 1232-34 (C.D. Cal. 2016). We reversed, finding that § 14(e) can be satisfied by a showing of negligence, and remanded for the district court to evaluate the complaint under that standard. *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 408 (9th Cir. 2018).[2] On remand, the district court dismissed the operative amended complaint for failure to state a claim. We affirm.

1. Section 14(e) "prohibit[s] *only* misleading and untrue statements, not statements that are incomplete." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). An omission is therefore actionable only if it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Id.* The complaint must identify "each statement alleged to have been misleading" and describe the specific "reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1).

---

[1] The complaint also asserted a § 14(d)(4) claim, which is not at issue in this appeal.

[2] The Supreme Court granted certiorari, *Emulex Corp. v. Varjabedian*, 139 S. Ct. 782 (2019), but later dismissed the writ as improvidently granted, 139 S. Ct. 1407 (2019).

Plaintiff's § 14(e) claim rests entirely on the failure of the Recommendation to include a chart, provided by Goldman in connection with its analysis of the tender offer, that documents premiums over stock price received by shareholders in tender offers for the stock of other semiconductor companies. The chart shows the premium offered to Emulex shareholders (about 26% over market value) was within industry norms but below average. That chart, however, is consistent with the Recommendation's summary of Goldman's analysis; among other things, the Recommendation included Goldman's analysis showing that Emulex had below-average performance. The chart is also consistent with the Recommendation's identification of the 26% premium as a reason to support the transaction; the Recommendation did not compare the premium in the Avago offer to premiums offered in other transactions or make any claims about the relative value of the premium to other transactions. Thus, no statements in the Recommendation were rendered misleading by the omission of the chart. Although perhaps an interested shareholder would find the chart of interest, its omission from the Recommendation in this case does not violate § 14(e).

2. Section 20(a) imposes control person liability, 15 U.S.C. § 78t(a), and requires proof of an independent securities law violation. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014). Because Plaintiff's § 14(e) claim fails, so does his § 20(a) claim.

3

3.  The district court did not abuse its discretion in denying further leave to amend.  Plaintiff identified no additional facts he would have pleaded to remedy the deficiencies in his operative complaint.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**AFFIRMED.**