THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and
WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

DEFENDANTS' MOTION TO CERTIFY
ORDER OF APRIL 22, 2021, FOR
INTERLOCUTORY APPEAL AND TO
STAY PROCEEDINGS DURING
PENDENCY OF APPEAL

NOTE ON MOTION CALENDAR:
Friday, May 21, 2021

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND
STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC)

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................... 1

II.     STATEMENT OF FACTS .......................................................................................... 1

III.    ARGUMENT ................................................................................................................ 2

A.      The Court should amend the April 22 Order and certify it for interlocutory
appeal ................................................................................................................ 2

1.      There is a controlling question of law ........................................................ 3

2.      There is substantial ground for a difference of opinion as to
whether a private right of action exists for Section 14(e) claims
premised on negligence ............................................................................... 3

a.      The Ninth Circuit looks to Section 17(a) to analyze
negligence-based claims under Section 14(e) and, because
there is no private right of action under Section 17(a), there
is no private right to bring a negligence action under
Section 14(e) either ........................................................................ 8

b.      Section 14(e) does not create a private right of action under
U.S. Supreme Court precedent which requires language
either granting a private right of action or creating a private
remedy ............................................................................................. 9

3.      Certifying an interlocutory appeal will materially advance the
ultimate termination of the litigation ....................................................... 10

B.      A stay of proceedings in this Court is appropriate given the potential for a
litigation-ending decision by the Ninth Circuit ........................................... 10

IV.     CONCLUSION .......................................................................................................... 11

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND
STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC)

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**

**Page**

CASES

Alexander v. Sandoval,
532 U.S. 275 (2001)...................................................................................................9

APCC Servs., Inc. v. Sprint Commc'ns Co.,
297 F. Supp. 2d 90 (D.D.C. 2003), rev'd on other grounds, 418 F.3d 1238
(D.C. Cir. 2005), rev'd and remanded, 550 U.S. 901 (2007) ......................................3

Emulex Corp. v. Varjabedian,
No. 18-459 (U.S. Apr. 15, 2019) ..........................................................................6, 7, 9

Gonzaga Univ. v. Doe,
536 U.S. 273 (2002)...................................................................................................9

Hill v. Xerox Bus. Servs, LLC,
No. C12-00717-JCC, 2014 WL 12916858 (W.D. Wash. Nov. 17, 2014)...............................10

In re Cement Antitrust Litig.,
673 F.2d 1020 (9th Cir. 1981), aff'd mem., 459 U.S. 1190 (1983) ............................................3

In re Wash. Pub. Power Supply Sys. Sec. Litig.,
823 F.2d 1349 (9th Cir. 1987) ...............................................................................8, 9

J.I. Case Corp. v. Borak,
377 U.S. 426 (1964)...................................................................................................6

Mediterranean Enters., Inc. v. Ssangyong Corp.,
708 F.2d 1458 (9th Cir. 1983) ................................................................................11

Mutza v. Emulex Corp.,
___ F. App'x ___, 2021 WL 1422883 (9th Cir. 2021)....................................................4, 5, 6

Piper v. Chris-Craft Indus., Inc.,
430 U.S. 1 (1977)......................................................................................................9

Plaine v. McCabe,
797 F.2d 713 (9th Cir. 1986) ..........................................................................1, 2, 4, 9

Reese v. BP Expl. (Alaska) Inc.,
643 F.3d 681 (9th Cir. 2011) ....................................................................................3

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –ii

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Smallwood v. Pearl Brewing Co.,
489 F.2d 579 (5th Cir.), cert. denied, 419 U.S. 873 (1974)......................................................9

Three Rivers Ctr. for Indep. Living v. Housing Auth.,
382 F.3d 412 (3d Cir. 2004)...................................................................................................3

Varjabedian v. Emulex Corp.,
888 F.3d 399 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019) ...............................2, 8

**STATUTES**

15 U.S.C. § 77q(a)(2)...............................................................................................................8

15 U.S.C. § 78n(e) ...............................................................................................................1, 9

28 U.S.C. § 1292(b) .........................................................................................................2, 3, 10

**COURT RULES**

Fed. R. App. P. 5(a)(3)...............................................................................................................2

**OTHER AUTHORITIES**

16 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal
Practice and Procedure (3d ed. 2012) ..............................................................................2, 10

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –iii

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.     INTRODUCTION

In its Order of April 22, 2021 (ECF No. 57) (the "April 22 Order"), the Court adopted the Report and Recommendation issued by Magistrate Judge Creatura on January 12, 2021 (ECF No. 47) (the "R&R"), including the legal conclusion that Section 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78n(e) ("Section 14(e)"), provides a private right of action when the alleged violation of Section 14(e) is premised on negligence.  Although the Court and Magistrate Judge Creatura both recognized "some logic" in Defendants' arguments that no private right of action exists when a Section 14(e) claim is premised on negligence,[1] they concluded that they were bound to follow Plaine v. McCabe, 797 F.2d 713 (9th Cir. 1986), even though Plaine involved only allegations of fraudulent—not negligent—conduct in violation of Section 14(e).

Because the existence vel non of a private right of action for negligence-based Section 14(e) claims "involves a controlling question of law as to which there is substantial ground for difference of opinion," and because an immediate appeal from the April 22 Order "may materially advance the ultimate termination of the litigation," Defendants respectfully move that the Court amend its April 22 Order to include the certification required by 28 U.S.C. § 1292(b) so that Defendants may seek interlocutory appeal of this issue by the U.S. Court of Appeals for the Ninth Circuit.  In addition, Defendants move for a stay of these proceedings pending resolution by the Ninth Circuit of Defendants' petition for permission to appeal, as well as any resulting appeal.

## II.     STATEMENT OF FACTS

Plaintiff's Second Amended Class Action Complaint (ECF No. 36) ("Second Amended Complaint") asserts one claim against Papa Murphy's and Spangler, alleging that they violated Section 14(e) by negligently making false statements in the Schedule 14D-9 Solicitation/Recommendation Statement that Papa Murphy's issued in connection with a tender

---

[1] "Defendants" are Papa Murphy's Holdings, Inc. ("Papa Murphy's") and its Chief Executive Officer and Director, Weldon Spangler.

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL152371800.1

offer for Papa Murphy's stock.  Defendants moved to dismiss the Second Amended Complaint on several grounds, only one of which is the subject of this motion:  whether there is a private right of action for negligent (rather than fraudulent) violations of Section 14(e).  The Ninth Circuit—the only Court of Appeals to recognize negligence as a basis for claims under Section 14(e), see Varjabedian v. Emulex Corp., 888 F.3d 399, 401, 408 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1407 (2019)—has not answered this question.  Although it has held that a private right of action exists for a Section 14(e) claim that is based on allegations of fraud, Plaine, 797 F.2d at 718, the Ninth Circuit has not addressed whether a private right of action similarly exists when a plaintiff bases a Section 14(e) claim solely on allegations of negligent conduct.

Both the R&R and the April 22 Order denied Defendants' motion to dismiss, rejecting Defendants' argument (among others) that there is no private right of action for negligence-based Section 14(e) claims.  But both the Magistrate Judge and this Court acknowledged that there is "some logic in Defendants' arguments" that there is no negligence-based 14(e) private cause of action.  R&R at 19; April 22 Order at 10.

## III.   ARGUMENT

**A.     The Court should amend the April 22 Order and certify it for interlocutory appeal**

A district court may certify an order for interlocutory appeal where: (A) the order "involves a controlling question of law," (B) "as to which there is substantial ground for difference of opinion," and (C) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); 16 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3930, at 488 (3d ed. 2012) ("Wright and Miller").  A district court may certify an existing order for appeal by amending the order, "either on its own or in response to a party's motion," to "include the required permission or statement" under § 1292(b).  Fed. R. App. P. 5(a)(3).  A Section 1292(b) certification of the April 22 Order is appropriate because all three required elements for certification are satisfied.

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –2

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**1.      There is a controlling question of law**

To be eligible for interlocutory appeal, an order must involve a controlling question of law. 28 U.S.C. § 1292(b). "[A]ll that must be shown for a question of law to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981), aff'd mem., 459 U.S. 1190 (1983).   A question should be deemed "controlling," therefore, where "allowing an interlocutory appeal [on that question] would avoid protracted and expensive litigation." Id.

This first requirement is satisfied here, as the existence of a private right of action is a controlling question of law.  See Three Rivers Ctr. for Indep. Living v. Housing Auth., 382 F.3d 412, 418 (3d Cir. 2004) (interlocutory appeal based on "controlling question" of whether plaintiffs had a private right of action against defendants to enforce certain regulations of the U.S. Department of Housing and Urban Development).  If the Ninth Circuit rules that there is no private right of action for negligence-based Section 14(e) claims, then the present case will end, allowing the Court and the parties to "avoid protracted and expensive litigation."  In re Cement Antitrust Litig., 673 F.3d at 1026; APCC Servs., Inc. v. Sprint Commc'ns Co., 297 F. Supp. 2d 90, 96 (D.D.C. 2003) ("Whether the Communications Act provides a private right of action to collect dial-around compensation is a controlling and dispositive question in each of the five cases, as reversal of the Court's finding would definitively terminate these actions."), rev'd on other grounds, 418 F.3d 1238 (D.C. Cir. 2005), rev'd and remanded, 550 U.S. 901 (2007).

**2.      There is substantial ground for a difference of opinion as to whether a private right of action exists for Section 14(e) claims premised on negligence**

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.  Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –3

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Cir. 2011).

In Plaine, the Ninth Circuit permitted a shareholder to pursue a private claim for violation of Section 14(e) based on "fraudulent activity in connection with a tender offer."  797 F.2d at 718. In the R&R Magistrate Judge Creatura, deeming himself bound to follow Plaine, held that there is a private right of action for Plaintiff's claim, even though Plaintiff's claim is premised on negligence rather than "fraudulent activity."  The Court concurred with Magistrate Judge Creatura in its April 22 Order.  Yet even as they declined to "disturb" or "overrule" Plaine, the Magistrate Judge and the Court both recognized "some logic" in Defendants' argument that Plaine does not control because Plaintiff's Section 14(e) claim is premised on negligence rather than "fraudulent activity."  R&R at 18-19; April 22 Order at 9-10.  They are not the only jurists to express doubt as to whether Plaine is controlling under these circumstances and whether there is a private right of action where a Section 14(e) claim is premised on negligence.  Thus, during oral argument in the recently decided appeal in Mutza v. Emulex Corp., No. 20-55339 (argued April 7, 2021), one of the judges on the panel, Judge Hurwitz, questioned the assumption of the plaintiff's counsel that Plaine controlled this issue, suggesting that whether a private right of action exists for negligence-based Section 14(e) claims is an open question:

> JUDGE HURWITZ:  So, let me -- can I ask -- I don't want to preempt my colleagues, but let me ask you the ultimate question in this case.  Is there a private cause of action?
>
> MR. MONTEVERDE:  Yes.
>
> JUDGE HURWITZ:  Under 14(e)?
>
> MR. MONTEVERDE:  You know, and it makes sense, right?  Because 14…
>
> JUDGE HURWITZ:  I know you say yes, but tell me why.  The no . . .  but - we've never recognized one, have we?
>
> MR. MONTEVERDE:  You have.  Plaine vs. McCabe? And even Varjabedian both cases from the Ninth Circuit . . .

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –4

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

JUDGE HURWITZ:  For negligence?

MR. MONTEVERDE:  No.  Plaine vs. McCabe there was no negligence. . . . [remainder of answer omitted]

JUDGE HURWITZ:  Can I ask you the question differently?  Has any court that you know of expressly recognized a private cause of action for negligence under 14(e)?

MR. MONTEVERDE:  Well, not under 14(e) -- besides this court, you mean?  Besides Varjabedian, because in Varjabedian the court obviously recognized it implicitly…

JUDGE HURWITZ:  No, you're implying it.  You're saying we must have recognized it there.  I'm asking a very specific question.  Has any court, to your knowledge, ever expressly said there is an implied private cause of action under 14(e) for negligence?

MR. MONTEVERDE:  Both Plaine vs. McCabe and Smallwood, but not for negligence.  For negligence the - that's what Varjabedian did.  It…

JUDGE FLETCHER:  So the answer is no?

MR. MONTEVERDE:  The answer is no.  But I would argue that . . . . [remainder of answer omitted]

JUDGE HURWITZ:  Well I guess I thought that was the issue that the Court granted cert on.

MR. MONTEVERDE:  No.

JUDGE HURWITZ:  And finally decided to dismiss.  What was the issue in front of the Supreme Court in your view, then?

MR. MONTEVERDE:  The circuit split.  My case created a circuit split.  Five other circuits say 14(e) is governed by scienter, the Varjabedian decision was the first decision with -- after 50 years of jurisprudence to find that it should be negligence.

JUDGE HURWITZ:  Wasn't there an extensive discussion with Justice Kavanaugh, though, about whether there was an implied cause of action here?

Unofficial Transcript of Oral Argument, Mutza v. Emulex Corp., No. 20-55339 (9th Cir. Apr. 7,

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –5

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2021) (excerpts from Unofficial Transcript attached as Exhibit A).[2]

As Judge Hurwitz referenced in his final question in the excerpt quoted above, during oral argument before the U.S. Supreme Court on the original Emulex appeal, Chief Justice Roberts and Associate Justice Kavanaugh both asked questions to counsel reflecting that they were not convinced that there is a private right of action under Section 14(e)—regardless of whether the claim is based on negligence or fraud. In response to the plaintiff's argument that Congress unmistakably intended Section 14(e) to be privately enforceable despite the absence from the statute of language granting an express private remedy, Chief Justice Roberts interposed, noting that J.I. Case Co. v. Borak, 377 U.S. 426 (1964), which held that there is an implied private right of action under Section 14(a) of the Exchange Act (governing proxy solicitations), would not be decided the same way under current Supreme Court jurisprudence regarding the implication of private rights of action:

> CHIEF JUSTICE ROBERTS: Well, —we now know that that was not the right approach, right, in Borak?
>
> MR. GEYSER: Well, Borak was on—
>
> CHIEF JUSTICE ROBERTS: Borak would not be decided the same way today.

Transcript of Oral Argument at 40, Emulex Corp. v. Varjabedian, No. 18-459 (U.S. Apr. 15, 2019) (excerpts from Transcript attached as Exhibit B). Following additional argument by counsel, the Chief Justice elaborated:

> CHIEF JUSTICE ROBERTS: Right. But, I mean, the—the Borak basis, in other words, from today's perspective, what we did back then was a mistake. And it's one thing to say, well, it's—it's done, you know, don't necessarily overrule it just because you view it

---

[2] The unofficial transcript of the oral argument in Mutza v. Emulex was prepared by Perkins Coie personnel using the video of the argument that is available on the Ninth Circuit's website at https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000019084. The portion of the unofficial transcript quote above begins at approximately 9 minutes and 51 seconds into the argument and continues until approximately 13 minutes and 20 seconds. Despite Judge Hurwitz's focus on the private-right-of-action issue, the Ninth Circuit resolved the case on different grounds and its opinion did not address the private-right-of-action issue. Mutza v. Emulex Corp., ___ F. App'x ___, 2021 WL 1422883 (9th Cir. 2021).

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –6

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

differently now, but there's certainly—a strong argument could be made that you shouldn't repeat the mistake, you shouldn't carry it. You shouldn't expand it, even if you would have made that same decision back under the—I think as Justice Scalia called it—the ancien regime.

MR. GEYSER:  Exactly, Your Honor.  And if our position was that you should imply the exact Borak—Borak methodology because this falls in Section 14(t), then I would agree with you and we should lose.

Id. at 41.  Justice Kavanaugh picked up the theme commenced by Chief Justice Roberts:

JUSTICE KAVANAUGH: Well, we usually look—to pick up on the Chief Justice's point, we look at the text of the statute these days, and if it's not a private cause of action, we're not overruling ones that recognize private rights of action before, but we're not expanding it either.  Central Bank makes that clear and Sandoval and lots—lots of other cases.

. . .

JUSTICE KAVANAUGH: There's no—just to state the obvious, there's no private right of action in the text.

Id. at 43.  Finally, Chief Justice Roberts returned to his point that even though the Supreme Court may have found private rights of action to exist in the past, that is not a basis for it to make that mistake today:

CHIEF JUSTICE ROBERTS:  But it's not just a question of Congress's words or even Congress's intent.  It goes to the authority of the courts to engage in the sort of fundamental law-making enterprise that inferring a private cause of action involves.

In other words, the reason we do it differently is not because we have any different view on the tools of congressional intent.  It's because we have a different view on the appropriate limits on our authority.

And I don't know why if we exceeded those limits, you know, back in the—the bad old days, why—why we should feel free to exceed those limits today?

Id. at 44.

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –7

59718-0023/LEGAL152371800.1

It is not surprising that Magistrate Judge Creatura, this Court, at least one Ninth Circuit judge, and at least two Supreme Court justices have found logic in the proposition that no private right of action exists under Section 14(e)—surely not where the plaintiff's claim is premised on negligence rather than fraud.[3]  Indeed, precedent from both the Ninth Circuit and the Supreme Court supports the conclusion that there is no private right of action for negligence-based Section 14(e) claims.

     **a.**     **The Ninth Circuit looks to Section 17(a) to analyze negligence-based claims under Section 14(e) and, because there is no private right of action under Section 17(a), there is no private right to bring a negligence action under Section 14(e) either**

Section 14(e) contains two clauses, each proscribing different conduct.  Emulex, 888 F.3d at 404.  The first clause, at issue here, bases liability on the making of an untrue statement of a material fact or the omission to state a material fact, and is "largely identical" to "the plain language of Section 17(a)(2) [of the Securities Act of 1933, 15 U.S.C. § 77q(a)(2)]."  Emulex, 888 F.3d at 404-06.  In addition to "nearly identical text," Sections 14(e) and 17(a) share a purpose to "govern disclosures and statements made in connection with an offer of securities . . . ."  Id. at 406.  These similarities led the Ninth Circuit to hold that "the first clause of Section 14(e) [like Section 17(a)(2)] requires a showing of negligence, not scienter."  Id. at 408.

The Ninth Circuit's unequivocal holding in Emulex that negligence-based Section 14(e) claims are modeled on the similarly worded Section 17(a), see 888 F.3d at 404-06, supports the conclusion that, just as there is no private right of action under Section 17(a), In re Wash. Pub. Power Supply Sys. Sec. Litig., 823 F.2d 1349, 1353-58 (9th Cir. 1987), so also there is no private right of action for negligence-based Section 14(e) claims.  Negligence-based claims arising under the first clause of Section 14(e) are subject to the "precedential baggage" of Section 17(a)—including the lack of a private right of action—just as fraud claims arising under the second clause

---

[3] The Solicitor General of the United States also asserted the position of the United States Government during the Emulex oral argument that "Section 14(e) . . . does not authorize private enforcement."  Transcript of Oral Argument at 28, Emulex Corp. v. Varjabedian, No. 18-459 (U.S. Apr. 15, 2019).

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –8

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of Section 14(e) are modeled on and subject to the "precedential baggage" of SEC Rule 10b-5. Cf. Smallwood v. Pearl Brewing Co., 489 F.2d 579, 605 (5th Cir.) ("Congress adopted in [the second clause of] Section 14(e) the substantive language of the second paragraph of Rule 10b-5 and in so doing accepted the precedential baggage those words have carried over the years."), cert. denied, 419 U.S. 873 (1974).

Plaine followed the Ninth Circuit's historical practice to infer a private right of action for Section 14(e) claims based on fraud. 797 F.2d at 717-18 & 717 n.7. The court in Plaine thus emphasized that allowing a private claim under Section 14(e) in that case would further the Exchange Act's goal of protecting investors from fraudulent activity. Id. at 717-18. That goal is irrelevant where, as here, the purported violation of Section 14(e) allegedly results from negligent, not fraudulent, conduct.

> **b.** **Section 14(e) does not create a private right of action under U.S. Supreme Court precedent which requires language either granting a private right of action or creating a private remedy**

Over the past twenty years, the Supreme Court has clarified that whether the statutory text "displays an intent to create not just a private right but also a private remedy" is "determinative" as to whether a statute creates a private cause of action. Alexander v. Sandoval, 532 U.S. 275, 286 (2001); see Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002) ("For a statute to create such private rights, its text must be phrased in terms of the persons benefited." (internal quotation marks omitted)). Section 14(e) contains no right- or remedy-creating language: it is "entirely silent as to private remedies" and its legislative history "evince[s] the narrow intent to curb the unregulated activities of tender offerors." Piper v. Chris-Craft Indus., Inc., 430 U.S. 1, 25, 38 (1977).[4] Thus, "whether Congress . . . intended to create a private right of action [is] definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." Gonzaga Univ., 536 U.S. at 283-84 (internal quotation marks omitted); see also Wash. Pub. Power Supply

---

[4] Section 14(e) solely prohibits certain statements for or against a tender offer and, rather than vesting any individual with the right to seek personal relief, it places all enforcement power in the SEC. 15 U.S.C. § 78n(e).

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –9

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Sys., 823 F.2d at 1354 ("[W]hen Congress wished to provide a private damages remedy, it knew how to do it and it did so expressly.").

At the very least there is substantial ground for a difference of opinion as to whether there is a private right of action under Section 14(e) for claims premised on negligence, and therefore the second prong of the Section 1292(b) test is satisfied here.

**3.      Certifying an interlocutory appeal will materially advance the ultimate termination of the litigation**

If the Ninth Circuit concludes that there is no private right of action for negligence-based Section 14(e) claims, this litigation will be over.  But without the requested certification of the April 22 Order allowing for an immediate appeal of the threshold legal question as to whether Plaintiff has a right to prosecute this action, the case will proceed and the threshold private cause of action issue cannot be addressed at the appellate level until after trial or other final resolution in this Court.  See Wright and Miller § 3929, at 438 ("Participation of the district court in certifying permissive interlocutory appeals is the indispensable first step of a § 1292 appeal.").  Therefore, there is no doubt that an immediate appeal will advance the ultimate termination of this litigation.

**B.      A stay of proceedings in this Court is appropriate given the potential for a litigation-ending decision by the Ninth Circuit**

If this Court certifies the private-right-of-action issue for interlocutory appeal, then it should also stay proceedings in this Court pending completion of the appellate process.  An order staying proceedings is necessary because the filing of a petition for interlocutory appeal, or even the appellate court's grant of permission to appeal, does not automatically stay district court proceedings: "[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

This Court has "broad discretion" to enter a stay in light of an interlocutory appeal to "promote economy of time and effort for itself, for counsel, and for litigants." Hill v. Xerox Bus. Servs, LLC, No. C12-00717-JCC, 2014 WL 12916858, at *1 (W.D. Wash. Nov. 17, 2014)

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –10

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(quoting Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008)). "A trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

If the Court makes the Section 1292(b) certification and the Ninth Circuit determines that there is no private right of action for negligence-based Section 14(e) claims, this case will not proceed. Any discovery or other proceedings in this Court that might take place while the matter is before the Ninth Circuit would serve no purpose if the Ninth Circuit rules that Plaintiff may not pursue a private action. Thus, continuing with discovery and any other activities or proceedings in this Court while the private-right-of-action issue is awaiting resolution by the Ninth Circuit would be inefficient and would waste judicial and party resources.

## IV.   CONCLUSION

For the reasons set forth above, all the requirements necessary to certify the April 22 Order for interlocutory appeal are present. Accordingly, Defendants respectfully request that the Court amend the April 22 Order by adding the following (or equivalent) language to that order:  "The Court is of the opinion that this Order involves a controlling question of law, pertaining to whether there is a private right of action for negligence-based Section 14(e) claims, as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation."  In addition, Defendants request that all proceedings in this Court be stayed pending resolution of the appeal of the April 22 Order.

A proposed order granting this motion, to which is attached a redlined version of the April 22 Order containing the amendments that Defendants propose be made to that Order, are submitted with this motion.

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –11

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

RESPECTFULLY SUBMITTED this 6th day of May, 2021.

s/ *Ronald L. Berenstain*

Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's
Holdings, Inc., and Weldon Spangler*

DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL AND STAY
PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –12

59718-0023/LEGAL152371800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000