# Exhibit A

<u>**UNOFFICIAL TRANSCRIPT (EXCERPTS)**</u>

**Jerry Mutza v. Emulex Corporation**

**Case Number:  20-55339**

**Case Panel:**

**JUDGES W. FLETCHER, WATFORD, HURWITZ**

**Hearing Location:  Pasadena, CA**

**Hearing Date:  April 7, 2021**

**Start Time of Excerpt:  9 minutes, 51 seconds**

JUDGE HURWITZ:  So, let me -- can I ask -- I don't want to preempt my colleagues, but let me ask you the ultimate question in this case.  Is there a private cause of action?

MR. MONTEVERDE:  Yes.

JUDGE HURWITZ:  Under 14(e)?

MR. MONTEVERDE:  You know, and it makes sense, right?  Because 14…

JUDGE HURWITZ:  I know you say yes, but tell me why.  The no . . . but - we've never recognized one, have we?

MR. MONTEVERDE:  You have.  Plaine vs. McCabe? And even Varjabedian both cases from the Ninth Circuit . . .

JUDGE HURWITZ:  For negligence?

MR. MONTEVERDE:  No.  Plaine vs. McCabe there was no negligence. . . . That was just determine what cause of action.  Again, in Varjabedian this court did not create a new cause of action, it just clarified the standard of liability.  Which is common sense that with compulsory speech you hold someone to a lower level of liability than on unintentional speech.  Speech that you're not required to make.  They require…

JUDGE HURWITZ:  Can I ask you the question differently?  Has any court that you know of expressly recognized a private cause of action for negligence under 14(e)?

MR. MONTEVERDE:  Well, not under 14(e) -- besides this court, you mean?  Besides Varjabedian, because in Varjabedian the court obviously recognized it implicitly…

JUDGE HURWITZ:  No, you're implying it.  You're saying we must have recognized it there.  I'm asking a very specific question.  Has any court, to your knowledge, ever expressly said there is an implied private cause of action under 14(e) for negligence?

MR. MONTEVERDE:  Both Plaine vs. McCabe and Smallwood, but not for negligence.  For negligence the - that's what Varjabedian did.  It…

JUDGE FLETCHER:  So the answer is no?

MR. MONTEVERDE:  The answer is no.  But I would argue that, with all due respect, this court is bound by precedent.  Plaine vs. McCabe said there's a private cause of action, and en banc would be the only way to reverse that.  And Defendants asked for en banc review and it was denied that request.  I also would say in this case that Defendants themselves argued to the court two years ago they don't need 14(d)(4).  That was one of my earlier causes of action.  Which was governed by negligence because they already have a private cause of action under 14(e).  So they can benefit from having used that as a sword and now use it as a shield.  They are not happy, the Defendants, that the court found that 14(e) would be governed by negligence.  But I would submit that under Ernst vs. Ernst and SEC -- Aaron vs. SEC--I'm sorry--you can have different levels of culpability.  And that's what we have here now.  We didn't create a new cause of action, we just clarified it.  And when we were in the Supreme Court I think Justice Kavanaugh said the court won't undo years of precedent, including its own, in Schreiber.  In Schreiber the Supreme Court clarified the elements of a 14(e) claim.  Again, why would you clarify the elements of a 14(e) claim if there's no private cause of action?

JUDGE HURWITZ:  Well I guess I thought that was the issue that the Court granted cert on.

MR. MONTEVERDE:  No.

JUDGE HURWITZ:  And finally decided to dismiss.  What was the issue in front of the Supreme Court in your view, then?

MR. MONTEVERDE:  The circuit split.  My case created a circuit split.  Five other circuits say 14(e) is governed by scienter, the Varjabedian decision was the first decision with -- after 50 years of jurisprudence to find that it should be negligence.

JUDGE HURWITZ:  Wasn't there an extensive discussion with Justice Kavanaugh, though, about whether there was an implied cause of action here?

MR. MONTEVERDE:  Yes.  And that's my point that even Justice Cavanaugh I think made comments that the Supreme Court is not going undo years, decades, of precedent.  And again, if Defendants want to challenge that issue on a new case that's fine, but here they already admitted, conceded early on that we had a private cause of action under 14(e).  Now they want to…

- 3 -

- 4 -

JUDGE FLETCHER:  Let me interrupt for just a minute.  Is that a judicial estoppel argument?

MR. MONTEVERDE:  Yes.

JUDGE FLETCHER:  Meaning right or wrong they're stuck with it?

MR. MONTEVERDE:  Yes.  100%.  Judicial…

JUDGE FLETCHER:  I'm not sure I want to go to the Supreme Court on a judicial estoppel theory that they made some argument that turns out to be a kind of a weak argument because the premise is wrong and then ask the Supreme Court to affirm a decision that there's a viable cause of action for this day and train only.  That's a pretty hard case to go up on.

**End Time of Excerpt:  14 minutes, 12 seconds**

59718-0023/152419321.1