THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., JEAN M. BIRCH, WELDON SPANGLER, NOAH A. ELBOGEN, BENJAMIN HOCHBERG, YOO JIN KIM, ALEXANDER C. MATINA, DAVID MOUNTS, JOHN SHAFER, KATHERINE L. SCHERPING, ROB WEISBERG and NORTH POINT ADVISORS LLC,

Defendants.

No. 19-cv-05514-BHS-JRC

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY ORDER OF APRIL 22, 2021, FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS DURING PENDENCY OF APPEAL

The Court, having considered the motion of Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler (together, the "Defendants") to certify the Court's Order Adopting Report and Recommendation of April 22, 2021 (ECF No. 57) (the "April 22 Order") for interlocutory appeal and to stay proceedings during the pendency of the interlocutory appeal (the "Motion"), along with all briefs and other papers filed in support of and in opposition to the Motion, and being fully advised in the premises, and being of the opinion that the April 22 Order involves a controlling question of law, specifically whether there is a private right of action for negligence-based claims

ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL152419264.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

asserted under Section 14(e) of the Securities Exchange Act of 1934, as to which there is substantial ground for difference of opinion and that an immediate appeal from the April 22 Order may materially advance the ultimate termination of the litigation, and further being of the opinion that proceedings in this Court should be stayed pending resolution by the Ninth Circuit of Defendants' petition for permission to appeal under 28 U.S.C. § 1292(b) and any resulting appeal, it is hereby

ORDERED that the Motion be, and the same hereby is, GRANTED; and it is further

ORDERED that the April 22 Order be amended in the form attached hereto as Exhibit 1.

DATED this _____ day of _____, 2020.

_____
United States District Judge

Presented By:

*s/ Ronald L. Berenstain*
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

ORDER GRANTING DEFENDANTS' MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY
APPEAL AND STAY PROCEEDINGS (No. 19-cv-05514-
BHS-JRC)
59718-0023/LEGAL152419264.1

# Exhibit 1

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN,

          Plaintiff,

     v.

PAPA MURPHY'S HOLDINGS
INCORPORATED, et al.,

          Defendants.

CASE NO. C19-5514 BHS-JRC

[PROPOSED] AMENDED ORDER
ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 47, and Defendants Papa Murphy's Holdings, Inc. and Weldon Spangler's objections to the R&R, Dkt. 51.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Evan Brown, a former Papa Murphy's shareholder, initiated this putative class action in June 2019. Dkt. 1. Following the Court's adoption of Judge Creatura's Report and Recommendation dismissing Brown's complaint, *see* Dkts. 34, 35, Brown filed a second amended complaint ("SAC"), Dkt. 36. In the SAC, Brown alleges that Defendants violated Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(e), 78t(a), by allegedly making materially false and misleading statements contained in a Recommendation

ORDER –1

Statement made in connection with a tender offer to acquire shares of Papa Murphy's. Dkt. 36, ¶¶ 1–3, 40. He alleges that the Recommendation Statement was materially false and misleading as to Papa Murphy's financial projections, the value of the company's shares, and the fairness of the tender offer consideration. *Id.*, ¶ 3. Specifically, Brown asserts that Defendants engaged a financial advisor in connection with the merger and that the financial advisor "created a downwardly revised set of projections" ("Base Case Projections"), which were "unreasonably" lower than Papa Murphy's management's significantly higher projections ("Management Case Projections"). *Id.*, ¶ 4.

Defendants moved to dismiss the SAC, Dkt. 41, and on January 12, 2021, Judge Creatura issued the instant R&R, recommending that the Court deny Defendants' motion to dismiss, Dkt. 47. On January 26, 2021, Defendants objected, Dkt. 51, and on February 11, 2021, Brown responded, Dkt. 52. Defendants filed a notice of supplemental authority on April 9, 2021, notifying the Court that the Ninth Circuit held oral argument for the case *Mutza v. Emulex Corp.*, No. 20-55339. Dkt 53. Brown then filed a notice of supplemental authority on April 16, 2021 regarding *Emulex* and informing the Court that the Ninth Circuit issued a non-precedential Memorandum Opinion in the case.[1] Dkt. 56.

---

[1] The Court considers only the supplemental authority and does not rely on either party's statements regarding the import of the authority. Local Rules W.D. Wash. LCR 7(n) ("Before a court rules on a pending motion, a party may bring to the court's attention relevant authority issued after the date the party's last brief was filed by serving and filing a Notice of Supplemental Authority that attaches the supplemental authority without argument.").

ORDER –2

## II.    DISCUSSION

**A.    Standard**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Brown's claims are subject to the heightened pleading standards set forth in the Private Securities Litigation Reform Act ("PSLRA").  15 U.S.C. § 78u-4(a)–(b).  To state a claim under Section 14(e) and to satisfy the PSLRA, a plaintiff must plead with particularity (a) "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made upon information and belief, the complaint shall state with particularity all facts on which that belief is formed"; (b) "with respect to each act or omission . . . , facts giving rise to a strong inference that the defendant acted with the required state of mind"; and (c) "that the act or omission . . . caused the loss for which the plaintiff seeks to recover damages."  *Id*. at (b)(1), (b)(2)(A), (b)(4).

Defendants object to the R&R's conclusion that Brown adequately alleged a Section 14(e) claim.  They specifically object to the R&R's conclusions that (1) Papa Murphy's made material representations that were objectively and subjectively false; (2) the SAC adequately pleads negligence; (3) the SAC adequately pleads loss causation; and (4) Section 14(e) provides a private right of action for negligence-based claims.

ORDER –3

**B.      Materially False or Misleading Misrepresentation**

"A statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (internal citations omitted).  If a plaintiff alleges a material misrepresentation, as Brown does here, the plaintiff must allege both objective and subjective falsity of the misrepresentation. *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017).

Brown alleges that Defendants' Recommendation Statement made to shareholders in a tender offer to buy shares as part of Papa Murphy's merger with MTY Food Group, Inc. included materially false or misleading statements.  Dkt. 36, ¶ 41(a)–(d).  The parties agree that false or misleading nature of the challenged statements is dependent on whether the Base Case Projections were false.  *See* Dkt. 42 at 15 ("Defendants are correct that 'the alleged false or misleading nature of all four of the[] [challenged] statements is dependent on the alleged falsity of the base case projections.'"  (quoting Dkt. 41 at 15)).

The R&R concluded that Brown adequately alleged the Base Case Projection's objective and subjective falsity and their materiality.  The allegations and the inferences therefrom plausibly plead that "the Base Case Projections were unreasonably prepared in order to justify the allegedly unfair Merger Consideration" and that "[D]efendants' alleged statements in the Recommendation Statement endorsing the Base Case Projections and fairness of the Merger Consideration would be material to a reasonable investor considering the MTY merger."  Dkt. 47 at 11.

ORDER –4

Defendants object to this conclusion, arguing that there is no material difference between the falsity allegations in Brown's amended complaint, which was dismissed, and the SAC. They additionally object to the R&R in that it did not discuss or analyze the assumptions underlying the Base Case Projections. And finally, they argue that the alleged falsehood of the Base Case Projections is immaterial as a matter of law. The Court disagrees.

First, the Court will not consider Defendants' objections to the R&R that assert their own factual theory. On a motion to dismiss, the Court must accept all well-pled allegations as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008). The R&R properly did just that. Defendants will have the opportunity to contest the validity of Brown's claims at a later stage in the litigation.

Further, there are material differences between the first amended complaint and the SAC, which the R&R rightfully credits as plausible allegations evidencing the Base Case Projections' objective and subjective falsity. The SAC eliminates all Papa Murphy's directors—save for Defendant Spangler—as defendants and focuses the falsity allegations on Spangler's knowledge and actions. The Court agrees with Brown's argument that the principal basis for their allegation that the Base Case Projections were false is not just that they are lower than the Management Case Projections, "it is that the slashing of the Management Case to create the Base Case was inconsistent with various statements Spangler and Papa Murphy's made during the relevant time period indicating that the Company's prospects were strong and expected to significantly improve." Dkt. 52 at 9. These allegations summarized in the R&R, *see* Dkt. 47 at 9, and the inferences therefrom plausibly allege that the Base Case Projections were objectively and

ORDER –5

subjectively false. *See Karri v. Oclaro, Inc.*, Case No. 18-cv-03435-JD, 2020 WL 5982097, at *6 (N.D. Cal. Oct. 8, 2020) ("rosy statements" made by the defendant company's CEO about the company's prospects were "hard to square with management's contemporaneous decision to make the downward revisions" and plausibly plead objective and subjective falsity).

Defendants also argue that the alleged falsity of the Base Case Projections is not material as a matter of law. Defendants argue that the difference in revenue projected in the Management Case Projections and the Base Case Projections is only 2.6% over the full five-year period and that the difference is never greater than 4.2% in any one year. They also argue that a single factor applied to a single analysis is not material to "'the overall multifaceted financial analysis.'" Dkt. 51 at 13 (quoting *Hussey v. Ruckus Wireless, Inc.*, 263 F. Supp. 3d 781, 786 (N.D. Cal. 2017)). These arguments, however, repeat what Judge Creatura already considered in issuing the R&R. *Compare id.* at 12–13 *with* Dkt. 41 at 26–28. Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g., Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

Therefore, the Court agrees with Judge Creatura's thorough analysis that the complaint adequately alleges materially false or misleading statements. The Court thus adopts the R&R as to this issue.

**C.    Negligence**

Under Ninth Circuit precedent, the requisite state of mind for Section 14(e) violations is negligence. *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 408 (9th Cir. 2018), *cert. dismissed* 139 S. Ct 1407 (2019) (per curiam) ("[B]ecause the text of the first clause of Section 14(e) is

ORDER –6

devoid of any suggestion that scienter is required, we conclude that the first clause of Section 14(e) requires a showing of only negligence, not scienter."). The R&R concluded that the SAC adequately alleged that Defendants acted with negligence based on Defendant Spangler's alleged knowledge, inclusion, and endorsement of the allegedly false Base Case Projections and based on his endorsement of the allegedly unfair Merger Consideration. Dkt. 47 at 14. Defendants objection to this conclusion. Dkt. 51 at 13–14.

Defendants reiterate their position that the Base Case Projections were not false and assert that, because the projections were not false, no one could have acted negligently. The Court does not consider this argument because it has concluded that Brown has adequately alleged materially false or misleading statements. Defendants also attempt to create factual disputes in explaining why Spangler was not negligent; but the Court cannot resolve factual disputes at the pleading stage. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

As the R&R emphasized, a corporate officer's "deliberate decision" can demonstrate "a culpable state of mind far in excess of negligence." *Wilson v. Great American Industries, Inc.*, 855 F.2d 987, 995 (2nd Cir. 1988); *see also Brown v. Brewer*, No. CV 06N3731–GHK (SHx), 2010 WL 2472182, at *24–25 (C.D. Cal. June 17, 2010). A plaintiff is "not required to establish any evil motive or even reckless disregard of the facts." *Gerstle v. Gamble-Skogmo, Inc.*, 478 F.2d 1281, 1300–01 (2nd Cir. 1973). The Court agrees with the R&R's conclusion that Brown adequately alleged a negligent state of mind. Brown alleges that Spangler did not genuinely believe in the Base Case Projections, as he had endorsed the Management Case Projections, but

ORDER –7

still made a "deliberate decision" to disseminate the Base Case Projections in connection with the Recommendation Statement. These are sufficient allegations "giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

The Court thus adopts the R&R on this issue.

**D.      Loss Causation**

The final element of a Section 14(e) claim requires a showing that the defendant caused the loss for which plaintiff seeks to recover damages. 15 U.S.C. § 78u-4(b)(4). Brown alleges that "[t]he material misrepresentations in the Recommendation Statement misled Papa Murphy's shareholders to tender their shares into the undervalued Tender Offer. Accordingly, Papa Murphy's shareholders were misled and harmed millions of dollars in the aggregate." Dkt. 36, ¶ 58. Brown further alleges that the materially false or misleading representations "prompted Papa Murphy's shareholders to accept the unfair Merger Consideration in exchange for their shares rather than recoup a greater value through appraisal remedies available in the Merger." *Id.*, ¶ 59. The R&R concluded that these were well-pled, plausible allegations to establish loss causation. Dkt. 47 at 16.

Defendants object to the R&R, but their objections are based in factual arguments. *See* Dkt. 51 at 15. For example, Brown alleges that Papa Murphy's shares were worth up to $12.34 and that other bidders valued the shares higher than provided in the MTY tender offer. Dkt. 36, ¶¶ 54–55. Defendants provide factual context for the other bids, arguing that one higher bid in particular "effectively was no bid at all" because the company could not provide the assurances Defendants assert they required. Dkt. 51 at 15. This is necessarily a factual contention.

ORDER –8

Judge Creatura carefully and thoroughly analyzed the SAC's allegations regarding loss causation, and Defendant's objections do not alter this analysis.  The Court agrees with the R&R that the SAC plausibly alleges loss causation.  *See Azar v. Blount Int'l, Inc.*, No. 3:16-CV-483-SI, 2017 WL 1055966, at *11 (D. Or. Mar. 20, 2017) (citing *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 389 (1970) (holding that shareholders may suffer loss if "if the merger resulted in a reduction of the earnings or earnings potential of their holdings")).

The Court thus adopts the R&R as to this issue.

**E.      Private Right of Action**

Finally, Defendants object to the R&R's conclusion that Brown may maintain a private right of action for negligence-based Section 14(e) claims. Dkt. 51 at 16.  Defendants again advocate for a ruling that there is no private right of action for such Section 14(e) claims premised on negligence.  But the R&R correctly declined to disturb existing Ninth Circuit precedent. *See Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986).  Indeed, the Ninth Circuit recently declined to address this exact issue in the *Emulex* case. *See* Dkt 56.  Absent a directive from the Ninth Circuit or the Supreme Court and even if there is some logic in Defendants' arguments, the Court will not overturn precedent in holding that no private right of action for negligence-based claims exists.

The Court thus adopts the R&R on this issue.

**F.      Certification for Permission to Petition for Interlocutory Appeal and Grant of Stay of Proceedings**

The Court is of the opinion that this Order involves a controlling question of law, specifically whether there is a private right of action for negligence-based Section 14(e) claims,

ORDER –9

as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.  The Court is also of the opinion that proceedings in this Court should be stayed pending resolution by the Ninth Circuit of Defendants' petition for permission to appeal under 28 U.S.C. § 1292(b) and any resulting appeal.

### III.   ORDER

The Court having considered the R&R, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**;

(2)   Defendants' **motion** to dismiss, Dkt. 41, is **DENIED**;

(3)   This Order is certified pursuant to 28 U.S.C. § 1292(b) to allow Defendants to file a petition for interlocutory appeal in the Ninth Circuit;

(2)(4)  Proceedings in this Court are stayed pending resolution by the Ninth Circuit of Defendants' petition for permission to appeal under 28 U.S.C. § 1292(b) and any resulting appeal; and

(3)(5)  This matter is re-referred for further consideration consistent with this Order.

Dated this 22nd ____ day of April _____, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER –10