THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT

## I.    ANSWER

Defendants Papa Murphy's Holdings, Inc. (the "Company") and Weldon Spangler ("Spangler" and, together with the Company, "Defendants") answer Plaintiff's Second Amended Class Action Complaint (the "Complaint") as follows.  Except as otherwise expressly admitted, Defendants deny each and every allegation in paragraphs 1 through 76 of the Complaint including, without limitation, the headings, subheadings, charts, graphs, and all tabular illustrations contained in the Complaint.  To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, Defendants deny all allegations contained therein.  Defendants expressly reserve the right to amend or supplement this Answer.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-BHS-JRC) – 1

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

## A.    Nature of the Action

1.    In answer to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a class action, but deny that this action should be certified as a class action; admit the above-captioned lawsuit is an action by Plaintiff Evan Brown ("Plaintiff") against Defendants that asserts claims related to the tender offer by MTY Food Group, Inc. ("MTY"), through its subsidiaries, to acquire all of the issued and outstanding shares of the Company; admit that, in the Complaint, Plaintiff alleges violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e) and § 78t(a); state that whether violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e) and § 78t(a) occurred is an allegation of law to which no answer is required but, if an answer is required, Defendants deny such allegation; and deny all remaining allegations in paragraph 1.

2.    In answer to paragraph 2 of the Complaint, Defendants admit that on April 10, 2019, the Company entered into an agreement and plan of merger with MTY (the "Merger Agreement"); admit that the Company's shareholders received $6.45 in cash for each share of the Company's stock they owned (the "Merger Consideration") pursuant to the Merger Agreement; and deny all remaining allegations in paragraph 2.

3.    In answer to paragraph 3 of the Complaint, Defendants admit that on April 25, 2019, the Company filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the Securities and Exchange Commission ("SEC"); and deny all remaining allegations in paragraph 3.

4.    In answer to paragraph 4 of the Complaint, Defendants admit that, in connection with a potential strategic transaction, North Point Advisors LLC ("North Point") served as the Company's financial advisor and prepared a set of financial projections, known as the "Base Case Projections," which it used in connection with preparation of its fairness opinion; and deny all remaining allegations in paragraph 4.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 2

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

5. In answer to paragraph 5 of the Complaint, Defendants admit that North Point prepared the Base Case Projections, that North Point used the Base Case Projections in connection with its fairness opinion, and that the Base Case Projections were not disclosed to potential bidders; and deny all remaining allegations in paragraph 5.

6. In answer to paragraph 6 of the Complaint, Defendants admit that Spangler and other senior executives on the Company's management team prepared the Management Case Projections; and deny all remaining allegations in paragraph 6.

7. In answer to paragraph 7 of the Complaint, Defendants admit that North Point received the Management Case Projections from the Company, prepared the Base Case Projections, and prepared a fairness opinion that relied on both the Management Case Projections and the Base Case Projections; and deny all remaining allegations in paragraph 7.

8. In answer to paragraph 8 of the Complaint, Defendants admit that the Management Case Projections reflected Defendants' best projected estimates of the Company's future financial performance, based on various assumptions, including that management's business and operational plan would be successfully executed, as of the time they were prepared; admit that the Management Case Projections were provided to the Company's board of directors and to potential acquirers of the Company; admit that North Point prepared the Base Case Projections using different assumptions than the Company's management had used in preparing the Management Case Projections, based in part on the Company's recognition and acknowledgment that there were risks to the execution of the management case and achievement of its projected benefits, and used both the Management Case Projections and the Base Case Projections in preparing its fairness opinion; lack knowledge or information regarding any person's reliance on the Management Case Projections, and on that basis deny all allegations regarding reliance on the Management Case Projections; and deny all remaining allegations in paragraph 8.

9. In answer to paragraph 9 of the Complaint, Defendants admit that Spangler was

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-BHS-JRC) – 3

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

familiar with the Company's historical financial performance, projections of future financial performance, strengths, weaknesses, and challenges; admit that Spangler became the Company's Chief Executive Officer effective as of July 17, 2017; admit that, as of July 17, 2017, Spangler had over 30 years' experience in the restaurant industry and in managing and developing franchise businesses; admit that Spangler participated in the presentation of the Company's quarterly results to analysts and the public after he was appointed as the Company's CEO, including during earnings calls held on August 9, 2017 (for the second quarter 2017); November 8, 2017 (third quarter 2017); March 14, 2018 (fourth quarter 2017); May 9, 2018 (first quarter 2018); August 1, 2018 (second quarter 2018); November 7, 2018 (third quarter 2018); and March 14, 2019 (fourth quarter 2018); lack knowledge or information sufficient to admit or deny whether Spangler knew the Company's business and financial prospects better than anyone else, and on that basis deny this allegation; and deny all remaining allegations in paragraph 9.

10.    In answer to paragraph 10 of the Complaint, Defendants admit that Spangler was involved in preparing the Management Case Projections, that Spangler utilized his experience and expertise in connection with the preparation of the Management Case Projections, that the Management Case Projections reflected Spangler's and the Company's best estimates based on the assumptions they employed and the information available to them as of the time they prepared the Management Case Projections, and that North Point prepared the Base Case Projections; and deny all remaining allegations in paragraph 10.

11.    In answer to paragraph 11 of the Complaint, Defendants admit that certain assumptions used by North Point in preparing the Base Case Projections differed in some respects from certain of the assumptions employed by the Company in preparing the Management Case Projections months earlier, based in part on the Company's recognition and acknowledgment that there were risks to the execution of the management case and achievement of its projected benefits; admit that the Base Case Projections were discussed in the Recommendation Statement; state that whether the Base Case Projections were "materially false

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-BHS-JRC) – 4

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

and misleading to Papa Murphy's shareholders" or "present[ed] a materially misleading view of the company's financial future" are allegations of law to which no answer is required but, if an answer is required, deny such allegations; and deny all remaining allegations in paragraph 11.

12.    In answer to paragraph 12 of the Complaint, Defendants admit that Spangler received North Point's valuation analyses on April 10, 2019, prior to voting to approve the Merger and signing the Recommendation Statement; admit that Spangler was an experienced CEO of a publicly traded company, had been involved in assessing and presenting financial data and had received presentations from and held discussions with financial advisor(s); admit that Spangler believed that the Management Case Projections, based on the assumptions used and the information available to him at the time they were prepared, were reasonable projected estimates of the Company's future financial performance at the time they were prepared; admit that Spangler knew that the DCF Analysis was one of many tools available for determining the fair value of stock; state that whether the Merger Consideration was "fair" or "unfair" to the Company's stockholders is an allegation of law to which no answer is required but, if an answer is required, deny such allegation; and deny all remaining allegations in paragraph 12.

13.    In answer to paragraph 13 of the Complaint, Defendants admit that Spangler signed the Recommendation Statement on April 25, 2019, reviewed the Recommendation Statement before signing it, was aware that the Recommendation Statement included a discussion of the Base Case Projections prepared by North Point in connection with its fairness opinion, and was aware that the Base Case Projections differed in certain respects from the Management Case Projections, including the use of different assumptions; state that whether Spangler "was required to review the contents of the [Recommendation Statement before signing it] to ensure that it did not contain any materially false or misleading statements" and whether the Merger Consideration was or was not fair to the Company's shareholders from a financial point of view are allegations of law to which no answer is required but, if an answer is required, deny those allegations; lack knowledge or information sufficient to admit or deny that Spangler's

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 5

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

knowledge or insight regarding the Company's future prospects was "unique" or "the best," and on that basis deny those allegations; state, with respect to each allegation regarding statements in the Recommendation Statement that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 13.

14.     In answer to paragraph 14 of the Complaint, Defendants admit that the Tender Offer expired on May 22, 2019 and that the Company's shareholders received the Merger Consideration; state that whether the Merger Consideration was "inadequate" is an allegation of law to which no answer is required but, if an answer is required, deny such allegation; and deny all remaining allegations in paragraph 14.

15.     In answer to paragraph 15 of the Complaint, Defendants state that the allegation that Plaintiff seeks to recover damages is an allegation of Plaintiff's intent, for which no answer is required; and deny all remaining allegations in paragraph 15.

**B.      Jurisdiction and Venue**

16.     In answer to paragraph 16 of the Complaint, Defendants admit that the Court has subject matter jurisdiction over this matter.

17.     In answer to paragraph 17 of the Complaint, Defendants admit that the Court has personal jurisdiction over the Defendants.

18.     In answer to paragraph 18 of the Complaint, Defendants deny that they committed any "wrongs" but admit that venue is proper in this District.

**C.      Parties**

19.     In answer to paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to either admit or deny that Plaintiff was a shareholder of the Company at "all relevant times," and on that basis denies this allegation.

20.     In answer to paragraph 20 of the Complaint, Defendants state that whether the Company acted through Spangler and other senior executives of the Company is an allegation of law, to which no answer is required; and admit the remaining allegations in paragraph 20.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 6

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

21.    In answer to paragraph 21 of the Complaint, Defendants admit that Spangler served as a director and Chief Executive Officer of the Company and signed the Recommendation Statement; state that whether Spangler served as a director and Chief Executive Officer of the Company at the undefined "all relevant times" is an allegation of law to which no answer is required or possible, given the vagueness of the term "at all relevant times"; and deny all remaining allegations in paragraph 21.

**D.    Class Action Allegations**

22.    In answer to paragraph 22 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23; deny that this action is appropriate for class action treatment and that any member of the putative class has been damaged by Defendants; and state that the remaining allegations in paragraph 22 are definitional only, to which no answer is required.

23.    In answer to paragraph 23 of the Complaint, Defendants deny that this action is properly maintainable as a class action.  With respect to each subparagraph of paragraph 23, Defendants answer as follows:

a.    Defendants admit that, as of April 25, 2019, there were 17,029,528 shares of the Company's common stock outstanding, with shares held by hundreds or thousands of individuals and entities across the United States, and that the actual number of the Company's public stockholders is ascertainable through discovery; state that the allegations of numerosity and impracticability of joinder in the first sentence of subparagraph (a) are allegations of law, to which no answer is required; and deny all remaining allegations in subparagraph (a).

b.    Defendants admit that one or more questions of fact are common to all members of the purported class; and deny that common questions predominate over questions solely affecting individual members of the purported class.

c.    Defendants lack knowledge or information sufficient to admit or deny the

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 7

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

allegations in subparagraph (c), and on that basis deny all such allegations.

      d.     Defendants state that the allegations of typicality and lack of adverse interests are allegations of law, to which no answer is required, but to the extent these allegations may be considered allegations of fact, Defendants lack knowledge or information sufficient to admit or deny these allegations, and on that basis deny such allegations; and deny every other allegation in subparagraph (d).

      e.     Defendants lack knowledge or information sufficient to admit or deny the allegations in subparagraph (e), and on that basis deny all such allegations.

      f.     Defendants lack knowledge or information sufficient to admit or deny the allegations in subparagraph (f), and on that basis deny all such allegations.

      g.     Defendants state that the allegation of superiority is an allegation of law, to which no answer is required, but to the extent an answer may be required, Defendants deny all allegations in subparagraph (g).

## E.    Substantive Allegations

24.    In answer to paragraph 24 of the Complaint, Defendants admit the allegations in the first three sentences; and deny all remaining allegations in paragraph 24.

25.    In answer to paragraph 25 of the Complaint, Defendants admit that, on October 12, 2018, the Board retained North Point to act as its financial advisor in connection with a potential strategic action and that the parties executed an engagement letter; admit that MTY owns and has acquired franchised restaurants; state that the engagement letter between the Company and North Point speaks for itself; lack knowledge or information sufficient to admit or deny that North Point is a relatively small investment bank or that it relies on business from players in the franchised restaurant space to generate its fees, and on that basis deny these allegations; and deny all remaining allegations in paragraph 25.

26.    In answer to paragraph 26 of the Complaint, Defendants admit that MTY is a Canada-based company which franchises and operates restaurants, including many of the chains

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 8

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Phone: 206-359-8000
Fax: 206-359-9000

identified in the last sentence of paragraph 26; and lack knowledge or information sufficient to admit or deny all remaining allegations in paragraph 26, and on that basis deny those allegations.

27.    In answer to paragraph 27 of the Complaint, Defendants admit that the Merger between the Company and MTY was announced on April 11, 2019, that in 2017 the Company commenced a strategic initiative to refranchise the Company's stores, that Spangler was involved with this initiative, and that, as of the time the initiative was undertaken, Spangler anticipated that the Company would begin to realize benefits of the initiative by the end of 2020; and deny all remaining allegations in paragraph 27.

28.    In answer to paragraph 28 of the Complaint, Defendants admit that on March 14, 2019, the Company's stock price reached $6.20, that this price was 36 percent higher than the lowest price at which the Company's stock closed in January 2019 (on January 23, 2019), and that the Merger Consideration was 4 percent higher than the high trading price on March 14, 2019; state that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 28.

29.    In answer to paragraph 29 of the Complaint, Defendants admit that the Company's stock price increased during the winter of 2019; lack knowledge or information sufficient to admit or deny the allegations regarding the reasons for this temporary stock price increase; and deny all remaining allegations in paragraph 29.

30.    In answer to paragraph 30 of the Complaint, Defendants admit that the Company held a conference call on November 7, 2018; state that the transcript of the conference call speaks for itself; and deny all remaining allegations in paragraph 30.

31.    In answer to paragraph 31 of the Complaint, Defendants state that the transcript of the conference call held on November 7, 2018, speaks for itself; and deny all remaining allegations in paragraph 31.

32.    In answer to paragraph 32 of the Complaint, Defendants admit that the Company was pursuing a possible strategic transaction in January 2019 and that Spangler learned in late

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 9

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

59718-0023/LEGAL152435547.1

January or early February 2019 that the Company's preliminary operating results for the fourth quarter of 2018 exceeded his and the Company's prior expectations; state that the operating results speak for themselves; and deny all remaining allegations in paragraph 32.

33. In answer to paragraph 33 of the Complaint, Defendants admit that the Company issued a press release on February 4, 2019, and that February 4, 2019, was approximately two months before the Merger between the Company and MTY was announced; state that the February 4, 2019, press release speaks for itself; and deny all remaining allegations in paragraph 33.

34. In answer to paragraph 34 of the Complaint, Defendants admit that the Company issued a press release on March 14, 2019, and that March 14, 2019, was approximately four weeks before the Merger between the Company and MTY was announced; state that the March 14, 2019, press release speaks for itself; and deny all remaining allegations in paragraph 34.

35. In answer to paragraph 35 of the Complaint, Defendants admit that the Company held a conference call on March 14, 2019; state that the transcript of the conference call speaks for itself; and deny all remaining allegations in paragraph 35.

36. In answer to paragraph 36 of the Complaint, Defendants state that the transcript of the Company's conference call held on March 14, 2019, speaks for itself; and deny all remaining allegations in paragraph 36.

37. In answer to paragraph 37 of the Complaint, Defendants admit that, on March 19, 2019, the Board approved an Exclusivity Agreement with MTY; state that the Exclusivity Agreement speaks for itself; and deny all remaining allegations in paragraph 37.

38. In answer to paragraph 38 of the Complaint, Defendants admit that the Company did not issue any press releases between March 14, 2019, and April 10, 2019; admit that Spangler and the Company's management team were aware of and knowledgeable about the Company's past challenges, strategic initiatives, and the potential benefits of those initiatives,

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 10

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

and had considered the Company's strengths, weaknesses, and challenges when they prepared the Management Case Projections; lack knowledge or information sufficient to admit or deny the allegations that Spangler and the management team were "most knowledgeable" about the Company's past challenges, strategic initiatives, and the potential benefits of those initiatives, and "knew the Company's business better than anyone else," and on that basis denies such allegations; and deny all remaining allegations in paragraph 38.

39.     In answer to paragraph 39 of the Complaint, Defendants admit that North Point in part utilized the Base Case Projections in connection with its fairness opinion and that the Recommendation Statement included discussion of the Base Case Projections; state that the Recommendation Statement and public announcements issued by the Company during the preceding six months speak for themselves; and deny all remaining allegations in paragraph 39.

40.     In answer to paragraph 40 of the Complaint, Defendants admit that the Company filed the Recommendation Statement with the SEC on April 25, 2019; state that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 40.

41.     In answer to paragraph 41 of the Complaint, Defendants state that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 41.

42.     In answer to paragraph 42 of the Complaint, Defendants admit that Spangler and other executives on the Company's management team prepared the Management Case Projections based on disclosed assumptions and information known at the time of their preparation; admit that Spangler and the management team recognized and acknowledged that there were risks to the execution of the management case and achievement of its projected benefits; and deny all remaining allegations in paragraph 42.

43.     In answer to paragraph 43 of the Complaint, Defendants admit that, in connection with the Company's exploration of strategic alternatives, Spangler and the Company's management provided the Management Case Projections to prospective acquirers and North Point; admit that they informed North Point that management was not aware of any information

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 11

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

59718-0023/LEGAL152435547.1

or facts that would make any information provided to North Point materially incomplete or misleading; and deny all remaining allegations in paragraph 43.

44.    In answer to paragraph 44 of the Complaint, Defendants admit that North Point created the Base Case Projections, which utilized different assumptions than had been used in the Management Case Projections and therefore differed in certain respects from the Management Case Projections; state that the Company's public statements during the months preceding the announcement of the Merger speak for themselves; and deny all remaining allegations in paragraph 44.

45.    In answer to paragraph 45 of the Complaint, Defendants state that differences between the Base Case Projections and the Management Case Projections are identified in the Recommendation Statement, and that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 45.

46.    In answer to paragraph 46 of the Complaint, Defendants admit that the Recommendation Statement contains a summary of North Point's Discounted Cash Flow Analysis; state that the Recommendation Statement speaks for itself; lack knowledge or information sufficient to admit or deny the allegations regarding Mr. Davidoff and his article, and on that basis deny such allegations; state that the Davidoff article speaks for itself; and deny all remaining allegations in paragraph 46.

47.    In answer to paragraph 47 of the Complaint, Defendants admit that Spangler had experience as a corporate executive, including as CEO of the Company, and had presented information concerning the Company's financial performance during his time as the Company's CEO; admit that Spangler and the Company's board of directors received North Point's DCF analysis along with other financial analyses that North Point performed in connection with its fairness opinion; admit that Spangler (along with other members of the Company's board of directors) approved the Recommendation Statement; lack knowledge or information sufficient to admit or deny the vague and ambiguous allegation that Spangler was "well-versed in matters of

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 12

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

corporate finance," and on that basis deny such allegation; and deny all remaining allegations in paragraph 47.

48.    In answer to paragraph 48 of the Complaint, Defendants admit that the Base Case Projections are disclosed in the Recommendation Statement and that the Company did not provide the Base Case Projections to prospective bidders; state that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 48.

49.    In answer to paragraph 49 of the Complaint, Defendants admit that the Recommendation Statement contains a summary of North Point's Discounted Cash Flow Analysis; state that the Recommendation Statement speaks for itself; and deny all remaining allegations in paragraph 49.

50.    In answer to paragraph 50 of the Complaint, Defendants admit that Spangler and the Company's management prepared the Management Case Projections and that the Management Case Projections were their best projected estimate of the Company's future financial performance as of the time they were created, based on their underlying assumptions and the information that was available to them at the time; admit that the Recommendation Statement lists the factors and reasons, including the fairness opinion prepared by North Point, that underlay the recommendation of the Company's board of directors that the Company's shareholders tender their shares in the Tender Offer; state that the Recommendation Statement speaks for itself; lack knowledge or information sufficient to admit or deny the allegation that Spangler possessed "unique, unparalleled expertise regarding the Company's future prospects and challenges," and on that basis denies such allegation; and deny all remaining allegations in paragraph 50.

51.    Defendants deny each and every allegation in paragraph 51 of the Complaint.

52.    In answer to paragraph 52 of the Complaint, Defendants state that the allegations in the first two sentences are allegations of law to which no answer is required but, if an answer is required, Defendants deny these allegations; and deny all remaining allegations in

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 13

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

paragraph 52.

53.    In answer to paragraph 53 of the Complaint, Defendants admit that Spangler was the CEO of the Company, was involved in the preparation of the Management Case Projections, reviewed the financial analyses and fairness opinion with North Point, and signed the Recommendation Statement; state that the remaining allegations are allegations of law to which no answer is required but, if an answer is required, deny all such allegations; and deny all remaining allegations in paragraph 53.

54.    In answer to paragraph 54 of the Complaint, Defendants admit that North Point's DCF analysis showed a maximum value for each share of the Company's stock of $12.34; and deny all remaining allegations in paragraph 54.

55.    In answer to paragraph 55 of the Complaint, Defendants admit that the Merger Consideration was $6.45 per share and that Defendants rejected a competing bid of $6.64 that the competing bidder had not demonstrated the financial ability to pay; and deny all remaining allegations in paragraph 55.

56.    In answer to paragraph 56 of the Complaint, Defendants admit that the Company's executive officers and directors had some interests related to the Merger—which were disclosed in the Recommendation Statement—that were different from, or in addition to, those of the Company's other stockholders, including golden parachutes, retention agreements with MTY, and vesting of stock options; and deny all remaining allegations in paragraph 56.

57.    In answer to paragraph 57 of the Complaint, Defendants admit that Spangler was eligible to receive payment pursuant to a golden parachute plan, the terms of which speak for themselves, that MTY Group announced that it would allow the Company's management team to continue to operate the brand independently, and that Spangler served as CEO of Snap Fitness/Lift Brands following his departure from the Company; and deny all remaining allegations in paragraph 57.

58.    Defendants deny each and every allegation in paragraph 58 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 14

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

59718-0023/LEGAL152435547.1

59.     Defendants deny each and every allegation in paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation in paragraph 60 of the Complaint.

**F.      Count I (against the Company and Spangler for alleged violations of Section 14(e) of the Exchange Act)**

61.     In answer to paragraph 61 of the Complaint, Defendants restate and incorporate by reference their answers to paragraphs 1 through 60 of the Complaint, as if fully set forth herein.

62.     In answer to paragraph 62 of the Complaint, Defendants admit that the Company issued the Recommendation Statement in part to solicit shareholders' support for the Merger; and deny all remaining allegations in paragraph 62.

63.     In answer to paragraph 63 of the Complaint, Defendants state that the sole allegation is an allegation of law to which no answer is required, but if an answer is required, Defendants state that Section 14(e) speaks for itself.

64.     Defendants deny each and every allegation in paragraph 64.

65.     In answer to paragraph 65 of the Complaint, Defendants state that the allegation regarding Spangler's duty to review the Recommendation Statement is an allegation of law to which no answer is required; and deny all remaining allegations in paragraph 65.

66.     In answer to paragraph 66 of the Complaint, Defendants admit that Spangler was the CEO and a director of the Company; state that the allegation regarding negligence and its imputation to the Company is an allegation of law to which no answer is required but, if an answer is required, deny that allegation, and deny all remaining allegations in paragraph 66.

67.     Defendants deny each and every allegation in paragraph 67 of the Complaint.

68.     In answer to paragraph 68 of the Complaint, Defendants admit that the Company and Spangler had access to information concerning the process by which the Company was to be sold and to projections for the Company's future financial performance; and deny all remaining allegations in paragraph 68.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 15

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

69. Defendants deny each and every allegation in paragraph 69 of the Complaint.

70. Defendants deny each and every allegation in paragraph 70 of the Complaint.

**G.    Count II (against Spangler for alleged violations of Section 20(a) of the Exchange Act)**

71. In answer to paragraph 71 of the Complaint, Defendants restate and incorporate by reference their answers to paragraphs 1 through 70 of the Complaint, as if fully set forth herein.

72. In answer to paragraph 72 of the Complaint, Defendants admit that Spangler held the position of CEO and director of the Company; and deny all remaining allegations in paragraph 72.

73. In answer to paragraph 73 of the Complaint, Defendants admit that Spangler signed the Recommendation Statement and had access to the Recommendation Statement; state that the allegations regarding Spangler's "ability to prevent the issuance of the statements or cause them to be corrected" is an allegation of law, to which no answer is required but, if an answer is required, Defendants deny that allegations; and deny all remaining allegations in paragraph 73.

74. In answer to paragraph 74 of the Complaint, Defendants admit that Spangler was involved in the day-to-day operations of the Company, signed the Recommendation Statement, and was involved in preparation of the Recommendation Statement; state that the allegation regarding the presumption that Spangler "had the power to control and influence the particular transactions giving rise to the [alleged] violations" is an allegation of law to which no answer is required but, if an answer is required, deny this allegation; and deny all remaining allegations in paragraph 74.

75. Defendants deny each and every allegation in paragraph 75 of the Complaint.

76. Defendants deny each and every allegation in paragraph 76 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-BHS-JRC) – 16

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Phone: 206-359-8000
Fax: 206-359-9000

## II.   AFFIRMATIVE DEFENSES

Defendants further respond to the Complaint by alleging the following affirmative defenses.   In setting forth the following affirmative and other defenses to Plaintiff's claims, Defendants do not assume any burden of proof not otherwise imposed upon them by law.

1.   Plaintiff fails to state a claim upon which relief can be granted for the reasons set forth in Defendants' motion to dismiss filed on August 24, 2020 (ECF No. 41), Defendants' reply brief in support of motion to dismiss filed on November 2, 2020 (ECF No. 44), and Defendants' objections to Report and Recommendation filed on January 26, 2021 (ECF No. 51).

2.   Plaintiff fails to state a claim because there is no private right of action for claims asserted under Section 14(e) that are premised on negligent conduct.

3.   Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or members of the putative class lack standing.

4.   Plaintiff's claims are barred, in whole or in part, because Defendants did not make any misrepresentation or omission of material fact and are not responsible in law or in fact for any alleged misrepresentation or omission of material fact made by others.

5.   Plaintiff's claims are barred, in whole or in part, because Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of the alleged false or misleading statements or omissions of material fact asserted in the Complaint.

6.   Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations or omissions neither caused, nor were a material causal factor in, Plaintiff's investment decisions or any alleged losses. Plaintiff's damages, if any, resulted from the acts or omissions of Plaintiff or others and not from any acts or omissions by Defendants.

7.   Plaintiff's claims are barred, in whole or in part, because of the absence of loss causation.

8.   Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable injury attributable, in whole or in part, to any acts, misrepresentations, or

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 17

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

59718-0023/LEGAL152435547.1

omissions by Defendants.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use reasonable care to prevent, mitigate, or minimize any alleged damages.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

11.     Plaintiff's claims are barred, in whole or in part, because Defendants were entitled to, and did reasonably, justifiably and in good faith rely upon the work and conclusions of others, including experts, in executing or authorizing the execution and/or publications of any document or public filing containing the statements complained of in the Complaint, including but not limited to the Recommendation Statement.

12.     Defendants acted at all times and in all respects in good faith and with due care and did not directly or indirectly induce the acts constituting the violation or cause of action alleged by Plaintiff.

13.     Defendants are not liable as control persons for any claims under the Securities Exchange Act.

14.     This action is barred, in whole or in part, because any facts allegedly omitted or withheld were already known to the market.

15.     This action is barred, in whole or in part, because any recovery by Plaintiff or members of the putative class would constitute unjust enrichment.

16.     The facts the Complaint alleges were misrepresented or omitted were forward-looking statements that are rendered nonactionable under the "bespeaks caution" doctrine.

17.     Plaintiff and members of the putative class are not entitled to any recovery from the Defendants because Plaintiff and the putative class purchased the Company's securities with actual or constructive knowledge of the risks involved in an investment in the Company's securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 18

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

18.    This action may not be maintained as a class action because the putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure for one or more of the following reasons:

- The numerosity requirement of Rule 23 is not met.

- The commonality requirement of Rule 23 is not met.

- The typicality requirement of Rule 23 is not met.

- The adequacy of representation requirement of Rule 23 is not met.

- Individual issues predominate over common issues.

19.    The Defendants reserve the right to assert other defenses, cross-claims, or third-party claims if and when they become appropriate.

### III.    PRAYER FOR RELIEF

WHEREFORE, Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler request the following relief:

A.    Declining to certify this action as a class action;

B.    Dismissal of Plaintiff's claims with prejudice;

C.    Awarding Defendants their costs, including reasonable attorneys' fees; and

D.    Awarding to Defendants such other relief as this Court may deem just and proper.

DATED this 6th day of May, 2021.

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 19

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

s/ Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED CLASS ACTION COMPLAINT (No. 3:19-CV-05514-
BHS-JRC) – 20

59718-0023/LEGAL152435547.1

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA  98101
Phone:  206-359-8000
Fax:  206-359-9000

**Perkins Coie LLP**
1201 Third Avenue, 49th Floor
Seattle, WA 98101
Phone: 206-359-8000
Fax: 206-359-9000

59718-0023/LEGAL152435547.1