THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,<br><br>Defendants. | CASE NO. 19-cv-5514 BHS-JRC<br><br>LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY ORDER OF APRIL 22, 2021, FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS DURING PENDENCY OF APPEAL<br><br>NOTE ON MOTION CALENDAR:<br>Friday, May 21, 2021 |

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  LEGAL STANDARD........................................................................................................ 2

III. ARGUMENT ................................................................................................................... 3

  A.   The Court Should Not Certify the April 22 Order for Interlocutory Appeal .................. 3

    1.   There is no controlling question of law, and an immediate appeal would not materially advance the ultimate termination of the litigation. ..................................... 3

    2.   There is not a substantial ground for a difference of opinion. .................................... 5

  B.   A Stay of Proceedings in This Court is Unwarranted Even if the Court Certifies the April 22 Order for Interlocutory Appeal ...................................................................... 9

IV.  CONCLUSION................................................................................................................ 10

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

i

# TABLE OF AUTHORITIES

**CASES**                                                                                                  **PAGE(S)**

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
   757 F. Supp. 2d 260 (S.D.N.Y. 2010) .................................................................................. 4

*Brown v. Papa Murphy's Holdings*,
   No. 3:19-cv-05514-BHS-JRC,
   2021 U.S. Dist. LEXIS 12250 (W.D. Wash. Jan. 12, 2021) (Report & Recommendation) .... 5

*Brown v. Papa Murphy's Holdings*,
   No. C19-5514 BHS-JRC, 2021 U.S. Dist. LEXIS 77849 (W.D. Wash. Apr. 22, 2021) .. 1, 4, 5

*CDK Glob. L.L.C. v. Brnovich*,
   No. CV-19-04849-PHX-GMS, 2020 U.S. Dist. LEXIS 163730 (D. Ariz. Sept. 8, 2020) ....... 9

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ......................................................................................... 2, 3

*Coopers & Lybrand v. Livesay*,
   437 U.S. 463 (1978) ............................................................................................................. 2

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ......................................................................................... 2, 7, 8

*In re Credit Suisse First Bos. Corp. Analyst Reports Sec. Litig.*,
   431 F.3d 36 (1st Cir. 2005) .................................................................................................. 4

*Emulex Corp. v. Varjabedian*,
   139 S. Ct. 1407 (2019) .......................................................................................................... 1

*Ernst & Ernst v. Hochfelder*,
   425 U.S. 185 (1976) .............................................................................................................. 6

*Gebhart v. SEC*,
   595 F.3d 1034 (9th Cir. 2010) .............................................................................................. 4

*Glatt v. Fox Searchlight Pictures Inc.*,
   No. 11 Civ. 6784 (WHP), 2013 U.S. Dist. LEXIS 139594 (S.D.N.Y. Sept. 17, 2013) ..... 9, 10

*In re Google Referrer Header Priv. Litig.*,
   No. 10-cv-04809-EJD, 2020 U.S. Dist. LEXIS 169783 (N.D. Cal. Sept. 16, 2020) ............... 3

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .............................................................................................................. 9

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

ii

*James v. Price Stern Sloan*,
283 F.3d 1064 (9th Cir. 2002) ................................................................ 2

*McOmie-Gray v. Bank of Am. Home Loans*,
667 F.3d 1325 (9th Cir. 2012) ................................................................ 7

*Mutza v. Emulex Corp.*,
No. 20-55339, 2021 U.S. App. LEXIS 10763 (9th Cir. Apr. 15, 2021) ................................... 2

*Phillips v. Rietema*,
No. C16-5000BHS, 2016 U.S. Dist. LEXIS 94153 (W.D. Wash. July 19, 2016) .................. 2

*Plaine v. McCabe*,
797 F.2d 713 (9th Cir. 1986) ................................................................ 3

*Schreiber v. Burlington N., Inc.*,
472 U.S. 1 (1985) ................................................................ 7

*Smallwood v. Pearl Brewing Co.*,
489 F.2d 579 (5th Cir. 1974) ................................................................ 4, 7

*SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*,
No. CV-15-00374-PHX-DLR, 2015 U.S. Dist. LEXIS 170109 (D. Ariz. Dec. 21, 2015) ...... 9

*Solis v. Wash., Dep't of Soc. & Health Servs.*,
No. C08-5479BHS, 2010 U.S. Dist. LEXIS 37923 (W.D. Wash. Mar. 23, 2010) .................. 8

*United States v. Hoyte*,
No. C10-2044 BHS, 2012 U.S. Dist. LEXIS 72654 (W.D. Wash. May 24, 2012) .................. 3

*Varjabedian v. Emulex Corp.*,
888 F.3d 399 (9th Cir. 2018) ................................................................ 1, 6

*Varjabedian v. Emulex Corp.*,
No. SACV 15-00554-CJC(JCGx),
2020 U.S. Dist. LEXIS 40037 (C.D. Cal. Feb. 25, 2020) ........................................... *passim*

*W. Protectors Ins. Co. v. Shaffer*,
No. C08-5316BHS, 2009 U.S. Dist. LEXIS 18223 (W.D. Wash. Feb. 23, 2009) ........... 2, 5, 8

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
823 F.2d 1349 (9th Cir. 1987) ................................................................ 6

*White v. Nix*,
43 F.3d 374 (8th Cir. 1994) ................................................................ 8

*Wilson v. Great Am. Indus.*,
855 F.2d 987 (2d Cir. 1988) ................................................................ 5

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iii

*Zucco Partners, L.L.C. v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ........................................................................ 5

**RULES & STATUTES**

Fed. R. Civ. P. 1 ......................................................................................... 1

28 U.S.C. § 1292(b) ...................................................................................... 2

**OTHER AUTHORITIES**

*Emulex Corp. v. Varjabedian*, No. 18-459, Supreme Court Argument Transcript
(April 15, 2019) ...............................................................................1, 7, 8

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iv

## I.    INTRODUCTION

Defendants' fourth attempt at their private right of action argument is just as unpersuasive this go-around as it was on its previous three trips. Federal Rule of Civil Procedure 1 calls for the just and speedy resolution of cases. Granting Defendants permission to make their Hail Mary argument to the Ninth Circuit—*just weeks after the Ninth Circuit* "declined to address this exact issue in the *Emulex* case[,]" *Brown v. Papa Murphy's Holdings*, No. C19-5514 BHS-JRC, 2021 U.S. Dist. LEXIS 77849, at *12 (W.D. Wash. Apr. 22, 2021) (Dkt. 57 at 10), and after it "foreclose[d] the issue" three years ago, *Varjabedian v. Emulex Corp.*, No. SACV 15-00554-CJC(JCGx), 2020 U.S. Dist. LEXIS 40037, at *16 (C.D. Cal. Feb. 25, 2020)—would have the opposite effect. The parties would have to brief the issue yet again and wait for the Ninth Circuit's ruling, which will almost certainly be a denial.

Indeed, if the Ninth Circuit or Supreme Court wanted to weigh in on this issue, they would have done so in *Emulex*. They declined. Instead, the Ninth Circuit first held "that the first clause of Section 14(e) requires a showing of only negligence, not scienter" and instructed the district court to apply a negligence standard on remand *in a private action*. *Varjabedian v. Emulex Corp.*, 888 F.3d 399, 408 (9th Cir. 2018). It then denied the defendants' petition for rehearing *en banc*,[1] and the Supreme Court dismissed the *writ of certiorari* as improvidently granted[2] after several Justices noted the absurdity of holding § 14(e) is not privately enforceable in light of the private right of action for negligence-based § 14(a) claims.[3] Thereafter, the Ninth Circuit denied *en banc* consideration once again,[4] and ultimately resolved the appeal on the basis that the challenged recommendation statement was not misleading without even flagging the private right of action

---

[1]  *Varjabedian v. Emulex Corp.*, 9th Cir. Case No. 16-55088, Dkt. 75 (Sept. 6, 2018).
[2]  *Emulex Corp. v. Varjabedian*, 139 S. Ct. 1407 (2019).
[3]  *See, e.g., Emulex Corp. v. Varjabedian*, No. 18-459, Supreme Court Argument Transcript, 14 (April 15, 2019) (attached hereto as Exhibit A, hereinafter "*Emulex* Supreme Court Transcript") ("it seems that there are at least two features of the legal context. One is the one that Justice Ginsburg said, which is this was meant to create a gap as to treating tender offers the same way as using proxy statements with respect to mergers, and Congress gave no indication that it wanted to treat those differently. Quite the opposite, that it was gap-filling and a way to unify the field.") (statement of Justice Kagan).
[4]  *Mutza v. Emulex Corp.*, 9th Cir. Case No. 20-55339, Dkt. 35 (Nov. 23, 2020).

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

issue,[5] despite the defendants' insistence that there was "no reason" for the Court to opine on whether the allegations stated a claim without first reaching the purported "threshold question."[6]

It is time for Defendants to put their "thread the needle" argument to rest, *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *15, and for this case to proceed to discovery.

## II.   LEGAL STANDARD

"Interlocutory appeal under Section 1292(b) is for 'rare circumstances.'" *W. Protectors Ins. Co. v. Shaffer*, No. C08-5316BHS, 2009 U.S. Dist. LEXIS 18223, at *11 (W.D. Wash. Feb. 23, 2009) (quoting *James v. Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). "A movant seeking an interlocutory appeal has a *heavy burden* to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Phillips v. Rietema*, No. C16-5000BHS, 2016 U.S. Dist. LEXIS 94153, at *1-2 (W.D. Wash. July 19, 2016) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).[7]

"Section 1292 identifies three factors that must be present for the district court to certify an order for appeal: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." *Shaffer*, 2009 U.S. Dist. LEXIS 18223, at *10 (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

As set forth below, Defendants have not carried their heavy burden of establishing certification is warranted here.

[5]   *Mutza v. Emulex Corp.*, No. 20-55339, 2021 U.S. App. LEXIS 10763 (9th Cir. Apr. 15, 2021).
[6]   *Mutza v. Emulex Corp.*, No. 20-55339, Oral Argument Recording (April 7, 2021), at 18:45-19:00, available at https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000019084.
[7]   All internal citations and quotation marks have been omitted, and all emphasis has been added.

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

### III.   ARGUMENT

**A.   The Court Should Not Certify the April 22 Order for Interlocutory Appeal**

> **1.   There is no controlling question of law, and an immediate appeal would not materially advance the ultimate termination of the litigation.**

With respect to the first requirement, to establish that a question of law is "controlling" the party seeking to appeal must show that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. As Defendants note, a question of law should be deemed controlling "where 'allowing an interlocutory appeal [on that question] would *avoid* protracted and expensive litigation.'" Defendants' Motion ("Def. Mtn.") (Dkt. 58) at 3 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026). Similarly, as to the third requirement, if resolution of the appeal in the movant's favor would simply lead to a remand and more work for the district court, an immediate appeal would not materially advance the ultimate termination of the litigation. *See In re Google Referrer Header Privacy Litig.*, No. 10-cv-04809-EJD, 2020 U.S. Dist. LEXIS 169783, at *10-12 (N.D. Cal. Sept. 16, 2020) (finding that immediate appellate review would not materially advance the ultimate termination of the litigation because the plaintiff could amend their complaint which would lead to another round of motions to dismiss); *see also United States v. Hoyte*, No. C10-2044 BHS, 2012 U.S. Dist. LEXIS 72654, at *6 (W.D. Wash. May 24, 2012).

Contrary to Defendants' bald assertion, "[i]f the Ninth Circuit rules that there is no private right of action for negligence-based Section 14(e) claims, then the present case" will *not* end. Def. Mtn. 3; *see also id.* at 10, 11. Defendants do not contend—and it is beyond reasonable dispute—that Section 14(e) is privately enforceable if the claim satisfies a scienter standard. *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986); *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *14 ("In *Plaine v. McCabe*, the Ninth Circuit held—in no uncertain terms—that the first clause of Section 14(e) creates an implied private right of action for shareholders of a target

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

company.");[8] *see also Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 596 n.20 (5th Cir. 1974) (collecting "the overwhelming weight of authority" so holding).

And this Court has already found that Plaintiff sufficiently pled subjective falsity and that Spangler knowingly disseminated the false and misleading Base Case Projections, *Brown*, 2021 U.S. Dist. LEXIS 77849, at *5-10, which is essentially identical to scienter. *See Gebhart v. SEC*, 595 F.3d 1034, 1041-42 (9th Cir. 2010) ("Scienter may be established, therefore, by showing that the defendants knew their statements were false…Scienter, however, is a subjective inquiry. It turns on the defendant's actual state of mind…the ultimate question is whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity."); *In re Credit Suisse First Bos. Corp. Analyst Reports Sec. Litig.*, 431 F.3d 36, 48 (1st Cir. 2005) ("In cases premised on misstatements of opinion, however, the falsity element, at a minimum, entails an inquiry into whether the statement was subjectively false…Accordingly, the subjective aspect of the falsity requirement and the scienter requirement essentially merge; the scienter analysis is subsumed by the analysis of subjective falsity. We think it follows that if a plaintiff adequately pleads that a statement of opinion was subjectively false when made, the complaint will, *ex proprio vigure*, satisfy the pleading requirements of the PSLRA relative to scienter."); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 311 (S.D.N.Y. 2010) ("in false statement of opinion cases . . . the falsity and scienter requirements are essentially identical. This is because the subjective falsity requirement necessarily requires an inquiry into the defendant's state of mind."). This Court recognized the similarity between subjective falsity and scienter when it explained that "[a] 'deliberate decision' to disclose and endorse false and/or misleading information 'demonstrates a *culpable state of mind far in excess of negligence.*'" *Brown v. Papa Murphy's Holdings*, No. 3:19-cv-05514-BHS-JRC, 2021 U.S. Dist. LEXIS 12250,

---

[8] Nothing in *Plaine* can be construed as limiting the private enforcement of Section 14(e) to non-negligent violations. The Ninth Circuit "recognized an implied private right of action under the first clause of Section 14(e) without reference to the relevant *mens rea* standard." *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *15. "Contrary to [Defendants'] characterization, nothing in *Plaine* limited that right to 'knowing' violations." *Id*.

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

at *20 (W.D. Wash. Jan. 12, 2021) (Report & Recommendation) (quoting *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988)); *Brown*, 2021 U.S. Dist. LEXIS 77849, at *9 (same). And Magistrate Judge Creatura found that the Complaint satisfied the "heightened" scienter state of mind pleading requirements set forth in *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009). *Brown*, 2021 U.S. Dist. LEXIS 12250, at *18-19.

Simply put, there is no reasonable dispute that Section 14(e) is privately enforceable if the complaint satisfies a scienter standard, and the Complaint here did so by sufficiently pleading subjective falsity and Spangler's "knowledge, inclusion, and endorsement of the allegedly false Base Case Projections" and "his endorsement of the allegedly unfair Merger Consideration." *Brown*, 2021 U.S. Dist. LEXIS 77849, at *8-9.[9] Thus, even if the Ninth Circuit were to hold that there is no "private right of action for negligence-based Section 14(e) claims[,]" Def. Mtn. 1, that would not materially affect the outcome of—nor materially advance the ultimate termination of—the litigation. Interlocutory appeal is therefore unwarranted.

### 2.    There is not a substantial ground for a difference of opinion.

Analyzing this factor requires a discussion of what the pertinent "question of law" is. *Shaffer*, 2009 U.S. Dist. LEXIS 18223, at *10. The properly framed question of law is whether Section 14(e) is privately enforceable, and, as noted above, there is no substantial ground for a difference of opinion on that question. Defendants seek to avoid the mountain of precedent holding Section 14(e) is privately enforceable by "attempt[ing] to thread the needle", *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *15, and framing the pertinent question as whether there is a "private right of action for negligence-based Section 14(e) claims." Def. Mtn. 2. But framing the question that way is premised on the erroneous proposition that a statute's private enforceability

---

[9] Even if the Court perceives a difference between subjective falsity and scienter, Plaintiff would be entitled to leave to amend to bridge whatever minor gap that may exist between the two concepts, which leads to the same conclusion: interlocutory appeal is unwarranted. *See In re Google Referrer Header Privacy Litig.*, 2020 U.S. Dist. LEXIS 169783, at *11 (denying motion where "leave to amend would likely be granted in the event of a reversal by the Ninth Circuit" and thus "interlocutory appellate review . . . would, at best, generate another round of amendments to the complaint most likely followed by another round of motions to dismiss." (collecting cases similarly holding).

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

depends on whether the defendant violated the statute negligently or with scienter. That is not the correct analytical approach. Indeed, Plaintiff is not aware of—and Defendants have not cited—a single case holding the same statute is privately enforceable if the defendant violated it with scienter, but is not privately enforceable if the defendant's violation was negligent.[10]

A statute is either privately enforceable or not, and scienter is either a "necessary *element*" of a statutory claim or not. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197 (1976). The Ninth Circuit answered the threshold question—whether § 14(e) is privately enforceable—in *Plaine*. There, "it held—in no uncertain terms—that the first clause of Section 14(e) creates an implied private right of action for shareholders of a target company." *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *14. Then, in *Emulex*, the Ninth Circuit answered the second question: must a private plaintiff allege scienter to state a claim under Section 14(e), or can claims be grounded in negligence? The Ninth Circuit held that negligence is sufficient. *Emulex*, 888 F.3d at 401, 408. And because there is no substantial ground for a difference of opinion regarding the correctly framed threshold question of law—whether Section 14(e) is privately enforceable—this factor is not satisfied.

Defendants curiously contend that *Emulex* supports the proposition that negligence-based Section 14(e) claims are not privately enforceable because the Ninth Circuit noted similarities in the text and subject matter of Section 14(e) and Section 17(a) of the Securities Act of 1933. Def. Mtn. 8-9; *Emulex*, 888 F.3d at 406. Defendants' suggestion that *Emulex* supports rather than cuts against their argument ignores the obvious—the Ninth Circuit "interpreted Section 14(e) in an appeal *brought by a private plaintiff*" and it "would not have instructed the [District] Court to apply its newly articulated negligence standard [on remand] unless it found it applicable to private actions." *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *16-17. In other words, the "court of appeals of [this] circuit **has** [] **spoken on the point**[,]" *Couch* 611 F.3d at 633, and the Ninth Circuit's

---

[10]   In *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349 (9th Cir. 1987), the Ninth Circuit sitting *en banc* held that the entirety of Section 17(a) of the Securities Act of 1933 (*i.e.*, all three subsections) was not privately enforceable.

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

decision in *Emulex* "foreclose[s] the issue." *Emulex*, 2020 U.S. Dist. LEXIS, at *16. Indeed, given the Ninth Circuit's broad approach to which portions of its opinions constitute binding authority, Defendants would need to convince the Ninth Circuit to grant an *en banc* hearing to prevail on their argument, as a three judge-panel could not disregard the portions of *Emulex* that indicate § 14(e) is privately enforceable in negligence cases. *See, e.g.*, *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012) (explaining three-judge panels are bound by a prior panel's logically necessary holdings, reasoned dicta, and rulings where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, regardless of whether doing so is necessary in some strict logical sense). The Ninth Circuit denied *en banc* consideration in *Emulex* twice, *supra* footnotes 1, 4, indicating that it has no interest in entertaining Defendants' "thread the needle" argument. *Emulex*, 2020 U.S. Dist. LEXIS 40037, at *15.

Defendants also contend that Section 14(e) does not create a private right of action under U.S. Supreme Court precedent. Def. Mtn. 9. For starters, Defendants ignore the fact that in *Schreiber v. Burlington N., Inc.*, 472 U.S. 1 (1985), the Supreme Court construed the elements of a Section 14(e) private claim, without even hinting that the claim's existence was debatable. 472 U.S. at 2, 4, 12-13. It did not reserve the question, and it is inconceivable that the Supreme Court would have announced the elements of the claim without flagging for lower courts that the claim itself might not exist. The only explanation is the Supreme Court believed the question was settled by 1985 given the "overwhelming weight of authority" in the lower courts. *Smallwood*, 489 F.2d at 596 n.20. Moreover, as Plaintiff's counsel argued in *Emulex*, there is a "perfect storm" of reasons (including textual reasons) why Section 14(e) is privately enforceable under the modern approach to implied rights of action. *Emulex* Supreme Court Transcript at 50-51, 62. Given the complexity of those arguments and the fact that they are only tangentially relevant to the present motion, Plaintiff incorporates them herein by reference and provides the Court with the *Emulex* Supreme Court Transcript (attached as Exhibit A) and the *Emulex* plaintiff's Supreme Court brief

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

(attached as Exhibit B) in the event the Court is interested in understanding the "incredible perfect storm of congressional indicia saying that this [statute] is privately enforceable." *Id*. at 62-63.

Furthermore, to meet this requirement, "*the moving party must identify 'a sufficient number of conflicting and contradictory **opinions**' that deal **directly** with the issue at hand.*" *Solis v. Wash., Dep't of Soc. & Health Servs.*, No. C08-5479BHS, 2010 U.S. Dist. LEXIS 37923, at *8 (W.D. Wash. Mar. 23, 2010) (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)); *see also Couch*, 611 F.3d at 634 (favorably citing this proposition from *White*). Defendants have not identified a single *opinion* dealing directly with the issue at hand that goes their way. Instead, they offer statements/questions from the *Emulex* arguments by two of the nine Supreme Court Justices and one of the three Ninth Circuit judges. Def. Mtn. 4-7. Defendants ignore statements from other Justices that cut against their position, and a statement from Justice Kavanaugh where he noted the Supreme Court is "not overruling [cases] that recognize private rights of action before" the analytical approach changed. *Emulex* Supreme Court Transcript at 43. More importantly, judges' questions or comments during oral argument are not *opinions*. *Cf. Couch*, 611 F.3d at 634 (finding "the presence of a single, non-binding, advisory opinion by a division of the California Attorney General's office is not a 'substantial' ground for disagreement as to the controlling law.").

Moreover, even if Defendants argue on reply that they haven't identified any opinions going their way because *Emulex* was the first opinion to hold that Section 14(e) claims may sound in negligence, "[i]t is well settled that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch*, 611 F.3d at 634; *see also Shaffer*, 2009 U.S. Dist. LEXIS 18223, at *12 ("The Court is not persuaded that there is substantial ground for disagreement because the question is one of first impression.").

In sum, there is not a substantial ground for difference of opinion with respect to the controlling question of law—whether Section 14(e) is privately enforceable. Indeed, Defendants

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

have not identified a single opinion holding that Section 14(e) is not privately enforceable (regardless of whether the claim sounds in scienter or negligence). And even if Defendants contend that their argument raises an issue of first impression, that alone is insufficient to satisfy this requirement.

### B. A Stay of Proceedings in This Court is Unwarranted Even if the Court Certifies the April 22 Order for Interlocutory Appeal

"A stay pending appeal is generally subject to the standard governing preliminary injunctions." *CDK Glob. LLC v. Brnovich*, No. CV-19-04849-PHX-GMS, 2020 U.S. Dist. LEXIS 163730, at *5 (D. Ariz. Sep. 8, 2020) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Glatt v. Fox Searchlight Pictures Inc.*, 2013 U.S. Dist. LEXIS 139594, at *9 (S.D.N.Y. Sept. 17, 2013). "Courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Brnovich*, 2020 U.S. Dist. LEXIS 163730, at *5-6; *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, No. CV-15-00374-PHX-DLR, 2015 U.S. Dist. LEXIS 170109, at *18-19 (D. Ariz. Dec. 21, 2015) (same).

Defendants have not addressed any of these factors, and their request for a stay should be denied for this reason alone. Defendants simply contend a stay would be warranted because if "the Ninth Circuit determines that there is no private right of action for negligence-based Section 14(e) claims, this case will not proceed." Def. Mtn. 11. As noted above, that is incorrect since the Complaint adequately pled subjective falsity and Spangler's knowledge, which is equivalent to scienter. *Supra* III.A.1. Thus, even if the Court grants Defendants' motion, a stay is not warranted, as the case is likely to proceed even in the off chance that the Ninth Circuit agrees to hear the appeal. Moreover, "it is well established that litigation costs do not rise to the level of irreparable injury." *Glatt*, 2013 U.S. Dist. LEXIS 139594, at *10.

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied. Moreover, in the event the Court grants the Motion, a stay is unwarranted and this case should proceed to discovery.

DATED: May 17, 2021                    **Respectfully submitted,**

                                            **LOCAL COUNSEL:**

                                            **BRESKIN JOHNSON TOWNSEND, PLLC**

                                            *s/ Roger Townsend*
                                            Roger M. Townsend, WSBA No. 25525
                                            1000 Second Avenue, Suite 3670
                                            Seattle, Washington  98104
                                            Tel: 206-652-8660
                                            Fax: 206-652-8290
                                            rtownsend@bjtlegal.com

                                            **OF COUNSEL:**

                                            **MONTEVERDE & ASSOCIATES PC**
                                            Juan E. Monteverde
                                            Miles D. Schreiner
                                            The Empire State Building
                                            350 Fifth Avenue, Suite 4405
                                            New York, New York 10118
                                            Tel:  212-971-1341
                                            Fax:  212-202-7880
                                            jmonteverde@monteverdelaw.com
                                            mschreiner@monteverdelaw.com

                                            *Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CERTIFY APRIL 22
ORDER FOR INTERLOCUTORY APPEAL
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10