THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and
WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO CERTIFY ORDER OF
APRIL 22, 2021, FOR INTERLOCUTORY
APPEAL AND TO STAY PROCEEDINGS
DURING PENDENCY OF APPEAL

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC)

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants[1] have demonstrated that the Court, pursuant to 28 U.S.C. § 1292(b), should certify the Section 14(e) private-right-of-action issue to the Ninth Circuit and stay this action during the appeal. Plaintiff's opposition presents no valid basis to deny the requested certification, but instead misrepresents the record in this case regarding Defendants' Section 14(e) private-cause-of-action argument and misstates the law regarding when it is appropriate for a federal court to imply a private right of action under a statute that is silent on the subject and when it is appropriate to stay a district court action while an interlocutory appeal is pending.

## I.    Defendants Satisfy the First and Third Section 1292(b) Elements

Plaintiff argues that Defendants have not satisfied the first and third Section 1292(b) elements—that there is a "controlling question of law" and that immediate appeal "may materially advance the ultimate termination of the litigation"—because, if the Ninth Circuit rules that there is no private right of action under Section 14(e) for his negligence-based claim, he can pursue his claim on a fraud-based theory. Opp. at 3-5 (ECF No. 60). Plaintiff further argues that "Defendants do not contend—and it is beyond reasonable dispute—that Section 14(e) is privately enforceable if the claim satisfies a scienter standard." Opp. at 3. Plaintiff is wrong in both regards.

Defendants have argued, from the start of this litigation, that Supreme Court precedent precludes any private right of action under Section 14(e) regardless of the theory on which a plaintiff proceeds. In moving to dismiss the Second Amended Complaint, Defendants thus stated:

> "Determinative" as to whether a statute creates a private cause of action is whether the statutory text "displays an intent to create not just a private right but also a private remedy." Alexander v. Sandoval, 532 U.S. 275, 286 (2001); see Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002) ("For a statute to create such private rights, its text must be phrased in terms of the persons benefited." (internal quotation marks omitted)). Section 14(e) contains no right- or remedy-creating language: it is "entirely silent as to private remedies" and its legislative history "evince[s] the narrow intent to curb the unregulated activities of tender offerors." Piper v. Chris-Craft Indus., Inc., 430 U.S. 1, 25, 38 (1977). That ends the matter: "[W]hether Congress . . . intended to

---

[1] Capitalized terms have the same meaning as in Defendants' Motion to Certify Order of April 22, 2021, for Interlocutory Appeal and to Stay Proceedings During Pendency of Appeal (ECF No. 58) ("Motion to Certify").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

create a private right of action [is] definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." Gonzaga Univ., 536 U.S. at 283-84 (internal quotation marks omitted) . . . .

ECF No. 41 at 28 (footnote omitted).  Although Plaintiff failed to address this argument in his opposition, see ECF No. 42 at 2, 30, Defendants reiterated in their reply that the absence from Section 14(e) of "right- or remedy-creating language" precludes any private right of action under Section 14(e).  ECF No. 44 at 14.  Defendants repeated this argument in their Objections to Judge Creatura's Report and Recommendation.  ECF No. 51 at 12.  Finally, in the Motion to Certify, Defendants again argued that recent Supreme Court decisions compel the conclusion that there is no private right of action under Section 14(e).  ECF No. 58 at 9-10.  Defendants also observed in the Motion to Certify that, "during oral argument before the U.S. Supreme Court on the original Emulex appeal, Chief Justice Roberts and Associate Justice Kavanaugh both asked questions to counsel reflecting that they were not convinced that there is a private right of action under Section 14(e)—regardless of whether the claim is based on negligence or fraud." Id. at 6 (emphasis added).

In their Motion to Certify, Defendants also addressed the limited scope of Plaine v. McCabe, 797 F.2d 713 (9th Cir. 1986), and argued that Plaine's statements regarding a Section 14(e) private right of action should not be extended to negligence-based claims—a logical issue to address, given that Plaintiff bases his claim on allegations of negligence and relies heavily on Plaine.  Yet regardless of whether Plaine applies to negligence-based or only fraud-based Section 14(e) claims, Plaine's continued viability on the private-right-of-action issue is made questionable by Alexander v. Sandoval, Gonzaga University v. Doe, and other recent Supreme Court cases, see, e.g., Ziglar v. Abbasi, 137 S. Ct. 1843, 1856 (2017) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate. . . . When Congress enacts a statute, there are specific procedures and times for considering its terms and the proper means for its enforcement.  It is logical, then, to assume that Congress will be explicit if it intends to create a private cause of action.").[2]

---

[2] Plaintiff is wrong in arguing, see Opp. at 7, that only an en banc panel of the Ninth Circuit can determine

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) – 2

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiff's argument that the Supreme Court and the Ninth Circuit previously declined to address the private-cause-of-action issue, Opp. at 1, is a red herring. Before both the Supreme Court and the Ninth Circuit in Emulex, counsel representing the plaintiff raised issues of judicial estoppel against the defendants that made Emulex a sub-optimal case in which to address the private-right-of-action issue. ECF No. 58-1 at 3-4; ECF No. 60-1 at 63-64. There were also questions as to whether and when the issue had been raised in the lower courts and whether it was properly before the Supreme Court. ECF No. 60-1 at 3-4, 35. These concerns are not present here.

If this matter proceeds on appeal and Defendants persuade the Ninth Circuit that the Supreme Court's recent cases preclude the implication of a private right of action for any claim under Section 14(e), then Plaintiff's proposed plan to transform this case into a fraud case would be futile. A successful appeal will therefore terminate this case, and thus both the first and third elements of Section 1292(b) are satisfied.

## II.     Defendants Satisfy the Second Section 1292(b) Element

Defendants also have established the second element required for Section 1292(b) certification—that there is substantial ground for difference of opinion as to the controlling issue of law. As with his arguments concerning the other two elements, Plaintiff's argument here depends on the false assertion that Defendants' challenge to the existence of a private cause of action is limited to negligence-based claims. Opp. at 5. But as discussed above, Defendants argue that recent Supreme Court authority requires the conclusion that there is no privately enforceable claim under Section 14(e), regardless of whether the claim is premised on negligence or fraud.

Defendants have demonstrated substantial ground for a difference of opinion regarding the Section 14(e) private-right-of-action issue by presenting evidence that reasonable jurists, including

---

that Plaine is no longer good law. See Miller v. Gammie, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc) ("We now clarify our law concerning the sometimes very difficult question of when a three-judge panel may reexamine normally controlling circuit precedent in the face of an intervening United States Supreme Court decision, or an intervening decision on controlling state law by a state court of last resort. We hold that in circumstances like those presented here, where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) – 3

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Judge Hurwitz of the Ninth Circuit and Chief Justice Roberts and Justice Kavanaugh of the Supreme Court, recognize at the very least that the Supreme Court's standard for implying a private right of action has changed in the last twenty years and that, based on this change, they are open to—indeed, leaning toward—the conclusion that there is no private right of action under Section 14(e). ECF No. 58 at 3-8.[3] This evidence complies with the standard that the Ninth Circuit established in Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011)—that "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed."

Rather than address the standard in Reese, Plaintiff cites Solis v. Washington Department of Social & Health Services, No. C08-5479BHS, 2010 U.S. Dist. LEXIS 37923 (W.D. Wash. Mar. 23, 2010), for the proposition that a substantial ground for difference of opinion can exist only if there are "conflicting and contradictory opinions." Opp. at 8 (emphasis by Plaintiff). But Solis was decided before the Ninth Circuit set the standard in Reese and is contrary to that standard. Indeed, the Ninth Circuit expressly rejected the proposition stated in Solis, holding that "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese, 681 F.3d at 688.

Plaintiff also argues that Defendants' position is wrong because in Schreiber v. Burlington Northern Inc., 472 U.S. 1 (1985), "the Supreme Court construed the elements of a Section 14(e) private claim, without even hinting that the claim's existence was debatable." Opp. at 7.[4] But the question of whether there is a private right of action under Section 14(e) was not before the Court

---

[3] Judge Creatura and this Court also acknowledged "some logic" in Defendants' position regarding a private right of action, notwithstanding their conclusion that Plaine compelled a different result. ECF No. 58 at 1, 4.

[4] Plaintiff surmises that the Supreme Court in Schreiber did not flag the existence of a private right of action as being an open issue because the Court "believed the question was settled by 1985 given the overwhelming weight of authority in the lower courts." Opp. at 7 (internal quotation marks omitted). The Supreme Court, however, does not deem itself bound even by unanimity of decision in the lower courts. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 191 (1994) (holding that "a private plaintiff may not maintain an aiding and abetting suit under § 10(b)"); id. at 192 (Stevens, J., dissenting) (observing that "all 11 Courts of Appeals to have considered the question have recognized a private cause of action against aiders and abettors under § 10(b) and Rule 10b-5").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) – 4

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

in Schreiber, see 472 U.S. at 2 ("We granted certiorari to resolve a conflict in the Circuits over whether misrepresentation or nondisclosure is a necessary element of a violation of § 14(e) . . . ."), and the Supreme Court generally does not decide issues that are not presented to it. See Greenlaw v. United States, 554 U.S. 237, 244 (2008) ("[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.") (alteration by Supreme Court) (citation omitted). In addition, Plaintiff ignores that the Supreme Court decided Schreiber sixteen years before Sandoval definitively held, in 2001, that a private right of action should not be implied under a statute if that purported right is not found in the text of the statute. Sandoval, 532 U.S. at 287.[5]

### III. The Court Should Stay Proceedings During the Pendency of the Appeal

Plaintiff contends that a stay of these proceedings is not warranted because Defendants did not address four factors cited by the District Court for the District of Arizona in CDK Global LLC v. Brnovich, No. CV-19-04849-PHX-GMS, 2020 U.S. Dist. LEXIS 163730 (D. Ariz. Sept. 8, 2020). Opp. at 9. Plaintiff is mistaken. Courts in this District do not employ CDK Global's four-factor test in determining whether to stay proceedings while a matter is on interlocutory appeal. Rather, they look only to issues of efficiency and avoiding the waste of party and judicial resources. E.g., Deming v. First Franklin, No. 09-5418RJB, 2010 WL 2326170, at *1 (W.D. Wash. June 7, 2010) (staying district court proceedings pending resolution of interlocutory appeal, where the controlling question of law encompassed the entirety of the plaintiff's remaining claims, because "[i]t would be inefficient and a waste of judicial resources and the parties' resources to continue

---

[5] The considerations applicable to Schreiber apply equally to Plaine. Plaine was decided a year before Schreiber—seventeen years before Sandoval—and the issue of whether a private right of action existed under Section 14(e) was not before it. See Plaine, 797 F.2d at 716 (identifying issues before the court). Furthermore, contrary to Plaintiff's contention that the Ninth Circuit in Plaine "held—in no uncertain terms—that the first clause of Section 14(e) creates an implied private right of action for shareholders of a target company," Opp. at 6 (quoting Varjabedian v. Emulex Corp., No. SACV 15-00554-CJC(JCGx), 2020 U.S. Dist. LEXIS 40037, at *14 (C.D. Cal. Feb. 25, 2020), aff'd sub nom. Mutza v. Emulex Corp., 843 F. App'x 951 (9th Cir. 2021)), the discussion in Plaine of private rights of action demonstrates that the Ninth Circuit merely assumed the applicability of a private right of action based on prior cases that, "without extensive discussion," had allowed private claims to proceed, and that the only thing that the Plaine court decided "in no uncertain terms" was that, under this assumption, the plaintiff had standing to pursue her claim even though she had not tendered her shares in response to a tender offer. 797 F.2d at 717 n.7, 718.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL
AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) – 5

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

proceedings while the matter is on appeal"); accord Hill v. Glebe, No. 14-5330 RJB-JCC, 2015 WL 1538771, at *2 (W.D. Wash. Apr. 7, 2015).

Furthermore, the District of Arizona's four-factor test is not appropriate for an interlocutory appeal. The District of Arizona derived that test from Hilton v. Braunskill, 481 U.S. 770 (1987). See CDK Glob., 2020 U.S. Dist. LEXIS 163730, at *5. But Hilton was a habeas corpus case in which the Supreme Court, in deciding the propriety of granting a stay, applied the rules and considerations for staying a civil judgment, not rules for a stay pending an interlocutory appeal. 481 U.S. at 775-76. The CDK Global/Hilton test has no application here.

To allow this case to proceed while the private-right-of-action issue is awaiting resolution by the Ninth Circuit would be inefficient, would waste judicial and party resources, and would completely undermine the reason for the certification. See ECF No. 58 at 10-11. A stay should be granted until resolution of Defendants' proposed appeal to the Ninth Circuit.

## IV.    Conclusion

For the reasons set forth above and in the Motion to Certify, Defendants' Motion to Certify should be granted in all respects.

RESPECTFULLY SUBMITTED this 21st day of May, 2021.

s/ *Ronald L. Berenstain*
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's Holdings, Inc., and Weldon Spangler*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY APRIL 22 ORDER FOR INTERLOCUTORY APPEAL AND STAY PROCEEDINGS (No. 19-cv-05514-BHS-JRC) – 6

59718-0023/LEGAL152547259.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000