1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   EVAN BROWN ,

11                    Plaintiff,                     CASE NO. 3:19-cv-05514-BHS-JRC

12         v.                                        REPORT AND
                                                     RECOMMENDATION
13   PAPA MURPHY'S HOLDINGS
     INCORPORATED, *et al.*,                         NOTED FOR:  June 25, 2021
14
                     Defendants.

15         This matter has been referred to the undersigned by the District Court.  *See* Dkt. 6.

16   Before the Court is defendants' motion to certify the District Court's April 22, 2021, Order (Dkt.

17   57) for interlocutory appeal and to stay proceedings during pendency of appeal.  *See* Dkt. 58.

18   Plaintiff opposed the motion.  *See* Dkt. 60.

19         Having reviewed the parties' submissions related to defendants' motion (*see* Dkts. 58,

20   60, 61), the Court finds that defendants have shown that this matter should be certified for

21   interlocutory appeal to determine whether there is a private right of action for claims under

22   Section 14(e) of the Securities Exchange Act of 1934.  Because defendants have shown that the

23   Ninth Circuit's resolution of the issue on appeal may materially advance the termination of this

24   litigation, the Court further finds that a stay of proceedings pending appellate review is

1    warranted.  Accordingly, the Court recommends granting defendants' motion for certification of

2    interlocutory appeal and stay of these proceedings.  *See* Dkt. 58.

3                                          **BACKGROUND**

4            In his second amended complaint, plaintiff alleges that defendants' Papa Murphy's

5    Holdings, Inc. ("Papa Murphy's") and Weldon Spangler (collectively "defendants") violated

6    Section 14(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78n(e), by

7    making allegedly materially false and misleading statements contained in a Recommendation

8    Statement made in connection with a tender offer to acquire shares of Papa Murphy's.  *See* Dkt.

9    36, at 1–2.  Plaintiff alleges that the Recommendation Statement was materially false and

10   misleading as to Papa Murphy's financial projections, the value of shares, and fairness of the

11   tender offer consideration.  *See id.* at 2.  As relevant here, plaintiff's claim under Section 14(e) is

12   premised on defendants' alleged negligence in allowing allegedly materially false and

13   misleading statements to be included in the Recommendation Statement.  *See id.* at 4–6, 24.

14           Defendants previously requested that the Court dismiss plaintiff's second amended

15   complaint on the ground that there is no private right of action for violations of Section 14(e) of

16   the Exchange Act based on allegations of defendants' negligence.  *See* Dkt. 41, at 36–38.  In

17   recommending denial of defendants' motion to dismiss, this Court found, in part, that Ninth

18   Circuit precedent establishes an implied private right of action under Section 14(e).  *See* Dkt. 47,

19   at 18–19 (citing *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986)).  Although the Court

20   noted some logic in defendants' arguments, this Court nonetheless concluded that it would not

21   disturb Ninth Circuit precedent.  *See* Dkt. 47, at 19.  The District Court adopted this Court's

22   Report and Recommendation (Dkt. 47) over defendants' objections (Dkt. 51) and found that

23   "[a]bsent a directive from the Ninth Circuit or the Supreme Court [. . .], the Court will not

24

1    overturn precedent in holding that no private right of action for negligence-based claims exists."

2    Dkt. 57, at 10.

3                                          **DISCUSSION**

4    **I.     Certification for Interlocutory Appeal**

5           Defendants request to amend the District Court's April 22, 2021, Order (Dkt. 57) to

6    include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See* Dkt. 58, at

7    5.  Plaintiff opposes defendants' request and argues that the request is yet another attempt to

8    have plaintiff's claim under Section 14(e) dismissed.  *See* Dkt. 60, at 6.

9           A district court, in its discretion, may certify an issue for interlocutory appeal under 28

10   U.S.C. § 1292(b) if (1) there is a "controlling question of law," (2) on which there are

11   "substantial grounds for difference of opinion," and (3) that "an immediate appeal may

12   materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig.*, 673

13   F.2d 1020, 1026 (9th Cir. 1981).  All three criteria must be met in order for a district court to

14   certify an issue for interlocutory appeal.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th

15   Cir. 2010).  Section 1292(b) is to be used "only in exceptional situations in which allowing an

16   interlocutory appeal would avoid protracted and expensive litigation."  *In re Cement Antitrust*

17   *Litig.*, 673 at 1026 (citations omitted); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6

18   (9th Cir. 2002) (noting that § 1292(b) is available only "[i]n rare circumstances").

19          Regarding the first requirement under Section 1292(b), "all that must be shown in order

20   for a question to be 'controlling' is that resolution of the issue on appeal could materially affect

21   the outcome of litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.3d at 1026

22   (citation omitted).  Here, defendants assert that the existence of a private right of action under

23   Section 14(e) is a controlling question of law.  *See* Dkt. 58, at 7.  The Court agrees.  If the Ninth

24

Circuit were to rule that there is no Section 14(e) private right of action for claims premised on negligence, the outcome of the Ninth Circuit's ruling could materially affect the outcome of this litigation. *See In re Cement Antitrust Litig.*, 673 F.3d at 1026; *see also Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. C 08-4119 SI, 2009 WL 1126854, at *1 (N.D. Cal. Apr. 27, 2009) (finding that whether there is a private right of action under Section 13(a) of the Investment Company Act of 1940 is a controlling question of law).

Regarding the second requirement under Section 1292(b), to determine if a "substantial ground for difference of opinion" exists, "courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, [. . .] or if novel and difficult questions of first impression are presented." *Id.* (internal quotation omitted). "[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "[A] party's strong disagreement with the [c]ourt's ruling is not sufficient for there to be a substantial ground for difference." *Couch*, 611 F.3d at 633.

Here, defendants argue that whether there is a private right of action under Section 14(e) for claims premised on negligence is a novel legal issue on which there is a substantial ground for difference of opinion. *See* Dkt. 58, at 7–14. Defendants assert that current Ninth Circuit precedent under *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) permits only a private right of action under Section 14(e) based on "fraudulent activity" in connection with a tender offer. Dkt. 58, at 8. Therefore, defendants conclude that the Ninth Circuit's opinion in *Plaine*

1  does not control plaintiff's Section 14(e) claim premised on negligence.  *See id.*  Indeed, the

2  Ninth Circuit in *Plaine* only addressed whether there was a private right of action under Section

3  14(e) based on claims of fraud—not negligence.  *See Plaine*, 797 F.2d at 717–18.

4         Defendants further note that both the Ninth Circuit and the U.S. Supreme Court have

5  expressed some doubt as to whether Section 14(e) provides for a private right of action for

6  claims based on negligence.  *See id.* at 8–11 (citing Dkt. 58-1, at 3–4 (oral argument in *Mutza v.*

7  *Emulex Corp.*, No. 20-55339 (9th Cir. Apr. 7, 2021)); Dkt. 58-2, at 6–8, 10–11 (oral argument in

8  *Emulex Corp. v. Varjabedian*, No. 18-459 (U.S. Apr. 15, 2019)).  Ultimately, the Ninth Circuit in

9  *Mutza v. Emulex Corp.* did not address whether Section 14(e) provides for a private right of

10 action premised on negligence.  *See Mutza*, 843 Fed. App'x 951 (9th Cir. 2021) (affirming

11 dismissal of the matter on other grounds).  Similarly, the Supreme Court did not address the

12 same issue.  *See Emulex Corp. v. Varjabedian*, 139 S. Ct. 1407 (2019) (dismissing the writ of

13 certiorari as improvidently granted).  However, although neither the Ninth Circuit nor the

14 Supreme Court decided the issue of whether there is a private right of action under Section 14(e)

15 for claims premised on negligence, defendants' cited records reflect a substantial ground for

16 difference of opinion on this issue.  *See* Dkts. 58-1, 58-2; *see also Reese*, 643 F.3d at 688 ("A

17 substantial ground for difference of opinion exists where reasonable jurists might disagree on an

18 issue's resolution, not merely where they have already disagreed.").

19        Plaintiff argues that there is no substantial ground for a difference of opinion because

20 Ninth Circuit precedent clearly holds that there is a private right of action under Section 14(e)

21 regardless of whether the claim is premised on fraud or negligence.  *See* Dkt. 60, at 10–12.

22 However, as noted above, the Ninth Circuit decision in *Plaine v. McCabe* did not address

23 whether there is a private right of action under Section 14(e) for claims based on negligence.  *See*

24

797 F.2d at 717–18.  Further, although the Ninth Circuit later held that claims under Section

14(e) require only a showing of negligence (rather than scienter), the issue of whether there is a

private right of action for Section 14(e) claims based on negligence was not before the court.  *See*

*Varjabedian v. Emulex Corp.*, 888 F.3d 399, 403–408 (9th Cir. 2018).  Addressing the disputed

issue on remand, the district court found that it was bound by Ninth Circuit precedent and that

had the Ninth Circuit found otherwise, it would not have remanded the case for further

consideration under the newly articulated negligence standard.  *See Varjabedian v. Emulex*

*Corp.*, No. SACV1500554CJC(JCGx), 2020 WL 1847708, at *5–6 (C.D. Cal. Feb. 25, 2020).

However, the district court conceded that the private right of action issue was not previously

raised before the Ninth Circuit.  *See id.* at *3 (also stating that "[t]he Ninth Circuit's decision

may well prove a Pyrrhic victory for shareholders.  But [defendant]'s challenge to Section

14(e)'s widely recognized implied right of action is for another court and another day."  *Id.* at

*6.).  Thus, the issue of whether there is a private right of action under Section 14(e) for claims

based on negligence has not been addressed by the Ninth Circuit.  *See also* Dkt. 58-1, at 3–4

(also reflecting that no court has expressly recognized a private cause of action for negligence

under Section 14(e)).

        Plaintiff further argues that defendants have not identified any legal authority holding that

Section 14(e) is not privately enforceable based on allegations of negligence.  *See* Dkt. 60, at 11.

Plaintiff asserts that defendants "*must*" identify some conflicting or contradictory legal authority

directly addressing the issue at hand.  *Id.* at 13 (citing *Solis v. Washington, Dep't of Soc. and*

*Health Servs.*, No. C08-5479BHS, 2010 WL 1186184, at *3 (W.D. Wash. Mar. 23, 2010)).

However, as stated above, "a novel legal issue may be certified for interlocutory appeal without

first awaiting development of contradictory precedent."  *Reese*, 643 F.3d at 681.  Considering

1    that the Ninth Circuit (or any court) has yet to address the legal issue at hand, taken together with

2    the Ninth Circuit and Supreme Court's questioning as to whether there is a private right of action

3    under Section 14(e) for negligence based claims, the Court finds that there is a substantial ground

4    for difference of opinion on a controlling question of law under 28 U.S.C. § 1292(b).

5          As for the third and final requirement under Section 1292(b), defendants must show that

6    "an immediate appeal may materially advance the ultimate termination of the litigation." *In re*

7    *Cement Antitrust Litig.*, 673 F.2d at 1026.  Here, defendants argue that if the Ninth Circuit

8    concludes that there is no private right of action for negligence-based claims under Section 14(e),

9    this litigation will end.  *See* Dkt. 58, at 14.  Indeed, were the Ninth Circuit to rule in defendants'

10   favor, plaintiff's asserted claims would be dismissed.  *See* Dkt. 36 (plaintiff's complaint asserting

11   only violations of Section 14(e) and 20(a) of the Exchange Act); *see also* 15 U.S.C. § 78t(a)

12   (providing liability of an individual only where an underlying securities violation is found).

13         Plaintiff argues that even if the Ninth Circuit finds no private right of action for

14   negligence-based claims under Section 14(e), this litigation would not end.  *See* Dkt. 60, at 8.

15   However, Section 1292(b) does not require that defendants prove that interlocutory appeal *must*

16   have a final, dispositive effect on the litigation.  *See Reese*, 643 F.3d at 688 (emphasis added).

17   Rather, defendants need only show that appeal "may materially advance" the termination of

18   litigation.  *See id.*; *see also* 28 U.S.C. § 1292(b).  As noted above, defendants have done so.

19         Accordingly, the Court finds that defendants have shown that certification of an

20   interlocutory appeal is appropriate.  Therefore, the Court recommends granting defendants'

21   motion (Dkt. 58) to certify the District Court's April 22, 2021, Order (Dkt. 57) for interlocutory

22   appeal pursuant to 28 U.S.C. § 1292(b).

23   ///

24

1

## II.     Stay Pending Appeal

2          Defendants argue that if the Court certifies the private-right-of-action issue for

3   interlocutory appeal, then the Court should also stay proceedings in this matter pending

4   completion of the appellate process.  *See* Dkt. 58, at 14–16.  Plaintiff opposes defendants'

5   request to stay the matter pending appeal, arguing that defendants have failed to establish that a

6   stay is warranted.  *See* Dkt. 60, at 14.

7          While the filing of an interlocutory appeal does not automatically stay proceedings in the

8   district court, the district court has broad discretion to decide whether a stay is appropriate to

9   "promote economy of time and effort for itself, for counsel, and for litigants."  *Filtrol Corp. v.*

10  *Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see Clinton v.*

11  *Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as

12  an incident to its power to control its own docket.").  "A trial court may, with propriety, find it is

13  efficient for its own docket and the fairest course for the parties to enter a stay of an action

14  before it, pending resolution of independent proceedings which bear upon the case."

15  *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)

16  (citation omitted); *see also Deming v. First Franklin*, No. 09-5418RJB, 2010 WL 2326170, at *1

17  (W.D. Wash. June 7, 2010) (granting stay of proceedings pending 28 U.S.C. § 1292(b)

18  interlocutory appeal based on efficiency and economy of judicial resources); *Hill v. Glebe*, No.

19  14-5330 RJB-JCC, 2015 WL 1538771, at *2 (W.D. Wash. Apr. 7, 2015) (find the same).

20         Here, because any Ninth Circuit ruling on defendants' imminent interlocutory appeal

21  could impact the Court's disposition of the pending proceedings, waiting until the issue on

22  appeal is decided will avoid potential unnecessary litigation and provide direction to this Court.

23  Thus, the Court finds that a stay of the entire matter pending the Ninth Circuit's acceptance of

24

1  review and any decision on appeal could serve the interests of fairness and "promote economy of

2  time and effort" for the Court and the parties.  *Kelleher,* 467 F.2d at 244.

3       Accordingly, the Court recommends granting defendants' motion for stay of these

4  proceedings during the pendency of interlocutory appeal.  *See* Dkt. 58.

5                                    **CONCLUSION**

6       For the reasons discussed herein, the Court recommends that defendants' motion certify

7  the District Court's April 22, 2021, Order (Dkt. 57) for interlocutory appeal and to stay

8  proceedings during pendency of appeal (Dkt. 58) should be **GRANTED**.  Further proceedings in

9  this Court should be stayed pending the filing of a petition for permission to appeal in the U.S.

10  Court of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any

11  appeal permitted by the appellate court.

12       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

16  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

17  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

18  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 25,**

19  **2021,** as noted in the caption.

20       Dated this 9th day of June, 2021.

21

22

                                    _____

23                                    J. Richard Creatura
                                    Chief United States Magistrate Judge

24