THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

CASE NO. 19-cv-5514 BHS-JRC

LEAD PLAINTIFF'S OBJECTIONS TO THE JUNE 9, 2021 REPORT & RECOMMENDATION

NOTE ON MOTION CALENDAR:
Wednesday, June 23, 2021

LEAD PLAINTIFF'S OBJECTIONS TO THE
JUNE 9, 2021 REPORT & RECOMMENDATION
Case No. 19-cv-5514 BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72(a),[1] Lead Plaintiff Evan Brown respectfully objects to the June 9, 2021 Report & Recommendation (Dkt. 62), which recommends granting Defendants' motion (Dkt. 58) to certify the Court's April 22, 2021 Order (Dkt. 57) for interlocutory appeal and to stay proceedings.

Defendants seek permission to present the Ninth Circuit with the question of "whether there is a private right of action for *negligence-based* claims asserted under Section 14(e) of the Securities Exchange Act of 1934[.]" Dkt. 58-3;[2] *see also* Dkt. 58 at 10-11. Contrary to the Report & Recommendation's conclusion, the answer to that question is academic in this case and will not "*materially advance* the ultimate *termination* of the litigation," 28 U.S.C. § 1292(b), nor "*avoid* protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

The Report & Recommendation does not acknowledge or address Lead Plaintiff's argument that this is *not a pure "negligence" action*, as Lead Plaintiff was required to (and did) sufficiently allege subjective falsity, which is akin to scienter. *See* Dkt. 60 at 4 (citing *Gebhart v. SEC*, 595 F.3d 1034, 1041-42 (9th Cir. 2010) ("Scienter may be established, therefore, by showing that the defendants knew their statements were false…Scienter, however, is a subjective inquiry. It turns on the defendant's actual state of mind…the ultimate question is whether the defendant knew his or her statements were false, or was consciously reckless as to their truth or falsity."); *In re Credit Suisse First Bos. Corp. Analyst Reports Sec. Litig.*, 431 F.3d 36, 48 (1st Cir. 2005) ("In cases premised on misstatements of opinion, however, the falsity element, at a minimum, entails an inquiry into whether the statement was subjectively false…Accordingly, the

---

[1]   While the Report & Recommendation refers to Fed. R. Civ. P. 72(b), Dkt. 62 at 9, Lead Plaintiff respectfully submits that Defendants' motion is a "nondispositive matter" within the ambit of Fed. R. Civ. P. 72(a). Indeed, even if (i) the Report & Recommendation is adopted and (ii) the Ninth Circuit agrees to hear the appeal and rules that there is no private right of action for negligence-based § 14(e) claims, this case will likely proceed because Lead Plaintiff sufficiently alleged subjective falsity and this is not a pure negligence case. *Supra*. Indeed, interlocutory appeal is unwarranted precisely because the order from the Ninth Circuit that Defendants seek would be unlikely to dispose of this case. *Supra*.
[2]   All emphasis has been added.

LEAD PLAINTIFF'S OBJECTIONS TO THE
JUNE 9, 2021 REPORT & RECOMMENDATION
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

subjective aspect of the falsity requirement and the scienter requirement essentially merge; the scienter analysis is subsumed by the analysis of subjective falsity. We think it follows that if a plaintiff adequately pleads that a statement of opinion was subjectively false when made, the complaint will, *ex proprio vigure*, satisfy the pleading requirements of the PSLRA relative to scienter."); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 311 (S.D.N.Y. 2010) ("in false statement of opinion cases . . . the falsity and scienter requirements are essentially identical. This is because the subjective falsity requirement necessarily requires an inquiry into the defendant's state of mind.")).

Thus, even if the Ninth Circuit (i) agreed to consider the question Defendants pose and (ii) rendered what would amount to an advisory opinion that there is no private right of action for *negligence-based* claims under Section 14(e), further litigation would not be *avoided* and the *termination* of the litigation would not be *materially advanced*. Rather, the case would likely proceed because—as this Court has already recognized—"[a] 'deliberate decision' to disclose and endorse false and/or misleading information 'demonstrates a culpable state of mind *far in excess of negligence.*'" *Brown v. Papa Murphy's Holdings*, No. 3:19-cv-05514-BHS-JRC, 2021 U.S. Dist. LEXIS 12250, at *20 (W.D. Wash. Jan. 12, 2021) (Report & Recommendation) (Dkt. 47 at 14) (quoting *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988)); *see also Brown v. Papa Murphy's Holdings*, No. C19-5514 BHS-JRC, 2021 U.S. Dist. LEXIS 77849, at *9 (W.D. Wash. Apr. 22, 2021) (Order Adopting Report & Recommendation) (Dkt. 57 at 7-8).

In sum, the Report & Recommendation's conclusion that this case presents an "exceptional situation[] in which allowing an interlocutory appeal *would avoid* protracted and expensive litigation" and that an appeal "could *materially affect the outcome* of this litigation" is clearly erroneous. Dkt. 62 at 3-4 (citing *In re Cement Antitrust Litig.*, 673 at 1026). The Court should decline to adopt the Report & Recommendation, and Defendants' motion should be denied because "resolution of th[e] issue" Defendants seek to raise with the Ninth Circuit "will not

LEAD PLAINTIFF'S OBJECTIONS TO THE
JUNE 9, 2021 REPORT & RECOMMENDATION
Case No. 19-cv-5514 BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

advance the termination of this litigation." *United States v. Hoyte*, No. C10-2044 BHS, 2012 U.S. Dist. LEXIS 72654, at *5 (W.D. Wash. May 24, 2012) (Settle, J.).

DATED: June 23, 2021                    Respectfully Submitted,

                                        **LOCAL COUNSEL:**

                                        **BRESKIN JOHNSON TOWNSEND, PLLC**

                                        *s/ Roger Townsend*
                                        Roger M. Townsend, WSBA No. 25525
                                        1000 Second Avenue, Suite 3670
                                        Seattle, Washington  98104
                                        Tel: 206-652-8660
                                        Fax: 206-652-8290
                                        rtownsend@bjtlegal.com

                                        **OF COUNSEL:**

                                        **MONTEVERDE & ASSOCIATES PC**
                                        Juan E. Monteverde
                                        Miles D. Schreiner
                                        The Empire State Building
                                        350 Fifth Avenue, Suite 4405
                                        New York, New York 10118
                                        Tel:  212-971-1341
                                        Fax:  212-202-7880
                                        jmonteverde@monteverdelaw.com
                                        mschreiner@monteverdelaw.com

                                        *Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

LEAD PLAINTIFF'S OBJECTIONS TO THE
JUNE 9, 2021 REPORT & RECOMMENDATION
Case No. 19-cv-5514 BHS-JRC