THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS INC., and WELDON SPANGLER,

Defendants.

No. 19-cv-05514-BHS-JRC

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION TO CERTIFY ORDER OF APRIL 22, 2021, FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS DURING PENDENCY OF APPEAL

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC)

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.    INTRODUCTION

Plaintiff Evan Brown ("Plaintiff") objects to the Report and Recommendation dated June 9, 2021 (ECF No. 62) (the "Report"), based solely on his argument that an interlocutory appeal will not materially advance the termination of this litigation.  ECF No. 63, at 1-3.[1]  Plaintiff's argument is that, even if the Ninth Circuit holds that there is no private right of action for negligence-based claims under Section 14(e), he still can pursue a fraud-based Section 14(e) claim.  But Plaintiff is wrong for at least three reasons.

First, Plaintiff mischaracterizes the Report's conclusion.  The Report recommends that the Court certify for interlocutory appeal its Order of April 22, 2021 (ECF No. 57) (the "April 22 Order"), not merely the single issue of whether there is a private right of action for negligence-based Section 14(e) claims.

Second, Plaintiff ignores that Defendants' motion to dismiss (ECF No. 41) and their motion to certify (ECF No. 58) presented not only the narrow issue on which Plaintiff focuses his objection, but the broader issue of whether there is a private right of action for any Section 14(e) claim, regardless of the theory on which such claim is based.  Magistrate Judge Creatura recognized in the Report the broader context of Defendant's motions and the arguments therein.

Third, even accepting Plaintiff's proposition that he could proceed on a fraud theory following a determination by the Ninth Circuit that there is no private right of action for negligence-based Section 14(e) claims, 28 U.S.C. § 1292(b)'s requirement that the interlocutory appeal materially advance the litigation is still satisfied here because the parties will avoid litigating to judgment a claim based on negligence, only to have such a judgment reversed on subsequent appeal based on the lack of a private right of action.

For these reasons, Plaintiff's sole objection to the adoption of the Report is without merit,

[1] Plaintiff does not dispute the Report's holding that the existence of a private right of action under Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e), is a controlling question of law.  See Report (ECF No. 62), at 3-4.  Nor does he dispute the Report's conclusion that there is substantial ground for a difference of opinion as to whether Plaintiff has a private right of action under Section 14(e).  See id. at 4-7.  And he does not take issue with the recommendation that this action be stayed pending the outcome of the appeal.  See id. at 8-9.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –1

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and the Court should adopt Magistrate Judge Creatura's Report recommending that the April 22 Order be certified for interlocutory appeal and that proceedings in this Court be stayed pending resolution of the interlocutory appeal.

## II.   RESPONSE TO PLAINTIFF'S OBJECTIONS

**A.    The Report's certification recommendation is not limited to the issue of whether a private right of action exists for negligence-based Section 14(e) claims**

Section 1292(b) certifications are not specific to an issue within an order. Rather, they apply to the order as a whole. This is evident from the plain language of Section 1292(b):

> When a district judge, in making in a civil action an <u>order</u> not otherwise appealable under this section, shall be of the opinion that <u>such order</u> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal <u>from the order</u> may materially advance the ultimate termination of the litigation, he shall so state in writing <u>in such order</u>. . . .

28 U.S.C. § 1292(b) (emphasis added); <u>see</u> <u>Yamaha Motor Corp., U.S.A. v. Calhoun</u>, 516 U.S. 199, 205 (1996) ("As the text of § 1292(b) indicates, appellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court."). Consistent with Section 1292(b)'s express language, Magistrate Judge Creatura properly "recommend[ed] granting defendants' motion (Dkt. 58) to <u>certify the District Court's April 22, 2021, Order (Dkt. 57) for interlocutory appeal</u> pursuant to 28 U.S.C. § 1292(b)." ECF No. 62, at 7 (emphasis added).

Although the Report discussed the question as to whether there is a private right of action for Section 14(e) claims premised on a negligence theory, it also recognized the broader issue of the viability of any privately enforced Section 14(e) claims. On its first page, the Report thus states "that this matter should be certified for interlocutory appeal to determine whether there is a private right of action for claims under Section 14(e) of the Securities Exchange Act of 1934." ECF No. 62, at 1. This statement of Magistrate Judge Creatura's intent and purpose is not limited to negligence-based claims. It recognizes, moreover, that since the initiation of this litigation

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –2

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants consistently have argued that U.S. Supreme Court precedent requires this Court to conclude that there is no private right of action under Section 14(e) for any claims, regardless of whether those claims are based on negligence or fraud.  See ECF No. 25, at 27; ECF No. 41, at 28; ECF No. 44, at 14; ECF No. 51, at 12; ECF No. 58, at 9-10.

**B.      Appellate consideration of this matter will require that the Ninth Circuit consider whether any Section 14(e) claim can be the subject of a private right of action**

Logic dictates that before the Ninth Circuit could conclude that there is or is not a private right of action for Section 14(e) claims premised on negligence, it must first determine that Section 14(e) provides a private right of action for any claims, without regard to the theory (such as negligence or fraud) underlying the claim.  This determination will require the Ninth Circuit to consider Supreme Court decisions issued over more than twenty years in which the Court repeatedly has affirmed and reaffirmed that lower courts should not infer any private right of action under a statute unless the statute's language displays Congress's intent that a private right of action should exist.  Thus, for example, in Ziglar v. Abbasi, the Court stated:

> If the statute does not itself so provide, a private cause of action will not be created through judicial mandate. . . . When Congress enacts a statute, there are specific procedures and times for considering its terms and the proper means for its enforcement.  It is logical, then, to assume that Congress will be explicit if it intends to create a private cause of action.

137 S. Ct. 1843, 1856 (2017).  A private right of action will be found to exist, therefore, only if the relevant statutory language creates rights and remedies, and does not—as in Section 14(e)—merely prohibit certain actions.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002) ("[W]e have held that the question whether Congress . . . intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class.  For a statute to create such private rights, its text must be phrased in terms of the persons benefited." (internal quotation marks, brackets, and citation omitted) (ellipsis in original)); Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself,

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –3

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." (citation omitted)); Piper v. Chris-Craft Indus., Inc., 430 U.S. 1, 25, 38 (1977) (holding that Section 14(e) does not create a private right of action in favor of unsuccessful tender offerors because it is "entirely silent as to private remedies" and its legislative history "evince[s] the narrow intent to curb the unregulated activities of tender offerors").

If the Ninth Circuit concludes that this Supreme Court authority precludes it from finding the existence of any private right of action under Section 14(e), its inquiry will be done. It will not need to assess whether Plaine v. McCabe, 797 F.3d 713 (9th Cir. 1986), in which the plaintiff pursued a fraud-based claim under Section 14(e), otherwise would support negligence-based private claims under Section 14(e). Nor would it need to evaluate the impact on Plaine of In re Washington Public Power Supply System Securities Litigation, 823 F.2d 1349, 1353-58 (9th Cir. 1987) (holding that there is no private right of action for negligence-based claims under Section 17(a) of the Securities Act of 1933, the analog to Section 14(e)). It follows that the Supreme Court authority limiting the inference of private rights of action is integral to any certification related to the private-right-of-action issue and is properly part of the April 22 Order. See Yamaha, 516 U.S. at 205 ("But the appellate court may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court." (internal quotation marks omitted)); Lenz v. Universal Music Corp., 815 F.3d 1145, 1150 (9th Cir. 2016) ("When evaluating an interlocutory appeal, we may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court. We may therefore address those issues material to the order from which appeal has been taken." (internal quotation marks and citation omitted)), cert. denied, 137 S. Ct. 416 (2016) and 137 S. Ct. 2263 (2017).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –4

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C.    Even if the Ninth Circuit were to consider only whether a private right of action exists for a negligence-based Section 14(e) claim, an interlocutory appeal would still materially advance the litigation**

Plaintiff asserts that he has pled the equivalent of scienter so that, even if the Ninth Circuit determines that there is no private right of action for negligence-based Section 14(e) claims, he can proceed with a fraud-based claim. ECF No. 63, at 1-2. As a result, he contends, an interlocutory appeal will not materially advance the litigation. Id. at 2-3. As discussed above (in Section B), Plaintiff misreads the Report and therefore wrongly concludes that the issue on appeal is limited to whether he can proceed with his Section 14(e) claim on his negligence-based thesis. He also ignores Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681 (9th Cir. 2011), in which the Ninth Circuit held that a plaintiff's ability to pursue claims other than the one for which interlocutory appeal is sought does not preclude a determination that the "may materially advance the ultimate termination of the litigation" component of the interlocutory appeal test has been satisfied. Thus, the Ninth Circuit stated:

> Reese also contends that certification was improvidently granted because a decision in BPXA's favor will not resolve all of Reese's claims against it, for Reese has filed an amended consolidated class action complaint asserting new claims against the defendant company. However, neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it "may materially advance" the litigation. 28 U.S.C. § 1292(b). The district court correctly concluded that our reversal "may" take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.

Id. at 688. Similar to the situation in Reese, if the Ninth Circuit concludes here that there is no private right of action for negligence-based Section 14(e) claims, but allows a fraud-based Section 14(e) claim to proceed, the ultimate termination of the action will still be advanced. The parties will not litigate an action based on allegations of negligence, only to potentially have a judgment

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –5

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

on those claims reversed on appeal following trial due to the lack of a private right of action.[2]

### III.    CONCLUSION

For the reasons set forth above, in Defendants' motion to certify (ECF No. 58), and in Defendants' reply in support of the motion to certify (ECF No. 61), the Court should adopt the June 9, 2021, Report and Recommendation (ECF No. 62) and certify its April 22, 2021, Order (ECF No. 57) for interlocutory appeal to the Ninth Circuit and stay proceedings in this Court during the pendency of the appeal.

RESPECTFULLY SUBMITTED this 8th day of July, 2021.

s/ *Ronald L. Berenstain*
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Joseph E. Bringman, WSBA No. 15236
Zachary E. Davison, WSBA No. 47873
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
JBringman@perkinscoie.com
ZDavison@perkinscoie.com

*Attorneys for Defendants Papa Murphy's
Holdings, Inc., and Weldon Spangler*

---

[2] While Plaintiff, under this scenario, arguably would be allowed to amend his complaint to attempt to assert fraud-based claims, Defendants do not concede that the underlying alleged facts here establish or could support a fraud theory of liability that would survive a motion to dismiss.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION
(No. 19-cv-05514-BHS-JRC) –6

59718-0023/LEGAL152989645.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000