UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EVAN BROWN, <br><br> Plaintiff, <br><br> v. <br><br> PAPA MURPHY'S HOLDINGS INCORPORATED, et al. <br><br> Defendants. | CASE NO. C19-5514 BHS-JRC <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 62, and Plaintiff Evan Brown's objections to the R&R, Dkt. 63.

Brown, a former Papa Murphy's shareholder, initiated this putative class action in June 2019. Dkt. 1. Brown alleges in his Second Amended Complaint ("SAC") that Defendants violated Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(e), 78t(a), by allegedly making materially false and misleading statements contained in a Recommendation Statement made in connection with a tender offer to acquire shares of Papa Murphy's. Dkt. 36, ¶¶ 1–3, 40.

ORDER - 1

Defendants moved to dismiss the SAC, Dkt. 41, and Judge Creatura issued a R&R, recommending that the Court deny Defendants' motion to dismiss, Dkt. 47. Defendants objected, Dkt. 51, and on April 22, 2021 the Court adopted the January R&R in full, Dkt. 57. Defendants argued in both their motion to dismiss and in their objections that there is no private right of action for Section 14(e) claims predicated on negligence. *See* Dkt 14 at 36; Dkt. 51 at 16. Both Judge Creatura and this Court rejected this argument, declining to disturb existing Ninth Circuit precedent. *See* Dkt. 47 at 18–19; Dkt. 57 at 9–10.

Defendants then filed a motion to certify this Court's April 22 Order for interlocutory appeal and to stay proceedings during pendency of appeal. Dkt. 58. Judge Creatura issued the instant R&R, recommending that the Court grant the motion and stay the proceedings pending appellate review. Brown objected, Dkt. 63, to which Defendants responded, Dkt. 64.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.[1] Fed. R. Civ. P. 72(b)(3).

---

[1] Brown asserts that the Defendants' motion is a non-dispositive matter and that therefore the R&R should be reviewed pursuant to Federal Rule of Civil Procedure 72(a). Dkt. 63 at 2 n.1. A motion falls under the purview of Rule 72(a) when the matter is "not dispositive of a party's claim or defense[.]" Fed. R. Civ. P. 72(a). As discussed in more detail below, the interlocutory appeal may be dispositive of Brown's claim(s). The Court thus will review the R&R de novo as required by Rule 72(b).

ORDER - 2

The court may certify for appeal an otherwise non-appealable order where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification of a non-appealable order under section 1292(b) is appropriate where the order (1) "involves a controlling question of law[;]" (2) "as to which there is a substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *In re Cement Antitrust*, 673 F.2d 1020, 1026 (9th Cir. 1982)(en banc). The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the "basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The R&R concluded that Defendants have met their burden in establishing the need for an interlocutory appeal, and Brown objects to the R&R's conclusion that an appeal may materially advance the ultimate termination of the litigation. Brown argues that the R&R does not acknowledge or address his argument that this is not a pure negligence action, as he was required to sufficiently allege subjective falsity, which is akin to scienter. Dkt. 63 at 2 (internal citations omitted). Defendants correctly highlight that an interlocutory appeal would materially advance the termination of litigation because the Ninth Circuit could decide that there is no private right of action for *any* 14(e) claims or that there is no private right of action for a negligence-based 14(e) claim. *See* Dkt. 64 at 4–5.

ORDER - 3

1       An immediate appeal could terminate the entirety of the litigation, or it could
2  terminate the litigation regarding Brown's negligence-based 14(e) claims. As the R&R
3  noted, 28 U.S.C. § 1292(b) does not required that a defendant prove that interlocutory
4  appeal must have a final, dispositive effect on the litigation. Dkt. 62 at 7 (citing *Reese v.*
5  *BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). The R&R correctly concluded
6  that Defendants met their burden in showing that an interlocutory appeal *may* materially
7  advance the termination of litigation, even if it only terminates one of Brown's claims.

8       Therefore, the Court having considered the R&R, Plaintiff's objections, and the
9  remaining record, does hereby find and order as follows:

10      (1)   The R&R is **ADOPTED**;
11      (2)   Defendants' motion to certify the District Court's April 22, 2021 Order
12            (Dkt. 57) for interlocutory appeal and to stay proceedings during pendency
13            of appeal, Dkt. 58, is **GRANTED**;
14      (3)   Further proceedings in this Court are **STAYED** pending the filing of a
15            petition for permission to appeal in the U.S. Court of Appeals for the Ninth
16            Circuit, the disposition of that petition, and the disposition of any appeal
17            permitted by the Ninth Circuit; and

18  \
19  \
20  \
21  \
22  \

(4) The parties shall file a joint status report regarding the resolution of any remaining issues within 14 days of an order resolving the appeal.

Dated this 6th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5