THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>Defendants. | Case No. 19-cv-05514-BHS-JRC<br><br>LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT<br><br>NOTE ON MOTION CALENDAR: December 17, 2021 |

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**TABLE OF CONTENTS**

I.   INTRODUCTION …………………………………………………………………………1

II.  HISTORY OF THE LITIGATION…………………………………………………........1

III. TERMS OF THE SETTLEMENT……………………………...………………….…...3

IV.  ARGUMENT……………………………………………………………………………3

    A. The Settlement Should Be Preliminarily Approved……………………..…………4

        1. The Settlement is the Product of Serious, Informed, and Non-Collusive Negotiations …………………………………………………………………………..4

        2. The Settlement Has No Obvious Deficiencies and Does Not Improperly Grant Preferential Treatment to Lead Plaintiff or Segments of the Class…………....5

        3. The Settlement Falls Within the Range of Possible Approval…………………...6

    B. Certification of the Settlement Class for Settlement Purposes is Appropriate……………………………………………………………...………...7

        1. The Settlement Class Satisfies the Requirements of Rule 23(a)…………..…..7

            a. The Numerosity Requirement is Satisfied………………………………………7

            b. The Commonality Requirement is Satisfied……………………………...…..8

            c. The Typicality Requirement is Satisfied…………………………………...…8

            d. The Adequacy Requirement is Satisfied…………………………………...…8

        2. The Settlement Class Meets the Requirements of Rule 23(b)(3)…………...…9

            a. Common Legal and Factual Questions Predominate……………………..10

            b. A Class Action is Superior to Other Methods of Adjudication………........10

    C. The Notice Program Satisfies Due Process, Rule 23, and PSLRA Requirements…………………………………………………………………...…..10

    D. Anticipated Legal Fees and Expenses ……………………………………………11

    E. Proposed Schedule of Events………..……………………………………………12

V.   CONCLUSION………………………………………………………………………12

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

i

# TABLE OF AUTHORITIES

**CASES**     **PAGE(S)**

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997) .................................................................................................... 7, 9

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ............................................................................................ 8

*In re Celera Corp. Secs. Litig.*,
  No. 5:10-CV-02604-EJD, 2015 U.S. Dist. LEXIS 42228 (N.D. Cal. Mar. 31, 2015) ........... 11

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................................ 6

*Desai v. Deutsche Bank Sec. Ltd.*,
  573 F.3d 931 (9th Cir. 2009) .......................................................................................... 10

*Dunleavy v. Nadler* (*In re Mego Fin. Corp. Sec. Litig.*),
  213 F.3d 454 (9th Cir. 2000) ............................................................................................ 6

*Emulex Corp. v. Varjabedian*,
  139 S. Ct. 1407 (2019) ..................................................................................................... 9

*In re Extreme Networks, Inc. Sec. Litig.*,
  No. 15-cv-04883-BLF, 2019 U.S. Dist. LEXIS 121886 (N.D. Cal. July 22, 2019) ............... 6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .......................................................................................... 8

*In re Hot Topic, Inc. Sec. Litig.*,
  CASE NO.: CV 13-02939 SJO (JCx), 2014 U.S. Dist. LEXIS 155544 (C.D. Cal. Nov. 3, 2014) ................................................................................................................................ 10

*In re Omnivision Techs.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007) ............................................................................ 5

*Pilkington v. Cardinal Health, Inc.* (*In re Syncor ERISA Litig.*),
  516 F.3d 1095 (9th Cir. 2008) .......................................................................................... 3

*In re Portal Software Sec. Litig.*,
  No. C-03-5138 VRW, 2007 U.S. Dist. LEXIS 51794 (N.D. Cal. June 30, 2007) ................ 4

*Rinky Dink Inc v. Elec. Merch. Sys.*,
  No. C13-1347 JCC, 2015 U.S. Dist. LEXIS 195753 (W.D. Wash. Dec. 11, 2015) ......... 4, 7

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ............................................................................................ 6

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

ii

*Rosas v. Sarbanand Farms, L.L.C.*,
   No. C18-0112-JCC, 2019 U.S. Dist. LEXIS 223059 (W.D. Wash. Dec. 31, 2019) ................ 4

*In re Tableware Antitrust Litig.*,
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................................... 4

*Zuern v. IDS Prop. Cas. Ins. Co.*,
   No. C19-6235-MLP, 2021 U.S. Dist. LEXIS 35730 (W.D. Wash. Feb. 25, 2021) ..... 4, 5, 6, 7

**STATUTES, RULES, & REGULATIONS**

15 U.S.C. § 78u-4 ........................................................................................................... 6, 11

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iii

## I. INTRODUCTION

Lead Plaintiff Evan Brown ("Lead Plaintiff")[1] respectfully requests that the Court preliminarily approve the proposed cash Settlement of $2.4 million for the Settlement Class comprised of the former public shareholders of Papa Murphy's. The Settlement is a testament to Lead Plaintiff's persistence and perseverance despite the multiple roadblocks erected by Defendants, including their Petition for Permission to Appeal which was granted after Lead Plaintiff defeated Defendants' multiple rounds of motions to dismiss. The sizeable Settlement represents approximately 6.75-17.25% of potential recoverable damages, an amount significantly higher than the 1.7% 2020 median recovery in securities class actions.[2] Moreover, the Settlement ensures that only the public shareholders partake in the recovery by excluding Papa Murphy's directors and certain entities affiliated with them, which collectively owned more than half of the Company's shares. The Settlement is a particularly excellent outcome for the Settlement Class because it enables them to avoid the significant risks of further litigation, which were magnified in this case given that the Ninth Circuit granted Defendants' 28 U.S.C. § 1292(b) Petition for Permission to Appeal the same day the Settlement was reached. The Settlement was reached after two months of arm's length negotiations between experienced counsel representing the Settling Parties. As set forth below, the Settlement is fair, reasonable, and adequate, warranting preliminary approval by this Court.

## II. HISTORY OF THE LITIGATION

Given the extensive procedural and factual background associated with the Litigation, this section provides a brief overview. *See* Stipulation at 2-7 for a fuller, detailed history. On June 7, 2019, Lead Plaintiff filed this Class Action against Papa Murphy's, its CEO Weldon Spangler, the Company's Directors, and its financial advisor North Point (collectively, the "Original Defendants"). ECF No. 1. On September 9, 2019, the Court granted Lead Plaintiff's motion for appointment as

---

[1] All capitalized terms not defined herein have the same meanings as set forth in the Stipulation of Settlement dated November 29, 2021 ("Stipulation") filed contemporaneously herewith as Exhibit 1 to the Declaration of Juan E. Monteverde in Support of Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Monteverde Decl.").

[2] *See* Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review*, 1, 20 (NERA Jan. 25, 2021) (Monteverde Decl., Ex. 2).

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Lead Plaintiff pursuant to the PSLRA, and approved his selection of Monteverde as Lead Counsel
2    and Breskin as Liaison Counsel. ECF No. 17.
3          On November 8, 2019, Lead Plaintiff filed his Amended Complaint, and in response, the
4    Original Defendants filed their Motions to Dismiss on January 7, 2020. ECF No. 22, 25-26. On
5    March 9, 2020, Lead Plaintiff filed his Opposition to the Original Defendants' Motions to Dismiss
6    and also filed a Rule 41 Notice of Dismissal dismissing North Point. ECF No. 29-31. The Original
7    Defendants then filed their Reply to Lead Plaintiff's Opposition on April 8, 2020. ECF No. 32. On
8    June 10, 2020, the Court granted the Original Defendants' Motions to Dismiss without prejudice.
9    ECF No. 35.
10         Lead Plaintiff was not discouraged and on July 10, 2020, he filed his Second Amended
11   Complaint narrowing claims against the more active alleged wrongdoers, Papa Murphy's and
12   Weldon Spangler ("Defendants"). ECF No. 36. On August 24, 2020, Defendants filed a Motion to
13   Dismiss the Second Amended Complaint ("Second Motion to Dismiss"). ECF No. 41. Lead Plaintiff
14   responded with his Opposition to the Second Motion to Dismiss on October 8, 2020, and then on
15   November 2, 2020, Defendants filed their Reply. ECF No. 42, 44. On January 12, 2021, Magistrate
16   Judge Creatura issued his Report and Recommendation denying Defendants' Second Motion to
17   Dismiss, and despite Defendants' Objections, the Report and Recommendation was adopted by the
18   Court on April 22, 2021. ECF No. 47, 51, 57.
19         On May 6, 2021, Defendants moved to certify the Court's April 22nd Order for interlocutory
20   appeal, which Lead Plaintiff opposed on May 17, 2021. The Court granted Defendants' motion, and
21   Defendants filed their Petition for Permission to Appeal on August 16, 2021. On September 9, 2021,
22   Lead Plaintiff filed an Answer in Opposition to Defendants' Petition. While Defendants' Petition
23   for Permission to Appeal was pending, the Settling Parties, through counsel, held several discussions
24   and negotiations regarding a potential settlement. On October 12, 2021, after two months of arm's
25   length negotiations and Lead Counsel consulting with a damages' expert, the Settling Parties came
26

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

to terms on the Settlement described herein. Later that evening, the Ninth Circuit issued an Order granting Defendants' Petition for Permission to Appeal. ECF No. 67.

On October 18, 2021, the Settling Parties executed a term sheet for the Settlement.

On October 25, 2021, the Settling Parties re-filed a joint motion in the Ninth Circuit to stay the appellate proceedings, under the newly assigned appellate case number. The motion was referred to Chris Goelz, Ninth Circuit Mediator, and on November 2, 2021, Mr. Goelz issued an order staying Defendants' appeal and vacating the briefing schedule established for the appeal.

The Settling Parties then reduced the terms of the Settlement into the Stipulation, which is now subject to this Court's approval.

Thereafter, the Settling Parties informed the Ninth Circuit of the execution of the Stipulation, and on November 29, 2021, the Ninth Circuit issued an order remanding the case so that this Court may consider the Settlement.

## III. TERMS OF THE SETTLEMENT

Pursuant to the Settlement, Papa Murphy's shall cause its D&O insurance carrier to pay, on behalf of Defendants, the Settlement Amount of $2.4 million into the Escrow Account, which will then be distributed to the Authorized Claimants in accordance with the Plan of Allocation described fully in the Notice. *See* Stipulation, Ex. A-1. Defendants, Papa Murphy's Directors, and certain Supporting Stockholders affiliated with them are excluded from the Settlement, thereby ensuring that only aggrieved shareholders partake in the recovery.

## IV. ARGUMENT

The Ninth Circuit has repeatedly reiterated the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a class action settlement requires court approval, and there are three stages to obtaining a court's final approval: (i) the parties ask a court to preliminarily approve a proposed settlement; (ii) notice is sent to the class describing the settlement; and (iii) the court holds a fairness hearing to determine whether

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

to give final approval to the settlement. *See Rinky Dink Inc v. Elec. Merch. Sys.*, 2015 U.S. Dist. LEXIS 195753, at *4 (W.D. Wash. Dec. 11, 2015). In accordance with the first stage, Lead Plaintiff requests preliminary approval of the Settlement, as the Settlement is fair, reasonable, and adequate.

### A. The Settlement Should Be Preliminarily Approved

A court preliminarily approving a settlement only establishes an initial presumption of fairness. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Preliminary approval is warranted if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies and does not improperly grant preferential treatment to class representatives or segments of the class; and (3) falls within the range of possible approval. *See Rosas v. Sarbanand Farms, LLC*, 2019 U.S. Dist. LEXIS 223059, at *3 (W.D. Wash. Dec. 31, 2019); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.

#### 1. The Settlement is the Product of Serious, Informed, and Non-Collusive Negotiations

A proposed settlement is presumed fair for purposes of preliminary approval if it resulted from arm's length negotiations. *In re Portal Software, Inc. Sec. Litig.*, No. 03-cv-5138 VRW, 2007 U.S. Dist. LEXIS 51794, at *15 (N.D. Cal. June 30, 2007). Arm's length negotiations typically take place over an extended period of time with experienced counsel on both sides, each with an understanding of the strengths and weaknesses of their own and the opposing party's claims. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080.

Here, the Settlement was the product of two months of arm's length negotiations between the Settling Parties during the pendency of Defendants' Petition for Permission to Appeal to the Ninth Circuit. After building an extensive docket that consisted of, *inter alia*, two amended class action complaints and two rounds of motions to dismiss, the Settling Parties were well-aware of the strengths and weaknesses of their respective legal positions. *See Zuern v. IDS Prop. Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 35730, at *12 (W.D. Wash. Feb. 25, 2021). Indeed, after this Court granted the Original Defendants' Motions to Dismiss, Lead Plaintiff re-evaluated his case and fine-tuned his

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

allegations in the Second Amended Complaint to narrow its claims against the active alleged wrongdoers, Defendants Papa Murphy's and Spangler. Due to Lead Plaintiff's perseverance with assistance of skilled Lead Counsel, he was able to successfully defeat Defendants' Second Motion to Dismiss over Defendants' Objections, and Judge Settle adopted Magistrate Judge Creatura's Report and Recommendation denying Defendants' Second Motion to Dismiss. Moreover, during settlement negotiations, Lead Plaintiff was assisted by Lead Counsel and its damages expert, so Lead Plaintiff was fully aware of the potential recoverable damages for the Settlement Class while negotiating the Settlement.

In addition, the Court should give Lead Counsel's recommendation that the Settlement is fair and adequate a presumption of reasonableness, because Lead Counsel has significant expertise in securities litigation.[3] *See In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). Indeed, Lead Counsel weighed the sizeable Settlement Amount against the risk that in going forward with the Litigation, the Ninth Circuit, this Court, or a jury might find in favor of Defendants – resulting in no recovery for the Class.

Simply put, during the negotiation of the Settlement, Lead Plaintiff and Lead Counsel were well-informed of the strengths and weaknesses of the claims at issue, and are confident that the Settlement is fair, reasonable, and adequate. The Settlement is the product of serious, informed, non-collusive negotiations between the Settling Parties, and warrants preliminary approval.

### 2. The Settlement Has No Obvious Deficiencies and Does Not Improperly Grant Preferential Treatment to Lead Plaintiff or Segments of the Class

Under the Plan of Allocation, Authorized Claimants that submit a valid, timely Proof of Claim will receive distribution from the Net Settlement Fund on a pro rata basis. *See* Stipulation at 11, 22-26; *Zuern*, 2021 U.S. Dist. LEXIS 35730, at *12-13. Therefore, assuming 100% of the shares in the Settlement Class submit a valid and timely Proof of Claim, the average distribution will be $0.29 per share owned (before payment of Court-approved fees and expenses (estimated to be

---

[3] *See* Monteverde Firm Resume (Monteverde Decl., Ex. 3).

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

5

1   approximately $0.10 per share)). Stipulation, Ex. A-1 at 13. This means that every shareholder in
2   the Settlement Class will receive equal treatment under the Plan of Allocation.

3       Although Lead Plaintiff intends to seek an award of reasonable costs and expenses directly
4   relating to his representation of the Settlement Class in an amount up to $5,000 pursuant to 15 U.S.C.
5   § 78u-4(a)(4), such an award would "not constitute inequitable treatment of class members", because
6   (i) it is not part of the Settlement and must be separately approved by the Court, and (ii) it is only
7   meant to compensate Lead Plaintiff as a class representative for work done on behalf of the
8   Settlement Class. *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 U.S. Dist.
9   LEXIS 121886, at *26 (N.D. Cal. July 22, 2019) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948,
10  958-59 (9th Cir. 2009)).

### *3.  The Settlement Falls Within the Range of Possible Approval*

12      In determining whether a settlement falls within the range of possible approval, courts weigh
13  the plaintiff's expected recovery (*i.e.*, potential damages) against the value of the settlement offer.
14  *See Zuern*, 2021 U.S. Dist. LEXIS 35730, at *11. The Settlement represents a recovery of
15  approximately 6.75-17.25% of the potential recoverable damages for the Settlement Class and will
16  exclude the nearly nine million Papa Murphy's shares owned by the Company's directors and
17  officers and their affiliates. This ensures that only aggrieved shareholders partake in the recovery,
18  and that such shareholders receive a much higher per share recovery.

19      Such a sizeable recovery in relation to potential damages is, standing alone, indicative of the
20  Settlement's fairness. *See* Monteverde Decl., Exhibit 2 at 36; *In re Mego Fin. Corp. Sec. Litig.*, 213
21  F.3d 454, 459 (9th Cir. 2000) ("The settlement amount of almost $2 million was roughly one-sixth
22  of the potential recovery, which, given the difficulties in proving the case, is fair and adequate.").
23  However, given the substantial risks of further litigation (including the risk of Defendants' winning
24  their appeal), the additional expenses associated with further litigation, and the complexity of the
25  Action, the Settlement is a particularly favorable result for the Settlement Class. *See Churchill Vill.,*
26  *L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004). Although Lead Plaintiff believes his claims

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

have merit, as shown by his success in defeating Defendants' Second Motion to Dismiss, the risks of further litigation in this complex securities action—including winning at the Ninth Circuit, defeating summary judgment, and prevailing at trial on liability and damages—were significant.

Simply put, the Settlement is a great outcome for the Settlement Class, and certainly "falls within the range of reasonableness[.]" *Zuern*, 2021 U.S. Dist. LEXIS 35730, at *11.

### B.   Certification of the Settlement Class for Settlement Purposes is Appropriate

In granting preliminary settlement approval, the Court should also certify the Settlement Class for purposes of effectuating the Settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Courts have long acknowledged the propriety of a settlement class. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-22 (1997). A settlement class, like other certified classes, must satisfy all the requirements of Rule 23(a) and Rule 23(b)(3), and this Settlement Class does so, as shown below. *See id.* at 607-09.

#### 1.   *The Settlement Class Satisfies the Requirements of Rule 23(a)*

Class certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims/defenses of the class representative are typical of the claims/defenses of the class ("typicality"); and (4) the class representative will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a). The Settlement Class meets each of these four requirements.

##### a.   The Numerosity Requirement is Satisfied

First, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Courts have held that joinder is impracticable when the proposed settlement class exceeds 40 class members. *Rinky Dink Inc*, 2015 U.S. Dist. LEXIS 195753, at *7.  Here, the numerosity requirement is plainly satisfied, as Lead Plaintiff estimates that there are approximately 8,160,595 shares of Papa Murphy's in the Settlement Class held by hundreds to thousands of shareholders across the United States. Stipulation, Ex. A-1 at 13.

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

### b. The Commonality Requirement is Satisfied

Second, Rule 23(a)(2)'s commonality requirement does not mandate that *all* questions of law and fact be common to all class members, rather the class can have at least one shared legal issue with differing factual scenarios, or common material facts with differing legal remedies. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). In *Blackie v. Barrack*, the Ninth Circuit held that a class of purchasers allegedly defrauded by the same misrepresentations made by a company satisfied the commonality requirement. 524 F.2d 891 (9th Cir. 1975).

As in *Blackie*, the Settlement Class Members here all held shares of Papa Murphy's during the Settlement Class Period, and thus all share common questions of law and fact, particularly whether Defendants violated Sections 14(e) and 20(a) of the Exchange Act by preparing and disseminating a materially misleading Recommendation Statement, and whether shareholders were damaged as a result. Thus, the Settlement Class satisfies the commonality requirement.

### c. The Typicality Requirement is Satisfied

Third, Rule 23(a)(3) requires that the class representative's claims be "typical" of those of the other class members. Under Rule 23(a)'s permissive standards, claims are "typical" if they are reasonably co-extensive with those of the other class members. *Hanlon*, 150 F.3d at 1020.

As mentioned above, Lead Plaintiff and all other Settlement Class Members bought, sold, or held shares of Papa Murphy's during the Settlement Class Period, and their claims arise from the same Recommendation Statement issued in connection with the same Tender Offer. Therefore, the typicality requirement is satisfied as well.

### d. The Adequacy Requirement is Satisfied

Fourth, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." In the Ninth Circuit, legal adequacy is determined using the following two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

Here, Lead Plaintiff and Lead Counsel have no conflicts of interest with each other or any of the other Settlement Class Members. In addition, there can be no doubt that Lead Plaintiff and Lead Counsel have vigorously litigated this Action. Over the last two and a half years, they conducted extensive investigation into to the facts underlying the asserted claims, drafted comprehensive pleadings, engaged in substantive motion practice, including opposing multiple motions to dismiss and successfully defeating Defendants' Second Motion to Dismiss, vigorously opposed Defendants' attempt to eliminate the private right of action under Section 14(e) at the Ninth Circuit, and engaged in arm's length negotiations with Defendants to obtain a fair recovery for the Settlement Class.

Moreover, Lead Counsel is highly qualified in tender offer litigation and is responsible for improving the law for shareholders in tender offers with a significant victory that lowered the standard of liability under Section 14(e) of the Exchange Act in this Circuit. Thereafter, Lead Counsel successfully preserved the victory by obtaining dismissal of a *writ of certiorari* as improvidently granted at the United States Supreme Court. *Emulex Corp. v. Varjabedian*, 139 S. Ct. 1407 (2019). Also, Lead Counsel is recognized as a preeminent securities firm listed in the **Top 50** in the 2018-2020 ISS Securities Class Action Services Report.

In sum, the adequacy requirement is satisfied, and the Settlement Class meets all four requirements for class certification under Rule 23(a).

### 2. *The Settlement Class Meets the Requirements of Rule 23(b)(3)*

Lead Plaintiff seeks certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." When assessing predominance and superiority, a court may consider that the class will be certified for settlement purposes only, and thus a showing of manageability at trial is not required. *See Amchem*, 521 U.S. at 618.

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

a. Common Legal and Factual Questions Predominate

Here, questions common to all Settlement Class Members substantially predominate over any individualized questions. The common issues in this Action that predominate are: (1) whether the Recommendation Statement contained materially misleading statements; and (2) whether the alleged material misrepresentations caused recoverable losses. *See In re Hot Topic, Inc. Sec. Litig.*, No. CV 13-02939 SJO (JCx), 2014 U.S. Dist. LEXIS 155544, at *17 (C.D. Cal. Nov. 3, 2014). The same alleged course of conduct by Defendants forms the basis for all of the Settlement Class Members' claims. As discussed above, there are numerous common issues relating to Defendants' liability at the core of this Action that predominate over any individualized issues, so the predominance requirement of Rule 23(b)(3) is met.

b. A Class Action is Superior to Other Methods of Adjudication

Rule 23(b)(3) sets forth that a class action must be the superior method of adjudication. In securities cases, like this one, alleging that misleading statements were disseminated to hundreds of shareholders across the country, a class action is undoubtedly superior to other methods of adjudication because it promotes judicial economy. *See Desai v. Deutsche Bank Sec. Ltd*, 573 F.3d 931, 937 (9th Cir. 2009).

Accordingly, the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, and certification of the Settlement Class is appropriate.

**C.    The Notice Program Satisfies Due Process, Rule 23, and PSLRA Requirements**

Rule 23(e)(1) of the Federal Rules of Civil Procedure requires that all members of the class be notified of the terms of any proposed settlement. The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10

judgment on members. Fed. R. Civ. P. 23(c)(2)(B). Furthermore, in securities class actions, the PSLRA also requires that the notice provide the following information:

> (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis;" (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree;" (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought;" (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members;" and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement."

15 U.S.C. § 78u-4(a)(7).

Here, the proposed form of the Notice (Stipulation, Ex. A-1) and the proposed form of the Summary Notice (Stipulation, Ex. A-3) meet all the requirements listed in Rule 23(e) and the PSLRA. The location of each of these required pieces of information within the Notice and Summary Notice is detailed in the Monteverde Declaration at ¶¶ 3-7. Moreover, the Notice and Summary Notice are similar, if not identical, to the methods used in countless other securities class actions that have been "found to be satisfactory and meet due process." *In re Celera Corp. Sec. Litig.*, No. 5:10-CV-02604-EJD, 2015 U.S. Dist. LEXIS 42228, at *18-20 (N.D. Cal. Mar. 31, 2015). Therefore, this Court should approve the form of Notice and Summary Notice.

### D. Anticipated Legal Fees and Expenses

As set forth in the Notice, Lead Counsel intends to request an award of attorneys' fees of one-third of the Settlement Fund, plus expenses not to exceed $25,000. A one-third fee of the $2.4 million Settlement Amount would equate to $800,000, which is less than the value of the time that Lead Counsel has expended in this Action to date and would provide a negative multiplier to Lead Counsel's lodestar to date.

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11

### E. Proposed Schedule of Events

The proposed Preliminary Approval Order includes the following schedule:

| EVENT | DEADLINE |
|---|---|
| Notice mailed to the Settlement Class ("Notice Date") | 21 calendar days after entry of the Preliminary Approval Order |
| Summary Notice published | 10 calendar days after the Notice Date |
| Deadline for filing briefs in support of the Settlement, certification of the Settlement Class, Plan of Allocation, or request for an award of attorneys' fees and expenses | 35 calendar days prior to the Final Approval Hearing |
| Deadline for requesting exclusion from the Settlement Class and notifying Counsel of objections to the Settlement, Plan of Allocation, or request for fees and expenses | 21 calendar days prior to the Final Approval Hearing |
| Deadline for objectors to file objection papers with the Court | 14 calendar days prior to the Final Approval Hearing |
| Deadline to be provided to Defendants' Counsel copies of all Requests for Exclusion | 14 calendar days prior to the Final Approval Hearing |
| File declaration confirming mailing and publishing of Notice and Summary Notice | 7 calendar days prior to the Final Approval Hearing |
| Reply papers in support of the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 7 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience, but no less than 110 calendar days after entry of the Preliminary Approval Order |
| Last day for submitting Proof of Claim and Release forms | 120 calendar days after the Notice Date or such other time as set by the Court |

*See* Stipulation, Ex. A at 3-6, 8-10.

### V. CONCLUSION

For the foregoing reasons, the Settlement warrants this Court's preliminary approval, and entry of the Preliminary Approval Order.

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12

Dated:  December 1, 2021

**BRESKIN JOHNSON TOWNSEND, PLLC**

s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

13