THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,

Defendants.

Case No. 19-cv-05514-BHS-JRC

DECLARATION OF JUAN E. MONTEVERDE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

NOTE ON MOTION CALENDAR:
December 17, 2021

MONTEVERDE DECL. ISO
MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

I, Juan E. Monteverde, declare as follows:

1.      I am the Founder and Managing Partner of the law firm Monteverde & Associates PC, Counsel for Lead Plaintiff Evan Brown ("Lead Plaintiff") and Lead Counsel for the putative class in this Action[1].

2.      I am admitted *pro hac vice*.  I submit this declaration in support of Lead Plaintiff's Motion for Preliminary Approval of Settlement, respectfully requesting that this Court: (1) preliminarily approve the terms of the proposed Settlement; (2) conditionally certify the Settlement Class for purposes of providing Notice; (3) approve the form and method for providing Notice of the proposed Settlement and Final Approval Hearing to the Settlement Class; and (4) set a date for the Final Approval Hearing.

## NOTICE

3.      As stated in the Motion, the proposed form of Notice (defined below as Exhibit A-1 to the Stipulation) meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and PSLRA, 15 U.S.C. § 78u-4(a)(7). The Notice describes the Settlement and sets forth the Settlement Amount in the aggregate and on an average per share basis. Stipulation, Ex. A-1 at 7. The Notice describes the Settling Parties' disagreement over damages and liability. *Id*. at 2.  The Notice sets out the limits on attorneys' fees and expenses Lead Counsel intends to seek from the Settlement Fund, and describes the proposed Plan of Allocation. *Id*. at 2, 11.  The Settling Parties agreed on the form of Notice to be disseminated to all persons who fall within the definition of the Settlement Class, and whose names and addresses have been or can be identified from or through Papa Murphy's transfer records. *Id.* at 3.  The Notice also summarizes the nature, history, and status of the Action, sets forth the definition of the Settlement Class, states the Settlement Class' claims and issues, discusses the rights of persons who fall within the definition of the Settlement Class (including the

---

[1] All capitalized terms not defined herein have the same meanings as set forth in the Stipulation of Settlement, dated November 29, 2021 ("Stipulation"), and/or in Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion").

MONTEVERDE DECL. ISO
MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

right to be excluded or object to Settlement and all relief requested in connection thereto), and summarizes the reasons the Settling Parties are proposing the Settlement. The Notice also contains instructions on how to access the case docket via PACER or in person at the Court. *Id*. at 10.

4.    Further, the Notice includes detailed information on the process and requirements for requesting exclusion from the Settlement Class. *Id*. at 8.  It also informs the Settlement Class of what will happen if they do nothing at all. *Id*. at 10.  Moreover, the Notice provides instructions on the timing and process for completing and submitting the Proof of Claim form that accompanies the Notice. *Id*. at 6. The Notice also informs Settlement Class Members that copies of the Notice and Proof of Claim form may be obtained by writing the Claims Administrator, or by accessing the documents on the Settlement website. *Id.* at 12.

5.    The Notice concisely explains the Settlement Class opt-out rights, including the timing and method to opt-out. *Id*. at 1, 9. For those Settlement Class Members who do not wish to opt-out, the Notice provides that they can object to the Settlement or the request for an award of fees and expenses or incentive award. *Id*. at 9. Also, the Notice explains the difference between objecting to the Settlement and opting out of the Settlement. *Id*.

6.    The Notice will set forth the date, time, and place of the Final Approval Hearing, and clearly states that the date may change without further notice and that Settlement Class Members should check with Lead Counsel or the Settlement website beforehand to ensure that the date and/or time has not changed. *Id*. at 6.  It also sets forth the procedures for commenting on the Settlement, and includes addresses for the Court, Lead Counsel, and Defendants' Counsel. *Id*. at 9.  In addition, the Claims Administrator will send the Notice to entities who commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers. *Id*. at 11-12.

7.    Lead Plaintiff further proposes to distribute electronically a Summary Notice (defined below as Exhibit A-3 to the Stipulation) through *PRNewswire*.

MONTEVERDE DECL. ISO
MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

8.    As such, the contents of the Notice and Summary Notice here satisfy the requirements of Rule 23(e) and the PSLRA.

**EXHIBITS**

9.    Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulation of Settlement, dated November 29, 2021, which contains the following annexed exhibits:

- *Exhibit A* – [Proposed] Order Preliminarily Approving Settlement and Providing for Notice
- *Exhibit A-1* – Notice of Pendency and Proposed Settlement of Class Action
- *Exhibit A-2* – Proof of Claim and Release
- *Exhibit A-3* – Summary Notice
- *Exhibit B* – [Proposed] Final Judgment and Order of Dismissal with Prejudice

10.    Attached hereto as **Exhibit 2:** Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review*, 1, 20 (NERA Jan. 25, 2021).

11.    Attached hereto as **Exhibit 3:** Firm Resume of Monteverde & Associates PC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2021

/s/ *Juan E. Monteverde*
Juan E. Monteverde

MONTEVERDE DECL. ISO
MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

# Exhibit 1

THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,

Defendants.

Case No. 19-cv-05514-BHS-JRC

STIPULATION OF SETTLEMENT

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1

This Stipulation of Settlement, dated November 29, 2021 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-captioned litigation (the "Action" or "Litigation"), through their respective counsel of record: (i) Evan Brown ("Brown") as the Court-appointed Lead Plaintiff in this Action ("Lead Plaintiff"); and (ii) Papa Murphy's Holdings, Inc. ("Papa Murphy's" or the "Company") and Weldon Spangler ("Spangler," and, together with Papa Murphy's, "Defendants," and together with Lead Plaintiff, the "Settling Parties"). This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive, dismiss with prejudice, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Western District of Washington, Tacoma Division (the "Court").

## I.   THE LITIGATION

On April 10, 2019, Papa Murphy's executed an Agreement and Plan of Merger (the "Merger Agreement") with two wholly owned subsidiaries of MTY Food Group Inc. ("MTY"), whereby MTY acquired all issued and outstanding shares of Papa Murphy's (the "Tender Offer") for $6.45 in cash per share (the "Offer Price"). On April 11, 2019, MTY and the Company issued a joint press release announcing the Merger Agreement.

On April 25, 2019, Papa Murphy's filed a Schedule 14D-9 Solicitation / Recommendation Statement ("Schedule 14D-9") with the U.S. Securities and Exchange Commission (the "SEC"), with four subsequent amendments to the Schedule 14D-9 filed on the following dates: May 6, 2019, May 10, 2019, May 15, 2019, and May 23, 2019 (collectively, the "Recommendation Statement").

On May 3, 2019, Brown filed a complaint in the United States District Court for the Southern District of New York ("SDNY") seeking additional disclosures from Papa Murphy's regarding the Tender Offer (the "SDNY Lawsuit"). On May 10 and May 15, 2019, Papa Murphy's issued supplemental disclosures in amendments to the Schedule 14D-9.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

MONTEVERDE DECL. Page 6 of 131

On May 22, 2019, at 12:00 midnight, Eastern Time, the Tender Offer expired ("Expiration Time"), with 15,201,906 shares of the Company's common stock having been validly tendered, representing 89.2% of Papa Murphy's outstanding shares as of the Expiration Time. On May 23, 2019, the Company and MTY consummated the Tender Offer, all Papa Murphy's shareholders were cashed out of their shares in exchange for $6.45 per share, and the Company became a wholly owned subsidiary of MTY.

On June 3, 2019, Brown dismissed the SDNY Lawsuit.

On June 7, 2019, Brown filed this Action as a putative class action, alleging violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") naming as defendants Papa Murphy's, Spangler, North Point Advisors LLC ("North Point"), and the following directors of Papa Murphy's: Jean M. Birch, Noah A. Elbogen, Benjamin Hochberg, Yoo Jin Kim, Alexander C. Matina, David Mounts, John Shafer, Katherine L. Scherping, and Rob Weisberg (collectively, the "Directors").

On August 12, 2019, Brown filed a motion seeking appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and sought approval of his selection of Monteverde & Associates PC ("Monteverde") as Lead Counsel and Breskin, Johnson & Townsend PLLC ("Breskin") as Liaison Counsel. On September 9, 2019, the Court granted Brown's appointment as Lead Plaintiff, and approved his selection of Monteverde as Lead Counsel and Breskin as Liaison Counsel.

On November 8, 2019, Lead Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint") against Papa Murphy's, Spangler, North Point, and the Directors. In response, on January 7, 2020, Papa Murphy's, Spangler, and the Directors filed a Motion to Dismiss, and North Point filed a separate Motion to Dismiss. On March 9, 2020, Lead Plaintiff filed his Opposition to the Motion to Dismiss filed by Papa Murphy's, Spangler, and the Directors, and filed a notice of dismissal pursuant to Fed. R. Civ. P. 41 voluntarily dismissing North Point from the Action without prejudice. Papa Murphy's, Spangler, and the Directors filed

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

MONTEVERDE DECL. Page 7 of 131

their Reply to Lead Plaintiff's Opposition on April 8, 2020, and North Point did not object to the notice of dismissal without prejudice.

On May 20, 2020, Magistrate Judge J. Richard Creatura issued a Report and Recommendation recommending: (i) that the Motion to Dismiss filed by Papa Murphy's, Spangler, and the Directors be granted without prejudice and with leave to amend within 30 days from the date of the District Court's Order; and (ii) that North Point be dismissed without prejudice. On June 10, 2020, Judge Benjamin H. Settle adopted Magistrate Judge Creatura's Report and Recommendation.

On July 10, 2020, Lead Plaintiff filed his Second Amended Class Action Complaint (the "Second Amended Complaint") against Defendants Papa Murphy's and Weldon Spangler.

On August 24, 2020, Defendants filed a Motion to Dismiss Lead Plaintiff's Second Amended Complaint ("Second Motion to Dismiss"). Lead Plaintiff responded with his Opposition to the Second Motion to Dismiss on October 8, 2020, and then the following day, Lead Plaintiff filed a Notice of Supplemental Authority in connection with his Opposition. On November 2, 2020, Defendants filed their Reply to Lead Plaintiff's Opposition and a Declaration attaching a new exhibit. On November 4, 2020, Lead Plaintiff filed a Surreply requesting that the Court strike or exclude the Declaration and exhibit attached thereto.

On January 12, 2021, Magistrate Judge Creatura issued his Report and Recommendation that Defendants' Second Motion to Dismiss be denied. On January 26, 2021, Defendants filed their Objections to Magistrate Judge Creatura's January 12th Report and Recommendation. Thereafter, on February 11, 2021, Lead Plaintiff filed his Response to Defendants' Objections.

On April 9, 2021, Defendants filed a Notice of Supplemental Authority regarding the (at that time) ongoing appeal in *Mutza v. Emulex Corp.*, 9th Cir. Case No. 20-55339 ("*Emulex*"). Defendants stated that if the Ninth Circuit ruled that a private right of action does not exist for a claim premised on negligence, that ruling will be dispositive of the Defendants' Second Motion to Dismiss. On April 12, 2021, Lead Plaintiff filed his Response to Defendants' Notice of

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

MONTEVERDE DECL. Page 8 of 131

Supplemental Authority. The next day, Defendants submitted a Reply in connection with their Notice of Supplemental Authority. On April 16, 2021, after the Ninth Circuit ruled on *Emulex*, Lead Plaintiff filed a Notice of Supplemental Authority explaining that the Ninth Circuit did not address the private enforceability of Section 14(e), leaving existing Ninth Circuit precedent on the issue undisturbed.

On April 22, 2021, Judge Settle issued an Order adopting Magistrate Judge Creatura's January 12th Report and Recommendation, denied Defendants' Second Motion to Dismiss, and re-referred the Action to Judge Creatura for further consideration.

On May 6, 2021, Defendants filed their Answer to Lead Plaintiff's Second Amended Complaint. That same day, Defendants also filed a motion to certify Judge Settle's April 22nd Order for an interlocutory appeal and to stay proceedings during pendency of the appeal. On May 17, 2021, Lead Plaintiff filed his Response to Defendants' motion to certify Judge Settle's April 22nd Order. On May 21, 2021, Defendants filed their Reply.

On June 9, 2021, Magistrate Judge Creatura issued a Report and Recommendation recommending: (i) that Defendants' motion to certify the District Court's April 22nd Order for an interlocutory appeal and to stay proceedings during pendency of the appeal be granted; and (ii) that further proceedings in the Action should be stayed pending the filing of a petition for permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any appeal permitted by the Ninth Circuit.

On June 23, 2021, Lead Plaintiff filed his Objections to Magistrate Judge Creatura's June 9th Report and Recommendation. On July 8, 2021, Defendants filed their Response to Lead Plaintiff's Objections. On August 6, 2021, Judge Settle issued an Order adopting Magistrate Judge Creatura's June 9th Report and Recommendation and granted Defendants' motion to certify the April 22nd Order for an interlocutory appeal and stay proceedings in the District Court during the pendency of Defendants' filing of a petition for permission to appeal in the U.S. Court

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

5

MONTEVERDE DECL. Page 9 of 131

of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any appeal permitted by the Ninth Circuit.

On August 16, 2021, Defendants filed in the Ninth Circuit their Petition for Permission to Appeal.  On September 9, 2021, Lead Plaintiff answered Defendants' Petition.

During the pendency of Defendants' Petition for Permission to Appeal, the Settling Parties began to discuss the potential settlement of the Action. After weeks of arms-length negotiations, on October 12, 2021, the Settling Parties reached an agreement in principle for the terms underlying the Settlement described herein.

On October 12, 2021, after the parties reached an agreement in principle to settle the Action, the Ninth Circuit issued an Order granting Defendants' Petition for Permission to Appeal. The Settling Parties thereafter agreed to request that the Ninth Circuit stay Defendants' appeal and to seek remand of the Action without prejudice to reinstatement of the appeal if the Settlement is not approved.

On October 15, 2021, the Settling Parties filed a joint notice informing the Court that: (i) the Settling Parties reached an agreement in principle to settle all claims asserted in this Action and on appeal; (ii) the Ninth Circuit granted Defendants' Petition for Permission to Appeal; and (iii) the Settling Parties intended to ask the Ninth Circuit to stay Defendants' appeal, so that the Settling Parties may complete the Settlement, and to remand the case to this Court for the limited purpose of considering and approving the Settlement.

On October 18, 2021, the Settling Parties filed in the Ninth Circuit a joint motion to stay the appellate proceedings under the initial appellate case number used prior to the Ninth Circuit's order granting permission to appeal. The motion was denied on October 25, 2021, without prejudice to refiling the motion under the newly assigned appellate case number.

On October 25, 2021, the Settling Parties re-filed in the Ninth Circuit, under the newly assigned appellate case number, a joint motion to stay the appellate proceedings. The motion was referred to Chris Goelz, Ninth Circuit Mediator.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

MONTEVERDE DECL. Page 10 of 131

On November 2, 2021, Mr. Goelz, acting under authority of the Ninth Circuit, issued an order staying Defendants' appeal and vacating the briefing schedule established for the appeal. Mr. Goelz's order additionally denied the Settling Parties' request for an immediate partial remand to this Court, without prejudice to the Settling Parties filing a subsequent motion to remand to this Court when the final Settlement documents are ready to be filed so that this Court may consider them.

On November 29, 2021, the Settling Parties memorialized the terms of the Settlement, which is embodied in this Stipulation, and will be subject to this Court's approval.

Thereafter, the Settling Parties informed the Ninth Circuit of the execution of the Stipulation. On November 29, 2021, the Ninth Circuit issued an order remanding the case so that this Court may consider the Settlement documents.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

This Stipulation constitutes a compromise of matters that are in dispute between the Settling Parties. The Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant, or any of Defendants' Released Parties (as defined below), with respect to any claim or of any fault, liability, wrongdoing, negligence, omission, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Defendants' decision to settle the Litigation is based on the conclusion that further conduct of the Litigation

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

**MONTEVERDE DECL. Page 11 of 131**

could be protracted and expensive, that it is desirable that the Litigation be fully and finally settled, and that it would be beneficial to avoid the uncertainty and risks inherent in any litigation.

## III.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff and his counsel, Monteverde ("Lead Counsel," as defined below in ¶ 1.13), believe that the claims asserted in the Litigation have merit and that the facts garnered to date supports those claims.  Lead Plaintiff and Lead Counsel, however, recognize and acknowledge the risk and expense of continued proceedings necessary to prosecute the Litigation against Defendants through trial, appeals, including the ongoing interlocutory appeal, and any potential post-trial proceedings sought by Defendants.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in any litigation.  Lead Plaintiff and Lead Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class (as defined below).  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class, and that the Settlement provided for herein is fair, reasonable, and adequate.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and on behalf of the Settlement Class Members (as defined below)) and the Defendants, by and through their respective counsel of record, that, subject to the approval of the Court and the other conditions set forth below, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, the Litigation and the Released Claims shall be finally, fully, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows:

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

**MONTEVERDE DECL. Page 12 of 131**

**1.     Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1.   "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Plan of Allocation ultimately approved by the Court.

1.2.   "Claimant" means a person or entity who or which submits a Proof of Claim and Release to the Claims Administrator.

1.3.   "Claims Administrator" means the firm of RG/2 Claims Administration LLC.

1.4.   "Company" or "Papa Murphy's" means Papa Murphy's Holdings, Inc.

1.5.   "Court" means the United States District Court for the Western District of Washington, Tacoma Division.

1.6.   "Defendants" means Papa Murphy's and Weldon Spangler.

1.7.   "Defendants' Counsel" means the undersigned counsel for Defendants.

1.8.   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred.

1.9.   "Escrow Account" means the account described in ¶ 2.1 through ¶ 2.6 hereof.

1.10.  "Escrow Agent" means Monteverde & Associates PC or its successor(s) or authorized agents.

1.11.  "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form attached hereto as Exhibit B, shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal having been filed; and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that motion or appeal so that the Order and Final Judgment is no longer subject to any further judicial

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

MONTEVERDE DECL. Page 13 of 131

review or appeal whatsoever, whether by reason of affirmance by court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise. For purposes of this paragraph, an appeal shall include any petition for panel rehearing, petition for rehearing *en banc*, petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, payment for Lead Plaintiff's time and expenses, or the Settlement Fund. Any proceeding or order, or any appeal or petition for panel rehearing, petition for rehearing *en banc*, or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses and/or Lead Plaintiff's request for payment for time and expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.12. "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should: (1) enter the Order and Final Judgment approving the proposed Settlement; (2) approve the Plan of Allocation of settlement proceeds; and (3) assess Lead Counsel's petition for attorneys' fees and expenses and Lead Plaintiff's request for payment for time and expenses.

1.13. "Lead Counsel" means Monteverde & Associates PC.

1.14. "Liaison Counsel" means Breskin, Johnson & Townsend PLLC.

1.15. "Lead Plaintiff" means Evan Brown.

1.16. "Litigation" or "Action" means the above-captioned action, *Brown v. Papa Murphy's Holdings, Inc.*, Case No. 3:19-cv-05514-BHS-JRC, in the United States District Court for the Western District of Washington, Tacoma Division.

1.17. "Notice" means the Notice of Pendency and Proposed Settlement of Class Action defined in ¶ 3.1 hereof.

1.18. "Notice and Administration Costs" means the costs defined in ¶ 2.6 hereof.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10

MONTEVERDE DECL. Page 14 of 131

1.19. "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.20. "Person" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.21. "Plaintiff's Counsel" means any counsel who have appeared for Lead Plaintiff in the Litigation, specifically: Lead Counsel, Liaison Counsel, or their successors.  No other law firm is included within the definition of Plaintiff's Counsel.

1.22. "Plaintiff's Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including all claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims by Lead Plaintiff and Plaintiff's Counsel against the Defendants, except for claims relating to the enforcement of this Settlement.

1.23. "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes, and Tax Expenses, and such attorneys' fees, costs, expenses (including costs and expenses awarded by the Court to Lead Plaintiff), and interest as may be awarded by the Court.  Any Plan of Allocation, including any plan of allocation defined in any exhibit attached hereto, is not part of the Stipulation, and Defendants and Defendants' Released Parties shall have no responsibility or liability with respect thereto.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11

MONTEVERDE DECL. Page 15 of 131

1.24. "Preliminary Approval Order" means the order described in ¶ 3.1 hereof, substantially in the form attached hereto as Exhibit A.

1.25. "Proof of Claim and Release" means the document, substantially in the form attached hereto as Exhibit A-2.

1.26. "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants Papa Murphy's and Weldon Spangler, MTY Food Group Inc. ("MTY"), and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, affiliates, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, financial advisors, including without limitation North Point Advisors LLC, underwriters, insurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Parties"), that arise out of or relate in any way to: (i) the Action and the allegations in the Action, (ii) the Tender Offer; or (iii) the Recommendation Statement.  Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement, and (2) between Defendants and Defendants' Released Parties, on the one hand, and their respective insurers, on the other.

1.27. "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12

MONTEVERDE DECL. Page 16 of 131

1.28. "Settlement Amount" means the principal amount of Two Million Four Hundred Thousand Dollars ($2,400,000.00), that the Company shall cause its Directors and Officers liability ("D&O") insurance carrier to pay pursuant to ¶ 2.1 of this Stipulation. Spangler is not responsible for paying or causing to be paid any portion of the Settlement Amount.  Neither Defendants nor Defendants' Released Parties shall have any obligation whatsoever to pay the Settlement Amount other than the Company's obligation to cause the Company's D&O insurance carrier to pay the principal amount of Two Million Four Hundred Thousand Dollars ($2,400,000.00).  Such amount is to be paid as consideration for full and complete settlement of all the Released Claims.

1.29. "Settlement Class" means: all record holders and all beneficial holders of Papa Murphy's common stock who purchased, sold, or held such stock during the period from and including April 25, 2019, the date of the Tender Offer and the date of filing of the Schedule 14D-9, through and including May 22, 2019, the date the Tender Offer expired, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees.  Excluded from the Settlement Class are: (i) Defendants; (ii) the Directors; (iii) each Supporting Stockholder, as that term is defined in the Schedule 14D-9, who entered into a Tender and Support Agreement in connection with the Tender Offer (the "Supporting Stockholders"); (iv) members of the immediate families of each of the Defendants, Directors, and Supporting Stockholders; (v) any entity in which any of the Defendants, Directors, or Supporting Stockholders has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant, Director, and Supporting Stockholder; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

1.30. "Settlement Class Member" means any Person who falls within the definition of the Settlement Class as set forth in ¶ 1.29 of the Stipulation.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

13

MONTEVERDE DECL. Page 17 of 131

1.31. "Settlement Class Period" means the period commencing on April 25, 2019, and ending on May 22, 2019, inclusive.

1.32. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by court order.

1.33. "Settling Parties" means, collectively, each of the Defendants and Lead Plaintiff on behalf of himself and the Settlement Class Members.

1.34. "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

1.35. "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶ 2.7.

1.36. "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶ 2.7.

1.37. "Unknown Claims" means (i) any of the Plaintiff's Released Claims which Defendants or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Plaintiff's Released Claims, and (ii) any of the Released Claims that Lead Plaintiff of any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Settlement Class. Unknown Claims include Plaintiff's Released Claims and Released Claims for which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Plaintiff's Released Claims and Released Claims, upon the

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

14

**MONTEVERDE DECL. Page 18 of 131**

Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Settlement Class Members, and Defendants, may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims and the Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Plaintiff's Released Claims or the Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

15

MONTEVERDE DECL. Page 19 of 131

foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.   The Settlement

### a.  The Settlement Fund

2.1   In consideration of the terms of this Stipulation, Papa Murphy's shall cause its D&O insurance carrier to pay, on behalf of all Defendants, the Settlement Amount into an interest-bearing settlement Escrow Account.  There will be no responsibility on the part of Spangler or the Company to pay or cause to be paid any portion of the Settlement Amount, other than the Company's obligation to cause the Company's D&O insurance carrier to pay.  Payment of the Settlement Amount shall be made into the Escrow Account within 30 calendar days of the later of (1) preliminary judicial approval of the settlement, and (2) receipt by Defendants' Counsel of each of (a) a copy of the preliminary approval order as entered by the Court, (b) a W-9 for the Escrow Account, and (c) wire or mailing instructions for delivery to the Escrow Account.  The Settlement Amount shall include all attorneys' fees, administration costs, expenses, class member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this matter.  Defendants and their Insurers shall have no obligation to pay or cause to be paid any additional amounts beyond the Settlement Amount.

### b.  The Escrow Agent

2.2   The Escrow Agent will invest the Settlement Fund created pursuant to ¶ 2.1 hereof only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and will reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund, and neither Defendants nor Defendants' Released Parties shall have any responsibility for, interest in, or liability whatsoever with respect to the funds held in the Escrow Account, including with respect to investment

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

16

MONTEVERDE DECL. Page 20 of 131

decisions, distribution of the Settlement Fund, or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided by: (i) the Stipulation; (ii) an order of the Court; or (iii) prior written agreement of Defendants' Counsel.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members consistent with the terms of the Stipulation. Neither Defendants nor Defendants' Released Parties shall have any responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.6     The Escrow Agent may pay from the Settlement Fund the costs and expenses reasonably and actually incurred, but not exceeding $75,000.00, in connection with providing notice to Settlement Class Members, mailing and publishing the Notice and Proof of Claim and Release (including the actual costs of publishing, printing, and mailing the Notice and reimbursement to nominee owners for forwarding notice to their beneficial owners), assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Releases, paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with the Notice and processing the submitted claims ("Notice and Administration Costs"). In the event that the Settlement does not become final, any money actually paid or incurred for the purposes set forth in this ¶ 2.6 shall not be returned or repaid to Papa Murphy's insurance carriers.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

17

MONTEVERDE DECL. Page 21 of 131

**c.     Taxes**

2.7     (a)     The Settling Parties and the Escrow Agent agree that the Settlement Fund is intended to be and should be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.7, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of § 468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.7(a) hereof) shall be consistent with this ¶ 2.7 and in all events shall reflect that all Taxes as defined in ¶ 1.35 hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.7(c) hereof.

(c)     All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or Defendants' Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) Tax Expenses, and costs incurred in connection with the operation and implementation of this ¶ 2.7 (including,

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

18

**MONTEVERDE DECL. Page 22 of 131**

without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.7), shall be paid out of the Settlement Fund.  In no event shall Defendants or Defendants' Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(b)(1)-(2)); neither Defendants nor Defendants' Released Parties are responsible therefor, nor shall they have any liability with respect thereto, and shall have no responsibility or liability for the acts or omissions of Lead Counsel, the Escrow Agent, or their agents with respect to the payment of Taxes, as described herein.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.7.

(d)     Neither Defendants nor Defendants' Released Parties are responsible for Taxes, Tax Expenses, or Notice and Administration Costs, nor shall they be liable for any claims with respect thereto.

### d.  Termination

2.8     The Settlement is subject to final approval by the Court.  If the Court does not grant final approval of the releases set forth herein, or the Settlement otherwise does not become final or effective: (i) the Settling Parties shall revert to their pre-settlement litigation positions, which includes Defendants' appeal to the Ninth Circuit of the denial of their Second Motion to Dismiss, and (ii) any amount funded or caused to be funded by Papa Murphy's D&O insurance carrier

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

19

MONTEVERDE DECL. Page 23 of 131

under ¶ 2.1 shall be returned in full (except as set forth in ¶ 7.6) plus interest actually earned by the Settlement Fund.

### 3.    Preliminary Approval Order and Final Approval Hearing

3.1    Upon the execution of the Settlement, the Settling Parties will submit the Stipulation along with its Exhibits, together with Lead Plaintiff's motion for preliminary approval to the Court, and Lead Counsel shall apply for entry of an order, substantially in the form and content of Exhibit A attached hereto (the "Preliminary Approval Order"), requesting, *inter alia*, the certification of the Settlement Class, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release, substantially in the forms of Exhibits A-1 and A-2 attached hereto, and approval of the publication of a Summary Notice via PRNewswire, substantially in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties.

3.2    Lead Plaintiff will request that the Court schedule the Final Approval Hearing and at that hearing finally approve the Settlement of the Litigation as set forth herein.  At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶ 6.1).

3.3    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Papa Murphy's shall serve on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").  At least seven (7) calendar days before the Final Approval Hearing, Papa Murphy's shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

### 4.    Releases

4.1    Upon the Effective Date, as defined in ¶ 1.8 hereof, without further action by anyone, Lead Plaintiff, on behalf of himself and all Settlement Class Members, in his, her, or its capacity as a purchaser, seller or holder of Papa Murphy's stock, and anyone claiming through or

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

20

on behalf of any of them, shall be deemed to have, and by operation of the Order and Final Judgment, shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of the Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of Defendants' Released Parties, regardless of whether a Settlement Class Member executes and delivers a Proof of Claim and Release.

4.2     Upon the Effective Date, without further action by anyone, Lead Plaintiff, on behalf of himself and all Settlement Class Members, in his, her, or its capacity as a purchaser, seller or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the Released Claims (including, without limitation, Unknown Claims), against Defendants and each and all of Defendants' Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release.

4.3     Upon the Effective Date, without further action by anyone, Lead Plaintiff, on behalf of himself and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Defendants' Released Parties with respect to any and all Released Claims (including, without limitation, Unknown Claims).

4.4     In addition to, and not in limitation of, the matters set forth in ¶¶ 4.1, 4.2, and 4.3, the Proof of Claim and Release to be executed by Settlement Class Members shall release any and all Released Claims against Defendants and each and all of Defendants' Released Parties, and shall be substantially in the form contained in Exhibit A-2 attached hereto.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

21

**MONTEVERDE DECL. Page 25 of 131**

4.5    Upon the Effective Date, without further action by anyone, Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all Plaintiff's Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

4.6    In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations to any Settlement Class Member of any Defendant or Defendants' Released Party arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Defendants' Released Parties, and (ii) by any of Defendants' Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

4.7    For the avoidance of doubt, nothing in this Stipulation is intended to, nor shall it be deemed to, release any claim that Defendants have against any of Defendants' insurers.

5.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants. Except for the Company's obligation to cause its D&O insurance carrier to pay the Settlement Amount as set forth herein, Defendants and Defendants' Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

22

MONTEVERDE DECL. Page 26 of 131

5.2    The Settlement Fund shall be applied as follows: (a) to pay all Notice and Administration Costs; (b) to pay the Taxes and Tax Expenses; (c) to pay Plaintiff's Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent awarded by the Court, and Lead Plaintiff's costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4), if and to the extent awarded by the Court; and (d) after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, and/or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Each Settlement Class Member shall be required to submit a Proof of Claim and Release, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    All Proofs of Claim and Releases must be submitted by the date specified in the Notice unless such period is extended by Court order. Any Settlement Class Member who fails to submit a Proof of Claim and Release by such date, or timely submits a Proof of Claim and Release that is ultimately and finally disallowed or rejected by the Claims Administrator, shall be forever barred from receiving any payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against Defendants and Defendants'

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

23

MONTEVERDE DECL. Page 27 of 131

Released Parties concerning the Released Claims. A Proof of Claim and Release shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim and Release shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion;

(c)     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim and Releases that do not meet the submission requirements may be rejected;

(e)     Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy the curable deficiencies. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Releases it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

24

MONTEVERDE DECL. Page 28 of 131

rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (f) below;

(f)   If any Claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (e) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court;

(g)   Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Order and Final Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Proofs of Claim and Releases, no discovery shall be allowed on the merits of the Litigation or the Settlement; and

(h)   The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its pro rata share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $5.00.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

25

**MONTEVERDE DECL. Page 29 of 131**

5.4     Defendants and Defendants' Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.5     No Person shall have any claim of any kind against the Defendants, Defendants' Released Parties, or Defendants' Counsel with respect to the matters set forth in this Section 5.

5.6     No Person shall have any claim against Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel, Defendants, or any of Defendants' Released Parties or their counsel, or any claims administrator based on distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.7     Defendants shall not have a reversionary interest in the Net Settlement Fund.  The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  The Claims Administrator will make reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel, shall, if feasible, reallocate on a pro rata basis among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive a minimum of $5.00.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is de minimis and any remainder shall thereafter be donated to the Investor Protection Trust.

5.8     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

26

MONTEVERDE DECL. Page 30 of 131

considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

5.9     Lead Plaintiff, Settlement Class Members, and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Order and Final Judgment regardless of whether a Plan of Allocation has been approved.

**6.      Lead Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application (the "Fee and Expense Application") for: (a) an award of attorneys' fees; (b) payment of expenses incurred in connection with prosecuting the Litigation; and (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Any and all such fees, expenses, charges, and costs awarded by the Court shall be payable solely out of the Settlement Fund.  In addition, Lead Plaintiff may seek payment from the Settlement Fund pursuant to 15 U.S.C. § 78u-4(a)(4) for time and expenses incurred in representing the Settlement Class.  Defendants shall take no position with respect to the Fee and Expense Application or any application for payment from the Settlement Fund to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4).

6.2     The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon final approval of the Settlement by the Court and the Court's execution of an order awarding such fees and expenses, notwithstanding the existence of any timely filed objection thereto, any appeal or potential for appeal therefrom, or collateral attack on the Settlement, any part thereof, or the Fee and Expense Award.  Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiff's Counsel,

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

27

if any, in a manner which they, in good faith, believe reflects the contributions of Plaintiff's Counsel to the initiation, prosecution, and resolution of the Litigation.   Defendants and Defendants' Released Parties shall have no responsibility for, or liability whatsoever with respect to, the Fee and Expense Award or its allocation.

6.3     In the event that the Effective Date does not occur, or the Order and Final Judgment or Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then such of Plaintiff's Counsel who have received any portion of the Fee and Expense Award shall within ten (10) business days from receiving notice from the Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon at the same rate as earned on the Settlement Fund consistent with such reversal or modification.  Any refunds required pursuant to this ¶ 6.3 shall be the several obligations of Plaintiff's Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each such Plaintiff's Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, or Lead Plaintiff's award for time and expenses to be paid out of the Settlement Fund, are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement or the Plan of Allocation. Any determination by the Court regarding the Fee and Expense Application or Lead Plaintiff's payment for time and expenses shall not impact the finality, validity, and enforceability of the Settlement, the Plan of Allocation, this Stipulation, or the

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

28

**MONTEVERDE DECL. Page 32 of 131**

releases contained herein.  Any order or proceeding relating to the Fee and Expense Application or Lead Plaintiff's application for an award for time and expenses or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Order and Final Judgment approving this Stipulation and the Settlement of the Litigation.

6.5    Any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and Defendants' Released Parties shall have no responsibility for any payment of any kind apart from the Company causing its D&O insurance carrier to pay, on behalf of all Defendants, the Settlement Amount pursuant to ¶ 2.1.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    the Court has entered the Preliminary Approval Order, as required by ¶ 3.1 hereof;

(c)    the Settlement Amount has been deposited in the Escrow Account, as required by ¶ 2.1 hereof;

(d)    the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.4 hereof;

(e)    the Court has approved this Stipulation and the Settlement described herein, following notice to the Settlement Class Members and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)    the Court has entered the Order and Final Judgment in the form of Exhibit B attached hereto, or a substantially identical document; and

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

29

MONTEVERDE DECL. Page 33 of 131

(g)    the Order and Final Judgment has become Final, as defined in ¶ 1.11 hereof.

7.2    This is not a claims-made settlement.  As of the Effective Date, no Defendant or other Person shall have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶ 7.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 7.1 hereof are not met, then this Stipulation shall be cancelled and terminated subject to ¶ 7.5 below unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3    The Settling Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter a Preliminary Approval Order substantially identical to the Preliminary Approval Order submitted by the Settling Parties; (b) the Court's refusal to approve this Stipulation or a substantially identical Stipulation; (c) the Court's declining to enter the Order and Final Judgment, or a substantially identical document; (d) the Order and Final Judgment being modified or reversed by the United States Court of Appeals for the Ninth Circuit or the Supreme Court of the United States in any manner that results in a document that is not substantially identical to the document submitted by the Settling Parties; (e) the occurrence of any condition set forth in the Settling Parties' Supplemental Agreement, as provided in ¶ 7.4 below; or (f) the Effective Date not otherwise occurring.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or the Proof of Claim and Release form, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Plaintiffs' Counsel or Lead Plaintiff shall constitute grounds for cancellation or termination of the Settlement.

7.4    Notwithstanding any other provision or paragraph of this Stipulation, Defendants shall have the right to terminate the Settlement in the event that a portion of the Settlement Class, equal or greater than the portion specified in the separate supplemental agreement between Lead

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

30

Counsel and Defendants' Counsel (the "Supplemental Agreement"), delivers timely and valid requests for exclusion from the Settlement Class.  The Supplemental Agreement, which is being executed concurrently herewith, will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises, and in that event, the Settling Parties will use their reasonable best efforts to file the Supplemental Agreement for the Court's *in camera* review and/or under seal. However, the existence of the Supplemental Agreement will be disclosed to the Court in compliance with Federal Rule of Civil Procedure 23(e).

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms: (i) the Settling Parties shall revert to their pre-settlement litigation positions, which includes Defendants' appeal to the Ninth Circuit of the denial of their Second Motion to Dismiss; and (ii) any amount funded or caused to be funded by Papa Murphy's insurance carrier under ¶ 2.1 shall be returned in full, plus interest actually earned by the settlement fund, subject to the exception stated in ¶ 7.6.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.5, 2.8, 6.3, 7.5-7.6, 8.1-8.3, and 10.4-10.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or the Proof of Claim and Release Form, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, any amounts up to $75,000.00, actually and properly disbursed from the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.6 hereof shall not be returned to Papa Murphy's D&O insurance carrier.  In addition, any expenses already incurred

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

31

and properly chargeable to the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 2.8 hereof.

## 8.    No Admission of Wrongdoing

8.1    Lead Plaintiff's execution of this Stipulation does not constitute an admission by Lead Plaintiff: (i) that any of Lead Plaintiff's claims in the Litigation lacked merit; or (ii) that recovery could not be had should the Action not be settled.

8.2    Defendants' execution of this Stipulation does not constitute an admission by any Defendant or any of Defendants' Released Parties: (i) of any wrongdoing, violation of law, or liability whatsoever; or (ii) that recovery could be had in any amount should the Action not be settled.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, damages, wrongdoing and liability, and maintain that their conduct at all times was legal and proper.

8.3    Neither the Stipulation nor the Settlement, whether or not they are consummated, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be offered against any of the Defendants or Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission with respect to the truth of any fact alleged by Lead Plaintiff, the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind or in any way referred to for any other reason as against any of Defendants or Defendants' Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

32

MONTEVERDE DECL. Page 36 of 131

**9.     Stipulation to Certification of the Settlement Class for Settlement Purposes Only**

9.1     For purposes of this Settlement only, the Settlement Class comprises all Settlement Class Members, as defined in ¶ 1.29 above.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

9.2     The Settling Parties therefore stipulate to: (i) certification, for settlement purposes only, of the Settlement Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Lead Plaintiff as the class representative; and (iii) appointment of Lead Counsel as class counsel.  Certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Order and Final Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

**10.     Miscellaneous Provisions**

10.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, including in seeking Court approval of the Preliminary Approval Order, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously and to obtain final approval of the Settlement by the Court.  Papa Murphy's has provided Lead Plaintiff with a shareholder list and securities position report for Papa Murphy's necessary for Lead Plaintiff to provide reasonable and adequate notice to the Settlement Class

10.2     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

33

concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

10.3   Except as otherwise provided for herein, each party shall bear his, her, or its own costs.

10.4   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were contested in the Litigation and that could have been asserted in the Litigation and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Settling Parties agree, and the Order and Final Judgment will contain a statement, that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all settlement negotiations, settlement discussions, and draft documents confidential; provided, however, that this paragraph ¶ 10.4: (i) shall not prevent the Settling Parties from making disclosures to their insurers, auditors, attorneys, officers, directors or associates, or disclosures to others as may be required by law or regulation, and (ii) shall not limit the materials or evidence that may be offered or referred to by the Settling Parties in disputes, actions, or proceedings arising with any insurer.

10.5   Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

34

MONTEVERDE DECL. Page 38 of 131

10.6   The Settling Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any of the Settling Parties (including a party's officers, directors, employees, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any of the Settling Parties.

10.7   This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in this Litigation, and as more fully described herein.

10.8   All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.9   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.11 Lead Plaintiff and Plaintiff's Counsel represent and warrant that none of the Lead Plaintiff's claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

10.12 Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.13 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered to the recipient by email at the addresses set forth below; (ii) five (5) business days after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) eight (8) business days after being mailed to the recipient by certified or registered mail, return receipt requested, and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiff or to Plaintiff's Counsel:*

Juan E. Monteverde
**Monteverde & Associates PC**
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

35

Tel: (212) 971-1341
jmonteverde@monteverdelaw.com

***If to Defendants or to Defendants' Counsel:***

Ronald L. Berenstain
Sean C. Knowles
**Perkins Coie LLP**
1201 3rd Ave., Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com

10.14 The Stipulation may be executed in one or more counterparts, and may be executed using an electronic signature, including the form "s/ [name]." All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF via email shall be deemed originals.

10.15 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, administrators, successors, and assigns of the Settling Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

10.17 The waiver by any Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.18 Pending approval by the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against Defendants and Defendants' Released Parties.

10.19 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed,

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

36

MONTEVERDE DECL. Page 40 of 131

in the State of Washington, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Washington without giving effect to that State's choice-of-law principles.

10.20 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.21 This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Settling Parties and each of the Settling Parties has contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 29, 2021.

**BRESKIN JOHNSON TOWNSEND, PLLC**

*s/* Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: (206) 652-8660
Fax: (206) 652-8290
Email: rtownsend@bjtlegal.com

*Liaison Counsel for Lead Plaintiff*

**OF COUNSEL**
**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Lead Counsel for Lead Plaintiff*

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

37

**MONTEVERDE DECL. Page 41 of 131**

**PERKINS COIE LLP**

s/ Ronald L. Berenstain (signature authorized by email).
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
1201 3rd Ave., Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
Email: RBerenstain@perkinscoie.com
Email: SKnowles@perkinscoie.com

*Counsel for Defendants*

STIPULATION OF SETTLEMENT
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

38

**MONTEVERDE DECL. Page 42 of 131**

# Exhibit A

THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>                              Defendants. | Case No. 19-cv-05514-BHS-JRC<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>NOTE ON MOTION CALENDAR: December 17, 2021 |

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

WHEREAS, the Court-appointed Lead Plaintiff Evan Brown ("Lead Plaintiff") in the above-captioned action (the "Litigation") has made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated November 29, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal with prejudice of the Litigation against Defendants and of the Released Claims against Defendants and Defendants' Released Parties upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties to the Stipulation have consented to entry of this Order; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of Settlement:** The Court has reviewed the Stipulation, and finds that the Settlement resulted from arm's-length negotiations, and does hereby preliminarily approve the Stipulation and Settlement set forth therein as being fair, reasonable, and adequate to Settlement Class Members, subject to further consideration at the hearing described in ¶ 3 below.

2. **Certification of the Settlement Class**: Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all record holders and all beneficial holders of Papa Murphy's Holdings, Inc. ("Papa Murphy's") common stock who purchased, sold, or held such stock during the period from and including April 25, 2019, the date of the Tender Offer and the date of filing of the Schedule 14D-9, through and including May 22, 2019, the date the Tender Offer expired, including any and all of their respective predecessors, successors, trustees,

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

executors, administrators, estates, legal representatives, heirs, assigns and transferees (the "Settlement Class").

(a) Excluded from the Settlement Class are (i) Defendants; (ii) the Directors; (iii) each Supporting Stockholder, as that term is defined in the Recommendation Statement, who entered into a Tender and Support Agreement in connection with the Tender Offer; (iv) members of the immediate families of each of the Defendants, Directors, and Supporting Stockholders; (v) any entity in which any of the Defendants, Directors, or Supporting Stockholders has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of any of the Defendants, Directors, and Supporting Stockholders; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

(b) The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class Members he seeks to represent; (d) Lead Plaintiff and Plaintiff's Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(c) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as the class representative, Monteverde & Associates PC is certified as Lead Counsel, and Breskin, Johnson & Townsend PLLC is certified as Liaison Counsel.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

3.   **Settlement Hearing:** A hearing shall be held before this Court on **April 15, 2022** (a date that is at least 110 calendar days from the date of this Order) (the "Final Approval Hearing").  Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Western District of Washington, Tacoma Division, 1717 Pacific Avenue, Tacoma, WA 98402, or via a remote link.  At the Final Approval Hearing the Court will (a) determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) determine whether an Order and Final Judgment as defined in ¶ 1.19 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees and expenses that should be awarded to Lead Counsel; (e) determine any award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4); (f) hear any objections by Settlement Class Members to: (i) the Settlement or Plan of Allocation, (ii) the award of attorneys' fees and expenses to Lead Counsel, and/or (iii) any award to Lead Plaintiff; and (g) consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members.

4.   The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

5.   The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

6.   **Retention of Claims Administrator and Method of Giving Notice:** The firm of RG/2 Claims Administration LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

(a) The Claims Administrator shall make reasonable efforts to identify all Settlement Class Members and not later than **January 10, 2022** (a date twenty-one (21) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.rg2claims.com/papamurphy.html.

(b) Not later than **January 20, 2022** (a date ten (10) calendar days after the Notice Date), Monteverde & Associates PC shall cause the Summary Notice to be published in *PRNewswire*.

(c) Not later than **April 8, 2022** (a date seven (7) calendar days prior to the Final Approval Hearing), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing referenced in ¶ 6(a)-(b).

(d) Nominees who held, purchased, or acquired Papa Murphy's common stock for the benefit of another Person during the Settlement Class Period shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of Papa Murphy's common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

7.    The form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation: (a) meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause),

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and their right to object to the proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final Approval Hearing; and (c) constitutes due, adequate, and sufficient notice to all Persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively. All fees, costs, and expenses incurred in notifying Settlement Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants or Defendants' Released Parties bear any responsibility for such fees, costs, or expenses. All Settlement Class Members (except Persons who request exclusion pursuant to ¶ 10 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8.    Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively or in any other capacity, shall assert, commence, aid or prosecute any of the Released Claims against any of the Defendants or Defendants' Released Parties in this Litigation or in any other proceeding, arbitration, or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

9. **Settlement Class Members' Participation in the Settlement:** Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than **May 10, 2022** (a date one hundred and twenty (120) calendar days from the Notice Date).  Any Settlement Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from asserting any Released Claims against any of the Defendants or Defendants' Released Parties.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

(a) The Proof of Claim and Release submitted by each Settlement Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Settlement Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity;

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

(iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

(b) By submitting a Proof of Claim, a Settlement Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Settlement Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

(c) Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiff's Counsel.

10.    **Exclusion from the Settlement Class:** Any Person falling within the definition of the Settlement Class may, upon request, be excluded from or "opt out" of the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than **March 25, 2022** (a date twenty-one (21) calendar days before the Final Approval Hearing).  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Papa Murphy's stock held, acquired, or sold during the Settlement Class Period and the dates held during the Settlement Class Period; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Settlement Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than **April 1, 2022** (a date fourteen (14) calendar days prior to the Final Approval Hearing).

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

**MONTEVERDE DECL. Page 51 of 131**

11.     **Appearance and Objections at Settlement Hearing:** Any Settlement Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested attorneys' fees and expenses should not be awarded to Lead Counsel, or why any award should not be approved for Lead Plaintiff; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, any attorneys' fees and expenses to be awarded to Lead Counsel, or any award to Lead Plaintiff, unless written objections and copies of any papers and briefs are received via mail and in electronic format by Monteverde & Associates PC, Juan E. Monteverde, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, NY 10118, Email: jmonteverde@monteverdelaw.com; Perkins Coie LLP, Ronald L. Berenstain and Sean C. Knowles, 1201 3rd Ave., Suite 4900, Seattle, WA 98101, Email: RBerenstain@perkinscoie.com and SKnowles@perkinscoie.com, no later than **March 25, 2022** (a date twenty-one (21) calendar days before the Final Approval Hearing) and said objections, papers and briefs are filed with the Clerk of the United States District Court for the Western District of Washington, Tacoma Division, 1717 Pacific Avenue, Room 3100, Tacoma, WA 98402, no later than **April 1, 2022** (a date fourteen (14) calendar days before the Final Approval Hearing).  Any such objection must: (a) indicate the objector's name, address, and telephone number; (b) specify the reason(s) for the objection; (c) identify the date(s), price(s), and number(s) of shares of Papa Murphy's common stock held, acquired, or sold during the Settlement Class Period by the objector; (d) provide documents demonstrating such holding(s), acquisition(s) and/or sale(s); and (e) be signed by the objector.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Lead Counsel, and to any award to Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

12. **Settlement Funds:** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. **Supporting Papers:** All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of time and expenses to Lead Plaintiff shall be filed and served no later than **March 11, 2022** (a date thirty-five (35) calendar days prior to the Final Approval Hearing) and any reply papers shall be filed and served no later than **April 8, 2022** (a date seven (7) calendar days prior to the Final Approval Hearing).

14. Defendants and Defendants' Released Parties shall have no responsibility for the Plan of Allocation, any application for attorneys' fees and expenses submitted by Lead Counsel, or any award to Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

15. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any proposed award to Lead Plaintiff should be approved.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10

MONTEVERDE DECL. Page 53 of 131

16.    **Settlement Administration Fees and Expenses:** All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of their counsel, including Plaintiff's Counsel, shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.6 of the Stipulation.

17.    **Use of this Order:** Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission, concession, or presumption by or against any of the Defendants or Defendants' Released Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Defendants, Defendants' Released Parties, Lead Plaintiff, Settlement Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    **Stay and Temporary Injunction:** All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11

against any of the Defendants or Defendants' Released Parties in any action or proceeding in any court or tribunal.

19.   The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.   The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

20.   **Termination of Settlement:** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective pre-settlement litigation positions, which includes Defendants' appeal to the Ninth Circuit of the denial of their motion to dismiss the Second Amended Complaint.

IT IS SO ORDERED.

DATED: _____                    _____

THE HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12

# Exhibit A-1

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:   ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF PAPA MURPHY'S HOLDINGS, INC. ("PAPA MURPHY'S" OR THE "COMPANY") COMMON STOCK WHO PURCHASED, SOLD, OR HELD SUCH STOCK DURING THE PERIOD FROM AND INCLUDING APRIL 25, 2019, THE DATE OF (I) MTY FOOD GROUP INC.'S ("MTY") OFFER TO PURCHASE ALL OUTSTANDING SHARES OF THE COMPANY (THE "TENDER OFFER") AND (II) THE FILING OF THE SCHEDULE 14D-9 THAT WAS THE SUBJECT OF THIS LITIGATION, THROUGH AND INCLUDING MAY 22, 2019, THE DATE THE TENDER OFFER EXPIRED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES (THE "SETTLEMENT CLASS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Western District of Washington, Tacoma Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of the above-captioned Litigation[1] (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, final certification of the Settlement Class, the proposed Plan of Allocation of the settlement proceeds, and Lead Counsel Monteverde & Associates PC's ("Lead Counsel") application for attorneys' fees and expenses. This Notice describes the rights you may have as a Settlement Class Member and what steps you may take in relation to the Settlement and this Litigation, or, alternatively, what steps you must take if you wish to be excluded from the Settlement Class.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment. Proofs of Claim must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this litigation. Exclusions must be received no later than [Insert Date]. |
| **OBJECT** | Write to Lead Counsel, Defendants' Counsel, and the Court about why you oppose the Settlement, the Plan of Allocation, the request for Lead Counsel's attorneys' fees, and/or the expenses of Lead Plaintiff. You will still be a Member of the Settlement Class. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel on or before [Insert Date]. You are not required to attend the hearing. |

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement, which, along with other important documents, is available on the Settlement website, www.url.com.

- 1 -

**MONTEVERDE DECL. Page 57 of 131**

| **DO NOTHING** | Receive no payment from the Settlement. Members of the Settlement Class who do nothing remain bound by the terms of the Settlement. |
| --- | --- |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, the Settlement Amount is $2.4 million. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claim as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted. *See* Plan of Allocation as set forth at page 11 below for more information on your claim.

**Statement of Potential Outcome of Litigation**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share of Papa Murphy's common stock that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Settlement Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and appeals, possibly years into the future.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Settlement Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses not to exceed $25,000 in connection with the Litigation. Since the Litigation's inception in April of 2019, Lead Counsel have expended considerable amounts of time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that, if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Lead Plaintiff has expended time and resources in this Litigation. Accordingly, and as part of Lead Counsel's application for an award of fees and expenses, Lead Plaintiff may seek up to $5,000 in accordance with 15 U.S.C. §78u-4(a)(4) for his time and expenses in connection with his representation of the Settlement Class. The requested fee and expense amount is approximately $0.10 per allegedly damaged share, but the average cost per allegedly damaged share will vary depending on the number of valid and timely Proofs of Claim submitted.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please visit the website: www.url.com or contact the Claims Administrator toll-free at 1-phone.  You may also contact Lead Counsel: Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, NY 10118, Tel.: (212) 971-1341, www.monteverdelaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased, sold, or held Papa Murphy's common stock during the time period from and including April 25, 2019, through and including May 22, 2019 ("Settlement Class Period").

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the Litigation, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Western District of Washington, Tacoma Division, and the case is known as *Brown v. Papa Murphy's Holdings, Inc.*, Case No. 3:19-cv-05514-BHS-JRC (the "Action" or "Litigation"). The case has been assigned to the Honorable Benjamin H. Settle. Evan Brown has been appointed by the Court as lead plaintiff (referred to as "Lead Plaintiff" in this Notice), and the parties who were sued and who have now settled are called the "Defendants."

| 2. | What is this lawsuit about? |
|---|---|

On April 10, 2019, the Company executed an Agreement and Plan of Merger (the "Merger Agreement") with two wholly owned subsidiaries of MTY, pursuant to which MTY, through its subsidiaries, would acquire all issued and outstanding shares of Papa Murphy's common stock via a tender offer (the "Tender Offer"), and Papa Murphy's shareholders would receive $6.45 in cash for each share of Papa Murphy's common stock they held (the "Offer Price").

On April 25, 2019, Papa Murphy's filed a Solicitation/Recommendation Statement (Schedule 14D-9) with the U.S. Securities and Exchange Commission ("SEC"), with four subsequent amendments to the Schedule 14D-9 filed on May 6, 2019, May 10, 2019, May 15, 2019, and May 23, 2019 (collectively, the "Recommendation Statement").

At one minute following 11:59 p.m. (12:00 midnight), Eastern time, on May 22, 2019 ("Expiration Time"), the Tender Offer expired, with 15,201,906 shares of the Company having been validly tendered, representing 89.2% of Papa Murphy's outstanding shares as of the Expiration Time. The following day, the Company and MTY consummated the merger, and the Company became a wholly-owned subsidiary of MTY.

On June 7, 2019, Lead Plaintiff filed this Class Action asserting claims under Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 against Papa Murphy's, the Company's CEO Weldon Spangler ("Spangler"), the other members of the Company's board of directors (Jean M. Birch, Noah A. Elbogen, Benjamin Hochberg, Yoo Jin Kim, Alexander C. Matina, David Mounts, John Shafer, Katherine L. Scherping, and Rob Weisberg) (collectively, the "Directors"), and the Company's financial advisor North Point Advisors LLC ("North Point", and, together with Papa Murphy's, Spangler, and the Directors, the "Original Defendants").

On September 9, 2019, the Court granted Lead Plaintiff's motion for appointment as Lead Plaintiff, and approved his selection of Monteverde & Associates PC ("Monteverde") as Lead Counsel and Breskin, Johnson & Townsend PLLC ("Breskin") as Liaison Counsel.

On November 8, 2019, Lead Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint"). On January 7, 2020, the Original Defendants filed motions to dismiss the Amended Complaint. On March 9, 2020, Lead Plaintiff filed his opposition to the Original Defendants' motions to dismiss and also filed a Notice of Dismissal voluntarily dismissing North Point from the Action.

On June 10, 2020, the Court granted the Original Defendants' motions to dismiss as to all claims against Papa Murphy's, Spangler, and the Directors without prejudice and with leave to amend.

On July 10, 2020, Lead Plaintiff filed his Second Amended Class Action Complaint (the "Second Amended Complaint") against Papa Murphy's and Spangler (collectively, "Defendants").

On August 24, 2020, Defendants filed a Motion to Dismiss the Second Amended Complaint ("Second Motion to Dismiss").

On April 22, 2021, the Court issued an Order denying Defendants' Second Motion to Dismiss.

On May 6, 2021, Defendants filed a motion to certify the Court's April 22nd Order for an interlocutory appeal and to stay proceedings during pendency of the appeal.

On August 6, 2021, the Court granted Defendants' motion to certify the April 22nd Order for an interlocutory appeal and to stay proceedings in the District Court during pendency of the appeal.

On August 16, 2021, Defendants filed their Petition for Permission to Appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). On September 9, 2021, Lead Plaintiff filed an Answer in Opposition to Defendants' Petition.

On October 12, 2021, the Ninth Circuit issued an Order granting Defendants' Petition for Permission to Appeal.

On October 18, 2021, after weeks of arm's length negotiations, the Settling Parties executed a term sheet for the Settlement.

On October 25, 2021, the Settling Parties filed in the Ninth Circuit a joint motion to stay the appellate proceedings. The motion was referred to Chris Goelz, Ninth Circuit Mediator.

On November 2, 2021, Mr. Goelz, acting under authority of the Ninth Circuit, issued an order staying Defendants' appeal and vacating the briefing schedule established for the appeal. Mr. Goelz's order additionally denied the Settling Parties' request for an immediate partial remand to this Court, without prejudice to the Settling Parties filing a subsequent motion to remand to this Court when the final Settlement documents are ready to be filed so that this Court may consider them.

On November 29, 2021, the Settling Parties memorialized the terms of the Settlement, which is embodied in this Stipulation, and will be subject to this Court's approval. Thereafter, the Settling Parties informed the Ninth Circuit of the execution of the Stipulation.

On November 29, 2021, the Ninth Circuit issued an order remanding the case so that this Court may consider the Settlement documents.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those class members who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of or against the Defendants or the Settlement Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and appeals. Lead Plaintiff agreed to the Settlement because Lead Plaintiff (advised by Lead Counsel) considered the Settlement amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and appeals, in light of Defendants' legal arguments that the statements at issue were not actionable by the Settlement Class, and their factual arguments that Defendants believed they complied with all applicable laws, and that the Settlement Class had not sustained any damages. The Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Lead

Plaintiff and Lead Counsel believe the Settlement is in the best interest of all Settlement Class Members, in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first must be a Settlement Class Member.

| 5.    How do I know if I am part of the Settlement? |
|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all record holders and all beneficial holders of Papa Murphy's common stock who purchased, sold, or held such stock during the period from and including April 25, 2019, the date of the Tender Offer and filing of the Schedule 14D-9, through and including May 22, 2019, the Expiration Time, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees. Under the Plan of Allocation proposed by Lead Counsel and described below, only Settlement Class Members who were record holders or beneficial holders of Papa Murphy's common stock at the Expiration Time on May 22, 2019, and were thus cashed out of their shares via the Tender Offer, and who submit a valid Proof of Claim to the Claims Administrator may share in the recovery. Certain persons are excluded from the Settlement Class, as described below.

| 6.    Are there exceptions to being included? |
|---|

Excluded from the Settlement Class are: (i) Defendants; (ii) the Directors; (iii) each Supporting Stockholder, as that term is defined in the Recommendation Statement, who entered into a Tender and Support Agreement in connection with the Tender Offer; (iv) members of the immediate families of each of the Defendants, Directors, and Supporting Stockholders; (v) any entity in which any of the Defendants, Directors, or Supporting Stockholders has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of any of the Defendants, Directors, and Supporting Stockholders; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

| 7.    What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1phone or visit the Settlement website at www.url.com, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.    What does the Settlement provide? |
|---|

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $2.4 million will be made by Papa Murphy's D&O insurance carrier to be distributed, after taxes, fees, and expenses, among all Authorized Claimants.

| 9.    How much will my payment be? |
|---|

Pursuant to the Settlement described herein, the Settlement Amount is $2,400,000.00. Under the Plan of Allocation proposed by Lead Counsel, only Settlement Class Members who were record holders or beneficial holders of Papa Murphy's common stock at Expiration Time on May 22, 2019, and were thus cashed out via the Tender Offer, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation"). Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. Lead Counsel estimates that approximately 8 million shares of Papa Murphy's common stock are in the Settlement Class. Assuming 100% of the shares in the Settlement Class submit a

- 5 -

valid proof of claim, the average distribution will be approximately $0.29 per share, before payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, and expenses (including any award for time and expenses incurred by Lead Plaintiff) described in Question 17 below (estimated to be approximately $0.10 per share), and interest as may be awarded by the Court (the "Net Settlement Fund"). Historically, fewer than all eligible investors submit claims, resulting in higher average distributions per share.

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $5.00.

Defendants expressly deny that any damages were suffered by Lead Plaintiff or the Settlement Class.

Payments shall be conclusive against all Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiff, the Claims Administrator, Defendants, and Defendants' Released Parties, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Settlement Class Member shall have any claim against Defendants or Defendants' Released Parties for any Released Claims. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10. How can I receive a payment?**

To qualify for a payment, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.url.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed, or received, if submitted online, no later than _____, 2022. Pursuant to its directions, the Proof of Claim may be submitted online at www.url.com.

**11. When would I receive my payment?**

The Court will hold a Final Approval Hearing on _____, 2022, to decide whether to approve the Settlement. Settlement Class Members should check the Settlement Class website or the Court's PACER site in advance of the Final Approval Hearing to determine whether that hearing will occur in person or via a remote link, and whether the date has changed. The Final Approval Hearing date may change without further notice to the Settlement Class. If the Court approves the Settlement, there might be appeals. It is always uncertain how appeals would be resolved by the appellate court, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**12. What am I giving up to receive a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or Defendants' Released Parties about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against Defendants and Defendants' Released Parties. The terms of the release are included in the enclosed Proof of Claim form and are also set forth below:

- "Plaintiff's Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including all claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims by Lead Plaintiff and Plaintiff's Counsel against the Defendants, except for claims relating to the enforcement of this Settlement.

- 6 -

- "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants Papa Murphy's and Weldon Spangler, MTY, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, affiliates, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, financial advisors, including without limitation North Point Advisors LLC, underwriters, insurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Parties"), that arise out of or relate in any way to: (i) the Action and the allegations in the Action, (ii) the Tender Offer; or (iii) the Recommendation Statement. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this settlement, and (2) between Defendants and Defendants' Released Parties, on the one hand, and their respective insurers on the other.

- "Unknown Claims" means (i) any of the Plaintiff's Released Claims which Defendants or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Plaintiff's Released Claims, and (ii) any of the Released Claims that Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Settlement Class. Unknown Claims include Plaintiff's Released Claims and Released Claims for which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all of Plaintiff's Released Claims and the Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

  **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

  Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Settlement Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims and the Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Plaintiff's Released Claims or the Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation

- 7 -

of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

You may maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and Defendants' Released Parties, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement. This is called excluding yourself.

| 13.  How do I get out of the Proposed Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *Brown v. Papa Murphy's Holdings, Inc.*, Case No. 3:19-cv-05514-BHS-JRC.  You must provide the following information: (a) name; (b) address; (c) telephone number; (d) the amount of Papa Murphy's common stock bought, sold, or held during the period from and including April 25, 2019 through and including May 22, 2019; and (e) a statement that you wish to be excluded from the Settlement Class. You must mail your exclusion request postmarked no later than _____, 2022 to:

*Papa Murphy's Holdings, Inc. Securities Litigation*
*c/o INSERT*

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you may not object to the Settlement. If you are excluded from the Settlement Class, you will not be legally bound by the terms of this Settlement.

| 14.  If I do not exclude myself, can I sue the Defendants and the Defendants' Released Parties for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the Defendants' Released Parties for any and all Released Claims. If you have a pending lawsuit against the Defendants or the Defendants' Released Parties regarding any Released Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2022.

| 15.  If I exclude myself, can I get money from the proposed Settlement? |
| --- |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16.  Do I have a lawyer in this case? |
| --- |

Yes. The Court appointed Monteverde & Associates PC as Lead Counsel and Breskin, Johnson & Townsend PLLC as Liaison Counsel to lead the Litigation which Lead Plaintiff brought on behalf of himself and all other Settlement Class Members. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17.  How will the lawyers be paid? |
| --- |

This Action has been pending since 2019. Lead Counsel have not been paid for their services on behalf of Lead Plaintiff and the Settlement Class, nor for their substantial expenses. The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case from inception in 2019 and negotiating the Settlement.

- 8 -

Lead Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $25,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

### 18. How do I tell the Court that I object to the proposed Settlement?

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the litigation will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Brown v. Papa Murphy's Holdings, Inc.*, Case No. 3:19-cv-05514-BHS-JRC), (b) include your name, address, telephone number, and your signature, (c) identify the date(s), price(s), and number(s) of shares of Papa Murphy's common stock you held, acquired, or sold during the Settlement Class Period, and state the reasons why you object, and (d) you must also include copies of documents demonstrating such holding(s), acquisition(s), and/or sale(s). Your objection must be filed with the Court and mailed or delivered and emailed to each of the following addresses such that it is received no later than [INSERT DATE].

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court Western District of Washington Tacoma Division 1717 Pacific Avenue, Room 3100 Tacoma, WA 98402-3200 | Juan E. Monteverde Monteverde & Associates PC The Empire State Building 350 Fifth Avenue, Suite 4405 New York, NY 10118 jmonteverde@monteverdelaw.com | Ronald L. Berenstain Sean C. Knowles Perkins Coie LLP 1201 3rd Ave, Suite 4900 Seattle, WA 98101-3099 RBerenstain@perkinscoie.com SKnowles@perkinscoie.com |

### 19. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

### 20. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Final Approval Hearing at__: _____ __.m., on _____ day, _____, 2022. Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Western District of Washington, Tacoma Division, 1717 Pacific Avenue, Tacoma, WA 98402, or via a remote link. At the hearing the Court will consider: (i) whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate; (ii) the final certification of the Settlement Class, Lead Plaintiff, Lead Counsel, and Liaison Counsel; and (iii) and whether the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff should be granted. If there are objections,

- 9 -

the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, and any award to Lead Plaintiff. We do not know how long these decisions will take. The Court may change the date and time of the Final Approval Hearing without another Notice being mailed to Settlement Class Members. If you want to attend the hearing, you may wish to check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| **21. Do I have to come to the hearing?** |
|---|

No. Lead Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **22. May I speak at the hearing?** |
|---|

If you object to the Settlement, the Plan of Allocation, the award of fees and expenses to Lead Counsel, or any award to Lead Plaintiff, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Papa Murphy's Holdings, Inc. Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any award to Lead Plaintiff for his representation of the Settlement Class) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| **23. What happens if I do nothing at all?** |
|---|

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants or any other Defendants' Released Parties about the issues raised in this case ever again.

## GETTING MORE INFORMATION

| **24. Are there more details about the proposed Settlement?** |
|---|

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation of Settlement available at www.url.com, by contacting Lead Counsel at (212) 971-1341, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.wawd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Washington, Tacoma Division, 1717 Pacific Avenue, Room 3100, Tacoma, WA 98402-3200, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| **25. How do I get more information?** |
|---|

For more information, you can visit www.url.com or call toll-free 1-phone. You can also contact the attorneys for Lead Plaintiff, listed below:

- 10 -

Juan E. Monteverde
Monteverde & Associates PC
350 Fifth Ave, Suite 4405
New York, NY 10118
(212) 971-1341

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

Lead Counsel have proposed a Plan of Allocation described below in Question 26, which will be submitted for the Court's approval. The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Lead Plaintiff's time and expense payment) will be distributed to Settlement Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| **26. How will my claim be calculated?** |
| --- |

As stated above, the Settlement Amount is $2,400,000. Under the Plan of Allocation proposed by Lead Counsel, only Settlement Class Members who were record holders or beneficial holders of Papa Murphy's common stock at the Expiration Time on May 22, 2019, and were thus cashed out of their shares via the Tender Offer, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation"). Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Settlement Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.url.com.

As of April 22, 2019, 17,029,528 shares of Papa Murphy's common stock were outstanding. The Supporting Stockholders, including those affiliated with the officers and directors of Papa Murphy's, collectively owned 8,868,933 of those shares, leaving the Settlement Class with 8,160,595 shares at the time of the close of the Tender Offer. Assuming that all of the shares held by members of the Settlement Class participate in the Settlement, Lead Counsel estimates that the average distribution will be approximately $0.29 per share of Papa Murphy's common stock before the deduction of Court-approved fees and expenses, as described in Question 17 above (estimated to be approximately $0.10 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $5.00.

Payments shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiff, Liaison Counsel, the Claims Administrator, Defendants or Defendants' Released Parties, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Settlement Class Member shall have any claim against Defendants or Defendants' Released Parties for any Released Claims. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

<u>**SPECIAL NOTICE TO NOMINEES**</u>

The Court has ordered that if you held any Papa Murphy's common stock at any point in time from April 25, 2019, through May 22, 2019, as nominee for a beneficial owner, then, within fifteen (15) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

- 11 -

MONTEVERDE DECL. Page 67 of 131

*Papa Murphy's Holdings, Inc. Securities Litigation*
*c/o INSERT*

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

- 12 -

# Exhibit A-2

## PROOF OF CLAIM AND RELEASE

### I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *Brown v. Papa Murphy's Holdings, Inc.*, Case No. 3:19-cv-05514-BHS-JRC (the "Litigation"), you must complete on page 3 and sign on page 5 hereof, this Proof of Claim and Release. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____ ___, 2022 TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Papa Murphy's Holdings, Inc. Securities Litigation*
*c/o INSERT*
Online Submissions: **www.url.com**

If you are NOT a Settlement Class Member (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release.

4.      If you are a Settlement Class Member and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

### II.      CLAIMANT IDENTIFICATION

Pursuant to the Plan of Allocation proposed by Lead Counsel, only Settlement Class Members who were record holders or beneficial holders of Papa Murphy's Holdings, Inc. ("Papa Murphy's") common stock as of the expiration time of the Tender Offer on May 22, 2019 ("Expiration Time"), and who submit a valid Proof of Claim and Release to the Claims Administrator may share in the recovery.

If you purchased, sold, or held Papa Murphy's common stock during the period from and including April 25, 2019, through and including May 22, 2019 (the "Settlement Class Period"), and held the shares in your name, you are both the beneficial holder, purchaser, or acquirer of the stock and the record holder, purchaser, or acquirer of the stock. If, however, you held, purchased, or acquired Papa Murphy's common stock during the Settlement Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial holder, purchaser, or acquirer of the stock, but not the record holder, purchaser, or acquirer of the stock. The third party is the record holder, purchaser, or acquirer of the stock.

Use Part I of this form entitled "Claimant Identification" to identify each holder, purchaser, or

- 1 -

acquirer of record ("nominee"), if different from the beneficial holder, purchaser, or acquirer of the common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S), PURCHASER(S), OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH HOLDER(S), PURCHASER(S), OR ACQUIRER(S) OF THE PAPA MURPHY'S COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint holders, purchasers, or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. ***All Claimants MUST submit a manually signed paper Proof of Claim and Release listing all their transactions whether or not they also submit electronic copies.*** If you wish to file your claim electronically, you must contact the Claims Administrator at info@insert.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form entitled "Holdings in Papa Murphy's Common Stock" to state the number of shares of Papa Murphy's common stock that you held at the Expiration Time on May 22, 2019. You must provide copies of broker confirmations or other documentation of your holdings in Papa Murphy's common stock as attachments to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION
*Brown v. Papa Murphy's Holdings, Inc., et al.*,
Case No. 3:19-cv-05514-BHS-JRC

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:
_____ ___, 2022**

Please Type or Print

PART I:    **CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Name: | | |
| | | |
| Address: | | |
| | | |
| City: | State: | Zip or Postal Code: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Claimant Type (Individual, Joint, Corporation, etc.): _____ | | |
| Record Owner's Name: (If different from beneficial owner listed above) | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

PART II:    **HOLDINGS IN PAPA MURPHY'S COMMON STOCK**

A.    Number of shares of Papa Murphy's common stock you held at the Expiration Time on May 22, 2019: _____

Proof enclosed?    _____ yes    _____ no

**YOUR SIGNATURE ON PAGE   5   WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN PART IV BELOW.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of Washington, Tacoma Division, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Papa Murphy's common stock (or holding Papa Murphy's common stock) during the period from and including April 25, 2019, the date of the Tender Offer and the date of filing of the Schedule 14D-9, through and

- 3 -

including May 22, 2019, the Expiration Time, and know of no other person having done so on my (our) behalf.

## IV.   RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, covenant not to sue, relinquish, and discharge each and all of the Defendants and the Defendants' Released Parties from the Released Claims as provided in the Stipulation of Settlement.

2.      "Defendants' Released Parties" means, defendants Papa Murphy's and Weldon Spangler ("Defendants"), MTY Food Group Inc. ("MTY"), and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, affiliates, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, financial advisors, including without limitation, North Point Advisors LLC, underwriters, insurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

3.      "Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingente or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants or Defendants' Released Parties that arise out of or relate in any way to: (i) the Action and the allegations in the Action, (ii) the Tender Offer; or (iii) the Recommendation Statement.  Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this settlement, and (2) between Defendants' Released Parties and their respective insurers.

4.      "Plaintiff's Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including all claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims by Lead Plaintiff and Plaintiff's Counsel against the Defendants, except for claims relating to the enforcement of this Settlement.

5.      "Unknown Claims" means (i) any of the Plaintiff's Released Claims which Defendants or any Settlement Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Plaintiff's Released Claims, and (ii) any of the Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Settlement Class.  Unknown Claims include Plaintiff's Released Claims and Released Claims for which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all of Plaintiff's Released Claims and the Released Claims, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code

§ 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Defendants shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Settlement Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims and the Released Claims, but Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Plaintiff's Released Claims or the Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.    This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about the number of shares of Papa Murphy's stock held by me (us) at the Expiration Time on May 22, 2019.

9.    I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ (Month/Year)

in _____

      (City)                        (State/Country)

_____
(Sign your name here)

- 5 -

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or
Acquirer, Executor or Administrator)

- 6 -

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach copies of supporting documentation, if available.

3.    Do not send originals of stock certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE BY _____, 2022, OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS:

*Papa Murphy's Holdings, Inc. Securities Litigation*
*c/o INSERT*

# Exhibit A-3

## SUMMARY NOTICE

**TO:   ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF PAPA MURPHY'S HOLDINGS, INC. ("PAPA MURPHY'S") COMMON STOCK WHO PURCHASED, SOLD, OR HELD SUCH STOCK DURING THE PERIOD FROM AND INCLUDING, APRIL 25, 2019, THE DATE OF THE TENDER OFFER AND THE DATE OF FILING OF THE SCHEDULE 14D-9, THROUGH AND INCLUDING MAY 22, 2019, THE DATE THE TENDER OFFER EXPIRED, INCLUDING ANY AND ALL OF THEIR RESPECTIVE PREDECESSORS, SUCCESSORS, TRUSTEES, EXECUTORS, ADMINISTRATORS, ESTATES, LEGAL REPRESENTATIVES, HEIRS, ASSIGNS AND TRANSFEREES.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Western District of Washington, Tacoma Division, that a hearing will be held on _____, 2022, at ___:___ __.m., before the Honorable Benjamin H. Settle.  Settlement Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Western District of Washington, Tacoma Division, 1717 Pacific Avenue, Tacoma, WA 98402, or via a remote link.  The hearing will be held for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $2.4 million should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice and releasing the Released Claims against Defendants and Defendants' Released Parties; (3) whether final certification of the Settlement Class should be granted; (4) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (5) whether the application of Lead Counsel for the payment of attorneys' fees and expenses, and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) should be approved.

IF YOU PURCHASED, SOLD, OR HELD PAPA MURPHY'S COMMON STOCK DURING THE PERIOD FROM AND INCLUDING APRIL 25, 2019, THROUGH AND INCLUDING MAY 22, 2019 (THE "SETTLEMENT CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO

- 1 -

YOUR PURCHASE OR ACQUISITION OF PAPA MURPHY'S COMMON STOCK DURING THE SETTLEMENT CLASS PERIOD.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to Papa Murphy's Holdings, Inc. Securities Litigation, Claims Administrator, 1-phone, or on the Internet at www.url.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (*postmarked no later than* _____, *2022*), or online at www.url.com *no later than* _____, 2022, establishing that you are entitled to recovery.

If you purchased, sold, or held Papa Murphy's common stock during the Settlement Class Period and you desire to be excluded from the Settlement Class, you must submit a request for exclusion so that it is *received no later than* _____, 2022, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the Settlement, the Plan of Allocation, Lead Counsel's request for the payment of attorneys' fees and expenses, and any award to Lead Plaintiff must be received by each of the following recipients via hard copy and email *no later than* _____, 2022:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402-3200

*Lead Counsel***:**
Monteverde & Associates PC
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
jmonteverde@monteverdelaw.com

- 2 -

*Counsel for Defendants***:**
Perkins Coie LLP
Ronald L. Berenstain
Sean C. Knowles
1201 3rd Ave., Suite 4900
Seattle, WA 98101-3099
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact

Lead Counsel at the address listed above.


Dated: _____          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         WESTERN DISTRICT OF WASHINGTON
                                         TACOMA DIVISION

# Exhibit B

THE HONORABLE BENJAMIN H. SETTLE

(On Reference to The Honorable J. Richard Creatura)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>                              Defendants. | Case No. 19-cv-05514-BHS-JRC<br><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____ __, ____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated November 29, 2021 (the "Stipulation").

WHEREAS, this Order of Dismissal is "with prejudice";

WHEREAS, due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on _____ __, 2022, to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved, and (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants;

WHEREAS, consistent with the Preliminary Approval Order, all Class Members had the opportunity to exclude themselves from the proposed Settlement Class; to object to the proposed Settlement; and to be heard with regard to the proposed Settlement, including by appearing and speaking at the hearing held on _____ ____, 2022; and

WHEREAS, the Court has considered all papers filed and proceedings held herein and otherwise is fully informed in the premises, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

2

settlement only: (i) a Settlement Class defined as all record holders and all beneficial holders of Papa Murphy's Holdings, Inc. ("Papa Murphy's") common stock who purchased, sold, or held such stock during the period from and including April 25, 2019, the date of the Tender Offer and the date of filing of the Schedule 14D-9, through and including May 22, 2019, the Expiration Time, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees; (ii) Monteverde & Associates PC is certified as Lead Counsel and Breskin, Johnson & Townsend PLLC is certified as Liaison Counsel; and (iii) Lead Plaintiff is certified as the class representative. Excluded from the Settlement Class are: (i) Defendants; (ii) the Directors; (iii) each Supporting Stockholder, as that term is defined in the Recommendation Statement, who entered into a Tender and Support Agreement in connection with the Tender Offer; (iv) members of the immediate families of each of the Defendants, Directors, and Supporting Stockholders; (v) any entity in which any of the Defendants, Directors, or Supporting Stockholders has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of any of the Defendants, Directors, and Supporting Stockholders; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4.     For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.     Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses with prejudice and without costs, the Litigation and all claims contained therein, and the Released Claims, defined as any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against defendants Papa Murphy's and Weldon Spangler ("Defendants"), MTY Food Group Inc. ("MTY"), and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, affiliates, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, financial advisors, including without

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

limitation North Point Advisors LLC, underwriters, insurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Parties"), that arise out of or relate in any way to: (i) the Action and the allegations in the Action, (ii) the Tender Offer; or (iii) the Recommendation Statement. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this settlement, and (2) between Defendants or Defendants' Released Parties, on the one hand, and their respective insurers on the other.

8.      Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of the Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of Defendants' Released Parties, regardless of whether a Settlement Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

9.      Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all Plaintiff's Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

10.     Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

5

capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the Released Claims (including, without limitation, Unknown Claims), against Defendants and each and all of Defendants' Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

11.    Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Defendants' Released Parties with respect to any and all Released Claims (including, without limitation, Unknown Claims).

12.    In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations of any Defendant or Defendants' Released Party to any Settlement Class Member arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against Defendants or any of the Defendants' Released Parties, and (ii) by Defendants or any of the Defendants' Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

13.    The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Lead Plaintiff, all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release or seeks or obtains a

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

distribution from the Net Settlement Fund), and Defendants, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

14.   The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  Defendants and Defendants' Released Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.   The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class (a) was implemented in accordance with the Preliminary Approval Order entered on _____ __, ____, (b) was the best notice practicable under the circumstances to all Persons entitled to notice of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, (c) was reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases contained therein); and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final Approval Hearing, (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and (e) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Therefore, it is determined that all members of the Settlement Class are bound by the Judgment herein.

16.   Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court.  Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

17.     Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of any Defendants or Defendants' Released Parties; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendants or Defendants' Released Party in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendants or Defendants' Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendants or Defendants' Released Parties are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff lacked merit or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants, Defendants' Released Parties, Lead Plaintiff, Settlement Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19.   The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.   Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.   The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

 DATED: _____          _____

                                    THE HONORABLE BENJAMIN H. SETTLE
                                    UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS-JRC

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

# Exhibit 2



**NERA**
ECONOMIC CONSULTING

25 January 2021



# Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review

COVID-19-Related Filings Accounted for 10% of Total Filings

Filings Declined, Driven Primarily by Fewer Merger Objections Filed

Even After Excluding "Mega" Settlements, Recent Settlement Values Remained High

By Janeen McIntosh and Svetlana Starykh

Insight in Economics™

## Foreword

I am excited to share NERA's Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review. This year's edition builds on work carried out over many years by members of NERA's Securities and Finance Practice. In this year's report, we continue our analyses of trends in filings and resolutions and present information on new developments, including case filings related to COVID-19. Although space does not permit us to present all the analyses the authors have undertaken while working (remotely!) on this year's edition, we hope you will contact us if you want to learn more about our work in and related to securities litigation. On behalf of NERA's Securities and Finance Practice, I thank you for taking the time to review our work and hope you find it informative.

Dr. David Tabak
Managing Director



# Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review

## COVID-19-Related Filings Accounted for 10% of Total Filings
## Filings Declined, Driven Primarily by Fewer Merger Objections Filed
## Even After Excluding "Mega" Settlements, Recent Settlement Values Remained High

By Janeen McIntosh and Svetlana Starykh[1]

25 January 2021

## Introduction and Summary

There were 326 federal securities class actions filed in 2020, a decline of 22% from 2019.[2] Despite this decline, filings for 2020 remained higher than pre-2017 levels, with the exception of 2001, when numerous IPO laddering cases were filed. In addition to a decline in the aggregate number of new cases filed, there was also a decline within each of the five types of cases we consider, though the decline within each category of cases was not consistent in magnitude. As a result, the percentage of new filings that were Rule 10b-5, Section 11, and/or Section 12 cases increased to 64% in 2020. As in 2019, in 2020, the electronic technology and technology services sector had the most securities class action filings. Of cases filed in 2020, 23% were filed against defendants in this sector, followed closely by defendants in the health technology and services sector, which accounted for 22% of new filings. For the first time in the five years ending December 2020, claims related to accounting issues, regulatory issues, or missed earnings guidance were not the most common allegation included in federal securities class action complaints. Instead, for cases filed in 2020, 35% of complaints included an allegation related to misled future performance. The Second, Third, and Ninth Circuits continue to represent a significant proportion of new cases filed in 2020, accounting for more than three-fourths of filings.

The emergence of the COVID-19 pandemic has led to associated filings. Since March 2020, when the first such lawsuit was filed, there have been 33 cases filed with COVID-19-related claims included in the complaint through December 2020. Nearly 25% of these COVID-19 case filings were against defendants in the health technology and health services sector—the highest for any sector—and 21% were filed against defendants in the finance sector.

In 2020, 320 cases were resolved, marking a slight increase from the total number of cases resolved in 2019, but remaining below the number of cases resolved in 2017 and 2018. Despite 2020 aggregate resolutions falling within the historical range for 2011–2019, both the number of cases settled and the number of cases dismissed reached 10-year record levels—settled cases reaching a record low and dismissed cases reaching a record high.

The average settlement value in 2020 was $44 million, more than a 50% increase over the 2019 average of $28 million but still below the 2018 value. Limiting to settlements under $1 billion, the 2020 average settlement value was $30 million, which is lower than the overall average of $44

**MONTEVERDE DECL. Page 94 of 131**

million after excluding the American Realty Capital Properties settlement of $1.025 billion. Excluding the American Realty Capital Properties settlement, the median annual settlement value for 2020 was $13 million, the highest recorded median value in the last 10 years.

## Trends in Filings

### Trend in Federal Cases Filed

For the first time since 2016, annual new securities class action filings declined to less than 400 cases.[3] Between 2015 and 2017, new filings grew significantly, by approximately 80%, and remained stable with between 420 and 430 annual filings from 2017 to 2019. There were 326 new case filed in 2020, which, despite the decline, is still higher than the average of 223 observed in the 2010–2015 period. Whether this decline in new filings is the end of the general higher level of filings observed in recent years or a short-term byproduct of the implications of the COVID-19 pandemic is yet to be determined. See Figure 1.

As of October 2020, there were 5,720 companies listed on the NYSE and Nasdaq exchanges.[4] The increase in the number of listed companies in 2020 is a continuation of a general growth trend since 2017. As a result of the decline in the number of new filings and the growth in the number of listed companies in 2020, the ratio of new filings to listed companies declined to 5.7%, the lowest ratio in the last five years. However, this ratio remains higher than the ratios in the first 20 years following the implementation of the PSLRA in 1995.

Figure 1. **Federal Filings and Number of Companies Listed in the United States**
January 1996–December 2020



Note: Listed companies include those listed on the NYSE and Nasdaq. Listings data obtained from World Federation of Exchanges (WFE). The 2020 listings data is as of October 2020.

**MONTEVERDE DECL. Page 95 of 131**

### Federal Filings by Type

The decline in federal cases differed by type of case with the largest percentage decline observed among the Rule 10b-5 and Section 11 or Section 12 category of cases. Despite differences in the magnitude of change over the past 12 months, collectively and within each individual category, federal filings of securities class action (SCA) suits decreased. New filings of Rule 10b-5 and Section 11 or Section 12 cases in 2020 declined by more than 65% when compared to 2019. Filings of merger objections, other securities class action cases, and Section 11/Section 12 cases each declined by between 25% and 35%, while Rule 10b-5 cases declined by less than 10%. As a result of the relatively low level of decline in Rule 10b-5 cases, the proportion of new filings that were Rule 10b-5, Section 11, and/or Section 12 cases (standard cases) increased from 58% of new filings in 2019 to 64% of new filings in 2020. See Figure 2.

Figure 2. **Federal Filings by Type**
January 2011–December 2020



**MONTEVERDE DECL. Page 96 of 131**

### Federal Filings by Sector

Over the 2015–2018 period, the largest proportion of SCA suits filed were against defendants in the health technology and services sector. Because of a gradual downward trend in the proportion of cases filed against companies of this sector between 2016 and 2019, and an accompanying growth in the proportion of cases filed against defendants in the electronic technology and technology sector, in 2020, the electronic technology and technology services sector represented the largest proportion of new cases filed. In 2020, 23% of filings were against defendants in this sector, followed closely by defendants in the health technology and services sector, which accounted for 22% of new filings.

The finance sector observed an increase in the proportion of cases filed against defendants in this sector, from 12% in 2019 to 15% in 2020, while defendants in the consumer durables and non-durables sector observed a decline from 10% to 7%. The energy and non-energy minerals, consumer and distribution services, and process industries sectors each accounted for at least 5% of cases filed in 2020. See Figure 3.

Figure 3. **Percentage of Federal Filings by Sector and Year**
Excludes Merger Objections
January 2016–December 2020



Note: This analysis is based on the FactSet Research Systems, Inc. economic sector classification. Some of the FactSet economic sectors are combined for presentation.

**MONTEVERDE DECL. Page 97 of 131**

### Federal Filings by Circuit

Historically, the Second Circuit—which includes Connecticut, New York, and Vermont—has received the highest number of cases filed. In 2019, we observed a spike in new non-merger-objection filings in the Second Circuit, a pattern that did not persist in 2020. Over the last 12 months, only 69 new cases were filed in the Second Circuit, the lowest level of new cases since 2017. The Third and Ninth Circuits continue to be high-activity jurisdictions for SCA cases, with 25 and 79 cases filed in 2020 in these circuits, respectively. While the number of cases filed in the Second and Third Circuits declined, the Ninth Circuit observed a 41% increase in filings. Taken together, these trends resulted in the Ninth Circuit accounting for the highest proportion of new filings for the first time in the last five years. Combined, the Second, Third, and Ninth Circuits continue to account for a significant proportion of new cases filed, increasing slightly to 79% of all the new non-merger-objection cases filed in 2020. See Figure 4.

Figure 4. **Federal Filings by Circuit and Year**
Excludes Merger Objections
January 2016–December 2020



**MONTEVERDE DECL. Page 98 of 131**

### Allegations

Over the past three years, there has been year-to-year variation in the most frequently occurring allegation in shareholder class action suits filed.[5] In 2018, the most common allegation included in complaints was related to accounting issues, with 26% of cases including such a claim. This pattern is consistent with the distributions observed in recent years; claims related to accounting issues remain one of the most common and frequent allegations included in complaints. In 2019, we observed a spike in cases involving allegations of missed earnings guidance, with over 30% of cases involving a related claim. However, the proportion of cases alleging claims related to missed earnings guidance decreased to 23% in 2020. For cases filed in 2020, there emerged a new common allegation; 35% of the complaints included a claim related to misled future performance. This is the first time in the last five years that this allegation has been included in more complaints than those alleging accounting issues, missed earnings guidance, or regulatory issues. Although there was an upward trend in the frequency of cases involving allegations related to merger integration issues between 2016 and 2019, this pattern did not continue in 2020, with this category falling to only 5% of cases from 11% in 2019. See Figure 5.

Figure 5. **Allegations**
Shareholder Class Actions with Alleged Violations of Rule 10b-5, Section 11, and/or Section 12
January 2016–December 2020



**MONTEVERDE DECL. Page 99 of 131**

## Recent Developments in Federal Filings[6]

### COVID-19

In March of 2020, the COVID-19 pandemic changed the way individuals work, the way they live, and how companies operate. The pandemic's impact on filings has not yet been fully determined and it will likely take time to evaluate if it was the underlying driver of the lower level of cases filed in 2020. On the other hand, the pandemic brought about a new category of event-driven cases, with the first such case filed in March. Since then, there have been 33 cases filed with claims related to COVID-19 included in the complaint. See Figure 6.

Figure 6. **Number of 2020 COVID-19-Related Federal Filings by Month**
          March 2020–December 2020



**MONTEVERDE DECL. Page 100 of 131**

The distribution of these COVID-19-related cases across sectors reveals a pattern similar to the distribution across total cases filed in 2020. The proportion of filings against defendants in the combined health technology and health services sectors was 24%. Approximately 21% of the COVID-19 cases were filed against defendants in the finance sector and the consumer services and technology services sectors each accounted for approximately 15% of cases. See Figure 7.

Figure 7. **Percentage of 2020 COVID-19-Related Federal Filings by Sector**
March 2020–December 2020



Unlike for the universe of total filings, the top three circuits for most COVID-19 filings were the Ninth, Second, and Eleventh Circuits. Over one-third of the COVID-19-related cases filed were presented in the Ninth Circuit, followed closely by the Second Circuit. See Figure 8.

MONTEVERDE DECL. Page 101 of 131

Figure 8. **Number of 2020 COVID-19-Related Federal Filings by Circuit**



The claims alleged in the complaints for these COVID-19-related filings varied. For example, within the NERA database, we identified three cases filed against defendants in the cruise line industry—namely, Norwegian Cruise Line Holdings, Carnival Corporation, and Royal Caribbean Cruises. The complaint filed against Norwegian Cruise Line Holdings alleges the company made false and/or misleading statements and/or failed to disclose that it was providing customers with false statements about COVID-19 to entice them to purchase cruises. The Carnival Corporation lawsuit alleged that the company's misstatements concealed the increasing presence of COVID-19 on the company's ships. In the complaint against Royal Caribbean Cruises, plaintiffs allege there was a failure to disclose material facts related to the company's decrease in bookings outside of China.

In addition to tracking COVID-19-related filings, we have also monitored federal securities class action filings in a number of recent development areas. See Figure 9 for a summary of filings in these areas for 2019 and 2020.

**MONTEVERDE DECL. Page 102 of 131**

Figure 9. **Event-Driven and Other Special Cases by Filing Year**
January 2019–December 2020



**Bribery/Kickbacks**

Securities class action suits related to claims of bribery have remained fairly stable over the 2019–2020 period, with six such cases filed in 2019 and five filed in 2020. Of the 11 cases filed in the last two years, all remain pending as of December 2020. These cases span a range of sectors, with the electronic technology and technology services sector accounting for the highest proportion. In addition, cases filed with claims related to kickbacks are still being brought to the courts, with one case filed in both 2019 and 2020. Both of these cases include claims related to regulatory issues.

**Cannabis**

In last year's report, we identified filings against companies in the cannabis industry as a development area. In 2020, filings within this industry have continued with six new cases. The allegations included in these recent complaints were related to accounting issues, misled future performance, and missed earnings guidance. The majority of cases continue to be presented in the Second Circuit and all defendants but one are in the process industries sector.

### Cybersecurity Breach Cases

In 2020, like 2019, there were three new filings related to a cybersecurity breach. The Ninth Circuit continues to be a common venue for these cases. Among the six cases filed between 2019 and 2020, four have included allegations related to missed earnings guidance or misleading future performance, with only one case alleging regulatory issues.

### Environment-Related

Similar to bribery-related cases, filings pertaining to environment-related claims have continued to be presented at a steady pace, with five cases filed in 2020 and four cases filed in 2019. Four of the nine cases recently filed include allegations related to regulatory issues and five were filed in the Second and Ninth Circuits.

### #MeToo

Following the surge of #MeToo cases filed in 2018, only two such cases have been filed in the last year. Both cases were filed in the second half of 2020.

### Opioid Crisis

Only two cases related to the opioid crisis have been filed since 2018, both of which were filed in the Third Circuit and include allegations related to accounting and regulatory issues.

### Money Laundering

Cases with claims of money laundering also continue to be filed, with three such cases filed in both 2019 and 2020. All six of these cases included an allegation related to regulatory issues.

## Trend in Resolutions

### Number of Cases Settled or Dismissed

Following a decline in the total number of cases resolved in 2019, resolutions rose in 2020, returning to a level relatively in line with 2017 and 2018. In 2020, 247 cases were resolved in favor of the defendant and 73 cases were settled, for a total of 320 resolutions for the year. This represents an increase of approximately 4% in resolved suits over the 309 cases resolved in 2019.

Despite the aggregate increase in resolutions, the trend observed in dismissals and settlements differed. While there was a decline of 25% in the number of settled cases, there was an increase in the number of dismissed cases.[7] The number of cases settled in 2020 is the lowest recorded number of settled cases in the most recent 10-year period and is more than 40% lower than the average number of settled cases (122) observed between 2016 and 2018. At this time, there is insufficient evidence to determine whether this lower number of settlements is connected to COVID-19-related factors. The increase in the number of dismissed cases was sufficient to not only offset the decrease in settlements but also to increase the overall number of resolved cases. The number of cases dismissed in 2020 also set a new 10-year record with approximately 6% more cases dismissed than in 2018, the second highest year in the period.

Starting in 2015, there has been a gradual decline in the proportion of cases that were closed due to settling. Of the cases resolved in 2014, 58% were settled. In each subsequent year, this proportion has declined, falling to 44% for cases resolved in 2017. For cases resolved in 2020, the

**MONTEVERDE DECL. Page 104 of 131**

proportion of resolved cases that were settled is the lowest in recent history, with less than 25% of the cases settling. It is not surprising the proportion declined to a new low given the decrease in the number of cases settled combined with the increase in dismissals that occurred in 2020. See Figure 10.

Although 2020 was a record-setting low year for total settled cases, the magnitude of the decrease in settled cases differed for standard cases and merger-objection cases. Settled non-merger-objection cases decreased by less than 15%, falling to 70 cases, though still within the historical 10-year range. On the other hand, settled merger-objection cases declined by more than 80% to merely three cases, which is substantially lower than the number of such cases settled in any single year in the last 10 years.

There was a 26% increase in dismissals of standard cases and a 9% increase in dismissals of merger-objection cases. For non-merger-objection and for merger-objection cases, the increase in dismissals was enough to establish 2020 as the year with the highest number of dismissals within each category in recent years.

Figure 10. **Number of Resolved Cases: Dismissed or Settled**
January 2011–December 2020



MONTEVERDE DECL. Page 105 of 131

### Case Status by Filing Year

A review of the current status of securities class action suits filed after 2014 reveals that within each filing year a greater proportion of cases have been dismissed than have been settled. For cases filed between 2015 and 2017, dismissal rates range from 44% to 49% each year while settlement rates range from 22% to 35%. The difference in current case outcome is even more stark for cases filed in 2018 and 2019. Of the cases filed in 2018, as of December 2020, 35% were resolved in favor of the defendant, 11% were settled, and 53% remained pending. For cases filed in 2019, only 1% were resolved for positive payment, while 27% were dismissed, and 72% were still unresolved. However, the current resolution distribution of cases may not necessarily be an indication of the final outcome for all resolved cases as historical evidence indicates that a larger proportion of the pending cases will result in a positive settlement because settlements typically occur in the latter phases of litigation, whereas motions for summary judgment or dismissal typically occur in the earlier stages. See Figure 11.

Figure 11. **Status of Cases as Percentage of Federal Filings by Filing Year**
Excludes Merger Objections and Verdicts
January 2011–December 2020



Note: Dismissals may include dismissals without prejudice and dismissals under appeal.

**Time From First Complaint Filing to Resolution**

A review of the cases filed between 1 January 2002 and 31 December 2016 reveals that a significant proportion of cases are resolved in under four years.[8] Looking at the time from the filing of the first complaint through the resolution of the case, whether a dismissal or a settlement, shows that more than 80% of suits are resolved within four years, and 65% within the first three years. The most common resolution periods in the data are between one and two years (28% of cases) and between two and three years (23% of cases). Within the first year of filing, 14% of cases are resolved. See Figure 12.

Figure 12. **Time from First Complaint Filing to Resolution**
Cases Filed January 2002–December 2020 and Resolved January 2002–December 2020



# Trend in Settlement Values

**Average and Median Settlement Value**

To analyze recent trends in settlement values, we calculate and evaluate settlements using multiple alternative measures.[9] First, we evaluate trends by reviewing the annual average settlement value for non-merger-objection cases with positive settlement values. Given that these average settlement values may be impacted by a few high "outlier" settlements, we also review the median settlement value and average settlement for cases under $1 billion, again on an annual basis.

**MONTEVERDE DECL. Page 107 of 131**

The average settlement value in 2020 was $44 million for non-merger objection cases with settlements of more than $0 to the class. This is a more than 50% increase over the 2019 inflation-adjusted average of $29 million but still below the 2018 inflation-adjusted average of $73 million. Historically, the average settlement value has shown year-to-year variation partly due to the presence or absence of one or two "outlier" settlements. Between 2011 and 2020, the annual inflation-adjusted average settlement value has ranged from a low of $26 million in 2017 to a high of $95 million in 2013. As such, the 2020 average is well within the range observed within the last 10 years. See Figure 13.

Figure 13. **Average Settlement Value**
Excludes Merger Objections and Settlements for $0 to the Class
January 2011–December 2020



The second measure of trends in settlement values evaluated is the annual average settlement excluding merger objections, settlements for $0 to the class, and individual cases with settlements of $1 billion or greater. Given the infrequency of cases with settlements of $1 billion or greater and the impact these "outlier" settlements can have on the annual averages, this second measure seeks to evaluate the general trend in settlements absent these cases. For example, for 2020 settlements, this measure evaluates the settlement values excluding the American Realty Capital Properties

www.nera.com    15

settlement of $1.025 billion. Figure 14 illustrates that once these cases are removed, the annual average settlement values have been stable in recent years, ranging from $26 million to $31 million within the last four years. Though the 2020 average settlement value of $30 million is 3% higher than the 2019 average, it is still substantially lower than the average values for cases settled for under $1 billion in 2015 and 2016, which are $58 million and $49 million respectively.

Figure 14. **Average Settlement Value**
Excludes Settlements over $1 Billion, Merger Objections, and Settlements for $0 to the Class
January 2011–December 2020



The median annual settlement value for 2020 was $13 million, the highest recorded median value in the last 10 years (the median settlement value for cases settled in 2018 was also $13 million). Though the median settlement value for 2020 is less than 10% higher than the inflation-adjusted median in 2019, the 2020 value is nearly twice the inflation-adjusted median settlement value for cases settled in 2017. The general increasing trend in annual median settlement values indicates an upward shift in individual settlement values. In other words, a higher proportion of cases has settled for higher values in the last three years when compared to settlements that occurred in 2017 or before. See Figure 15.

MONTEVERDE DECL. Page 109 of 131

Figure 15. **Median Settlement Value**
Excludes Settlements over $1 Billion, Merger Objections, and Settlements for $0 to the Class
January 2011–December 2020



An evaluation of the change in the distribution of settlement values over the past five years further supports this notion. There has been a downward trend in the proportion of cases with individual settlements less than $10 million and a corresponding increase in the proportion of cases found in the higher settlement ranges. More specifically, in 2017, 61% of cases resolving for positive payment had settlement values of less than $10 million compared to 44% of 2020 cases settled within this category. Similarly, 24% of 2017 settled cases had settlement values between $10 million and $50 million while 40% of the 2020 settled cases had individual settlements within this range. This pattern of a greater proportion of settled cases within the $10–$50 million range in the last three years aligns with the higher annual median settlement values observed in these years.

**Top Settlements for 2020**

Table 1 summarizes the 10 largest securities class action settlements in 2020. Between 1 January 2020 and 31 December 2020, there was one "mega" settlement—an individual case with a settlement for $1 billion or greater—for a suit against American Realty Capital Properties. This case involved allegations related to accounting issues, including claims that the defendants made materially false and misleading statements. All 10 of the top settlements were reached between January and July of 2020 and accounted for 75% of the total settlements reached in 2020.

The economic sectors of defendants associated with the top 10 settlements varied, with the commercial services and utilities sectors having the highest frequency, with two cases in each category. Eight of the top 10 settlements were cases filed in the Second, Ninth, and Eleventh Circuits. The average and most frequent length of time between first complaint filing and settlement for the top 10 settlements in 2020 was five years and three years, respectively.

Table 1. **Top 10 2020 Securities Class Action Settlements**

| Rank | Defendant | Filing Date | Settlement Date | Total Settlement Value ($Million) | Plaintiffs' Attorneys' Fees and Expenses ($Million) | Circuit | Economic Sector |
|------|-----------|-------------|-----------------|-----------------------------------|-----------------------------------------------------|---------|-----------------|
| 1 | American Realty Capital Properties Inc.* | 30 Oct 14 | 22 Jan 20 | $1,025.0 | $105.2 | 2nd | Finance |
| 2 | First Solar, Inc. | 15 Mar 12 | 30 Jun 20 | $350.0 | $72.5 | 9th | Electronic Technology |
| 3 | Signet Jewelers Limited | 25 Aug 16 | 21 Jul 20 | $240.0 | $63.1 | 2nd | Retail Trade |
| 4 | SCANA Corporation | 27 Sep 17 | 17 Jun 20 | $192.5 | $28.2 | 4th | Utilities |
| 5 | Equifax Inc. | 8 Sep 17 | 26 Jun 20 | $149.0 | $30.8 | 11th | Consumer Services |
| 6 | SunEdison, Inc. | 4 Apr 16 | 25 Feb 20 | $139.6 | $29.7 | 2nd | Utilities |
| 7 | SeaWorld Entertainment, Inc. | 9 Sep 14 | 22 Jul 20 | $65.0 | $16.4 | 9th | Consumer Services |
| 8 | Community Health Systems, Inc. | 9 May 11 | 19 Jun 20 | $53.0 | $6.3 | 6th | Health Services |
| 9 | HD Supply Holdings, Inc. | 10 Jul 17 | 21 Jul 20 | $50.0 | $15.3 | 11th | Distribution Services |
| 10 | FleetCor Technologies, Inc. | 14 Jun 17 | 14 Apr 20 | $50.0 | $13.0 | 11th | Commercial Services |
| | **Total** | | | **$2,314.1** | **$380.4** | | |

*Note: Now called VEREIT, Inc.

Despite the presence of one "mega" settlement for $1.025 billion in 2020, the top 10 settlements since the passage of PLSRA remains unchanged. This list last changed in 2018 due to the Petrobras settlement of $3 billion and includes settlements ranging from $1.1 billion to $7.2 billion. See Table 2.

Unlike the 2020 top 10 settlements, the all-time top 10 settlements are more concentrated in specific circuits, with six of the 10 cases in the Second Circuit. The most common economic sector of defendants associated with the top settlements was finance. While there are a few common economic sectors in the top 2020 and all-time lists, some of the economic sectors represented in the 2020 top 10 list are not included in the all-time list, such as utilities and commercial services.

**MONTEVERDE DECL. Page 111 of 131**

Table 2. **Top 10 Federal Securities Class Action Settlements**
        As of 31 December 2020

| Rank | Defendant | Filing Date | Settlement Year(s) | Total Settlement Value ($Million) | Codefendant Settlements Financial Institutions Value ($Million) | Accounting Firm Value ($Million) | Plaintiffs' Attorneys' Fees and Expenses ($Million) | Circuit | Economic Sector |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ENRON Corp. | 22 Oct 01 | 2003–2010 | $7,242 | $6,903 | $73 | $798 | 5th | Industrial Services |
| 2 | WorldCom, Inc. | 30 Apr 02 | 2004–2005 | $6,196 | $6,004 | $103 | $530 | 2nd | Communications |
| 3 | Cendant Corp. | 16 Apr 98 | 2000 | $3,692 | $342 | $467 | $324 | 3rd | Finance |
| 4 | Tyco International, Ltd. | 23 Aug 02 | 2007 | $3,200 | No codefendant | $225 | $493 | 1st | Producer Mfg. |
| 5 | Petroleo Brasileiro S.A. - Petrobras | 8 Dec 14 | 2018 | $3,000 | $0 | $50 | $205 | 2nd | Energy Minerals |
| 6 | AOL Time Warner Inc. | 18 Jul 02 | 2006 | $2,650 | No codefendant | $100 | $151 | 2nd | Consumer Services |
| 7 | Bank of America Corp. | 21 Jan 09 | 2013 | $2,425 | No codefendant | No codefendant | $177 | 2nd | Finance |
| 8 | Household International, Inc. | 19 Aug 02 | 2006–2016 | $1,577 | Dismissed | Dismissed | $427 | 7th | Finance |
| 9 | Nortel Networks | 2 Mar 01 | 2006 | $1,143 | No codefendant | $0 | $94 | 2nd | Electronic Technology |
| 10 | Royal Ahold, NV | 25 Feb 03 | 2006 | $1,100 | $0 | $0 | $170 | 2nd | Retail Trade |
| | **Total** | | | **$32,224** | **$13,249** | **$1,017** | **$3,368** | | |

## NERA-Defined Investor Losses

As a proxy to measure the aggregate loss to investors from the purchase of a defendant's stock during the alleged class period, NERA relies on its own proprietary variable, NERA-Defined Investor Losses.[10] This measure of the aggregate amount lost by investors is estimated using publicly available data and is calculated assuming an investor had alternatively purchased stocks that performed similarly to the S&P 500 index during the class period. NERA has reviewed and examined more than 1,000 settlements and found that this proprietary variable is the most powerful predictor of settlement amount. Although losses are highly correlated with settlement values, we have found that settlements do not increase one for one with losses but rather at a slower rate.

For cases settled between 2012 and 2020, the ratio of settlement to Investor Losses is higher for cases with lower settlement values than for cases with higher settlement values. In other words, smaller cases (measured based on the computed Investor Losses) commonly settle for a larger fraction of the estimated Investor Losses than larger cases, though the decline is not linear. In fact, the most dramatic decline occurs between cases with Investor Losses of less than $20 million and cases with Investor Losses of between $20 million and $50 million.  More specifically, the median ratio of settlement value to NERA-defined Investor Losses was 24.5% for cases with Investor Losses below $20 million and 5.2% for cases with Investor Losses between $20 million and $50 million. For cases with Investor Losses between $1 billion and $5 billion, the median ratio was 1.2%, and falls below 1% for cases with Investor Losses of $5 billion and higher.

**MONTEVERDE DECL. Page 112 of 131**

### Median Investor Losses and Median Ratio of Actual Settlements to Investor Losses

Following a spike in the median Investor Losses in 2013, the median Investor Losses showed only minor year-to-year fluctuations through 2019. In 2020, the median Investor Losses rose dramatically, reaching a record-setting high of $805 million. This median is nearly 70% higher than the median value for 2019 of $478 million and 7% higher than the 2013 median value of $750 million. For all years between 2017 and 2019, the median ratio of settlement to Investor Losses was above 2%, a higher ratio than was observed in any of the prior five years. Despite the increase in settlement values in 2020, the increase in Investor Losses led to a decline in the median ratio of settlement to Investor Losses. For 2020, the median ratio of settlement to Investor Losses was 1.7%, one of the lowest ratios observed in the last nine years. See Figure 16.

Figure 16. **Median NERA-Defined Investor Losses and Median Ratio of Settlement to Investor Losses by Settlement Year** January 2012–December 2020



**MONTEVERDE DECL. Page 113 of 131**

### Predicted Settlement Model

In addition to Investor Losses, NERA identified several other key factors that drive settlement amounts. These factors, when combined with Investor Losses, account for a substantial fraction of the variation observed in actual settlements in our database.

Using the measure of Investor Losses as discussed above in the predicted model, some of the factors that influence settlement values are:

- NERA-Defined Investor Losses (a proxy for the size of the case);
- The market capitalization of the issuer immediately after the end of the class period;
- The types of securities, in addition to common stock, alleged to have been affected by the fraud;
- Variables that serve as a proxy for the merit of plaintiffs' allegations (such as whether the company has already been sanctioned by a governmental or regulatory agency or paid a fine in connection with the allegations);
- The stage of the litigation at the time of settlement; and
- Whether an institution or public pension fund is lead or named plaintiff.

These factors account for a substantial amount of the variation in settlement amounts for the sample of cases in our model with a settlement date between December 2011 and June 2020. In addition, as evidenced in Figure 17, there is significant correlation between the median predicted settlement and actual settlement values for the more than 375 cases in our current model.

Figure 17. **Predicted vs. Actual Settlements**
Investor Losses Using S&P 500 Index



**Median Predicted Settlement (on a Logarithmic Scale)**

**MONTEVERDE DECL. Page 114 of 131**

## Trends in Plaintiffs' Attorneys' Fees and Expenses

In addition to tracking settlements to plaintiffs, NERA's SCA database also tracks the compensation to plaintiffs' attorneys working on these suits.[11] Plaintiffs' attorneys are commonly compensated for their work related to a lawsuit, specifically in fees, as part of a settlement, if one is reached. This compensation is often determined as a fixed percentage of the settlement amount. Additionally, plaintiffs' attorneys also typically receive reimbursement out of the settlement for any out-of-pocket costs incurred in relation to work performed in connection with the case.

Over the 10-year period ending 31 December 2020, the annual aggregate amount of plaintiffs' attorneys' fees and expenses has varied significantly, ranging from a low of $467 million in 2017 to a high of $1,552 million in 2016. In 2020, the aggregate plaintiffs' attorneys' fees and expenses was $613 million, an approximate 6% increase over the 2019 amount but still below the 2018 amount of $1,202 million. This increase in 2020 was driven by the presence of the American Realty Capital Properties settlement, which accounted for $105 million of the aggregate fees and expenses for the year. Given that plaintiffs' attorneys' compensation is a function of settlement amount, the presence of "mega" settlements— settlements of $1 billion or higher—will result in higher aggregate fees and expenses than settlements for lower values. Although there was an increase in 2020 in the aggregate fees and expenses associated with settlements of $1 billion or higher, there was a decrease in the aggregate fees and expenses related to settlements under $500 million. The increase in the higher settlement range was sufficient to more than offset the decrease in the lower settlement ranges, resulting in an overall increase in aggregate fees and expenses for settlements in 2020. See Figure 18.

Figure 18. **Aggregate Plaintiffs' Attorneys' Fees and Expenses by Settlement Size**
January 2011–December 2020



**MONTEVERDE DECL. Page 115 of 131**

Figure 19 examines the median of plaintiffs' attorneys' fees and expenses as a percentage of settlement value for cases settled between 1996 and 2010 and between 2011 and 2020. As indicated in the chart, plaintiffs' attorneys' fees and expenses represent a declining percentage of settlement value as settlement size increases. This pattern is consistent in settlements reached in the last 10 years and settlements reached between 1996 and 2010. More specifically, for settlements of $5 million and less, attorneys' fees and expenses represent 35% and 34% of the settlement amount for the 1996–2010 and 2011–2020 periods, respectively. In both periods, median plaintiffs' attorneys' fees and expenses as a percentage of settlement size is approximately 24% for settlements between $100 million and $500 million. As settlement size increases to $1 billion or greater, the percentage associated with attorneys' fees and expenses falls to 11% for settlements in the 2011–2020 period and 8% for settlements reached during the 1996–2010 period.

Figure 19. **Median of Plaintiffs' Attorneys' Fees and Expenses by Size of Settlement**
Excludes Merger Objections and Settlements for $0 to the Class



**MONTEVERDE DECL. Page 116 of 131**

## Conclusion

In 2020, there was a decline in total federal filings, resulting from a decrease within each of the five types of case categories we examine. Of these newly filed cases, the percentage that were Rule 10b-5, Section 11, and/or Section 12 increased to 64%, one of the highest proportions in recent years. The electronic technology and technology services sector represented the largest proportion of 2020 new securities class action filings and misled future performance was the most common allegation included in complaints. The Second, Third, and Ninth Circuits continue to account for a substantial proportion of new cases filed, representing more than 75% of the 2020 filings.

Since our 2019 report, the COVID-19 pandemic developed, impacting business operations, performance, revenue, and outlook. In March, the first securities class action lawsuit related to COVID-19 was filed, and another 32 COVID-19-related suits were filed through 31 December 2020. At this time, the pandemic's impact on securities class action litigation has not yet been fully determined and it will likely take months before it is fully revealed.

Between 1 January 2020 and 31 December 2020, 320 cases were resolved, a slight increase from the total number of cases resolved in 2019. Although this number of resolutions is well within the historical range for 2011–2019, the number of settled cases hit a record low while the number of dismissed cases reached a record high for the 10-year period.

For the non-merger-objection cases settled for positive values in 2020, the average settlement value was $44 million. This average value was more than 50% higher than the 2019 average of $28 million. Excluding settlements of $1 billion and higher, the 2020 average settlement value was $30 million, which is within $1 million of the average values in 2018 and 2019. The median annual settlement value for 2020 was $13 million, tying with 2018 for the highest recorded median value in the last 10 years.

## Notes

1 This edition of NERA's report on Recent Trends in Securities Class Action Litigation expands on previous work by our colleagues Lucy P. Allen, Dr. Vinita Juneja, Dr. Denise Neumann Martin, Dr. Jordan Milev, Robert Patton, Dr. Stephanie Plancich, and others. The authors thank Dr. David Tabak for helpful comments on this edition. We thank Zhenyu Wang and other researchers in NERA's Securities and Finance Practice for their valuable assistance. These individuals receive credit for improving this report; any errors and omissions are those of the authors. NERA'S proprietary securities class action database and all analyses reflected in this report are limited to federal case filings and resolutions.

2 Data for this report were collected from multiple sources, including Institutional Shareholder Services, complaints, case dockets, Dow Jones Factiva, Bloomberg Finance, FactSet Research Systems, Nasdaq, Intercontinental Exchange, US Securities and Exchange Commission (SEC) filings, and public press reports.

3 NERA tracks class actions involving securities that have been filed in federal courts. Most of these cases allege violations of federal securities laws; others allege violations of common law, including breach of fiduciary duty, as with some merger-objection cases; still others are filed in federal court under foreign or state law. If multiple actions are filed against the same defendant, are related to the same allegations, and are in the same circuit, we treat them as a single filing. However, the first two actions filed in different circuits are treated as separate filings. If cases filed in different circuits are consolidated, we revise our count to reflect the consolidation. Therefore, case counts for a particular year may change over time. Different assumptions for consolidating filings would probably lead to counts that are directionally similar but may, in certain circumstances, lead observers to draw a different conclusion about short-term trends in filings.

4 Due to a recent revision to the methodology used to gather data on the number of listed companies on the NYSE and Nasdaq, the historical counts may differ from the counts presented in prior reports.

5 Most securities class actions complaints include multiple allegations. For this analysis, all allegations from the complaint are included, and as such, the total number of allegations exceeds the total number of filings.

6 It is important to note that due to the small number of cases in some of these categories, the findings summarized here may be driven by one or two cases.

7 Here the word "dismissed" is used as shorthand for all cases resolved without settlement; it includes cases where a motion to dismiss was granted (and not appealed or appealed unsuccessfully), voluntary dismissals, cases terminated by a successful motion for summary judgment, or an unsuccessful motion for class certification.

8 Analyses in this section exclude IPO laddering cases and merger-objection cases.

9 Unless otherwise noted, tentative settlements (those yet to receive court approval) and partial settlements (those covering some but not all non-dismissed defendants) are not included in our settlement statistics. We define "settlement year" as the year of the first court hearing related to the fairness of the entire settlement or the last partial settlement. Analyses in this section exclude merger-objection cases and cases that settle with no cash payment to the class. All charts and statistics reporting inflation-adjusted values are estimated as of November 2020.

10 NERA-Defined Investor Losses is only calculable for cases involving allegations of damages to common stock over a defined class period. As such, we have not calculated this metric for cases such as merger objections.

11 Analyses in this section exclude merger-objection cases and cases that settle with no cash payment to the class.

## About NERA

NERA Economic Consulting (**www.nera.com**) is a global firm of experts dedicated to applying economic, finance, and quantitative principles to complex business and legal challenges. For over half a century, NERA's economists have been creating strategies, studies, reports, expert testimony, and policy recommendations for government authorities and the world's leading law firms and corporations. We bring academic rigor, objectivity, and real-world industry experience to bear on issues arising from competition, regulation, public policy, strategy, finance, and litigation.

NERA's clients value our ability to apply and communicate state-of-the-art approaches clearly and convincingly, our commitment to deliver unbiased findings, and our reputation for quality and independence. Our clients rely on the integrity and skills of our unparalleled team of economists and other experts backed by the resources and reliability of one of the world's largest economic consultancies. With its main office in New York City, NERA serves clients from more than 25 offices across North America, Europe, and Asia Pacific.

## Contacts

For further information, please contact:



**Janeen McIntosh**
Senior Consultant
New York City: +1 212 345 1375
janeen.mcintosh@nera.com



**Svetlana Starykh**
Senior Consultant
White Plains, NY: +1 914 448 4123
svetlana.starykh@nera.com

*The opinions expressed herein do not necessarily represent the views of NERA Economic Consulting or any other NERA consultant.*

 To receive publications, news, and insights from NERA, please visit **www.nera.com/subscribe**.



Visit **www.nera.com** to learn more about our practice areas and global offices.

© Copyright 2021
National Economic Research Associates, Inc.

All rights reserved.
Printed in the USA.

# Exhibit 3

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

# *Firm Résumé*

**NEW YORK OFFICE**
**The Empire State Building**
**350 Fifth Avenue, Suite 4405**
**New York, NY 10118**
**Tel: (212) 971-1341**
**Fax: (212) 202-7880**

**CALIFORNIA OFFICE**
**600 Corporate Pointe**
**600 W. Corporate Pointe, Suite 1170**
**Culver City, CA 90230**
**Tel: (213) 446-6652**
**Fax: (212) 202-7880**

**www.monteverdelaw.com**

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

Monteverde & Associates PC was founded in 2016 and is a national class action law firm committed to protecting shareholders from corporate wrongdoing. The firm has significant experience litigating Mergers & Acquisitions and Securities Class Actions, protecting investors and recovering damages in the process. The legal team at the firm is passionate about all its cases and works tirelessly to obtain the best possible outcome for our clients. The firm is recognized as a preeminent securities firm listed in the Top 50 in the 2018, 2019 and 2020 ISS Securities Class Action Services Report.

The attorneys at Monteverde & Associates have been involved in a number of cases recovering substantial amounts of money for shareholders or investors through their litigation efforts, including in the selected list of cases below:

| TARGET COMPANY ACQUIRED | INCREASED CONSIDERATION OR SETTLEMENT FUND |
|---|---|
| American Capital (2018) | $17.5 million |
| Apollo Education (2017) | $54 million |
| ClubCorp (2019) | $5 million |
| Comverge (2017) | $5.9 million |
| EnergySolutions (2014) | $36 million |
| Envision Healthcare (2021) | $17.4 million |
| Force Protection (2012) | $11 million |
| Hansen Medical (2019) | $7.5 million |
| Jaguar Animal (pending) | $2.6 million |
| Jefferies Group (2015) | $70 million |
| Mavenir Systems (2016) | $3 million |
| MRV Communications (2021) | $1.9 million |
| Orchard Enterprises (2014) | $10.725 million |
| Syntroleum (2016) | $2.8 million |
| Transgenomic (2020) | $1.95 million |
| West Marine (2020) | $2.5 million |
| US Geothermal (2020) | $6.5 million |

Monteverde & Associates has also changed the law in the 9th Circuit, by lowering the standard of liability under Section 14(e) of the Exchange Act from scienter to negligence to better protect shareholders. *Varjabedian v. Emulex Corp.,* 888 F.3d 399 (9th Cir. 2018).

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**Juan E. Monteverde**

Mr. Monteverde is the founder and managing partner for the firm. Mr. Monteverde has over a decade of experience advocating shareholder rights. Mr. Monteverde regularly handles high profile M&A cases seeking to maximize shareholder value and has obtained monetary relief for shareholders.

Mr. Monteverde has also broken new ground when it comes to challenging proxies related to compensation issues post Dodd-Frank Act. *Knee v. Brocade Comm'ns Sys., Inc.*, No. 1-12-CV-220249, slip op. at 2 (Cal. Super. Ct. Santa Clara Cnty. Apr. 10, 2012) (Kleinberg, J.) (enjoining the 2012 shareholder vote related to executive compensation proxy disclosures).  Mr. Monteverde also argued successfully before the 9th Circuit to change the law and lowered the standard of liability under Section 14(e) of the Exchange Act from scienter to negligence to better protect shareholders. *Varjabedian v. Emulex Corp.,* 888 F.3d 399 (9th Cir. 2018).

Mr. Monteverde has been selected by Super Lawyers as a New York Metro Rising Star in 2013, 2017 - 2019, and by Martindale-Hubbell as a Top Rated Lawyer 2017 – 2020.

Mr. Monteverde speaks regularly at ABA, PLI, ACI and other conferences regarding merger litigation or executive compensation issues. Below is a list of published articles by Mr. Monteverde:

- Fair To Whom? Examining Delaware's Fair Summary Standard

- A Review of Trados and Its Impact

- Emerging Trends in Say-on-Pay Disclosure

- Battling for Say on Pay Transparency

Mr. Monteverde graduated from California State University of Northridge (B.S. Finance) and St. Thomas University School of Law (J.D., *cum laude*), where he served as a Law Review Staff Editor.

Mr. Monteverde is admitted to practice law in the State of New York, 2007.

**3 |** P a g e

# MONTEVERDE & ASSOCIATES PC
### ATTORNEYS AT LAW

**David E. Bower**

Mr. Bower is of counsel with the firm since 2016 and has extensive experience in securities and consumer class actions as well as corporate litigation and complex commercial litigation matters.

Mr. Bower has been in the private practice of law since 1981. Prior to forming his own law firm, Law Offices of David E. Bower, in 1996, Mr. Bower practiced for two years with the law firm Hornberger & Criswell where he supervised and coordinated complex business litigation. From 1989 to 1994, he was a partner with the law firm Rivers & Bower where he handled business, construction, real estate, insurance, and personal injury litigation and business and real estate transactions. From 1984 to 1989, he practiced in the insurance bad faith defense and complex litigation department of the Los Angeles, California based law firm of Gilbert, Kelley, Crowley & Jennett. From 1981 to 1984, he practiced law in New York as a partner with the law firm Boysen, Scheffer & Bower. Mr. Bower has extensive trial experience and has tried over 100 cases.

Mr. Bower is a graduate of the Mediation Training Program at UCLA and has a certification in Advanced Mediation Techniques. He has presided in over 200 mediations since becoming certified and is currently on the Los Angeles Superior Court Pay Panel of mediators and arbitrators. He was previously the President of the Board of A New Way of Life Reentry Project, a non-profit serving ex-convicts seeking reentry into society as productive citizens.

Mr. Bower is admitted to practice law in the State of New York, 1982, and California, 1985.

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**Beth Keller**

Ms. Keller is of counsel with the firm since 2018 and has extensive experience in securities class actions as well as corporate governance reform.

For the last 16 years, she has focused her legal practice on shareholder rights litigation.  Prior to working with Monteverde & Associates, Ms. Keller was a Partner at Faruqi & Faruqi, LLP, a nationally recognized securities firm based in New York City, where she litigated shareholder class and derivative actions, and served as head of the firm's Shareholder Derivative Litigation Department.  She later became a founding Member of the boutique securities firm, Hynes Keller & Hernandez, LLC, where she was involved in all aspects of the firm's shareholder advocacy practice.

Ms. Keller has extensive litigation experience and has served as lead or co-lead counsel in numerous complex cases in which she has achieved substantial corporate governance measures and/or financial recoveries for the corporation and its stockholders.

Ms. Keller is admitted to practice law in the State of New York, 2003 and New Jersey, 2002.

# MONTEVERDE & ASSOCIATES PC
### ATTORNEYS AT LAW

**Miles D. Schreiner**

Mr. Schreiner is a senior associate with the firm from its inception in 2016 and has experience in securities and consumer class action litigation.

Prior to joining the firm, Mr. Schreiner was an associate at a national class action firm where he represented clients in securities and consumer class action litigation.  Mr. Schreiner also previously gained experience in complex litigation as an associate at a New York City firm that represents plaintiffs in civil RICO actions.  Mr. Schreiner is a *cum laude* graduate of Brooklyn Law School, where he was a Dean's Merit Scholar and served as a Law Review Editor.  While in law school, Mr. Schreiner developed practical skills through internships with the Kings County Supreme Court Law Department, the Office of General Counsel at a major New York hospital, and a boutique law firm that specializes in international fraud cases.

Below is a list of published articles by Mr. Schreiner:

- Fair To Whom? Examining Delaware's Fair Summary Standard

- The Delaware Courts' Increasingly Laissez Faire Approach To Directorial Oversight

- Money-Back Guarantees Unlikely to Satisfy 'Superiority'

- A Deadly Combination: The Legal Response to America's Prescription Drug Epidemic

Mr. Schreiner graduated from Tulane University (B.A. in Political Science, *cum laude*) and Brooklyn Law School (J.D., *cum laude*).

Mr. Schreiner has been selected by Super Lawyers as a 2018 and 2019 New York Metro Rising Star.

Mr. Schreiner is admitted to practice law in the State of New York (2013) and New Jersey (2012).

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**John W. Baylet**

John W. Baylet is an associate with the firm since 2017 and has experience in financial services and securities class action litigation.

Prior to joining the firm, Mr. Baylet gained experience at an internship with the U.S. Securities and Exchange Commission in the New York Regional Office. Before that, Mr. Baylet also attained knowledge in the securities industry at an internship with the New York State Department of Financial Services and an international brokerage firm and FCM.

Mr. Baylet graduated from University of Georgia (B.B.A. in Finance) and New York Law School (J.D.). During law school, Mr. Baylet was a Global Law Fellow Scholar, associate for the Center for Business and Financial Law, competitor and coach for the Moot Court Association, Public Service Certificate recipient, and winner of the Ruben S. Fogel Commencement Award.

Mr. Baylet is admitted to practice law in the State of New York, 2017.

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**Rossella Scarpa**

Rossella Scarpa started in the firm in 2019 as a law clerk and became an associate in 2021. She has experience in financial services and securities class action litigation.

Ms. Scarpa graduated from Binghamton University (B.A. Economics and Political Science) in 2017 and from St. John's University School of Law (J.D.) in 2020.  During law school, she was the Articles & Notes Editor for the St. John's American Bankruptcy Institute Law Review.  Additionally, Ms. Scarpa was co-chair for the 2019 FINRA Triathlon Competition hosted by St. John's. Ms. Scarpa was also a legal intern for the St. John's Securities Arbitration Clinic.

Ms. Scarpa externed for Magistrate Judge Katharine Parker of the United States District Court for the Southern District of New York.

Ms. Scarpa is admitted to practice law in the State of New York, 2021.

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**Jonathan Lerner**

Mr. Lerner is an attorney experienced in commercial litigation.

Before joining the firm, Mr. Lerner worked for a real estate litigation firm handling foreclosure litigation and federal consumer protection litigation, and has a successful track record in New York appellate courts. He also has further experience counseling individuals involved in consumer protection disputes and landlord and tenant negotiations. During law school, Mr. Lerner was a legal intern with the school's consumer protection litigation clinic, where he investigated fraudulent business practices directed at elderly New York City residents.

Mr. Lerner is admitted to practice law in the State of New York, 2019.

# MONTEVERDE & ASSOCIATES PC
## ATTORNEYS AT LAW

**Ahmed Khattab**

Mr. Khattab is an attorney experienced in complex litigation with prior class action litigation experience. He earned his Bachelor's degree from Rutgers University and his Juris Doctorate from the Syracuse University College of Law, where he served as an Associate Member of the Moot Court Honor Society, National Trial Team and Corporate Law Society.

Prior to joining the firm, Mr. Khattab was an associate at a general liability/complex litigation firm in NY and gained experience at the Litigation Bureau of the New York State Office of the Attorney General. Mr. Khattab also served as a judicial law clerk and mediator for the New Jersey Superior Court.

Mr. Khattab is admitted to practice law in the State of New York, 2021.