THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>Defendants. | Case No. 19-cv-05514-BHS<br><br>LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT<br><br>NOTE ON MOTION CALENDAR:<br>May 2, 2022, at 11:00 a.m.<br>Oral Argument Requested |

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**TABLE OF CONTENTS**

I. INTRODUCTION……………..……………………………………………..……...1

II. PRELIMINARY APPROVAL OF THE SETTLEMENT AND THE NOTICE PROGRAM………………………………………………………………..……………2

III. ARGUMENT…………….…………………………………………………………….3

    A. Final Approval is Warranted Because the Settlement is Fair, Reasonable, and Adequate……………………………………………………………………..3

        1. Application of the Ninth Circuit Factors Favors Final Approval of the Settlement……………………………………………………………..4

           a. Strength of Lead Plaintiff's Case, and the Risk, Expense, Complexity, and Likely Duration of Further Litigation…………….….…………………4

           b. Risk of Maintaining Class Action Status Throughout the Trial…….…..…5

           c. Amount Offered in Settlement………………………………..….…..6

           d. Experience and Views of Counsel……………………….…………….6

           e. Reaction of the Settlement Class Members of the Proposed Settlement.....7

           f. Presence of a Governmental Participant………………….……….…7

        2. Final Approval of the Settlement is Also Supported by Application of the Four Factors Set Forth in Rule 23(e)(2)……………….……………………………….8

           a. Lead Plaintiff and Lead Counsel Have Adequately Represented the Settlement Class…………………………………………………..…….8

           b. The Proposed Settlement was Negotiated at Arm's Length………..……..8

           c. The Relief for the Settlement Class is Excellent………………………….9

           d. The Proposed Settlement Treats Settlement Class Members Equitably…10

    B. The Plan of Allocation for the Settlement Fund Warrants Approval Because it is Fair, Reasonable, and Adequate…………………………………………………….11

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

i

C. Final Certification of the Proposed Settlement Class for Settlement Purposes is Appropriate………………………………………………………………...……….12

IV. CONCLUSION……………………...…………………………………………………....12

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

ii

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997) ............................................................................................................ 12

*In re Aqua Metals, Inc. Sec. Litig.*,
    No. 17-cv-07142-HSG, 2022 U.S. Dist. LEXIS 36944 (N.D. Cal. Mar. 2, 2022) ................... 5

*Bayat v. Bank of the W.*,
    No. C-13-2376 EMC, 2015 U.S. Dist. LEXIS 50416 (N.D. Cal. Apr. 15, 2015) ................... 6

*Campbell v. Transgenomic, Inc.*,
    No. 4:17-CV-3021, 2020 U.S. Dist. LEXIS 97063 (D. Neb. June 3, 2020) .......................... 11

*Cent. States Grp. v. AIG Glob. Inv. Corp.* (*In re Healthsouth Corp. Secs. Litig.*),
    334 F. App'x 248 (11th Cir. 2009) ....................................................................................... 10

*Churchill Vill., L.L.C. v. GE*,
    361 F.3d 566 (9th Cir. 2004) .................................................................................................. 3

*Class Plaintiffs v. Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .............................................................................................. 11

*Clemans v. New Werner Co.*,
    No. 3:12-cv-05186, 2013 U.S. Dist. LEXIS 167454 (W.D. Wash. Nov. 22, 2013) ............... 7

*Dunleavy v. Nadler* (*In re Mego Fin. Corp. Sec. Litig.*),
    213 F.3d 454 (9th Cir. 2000) .................................................................................................. 6

*Eminence Capital, L.L.C. v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ................................................................................................ 1

*In re Extreme Networks, Inc. Sec. Litig.*,
    No. 15-cv-04883-BLF, 2019 U.S. Dist. LEXIS 121886 (N.D. Cal. July 22, 2019) .............. 10

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................................ 3

*Jiangchen v. Rentech, Inc.*,
    No. CV 17-1490-GW(FFMx), 2019 U.S. Dist. LEXIS 180474 (C.D. Cal. Oct. 10, 2019) ..... 9

*Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*),
    654 F.3d 935 (9th Cir. 2011) ........................................................................................ 3, 3-4

*Kim v. Allison*,
    8 F.4th 1170 (9th Cir. 2021) ................................................................................................... 7

*Mora v. Cal West AG Servs.*,

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iii

No. 1:15-cv-01490-LJO-EPG, 2019 U.S. Dist. LEXIS 80520 (E.D. Cal. May 13, 2019) ..... 12

*Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) ........................................................................................ 7

*Pilkington v. Cardinal Health, Inc.* (*In re Syncor ERISA Litig.*),
  516 F.3d 1095 (9th Cir. 2008) ................................................................................................ 3

*Rajagopalan v. Fid. & Deposit Co. of Md.*,
  No. 3:16-cv-05147-BHS, 2017 U.S. Dist. LEXIS 167290 (W.D. Wash. Oct. 10, 2017) ...... 11

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
  No. C13-1347-JCC, 2016 U.S. Dist. LEXIS 72915 (W.D. Wash. Apr. 19, 2016) .............. 3, 7

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ................................................................................................ 10

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) .................................................................................. 9

*In re Tracfone Unlimited Serv. Plan Litig.*,
  112 F. Supp. 3d 993 (N.D. Cal. 2015) .................................................................................... 5

*In re Willis Towers Watson Pub. Ltd. Co. Proxy Litig.*,
  No. 1:17-cv-1338 (AJT/JFA), 2020 U.S. Dist. LEXIS 162810 (E.D. Va. Sept. 4, 2020) ........ 5

*In re Wireless Facilities Secs. Litig.*,
  No. 04cv1589 NLS, 2009 U.S. Dist. LEXIS 153477 (S.D. Cal. Jan. 13, 2009) ...................... 5

*Zuern v. IDS Prop. Cas. Ins. Co.*,
  No. C19-6235-MLP, 2021 U.S. Dist. LEXIS 35730 (W.D. Wash. Feb. 25, 2021) ................. 9

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iv

## I. INTRODUCTION

On May 2, 2022, at 11:00 a.m., or as soon as counsel may be heard before the Honorable Benjamin H. Settle, Lead Plaintiff Evan Brown ("Lead Plaintiff")[1] respectfully requests that the Court enters the Order and Final Judgment: (a) finally approving the proposed Settlement of $2.4 million as fair, reasonable, and adequate to the Settlement Class; (b) approving the proposed Plan of Allocation as fair, reasonable, and adequate; and (c) finally certifying the Settlement Class for settlement purposes only.

The Settlement was reached after significant briefing in the Litigation and multi-month arm's length negotiations between Lead Plaintiff and Lead Counsel, assisted by a damages expert, and Defendants. Lead Plaintiff's success in obtaining a favorable Settlement for the Settlement Class illustrates Lead Plaintiff's perseverance in moving the Litigation forward, despite the multiple challenges mounted by Defendants. Indeed, after the Court granted the first Motions to Dismiss, Lead Plaintiff remained undeterred and committed to advocating for Papa Murphy's shareholders despite the challenges "in this technical and demanding corner of the law[.]" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). He went back to the drawing board and fine-tuned his allegations in the Second Amended Complaint to focus on Defendant Papa Murphy's and Defendant Spangler, the most culpable parties. As a result, Lead Plaintiff was able to successfully defeat Defendants' Second Motion to Dismiss, despite Defendants' Objections to Magistrate Judge Creatura's Report and Recommendation. In addition, the Settlement ensures that only Papa Murphy's public shareholders (excluding a large majority block of insider shares) benefit from the recovery, because under the Settlement, the Company's directors and certain entities affiliated with them are excluded from partaking in the Settlement.

---

[1] All capitalized terms not defined herein have the same meanings as set forth in either the Stipulation of Settlement ("Stipulation") dated November 29, 2021, filed as Exhibit 1 to the Declaration of Juan E. Monteverde in Support of Lead Plaintiff's Motion for Preliminary Approval of Settlement ("Motion for Preliminary Approval of Settlement"), or in the Motion for Preliminary Approval of Settlement itself.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

Incidentally, the Settlement happened within less than an hour before the Ninth Circuit granted Defendants' permission to pursue an interlocutory appeal from their loss of the Second Motion to Dismiss, which came as a surprise to Lead Plaintiff and Lead Counsel. Thus, Lead Plaintiff and the Settlement Class faced significant risks in moving forward with litigation, making this Settlement a great outcome especially when measured against the alleged damages, because the Settlement represents approximately 6.75-17.25% of the potential damages, which exceeds the 1.8% median recovery in 2021 for securities class actions.[2] Accordingly, as set forth below, the Settlement is fair, reasonable, and adequate, warranting final approval by this Court.

## II. PRELIMINARY APPROVAL OF THE SETTLEMENT AND THE NOTICE PROGRAM

On December 1, 2021, Lead Plaintiff filed a Motion for Preliminary Approval of Settlement, along with the Stipulation and its accompanying exhibits, including the Notice, Proof of Claim and Release, Summary Notice, a proposed Preliminary Approval Order, and a proposed Order and Final Judgment. ECF No. 71-72. On January 11, 2022, the Court entered the Preliminary Approval Order, preliminarily approving the Settlement and preliminarily certifying the Settlement Class, as well as approving the form and methods for class notice, and setting a final approval hearing for May 2, 2022, at 11:00 a.m. ECF No. 75. Pursuant to the Preliminary Approval Order, the Claims Administrator, RG/2 Claims Administration LLC ("RG/2"), mailed the Notice by the Notice Date to records holders, as well as brokers who held shares in street name for Papa Murphy's stockholders during the Settlement Class Period. Moreover, RG/2 posted the Notice on the settlement website at www.rg2claims.com/papamurphy.html. In addition, Lead Counsel published Summary Notice via *PRNewswire*. Monteverde Decl. at ¶ 18.

---

[2] Janeen McIntosh and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*, 1, 24 (NERA Jan. 25, 2022) is attached as Exhibit 1 to the Declaration of Juan E. Monteverde ("Monteverde Decl.") in Support of Lead Plaintiff's Motion for Final Approval of Settlement and Motion for Attorneys' Fees and Expenses and Service Award.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## III. ARGUMENT

### A. Final Approval is Warranted Because the Settlement is Fair, Reasonable, and Adequate

This Court previously found that the proposed Settlement satisfied the standard for preliminary approval, and Lead Plaintiff now respectfully submits that this Settlement also satisfies the standard for final approval. The Ninth Circuit has repeatedly reiterated the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). And Federal Rule of Civil Procedure 23(e) ("Rule 23(e)") requires court approval of any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a class action. The process involves three stages: (i) seeking preliminary approval of the proposed settlement; (ii) providing notice to the class describing the settlement; and (iii) a court hearing to determine whether final approval of the settlement is appropriate. *See Rinky Dink Inc. v. Elec. Merch. Sys.*, 2016 U.S. Dist. LEXIS 72915, at *4 (W.D. Wash. Apr. 19, 2016). Here, Lead Plaintiff has satisfied the first two stages, and is now seeking this Court's final approval of the Settlement. Final approval requires determination of whether the settlement is "fair, reasonable, and adequate." Rule 23(e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Rinky Dink Inc.*, 2016 U.S. Dist. LEXIS 72915, at *4.

In order to determine whether a settlement is fair, reasonable, and adequate, courts in the Ninth Circuit generally weigh the following eight factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the reaction of the class members of the proposed settlement; and (8) the presence of a governmental participant. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (citing *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). However, district courts have discretion on which factors to apply and how to apply them. *See*

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

*Bluetooth Headset Prods. Liab.*, 654 F.3d at 946 ("The factors in a court's fairness assessment will naturally vary from case to case").

Moreover, the 2018 amendments to Rule 23(e)(2) set forth four additional factors to consider in determining whether a settlement is fair, reasonable, and adequate. These four factors overlap with the Ninth Circuit factors set forth above, as well as with the factors discussed in the Motion for Preliminary Approval of Settlement. *See* ECF No. 71. The factors outlined in Rule 23(e)(2) are as follows: (A) whether the class representative and class counsel have adequately represented the class; (B) whether the proposed settlement was negotiated at arm's length; (C) whether the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) whether the proposed settlement treats class members equitably relative to each other.

   1. *Application of the Ninth Circuit Factors Favors Final Approval of the Settlement*
      a. <u>Strength of Lead Plaintiff's Case, and the Risk, Expense, Complexity, and Likely Duration of Further Litigation</u>

The first two factors favor final approval of the Settlement because although Lead Plaintiff believes in the strength of his claims, he also recognizes the significant risks that he and the Settlement Class would face in going forward with the Litigation.

To start, after this Court granted the Original Defendants' Motions to Dismiss, Lead Plaintiff narrowed his allegations by focusing the Second Amended Complaint on the most culpable Defendants, Papa Murphy's and Spangler. In denying Defendants' Second Motion to Dismiss, the Court found that Lead Plaintiff had sufficient allegations that were plausible under Sections 14(e) and 20(a) of the Exchange Act.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

Despite defeating Defendants' Second Motion to Dismiss, Lead Plaintiff is aware of the risks, difficulties, and expenses that he and the Settlement Class would face if the Litigation proceeded. Most notably, on October 12, 2021, not even one hour after the Settlement was reached, the Ninth Circuit issued an Order granting Defendants' Petition for Permission to Appeal. Accordingly, if this Settlement had not been achieved, Lead Plaintiff would need to first prevail in the Ninth Circuit before pressing forward with further litigation and trial on the issues of liability and damages. Moreover, even if Lead Plaintiff incurred the risk, time, and expenses and prevailed at trial, there is still a chance that any judgment awarded to the Settlement Class would be less than the Settlement. This risk is magnified by the complex nature of securities class action litigation.

Thus, the proposed Settlement "offers class members prompt relief without the expense and hassle of what would be protracted litigation if this case cannot be resolved amicably," so the first two factors support final approval of the Settlement. *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 999 (N.D. Cal. 2015).

### b. Risk of Maintaining Class Action Status Throughout the Trial

Although securities cases are often certified as class actions, "[i]f the case had not settled, Defendants [likely would] have opposed Lead Plaintiffs' motion for class certification[.]" *In re Wireless Facilities Sec. Litig.*, No. 04cv1589 NLS, 2009 U.S. Dist. LEXIS 153477, at *18 (S.D. Cal. Jan. 13, 2009). Indeed, in another recent Section 14 merger case, the defendants mounted a vigorous (albeit unsuccessful) challenge to class certification primarily on loss causation/predominance grounds. *In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17-cv-1338 (AJT/JFA), 2020 U.S. Dist. LEXIS 162810, at *5, *21-30 (E.D. Va. Sep. 4, 2020). As a result of the Settlement, Lead Plaintiff "avoided the risks inherent in certifying and then maintaining class status throughout the litigation." *In re Aqua Metals, Inc. Sec. Litig.*, No. 17-cv-07142-HSG, 2022 U.S. Dist. LEXIS 36944, at *17 (N.D. Cal. Mar. 2, 2022). As such, this factor also supports final approval of the Settlement.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

5

c.  Amount Offered in Settlement

The amount offered in settlement is considered the most important factor, because "the critical component of any settlement is the amount of relief obtained by the class." *Bayat v. Bank of the W.*, 2015 U.S. Dist. LEXIS 50416, at *13 (N.D. Cal. Apr. 15, 2015).  However, "it is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("The settlement amount of almost $2 million was roughly one-sixth of the potential recovery, which, given the difficulties in proving the case, is fair and adequate.").  Indeed, a court must also weigh the settlement amount against the uncertainties and difficulties of trial. *See id.*  Here, Lead Plaintiff estimates that the Settlement Amount represents approximately 6.75-17.25% of potential recoverable damages at trial, which is significantly higher than the 1.8% 2021 median recovery in securities class actions. *See* Ex. 1 (NERA).  Moreover, during settlement negotiations, Lead Plaintiff consulted a damages' expert, so Lead Plaintiff was fully aware of the potential recoverable damages for the Settlement Class. As such, given the uncertainties and difficulties of going forward with the Litigation (discussed above), the sizable $2.4 million Settlement Amount favors final approval by this Court.

d.  Experience and Views of Counsel

Lead Counsel has significant experience litigating securities class actions nationwide, and has recently procured settlements for shareholders in multiple Section 14 cases.[3] And, based on their experience, Lead Counsel believes that the Settlement is a great outcome for the Settlement Class in light of the significant risks of continued litigation. In addition, the Settlement was the product of multi-month arm's length negotiations between experienced counsel on both sides, which adds further credibility to the Settlement.  Accordingly, this factor strongly supports final approval of the Settlement.

---

[3] The Monteverde Firm Resume is attached as Exhibit 2 to the Monteverde Decl.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

e. <u>Reaction of the Settlement Class Members of the Proposed Settlement</u>

RG/2 has mailed 1,600 Notices and Proofs of Claim and Release to Settlement Class Members. Pursuant to the Preliminary Approval Order, the deadline for Settlement Class Members to object or exclude themselves from the Settlement is April 6, 2022. To date, there have been no objections to the Settlement and only one request for exclusion (*i.e.*, a Papa Murphy's shareholder with 60 shares). Lead Counsel will file a declaration providing updated information on or before April 20, 2022, as provided by the Preliminary Approval Order.

"A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." *Clemans v. New Werner Co.*, 2013 U.S. Dist. LEXIS 167454, at *15 (W.D. Wash. Nov. 22, 2013); *See Kim v. Allison*, 8 F.4th 1170, 1177 (9th Cir. 2021) (approving a class action settlement where only six out of the 240,000 class members objected); *Rinky Dink Inc.*, 2016 U.S. Dist. LEXIS 72915, at *8 (approving a class action settlement where none of the class members objected or opted-out of the settlement). Given that there have been no objections to the Settlement and only one request for exclusion to date, this factor also supports granting final approval.

f. <u>Presence of a Governmental Participant</u>

Although there are no governmental participants in this Action, the fact that the class settlement notifications were sent to the appropriate federal and state officials pursuant to the Class Action Fairness Act, and none have objected, is further evidence of the Settlement's fairness. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009).

\*\*\*

In sum, the factors utilized in the Ninth Circuit support this Court's final approval of the proposed Settlement.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

7

### 2. *Final Approval of the Settlement is Also Supported by Application of the Four Factors Set Forth in Rule 23(e)(2)*

#### a. <u>Lead Plaintiff and Lead Counsel Have Adequately Represented the Settlement Class</u>

Lead Plaintiff and Lead Counsel have more than adequately represented the Settlement Class, and have continuously communicated with one another over the course of the Litigation. Over the last three years, Lead Plaintiff helped prosecute the Action by evaluating the Tender Offer and contacting Monteverde to discuss a potential class action, reviewing the pleadings and motions filed in the Action, discussing Defendants' appeal to the Ninth Circuit, considering settlement with Lead Counsel who was assisted by a damages expert, and reviewing the ultimate Settlement papers.[4]

Moreover, Lead Counsel also invested considerable time and resources in representing Lead Plaintiff and the Settlement Class.[5] Lead Counsel conducted extensive investigation into the facts underlying the asserted claims, and drafted a class action complaint, two amended class action complaints, and the motion seeking Lead Plaintiff's appointment as lead plaintiff. Furthermore, Lead Counsel opposed two rounds of motions to dismiss and successfully defeated Defendants' Second Motion to Dismiss and their objections to Judge Creatura's Report and Recommendation, and vigorously opposed Defendants' attempt to get the Ninth Circuit to consider eliminating the private right of action under Section 14(e). As a result of Lead Counsel's efforts, and after multi-month arm's length negotiations, Lead Counsel was able to obtain a sizeable cash recovery for the Settlement Class.

#### b. <u>The Proposed Settlement was Negotiated at Arm's Length</u>

As previously discussed in Lead Plaintiff's Motion for Preliminary Approval of Settlement, this Settlement was the product of arm's length negotiations. ECF No. 71 at 4-5. Arm's length negotiations typically take place over an extended period with experienced counsel on both sides,

---

[4] *See* Declaration of Lead Plaintiff, Evan Brown attached as <u>Exhibit 3</u> to the Monteverde Decl.
[5] Attached as <u>Exhibit 4</u> to the Monteverde Decl. is the Monteverde Billing Report.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

1  each with an understanding of the strengths and weaknesses of their own and the opposing party's
2  positions. *In re Tableware Antitrust Litig*., 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  In this
3  case, the Settlement was the product of multi-month arm's length negotiations between
4  experienced counsel for the Settling Parties, which included Lead Counsel consulting a damages'
5  expert.  And after building an extensive docket that consisted of, *inter alia*, two amended class
6  action complaints and two rounds of motions to dismiss and objections, the Settling Parties were
7  well-aware of the strengths and weaknesses of their respective legal positions. *Supra* §
8  III(A)(1)(a); *See Zuern v. IDS Prop. Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 35730, at *12 (W.D.
9  Wash. Feb. 25, 2021).  In sum, the Settlement was undoubtedly negotiated at arm's length, and
10 thus warrants final approval.

11              c.   The Relief for the Settlement Class is Excellent

12         After weighing the four factors laid out in Rule 23(e)(2)(C), it is clear that the Settlement
13 Amount is an excellent result for the Settlement Class.

14         The *first factor* considers whether the Settlement Amount is fair given the costs, risks, and
15 delay of trial and appeal, which as discussed above, supports final approval. *Supra* § III(A)(1)(a).

16         The *second factor* evaluates the effectiveness of any proposed method of distributing relief
17 to the class, including the method of processing class-member claims. Lead Plaintiff's proposed
18 method of distribution of the Settlement Fund and method of processing the Settlement Class
19 Members' claims, as provided in the Stipulation, are effective. *See* Stipulation at 22-27. "The
20 method proposed by the parties for processing Settlement Class Members' claims is typical for a
21 securities fraud settlement." *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2019 U.S.
22 Dist. LEXIS 180474, at *23 (C.D. Cal. Oct. 10, 2019) (setting forth similar procedure).

23         The *third factor* concerning the proposed terms of attorneys' fees is addressed in Lead
24 Plaintiff's Motion for Attorneys' Fees and Expenses and Service Award.

25         Finally, the *fourth factor* requires identification of any agreements in connection with the
26 proposed Settlement under Rule 23(e)(3). On November 29, 2021, the Settling Parties entered into

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9

a Supplemental Agreement that was incorporated and disclosed in the Stipulation. *See* Stipulation at 30-31 (¶ 7.4). The Supplemental Agreement provides that Defendants have the option to withdraw and terminate the Settlement if the total number of Papa Murphy's common stock purchased or otherwise acquired by Settlement Class Members whom validly requested exclusion from the Settlement Class, exceeds a certain percentage of shares of Papa Murphy's common stock held by the Settlement Class Members. Such agreements are common in securities class action settlements. *See In re Healthsouth Corp. Sec. Litig.*, 334 F. App'x 248, 254 n.11 (11th Cir. 2009) ("The Supplemental Agreement containing the blow provision was identified to the district court in the Stipulation of Partial Settlement, meeting the requirement of Rule 23(e)(3)"); *see also* 7 Newberg on Class Actions § 22:59 (5th ed.).

        d.   <u>The Proposed Settlement Treats Settlement Class Members Equitably</u>

The Settlement does not grant improper or preferential treatment to Lead Plaintiff or other segments of the Settlement Class, and treats Settlement Class Members equitably relative to each other. Under the Plan of Allocation, each Authorized Claimant that submits a valid, timely Proof of Claim and Release will receive a pro rata distribution from the Net Settlement Fund based on the number of Papa Murphy's shares they hold. *See* Stipulation at 25, Notice at 5-6, 11. Therefore, each eligible Papa Murphy's shareholder will be paid out at an equivalent price per share. Notice at 5-6.

Furthermore, while Lead Plaintiff seeks a service award of $5,000 relating to his representation of the Settlement Class, such an award would "not constitute inequitable treatment of class members." *In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886, at *26 (N.D. Cal. July 22, 2019) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)).

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

10

### B.   The Plan of Allocation for the Settlement Fund Warrants Approval Because it is Fair, Reasonable, and Adequate

Lead Plaintiff also seeks approval for the Plan of Allocation of the Settlement Fund set forth in the Notice. Notice at 11.  Just like the standard for approval of a settlement, the standard for the court's approval of a plan of allocation is whether the plan is fair, reasonable, and adequate. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992); *Rajagopalan v. Fid. & Deposit Co. of Md.*, 2017 U.S. Dist. LEXIS 167290, at *6 (W.D. Wash. Oct. 10, 2017).   Under this standard, a plan of allocation is typically reasonable if it reimburses settlement class members based on the extent of their injuries. *See Rajagopalan*, 2017 U.S. Dist. LEXIS 167290, at *6 (approving a plan of allocation where monetary recovery will be provided to settlement class members on a *pro rata* basis).

In this case, the Plan of Allocation provides that each Authorized Claimant that submits a valid, timely Proof of Claim and Release will receive distribution from the Net Settlement Fund on a pro rata basis. Stipulation at 25, Notice at 5-6, 11. Therefore, assuming 100% of the 8,160,595 shares in the Settlement Class submit a valid and timely Proof of Claim and Release, the average distribution will be $0.29 per share owned (prior to payment of Court-approved fees and expenses estimated to be approximately $0.10 per share plus Notice and Administration Costs). Notice at 11. The Plan of Allocation is similar to plans approved by federal courts across the country in Section 14 cases where a common fund was obtained. *See Plant v. Jaguar Animal Health, Inc., et al.*, Case No. 3:17-cv-04102, Dkt. No. 97 (N.D. Cal. May 27, 2021); *Campbell v. Transgenomic, Inc.*, 2020 U.S. Dist. LEXIS 97063 (D. Neb. June 3, 2020); *Duncan v. Joy Global Inc. et al*, Case No. 2:16-cv-01229, Dkt. No. 77 (E.D. Wis. 2016); *In re Hot Topic, Inc. Sec. Litig.*, No. 2:13-cv-02939, Dkt. No. 86, 103 (C.D. Cal. 2015).

In sum, the Plan of Allocation is fair, reasonable, and adequate and is also supported by authority in other Section 14 actions, and warrants this Court's final approval.

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11

### C. Final Certification of the Proposed Settlement Class for Settlement Purposes is Appropriate

In granting final approval of the Settlement, the Court should also grant final certification of the Settlement Class for purposes of effectuating the Settlement under Rules 23(a) and (b)(3). Courts have long acknowledged the propriety of a settlement class. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-22 (1997). On January 11, 2022, the Court preliminarily certified the Settlement Class so that notice could be sent to the Settlement Class, and found that all prerequisites for class certification under Rules 23(a) and (b)(3) had been satisfied. ECF No. 75. Since then, no material facts regarding any of the factors for class certification have changed. Accordingly, final certification of the Settlement Class is warranted. *See Mora v. Cal W. AG Servs.*, No. 1:15-cv-01490-LJO-EPG, 2019 U.S. Dist. LEXIS 80520, at *14 (E.D. Cal. May 13, 2019) (granting final class certification based on preliminary certification because there were no objections and there was no indication that preliminary certification was erroneously granted).

### IV. CONCLUSION

For the foregoing reasons, the proposed Settlement warrants this Court's final approval, and Lead Plaintiff respectfully requests that the Court enter the Order and Final Judgment.

Dated:  March 23, 2022

**BRESKIN JOHNSON TOWNSEND, PLLC**

s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

12

New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com
mschreiner@monteverdelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Settlement Class*

MOTION FOR FINAL
APPROVAL OF SETTLEMENT
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

13