THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>Defendants. | Case No. 19-cv-05514-BHS<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

1    This matter came before the Court for hearing pursuant to the Preliminary Approval Order dated January 11, 2022, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated November 29, 2021 (the "Stipulation").

WHEREAS, this Order of Dismissal is "with prejudice";

WHEREAS, due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order;

WHEREAS, the Court conducted a hearing on May 2, 2022, at 11:00 a.m. to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved, and (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants;

WHEREAS, consistent with the Preliminary Approval Order, all Settlement Class Members had the opportunity to exclude themselves from the proposed Settlement Class; to object to the proposed Settlement; and to be heard with regard to the proposed Settlement, including by appearing and speaking at the hearing held on May 2, 2022; and

WHEREAS, the Court has considered all papers filed and proceedings held herein and otherwise is fully informed in the premises, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Settlement Class Members.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only: (i) a Settlement Class defined as all record holders and all beneficial holders of Papa Murphy's common stock who purchased, sold, or held such stock during the period from

and including April 25, 2019, the date of the Tender Offer and the date of filing of the Schedule 14D-9, through and including May 22, 2019, the Expiration Time, including any and all of their respective predecessors, successors, trustees, executors, administrators, estates, legal representatives, heirs, assigns and transferees; (ii) Monteverde & Associates PC is certified as Lead Counsel and Breskin, Johnson & Townsend PLLC is certified as Liaison Counsel; and (iii) Lead Plaintiff is certified as the class representative.  Excluded from the Settlement Class are: (i) Defendants; (ii) the Directors; (iii) each Supporting Stockholder, as that term is defined in the Recommendation Statement, who entered into a Tender and Support Agreement in connection with the Tender Offer; (iv) members of the immediate families of each of the Defendants, Directors, and Supporting Stockholders; (v) any entity in which any of the Defendants, Directors, or Supporting Stockholders has a controlling interest; (vi) the legal representatives, heirs, successors, administrators, executors, and assigns of any of the Defendants, Directors, and Supporting Stockholders; and (vii) any Persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4. For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering, (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members, (iii) the desirability or

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

1  undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the
2  difficulties likely to be encountered in the management of the class action.

3       5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
4  approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects,
5  fair, reasonable, and adequate to the Settlement Class.

6       6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that
7  the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the
8  Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling
9  Parties are hereby directed to perform its terms.

10      7.      Accordingly, the Court authorizes and directs implementation of the terms and
11  provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby
12  dismisses with prejudice and without costs, the Litigation and all claims contained therein, and
13  the Released Claims, defined as any and all claims, rights and causes of action, duties, obligations,
14  demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and
15  liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or
16  suspected or unsuspected, including any claims arising under federal or state statutory or common
17  law or any other law, rule or regulation, whether foreign or domestic, that have been asserted,
18  could have been asserted, or could be asserted in the future against defendants Papa Murphy's
19  and Weldon Spangler ("Defendants"), MTY Food Group Inc. ("MTY"), and any and all of their
20  related parties, including, without limitation, any and all of their current or former parents,
21  subsidiaries, predecessors, successors, affiliates, divisions, investment funds, joint ventures and
22  general or limited partnerships, and each of their respective current or former officers, directors,
23  trustees, partners, members, contractors, auditors, principals, agents, managing agents,
24  employees, attorneys, accountants, investment bankers, financial advisors, including without
25  limitation North Point Advisors LLC, underwriters, insurers in their capacities as such, as well as
26  each of the Defendants' immediate family members, heirs, executors, personal or legal

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

representatives, estates, beneficiaries, predecessors, successors and assigns (collectively, "Defendants' Released Parties"), that arise out of or relate in any way to: (i) the Action and the allegations in the Action, (ii) the Tender Offer; or (iii) the Recommendation Statement. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement, and (2) between Defendants or Defendants' Released Parties, on the one hand, and their respective insurers on the other.

8. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of the Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of Defendants' Released Parties, regardless of whether a Settlement Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

9. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all Plaintiff's Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

10. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting,

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

5

asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of the Released Claims (including, without limitation, Unknown Claims), against Defendants and each and all of Defendants' Released Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

11. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Lead Plaintiff and each and every Settlement Class Member, in his, her, or its capacity as a purchaser, seller, or holder of Papa Murphy's stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Defendants' Released Parties with respect to any and all Released Claims (including, without limitation, Unknown Claims).

12. In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations of any Defendant or Defendants' Released Party to any Settlement Class Member arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against Defendants or any of the Defendants' Released Parties, and (ii) by Defendants or any of the Defendants' Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

13. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Lead Plaintiff, all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), and Defendants, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

14. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. Defendants and Defendants' Released Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15. The Notice given to the Settlement Class: (a) was implemented in accordance with the Preliminary Approval Order entered on January 11, 2022, (b) was the best notice practicable under the circumstances to all Persons entitled to notice of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, (c) was reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the releases contained therein); and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Settlement Class, and/or appear at the Final Approval Hearing, (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement, and (e) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Therefore, it is determined that all members of the Settlement Class are bound by the Order and Final Judgment herein.

16. Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

17. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of any Defendants or Defendants' Released Parties; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendants or Defendants' Released Parties in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendants or Defendants' Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendants or Defendants' Released Parties are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff lacked merit or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants, Defendants' Released Parties, Lead Plaintiff, Settlement Class Members, and their respective counsel may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Order and Final Judgment.

18.    Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. Without further approval from the Court, the Settling Parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. The Court directs immediate entry of this Order and Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

9