THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

EVAN BROWN, Individually and on Behalf
of All Others Similarly Situated,

                           Plaintiff,

      v.

PAPA MURPHY'S HOLDINGS, INC. and
WELDON SPANGLER,

                       Defendants.

Case No. 19-cv-05514-BHS

LEAD PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND EXPENSES
AND SERVICE AWARD

NOTE ON MOTION CALENDAR:
May 2, 2022, at 11:00 a.m.
Oral Argument Requested

1

## **TABLE OF CONTENTS**

2   I.     INTRODUCTION…………………………………………….……………..…1

3   II.    ARGUMENT……………………………………………………………..………1

4       A.    Lead Counsel is Entitled to an Award of Attorneys' Fees from the Common Fund

5             Based on the Percentage-of-Recovery Method…………………………………...1

6       B.    Lead Counsel's Request for Attorneys' Fees of One-Third of the Settlement

7             Amount is Reasonable……………………………….……………………….……2

8           1.   The Results Achieved and the Risk of Litigation..…………………………3

9           2.   The Skill Required and the Quality of Work…………………………………5

10          3.   The Contingent Nature of the Fee and the Financial Burden…………………7

11          4.   Fee Awards of One-Third of the Common Fund in Similar Cases………...…8

12       C.    A Lodestar Check Confirms the Reasonableness of the Requested Fee………...9

13       D.    The Requested Expense Award is Reasonable…………………………………11

14       E.    Lead Plaintiff's Requested Service Award is Fair and Reasonable…………….11

15   III.   CONCLUSION……………………………………………………………..……12

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

## **TABLE OF AUTHORITIES**

2

**CASES**                                                                          **PAGE(S)**

3

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................... 2

4

*Alvarez v. Farmers Ins. Exch.*,
5
   No. 3:14-cv-00574-WHO, 2017 U.S. Dist. LEXIS 119128 (N.D. Cal. Jan. 17, 2017) .......... 8

6
*In re Am. Apparel S'holder Litig.*,
7
   No. CV 10-06352 (JCGx), 2014 U.S. Dist. LEXIS 184548 (C.D. Cal. July 28, 2014) ........ 11

8
*In re Apple Inc. Device Performance Litig.*,
   No. 5:18-md-02827-EJD, 2021 U.S. Dist. LEXIS 50546 (N.D. Cal. Mar. 17, 2021) ............ 7

9
*Atlas v. Accredited Home Lenders Holding Co.*,
10
   No. 07-CV-00488 (CAB), 2009 U.S. Dist. LEXIS 103035 (S.D. Cal. Nov. 2, 2009) ..... 11-12

11
*California v. Infineon Techs. AG* (*In re Dynamic Random Access Memory*),
   No. C 06-6436 PJH, 2013 U.S. Dist. LEXIS 190974 (N.D. Cal. Oct. 30, 2013) .................. 10

12
*Campbell v. Transgenomic, Inc.*,
13
   No. 4:17-CV-3021, 2020 U.S. Dist. LEXIS 97063 (D. Neb. June 3, 2020) ........................... 9

14
*Carideo v. Dell, Inc.*,
   No. C06-1772 JLR, 2010 U.S. Dist. LEXIS 158828 (W.D. Wash. Dec. 17, 2010) ............... 7

15
*Craft v. Cnty. of San Bernardino*,
16
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ................................................................. 8

17
*Deaver v. Compass Bank*,
   No. 13-cv-00222-JSC, 2015 U.S. Dist. LEXIS 166484 (N.D. Cal. Dec. 11, 2015) ............... 7

18
*Dennings v. Clearwire Corp.*,
19
   No. C10-1859JLR, 2013 U.S. Dist. LEXIS 64021 (W.D. Wash. May 3, 2013) ............... 8, 10

20
*Denton v. Pennymac Loan Servs., L.L.C.*,
21
   252 F. Supp. 3d 504 (E.D. Va. 2017) ................................................................. 7

22
*Destefano v. Zynga, Inc.*,
   No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196 (N.D. Cal. Feb. 11, 2016) .................. 6

23
*Dudum v. Carter's Retail, Inc.*,
24
   No. 14-cv-00988-HSG, 2016 U.S. Dist. LEXIS 166881 (N.D. Cal. Dec. 2, 2016) ............ 7-8

25
*Dunleavy v. Nadler* (*In re Mego Fin. Corp. Sec. Litig.*),
   213 F.3d 454 (9th Cir. 2000) ................................................................. 8

26
*Eminence Capital, L.L.C. v. Aspeon, Inc.*,

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

ii

316 F.3d 1048 (9th Cir. 2003) ................................................................................. 6

*Heritage Bond Litig. v. U.S. Tr. Co. of Tex., N.A.*,
    2005 U.S. Dist. LEXIS 13627 (C.D. Cal. June 10, 2005) ...................................... 8

*Ikuseghan v. MultiCare Health Sys.*,
    No. C14-5539 BHS, 2016 U.S. Dist. LEXIS 109417 (W.D. Wash. Aug. 16, 2016) ..... 2, 3, 11

*In re Infospace, Inc. Secs. Litig.*,
    330 F. Supp. 2d 1203 (W.D. Wash. 2004) ........................................................... 11

*Jiangchen v. Rentech, Inc.*,
    No. CV 17-1490-GW, 2019 U.S. Dist. LEXIS 180474 (C.D. Cal. Oct. 10, 2019) .......... 4, 8, 9

*Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*),
    654 F.3d 935 (9th Cir. 2011) .............................................................................. 2, 3

*In re Lithium Ion Batteries Antitrust Litig.*,
    No. 2420, 2020 U.S. Dist. LEXIS 233607 (N.D. Cal. Dec. 10, 2020) ................... 10

*McGuire v. Dendreon Corp.*,
    No. C07-800 MJP, 2010 U.S. Dist. LEXIS 157932 (W.D. Wash. Dec. 17, 2010) ................. 3

*Morris v. Lifescan, Inc.*,
    54 F. App'x 663 (9th Cir. 2003) ........................................................................... 8

*In re Nuvelo Sec. Litig.*,
    No. C 07-04056 CRB, 2011 U.S. Dist. LEXIS 72260 (N.D. Cal. July 6, 2011) ..................... 8

*In re Omnivision Techs.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........................................................ *passim*

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. Jan. 9, 2009) ............................................ 3, 11

*Principe v. Ukropina* (*In re Pac. Enters. Sec. Litig.*),
    47 F.3d 373 (9th Cir. 1995) ................................................................................. 8

*Provine v. Off. Depot, Inc.*,
    No. C 11-903 SI, 2013 U.S. Dist. LEXIS 199753 (N.D. Cal. Nov. 25, 2013) ...................... 10

*Richardson v. THD At-Home Servs.*,
    No. 1:14-cv-0273-BAM, 2016 U.S. Dist. LEXIS 46784 (E.D. Cal. Apr. 5, 2016) ................. 5

*Rinky Dink, Inc. v. World Bus. Lenders, L.L.C.*,
    No. C14-0268-JCC, 2016 U.S. Dist. LEXIS 70858 (W.D. Wash. May 31, 2016) ............... 10

*Rivas v. BG Retail, L.L.C.*,
    No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) .................... 8

*Romero v. Producers Dairy Foods, Inc.*,

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iii

No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007) ............... 2-3

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
    No. 2:18-cv-1370, 2020 U.S. Dist. LEXIS 113242 (W.D. Pa. June 26, 2020) ....................... 6

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ....................................................................... 2, 3, 9

*Stanger v. China Elec. Motor, Inc.*,
    812 F.3d 734 (9th Cir. 2016) ............................................................................ 3, 7

*Emulex Corp. v. Varjabedian*,
    139 S. Ct. 1407 (2019) ........................................................................................ 5

*Varjabedian v. Emulex Corp.*,
    888 F.3d 399 (9th Cir. 2018) ................................................................................ 5

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................................... 2, 3

*Wing v. Asarco Inc.*,
    114 F.3d 986 (9th Cir. 1997) ................................................................................ 6

*Wong v. Arlo Techs.*,
    No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ............ 11

*Young v. Polo Retail, L.L.C.*,
    No. No C-02-4546 VRW, 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007) ........... 10

**<u>STATUTES</u>**

15 U.S.C. § 78u-4 .................................................................................................. 11

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

iv

I.      **INTRODUCTION**

After nearly three years of litigation that included three class action complaints, 15 substantive briefs related to Defendants' attempts to unsuccessfully defeat the Action[1], and a pending interlocutory appeal in the Ninth Circuit, Lead Plaintiff and Lead Counsel, assisted by a damages expert, engaged in multi-month arm's length negotiations with Defendants to secure a sizeable $2.4 million Settlement.  The Settlement is a testament to Lead Plaintiff and Lead Counsel's persistence and dedication to the Settlement Class, as evinced by their investment of a substantial amount of resources on a contingency basis, warranting the requested fee award of one-third of the Settlement Amount plus reimbursement of Lead Counsel's litigation expenses in the amount of $9,081.40 (collectively, the "Fee and Expense Award").[2]  In addition, Lead Plaintiff seeks an award of $5,000 for his time and efforts in representing the Settlement Class (the "Service Award"). This Service Award is fair and reasonable, as courts in the Ninth Circuit routinely approve similar or higher service awards.

As discussed in further detail below, approval of the Fee and Expense Award and Service Award is appropriate, as they are fair and reasonable and in line with other awards approved by courts in the Ninth Circuit.

II.     **ARGUMENT**

    **A.  Lead Counsel is Entitled to an Award of Attorneys' Fees from the Common Fund Based on the Percentage-of-Recovery Method**

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery

---

[1] *See* ECF Nos. 25, 26, 29, 32, 41, 42, 44, 46, 51, 52, 58, 60, 61, 63, and 64.

[2] Lead Plaintiff's Motion for Attorneys' Fees and Expenses and Service Award is supported by the accompanying Declaration of Juan E. Monteverde in Support of Lead Plaintiff's Motion for Final Approval of Settlement and Motion for Attorneys' Fees and Expenses and Service Award ("Monteverde Decl."), and the exhibits thereto.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *see Ikuseghan v. MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *3 (W.D. Wash. Aug. 16, 2016). "[C]ourts have discretion to choose which calculation method they use," so long as the discretion is "exercised so as to achieve a reasonable result." *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942. Courts typically apply the percentage-of-recovery method when awarding attorneys' fees in common fund cases, because the benefit to the class is easily quantifiable. *Id.*; *see also Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). However, courts may still apply the lodestar method to crosscheck the reasonableness of the percentage-based award of attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002).

Here, the Settlement Fund represents a common fund for Papa Murphy's stockholders that were cashed out in the Tender Offer, and Lead Plaintiff's and Lead Counsel's litigation of the Action and subsequent negotiation of the proposed Settlement has conferred a quantifiable and substantial benefit on the Settlement Class.  Therefore, Lead Counsel is entitled to an award of attorneys' fees from the common fund, using the percentage-of-recovery method.

**B. Lead Counsel's Request for Attorneys' Fees of One-Third of the Settlement Amount is Reasonable**

In securities class actions, awards typically exceed the benchmark.[3] *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047-48 (N.D. Cal. 2007); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (holding in securities cases, "absent extraordinary circumstances …, the rate should be set at 30%."); *accord Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist. LEXIS 86270, at *10 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and stating "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the

---

[3] The Ninth Circuit has set a "starting point" of 25% of the settlement fund for assessing a fee award that can then be adjusted. *Vizcaino*, 290 F.3d at 1048.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

recovery."). That is because securities class actions are especially expensive and risky. Cf. *Stanger v. China Electric Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (stating risk enhancement of attorneys' fees is "especially important in securities cases."). Moreover, the benchmark "can be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers*, 904 F.2d at 1311; *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942; *MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *4. Here, Lead Counsel's lodestar of $892,072.90 exceeds the requested Fee and Expense Award, making its request for one-third eminently fair and appropriate.

To determine what constitutes a reasonable award under the percentage-of-recovery method, courts in the Ninth Circuit typically weigh the following five factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases. *See Vizcaino*, 290 F.3d at 1048-50; *MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *4.

In this case, consideration of these five factors strongly supports the requested fee award of one-third of the Settlement Fund.

### 1. The Results Achieved and the Risk of Litigation

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Omnivision Techs*, 559 F. Supp. 2d at 1046. The risk that going forward with litigation might result in no recovery for the Settlement Class, particularly where (as here) complex legal issues are contested, also "is a significant factor in the award of fees." *Id.* at 1046-47; *see McGuire v. Dendreon Corp.*, 2010 U.S. Dist. LEXIS 157932, at *7 (W.D. Wash. Dec. 17, 2010). Here, the Settlement Amount is a favorable result for the Settlement Class because, not only is it sizeable, but it was achieved without the delay, expense, and risk of further litigation. *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1328 (W.D. Wash. Jan. 9, 2009).

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

3

Lead Counsel estimates that the Settlement Amount represents approximately 6.75-17.25% of potential recoverable damages at trial, which is significantly higher than the 1.8% 2021 median recovery in securities class actions. *See* Monteverde Decl., Ex. 1 (NERA).  Moreover, courts in this Circuit have held that similar percentages of recovery are favorable outcomes for a settlement class. *See Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2019 U.S. Dist. LEXIS 180474, at *29 (C.D. Cal. Oct. 10, 2019) ("10% recovery of estimated damages is a favorable outcome in light of the challenging nature of securities class action cases."); *Omnivision Techs.*, 559 F. Supp. 2d at 1046 ("[T]he Settlement creates a total award of approximately 9% of the possible damages, which is more than triple the average recovery in securities class action settlements.").

Aside from the sizeable $2.4 million Settlement itself, the Settlement is also favorable given that it was reached less than an hour before Defendants' 28 U.S.C. § 1292(b) Petition for Permission to Appeal was granted by the Ninth Circuit, which came as a complete surprise to Lead Plaintiff and Lead Counsel, who underestimated such risk. Had the Settlement not been reached, the Settlement Class would have been further delayed in recovering anything, and recovery would have been conditioned upon Lead Plaintiff prevailing at the Ninth Circuit, and then subject to general litigation risks of obtaining a favorable judgment at trial. *Cf. Omnivision Techs.*, 559 F. Supp. 2d at 1047 ("Plaintiffs did not face an easy path if they continued to trial. Although they had survived two motions to dismiss, the Court had not yet certified the class, and Defendants were likely to move for summary judgment on the issues of loss causation and scienter . . . Even if they proceeded to trial before a jury, the outcome remained uncertain.").  Indeed, from 1996 to 2018, only 25 securities class actions have gone to a verdict and of those 25, only 13 resulted in a verdict for plaintiffs.[4]  Thus, there is a very real chance that if the Action had proceeded to trial, the Settlement Class may not have received a verdict in their favor. And even if Lead Plaintiff won at

---

[4] Kevin LaCroix, *Rare Securities Class Action Lawsuit Trial Results in Partial Verdict for Plaintiffs* (February 5, 2019), www.dandodiary.com.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

4

1   trial, there is still a significant risk that the judgment obtained would have been less than the

2   Settlement Amount.

3       Simply put, the Settlement is an outstanding result for the Settlement Class when measured

4   against the risks of further litigation, warranting approval of Lead Counsel's requested fee award.

5                    **2.   *The Skill Required and the Quality of Work***

6       "The prosecution and management of a complex national class action requires unique legal

7   skills and abilities. This is particularly true in securities cases because the [PSLRA] makes it much

8   more difficult for securities plaintiffs to get past a motion to dismiss." *Omnivision Techs.*, 559 F.

9   Supp. 2d at 1047; *see also Richardson v. THD At-Home Servs.*, 2016 U.S. Dist. LEXIS 46784, at

10  *23 (E.D. Cal. Apr. 5, 2016) ("The complexity of issues and skills required may weigh in favor of

11  a departure from the benchmark fee award"). And here, the sizeable Settlement would have been

12  unlikely had it not been for Lead Counsel's skill in advocating for aggrieved shareholders.

13  Specifically, Lead Counsel is the proud architect that improved the law for shareholders pursuing

14  claims under Section 14(e) of the Exchange Act in this Circuit. In a significant victory in

15  *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018), Lead Counsel created a 5 to 1 circuit

16  split that lowered the standard of liability under Section 14(e) of the Exchange Act in the Ninth

17  Circuit. Thereafter, Lead Counsel successfully preserved this victory by obtaining dismissal of a

18  writ of certiorari as improvidently granted at the United States Supreme Court. *Emulex Corp. v.*

19  *Varjabedian*, 139 S. Ct. 1407 (2019).

20      Moreover, Lead Counsel has been recognized as a preeminent securities firm listed in the

21  Top 50 in the 2018-2021 ISS Securities Class Action Services Report.  In this case, Lead Counsel

22  demonstrated its significant experience and skill litigating securities class actions, and it effectively

23  utilized its skill and experience to procure an outstanding Settlement for Papa Murphy's

24  shareholders.  Lead Counsel drafted a class action complaint and then two amended class action

25  complaints, the second of which fine-tuned the allegations against Defendants Papa Murphy's and

26  Spangler. The detailed complaints required Lead Counsel to thoroughly research and investigate

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

**BRESKIN | JOHNSON | TOWNSEND** PLLC
**1000 Second Avenue, Suite 3670**
**Seattle, Washington 98104  Tel: 206-652-8660**

the Tender Offer and Papa Murphy's, including by analyzing the Company's numerous and voluminous SEC filings, earnings transcripts, presentations, and other publicly available information. Because of Lead Counsel's diligent investigative work, the Second Amended Complaint was able to sufficiently plead subjective and objective falsity and loss causation and withstand Defendants' Second Motion to Dismiss "[i]n this technical and demanding corner of the law[.]" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In addition, Lead Counsel opposed two rounds of motions to dismiss, as well as Objections to the second Report and Recommendation dated January 12, 2021, that resulted in the denial of the Second Motion to Dismiss by this Court on April 22, 2021.  Finally, Defendants were granted leave to seek interlocutory appeal from denial of the Second Motion to Dismiss, and while Defendants' 28 U.S.C. § 1292(b) Petition for Permission to Appeal was pending in the Ninth Circuit, Lead Plaintiff and Lead Counsel, assisted by a damages expert, engaged in multi-month arm's length negotiations with Defendants that culminated in a significant Settlement "before expending resources that would otherwise have gone to the Class after further litigation." *Destefano v. Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196, at *59 (N.D. Cal. Feb. 11, 2016). Lead Counsel leveraged their skill and experience to procure a favorable recovery for the Settlement Class at "the sweet spot—a point where the parties have the key information they need to settle in a cost-effective way," without depleting funds that Defendants were willing to provide to shareholders at the time of the Settlement on "the battlefield" of further protracted and risky litigation. *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-cv-1370, 2020 U.S. Dist. LEXIS 113242, at *37 (W.D. Pa. June 26, 2020).

Furthermore, "[t]he quality of opposing counsel is also relevant to the quality and skill that class counsel provided[.]" *Destefano*, 2016 U.S. Dist. LEXIS 17196, at *59; *Wing v. Asarco*, 114 F.3d 986, 989 (9th Cir. 1997). Lead Counsel's ability to obtain a favorable Settlement in the face of formidable legal opposition—a international, highly respected law firm, Perkins Coie LLP— further confirms the quality of Lead Counsel's representation and supports the requested fee award

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

6

here. *See In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2021 U.S. Dist. LEXIS 50546, at *32 (N.D. Cal. Mar. 17, 2021).

### 3.   *The Contingent Nature of the Fee and the Financial Burden*

Here, Lead Counsel "undertook this class action on a purely contingent basis, with no assurance of recovering expenses or attorney's fees." *Carideo v. Dell, Inc.*, 2010 U.S. Dist. LEXIS 158828, at *7 (W.D. Wash. Dec. 17, 2010). And despite the lack of assurances, Lead Counsel litigated this Action vigorously, expending a considerable amount of time and resources. *See id.*; Monteverde Decl., Ex. 4 (Monteverde Billing Report).  The risk Lead Counsel undertook is magnified by the fact that Monteverde & Associates PC ("Monteverde") is a small firm with eight attorneys, which meant that properly litigating this Action required devotion of a significant percentage of Monteverde's manpower and resources, and having to forego other opportunities. *See Denton v. Pennymac Loan Servs., LLC*, 252 F. Supp. 3d 504, 518 (E.D. Va. 2017) (accounting for the fact that counsel "is a small law firm and thus representing a client on a contingent fee . . . basis necessarily involved loss of other opportunities.").

Further, "[t]he importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Omnivision Techs.*, 559 F. Supp. 2d at 1047; *Stanger*, 812 F.3d at 741 ("This incentive is especially important in securities cases."). Thus, "courts tend to find above-market-value fee awards" in contingency fee cases more appropriate, to encourage counsel to take on such cases for the benefit of plaintiffs who could not afford to pay hourly fees. *Deaver v. Compass Bank*, 2015 U.S. Dist. LEXIS 166484, at *35 (N.D. Cal. Dec. 11, 2015).

Accordingly, "the contingent nature of the case and the financial burden assumed further justify a departure from the benchmark," and support Lead Counsel's fee request of one-third of the Settlement Amount. *Dudum v. Carter's Retail, Inc.*, No. 14-cv-00988-HSG, 2016 U.S. Dist.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

7

LEXIS 166881, at *26-27 (N.D. Cal. Dec. 2, 2016).

### 4.    Fee Awards of One-Third of the Common Fund in Similar Cases

The Ninth Circuit and district courts therein have approved or affirmed awards of attorneys' fees of one-third of the common fund, as requested here. *See, e.g., Morris v. Lifescan*, Inc., 54 Fed. Appx. 663, 664 (9th Cir. 2003) (affirming fee award of 33% of a $14.8 million settlement); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of the $1.725 million fund); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming a 33% fee from a $12 million settlement fund); *Dennings v. Clearwire Corp.*, 2013 U.S. Dist. LEXIS 64021, at *21 (W.D. Wash. May 3, 2013) (approving a 35.78% attorneys' fee award from the $5,276,148.50 settlement fund); *Jiangchen*, 2019 U.S. Dist. LEXIS 180474, at *36 (awarding 33.33% of the $2.05 million settlement fund in attorneys' fees); *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13627, at *61 (C.D. Cal. Jun. 10, 2005) (awarding one-third of $27,783,000 settlement fund).

Moreover, courts in the Ninth Circuit have consistently found higher percentage awards appropriate in cases where the common fund—although sizeable in relation to the settlement class' best possible recovery—is relatively small in absolute terms. *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020).   Indeed, fee percentages above the benchmark are often awarded in smaller value common fund cases, where "'case law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded[.]'" *Id.* (awarding 45% of a $175,000 common fund); *In re Nuvelo Sec. Litig.*, No. C 07-04056 CRB, 2011 U.S. Dist. LEXIS 72260, at *8 (N.D. Cal. July 6, 2011) (finding same "factor supports an upward adjustment of the benchmark" in a securities case); *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in fees above 25%."). In fact, "fee award percentages generally are higher in cases where the common fund is below $10 million." *Alvarez v. Farmers Ins. Exch.*, 2017 U.S. Dist. LEXIS 119128, at *9-10 (N.D. Cal Jan. 17, 2017); *Rivas*, 2020 U.S. Dist. LEXIS 8712, at *23. This trend applies to

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8

1     securities class actions, where research shows "that the median award of attorneys' fees in class

2     action securities cases with settlements below $5 million was 33% between 2014 and 2018."

3     *Jiangchen*, 2019 U.S. Dist. LEXIS 180474, at *32, 36 (citing Stefan Boettrich and Svetlana

4     Starykh, *Recent Trends in Securities Class Action Litigation: 2018 Full-Year Review*, 41 (NERA

5     Jan. 29, 2019)).

6        Further, the fact that fee awards in securities class actions typically exceed the 25%

7     benchmark, *Omnivision Techs.*, 559 F. Supp. 2d at 1047-48, is evinced by Lead Counsel's record

8     over the last two years. Lead Counsel has been awarded fees of one-third of the common fund in

9     other recent Section 14 settlements. *See Plant v. Jaguar Animal Health, Inc., et al.*, Case No. 3:17-

10    cv-04102, Dkt. No. 97 (N.D. Cal. May 27, 2021) (awarding a one-third fee award in a $2.6 million

11    common fund)[5]; *In re Envision Healthcare Corp.*, Case No. 1:18-cv-01068-RGA-SRF, Dkt. No.

12    105 (D. Del. Feb. 16, 2021) (awarding one-third of $17.4 million settlement fund)[6]; *Campbell v.*

13    *Transgenomic, Inc.*, No. 4:17-CV-3021, 2020 U.S. Dist. LEXIS 97063, at *10 (D. Neb. June 3,

14    2020) (awarding one-third of a $1.95 million common fund).

15        In sum, review of awards in similar cases in the Ninth Circuit and other Circuits indicates

16    that the requested fee award of one-third of the Settlement Fund is fair and reasonable, and thus

17    warrants approval by this Court.

18        **C.  A Lodestar Check Confirms the Reasonableness of the Requested Fee**

19        The Ninth Circuit has explained that "[t]he benchmark percentage should be adjusted"

20    upward when circumstances indicate that a 25% recovery would be too small "in light of the hours

21    devoted to the case", and courts in the Ninth Circuit have often cited negative multipliers as a

22    factor justifying an award above 25%. *Six Mexican Workers*, 904 F.2d at 1311.

23

24

25

26

---

[5] The Order Awarding Attorneys' Fees, Expenses, and Service Award is attached as <u>Exhibit 5</u> to the Monteverde Decl.

[6] The Order Awarding Attorneys' Fees and Expenses and Lead Plaintiff's Service Award is attached as <u>Exhibit 6</u> to the Monteverde Decl.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Here, an award above the benchmark is warranted in light of Lead Counsel and Liaison

2  Counsel's aggregate lodestar of $892,072.90 from expending 1,211.93 hours in the prosecution of

3  the Action, which results in a negative multiplier of .89, as their lodestar exceeds the one-third fee

4  request. *See* Monteverde Decl. at ¶ 27, Ex. 4 (Monteverde Billing Report). "This is especially

5  reasonable in light of what courts ordinarily approve." *Rinky Dink, Inc. v. World Bus. Lenders,*

6  *LLC*, 2016 U.S. Dist. LEXIS 70858, *12 (W.D. Wash. May 31, 2016) (citing 4 NEWBERG ON

7  CLASS ACTIONS § 14.7) ("courts typically approve percentage awards based on lodestar cross-

8  checks of 1.9 to 5.1 or even higher . . . "); S*ee, e.g., Dennings*, 2013 U.S. Dist. LEXIS 64021, at

9  *22 (awarding 35.78% of common fund where fee resulted in a negative multiplier of 0.92 or

10  0.98); *Jaguar Animal Health, Inc., et al.*, Case No. 3:17-cv-04102 (awarding one-third of a $2.6

11  million common fund where fee resulted in a negative multiplier of .79) (Monteverde Decl., Ex.

12  5); *Provine v. Office Depot, Inc.*, No. C 11-903 SI, 2013 U.S. Dist. LEXIS 199753, at *3-5 (N.D.

13  Cal. Nov. 25, 2013) (awarding 33% of common fund where fee resulted in a negative multiplier);

14  *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 U.S. Dist. LEXIS 27269, at *22 (N.D. Cal.

15  Mar. 28, 2007) (awarding 31% and noting the "negative multiplier suggests that, despite exceeding

16  the 25% benchmark used by some courts, the fees sought here are reasonable based on the time

17  and effort expended by plaintiff's counsel."); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-

18  MD-02420 YGR (DMR), 2020 U.S. Dist. LEXIS 233607, at *88-89, *91 (N.D. Cal. Dec. 10,

19  2020) (explaining that because of the negative multiplier, "the concerns that class counsel will

20  receive a windfall if awarded fees at or near the normal benchmark do not arise."); *In re Dynamic*

21  *Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486-PJH, 2013 U.S. Dist. LEXIS

22  190974, at *103 (N.D. Cal. Oct. 30, 2013) (Report and Recommendations of Special Master)

23  (stating when "there is a 'negative multiplier,' that is usually a sign that an upward adjustment of

24  the percentage should be made.").

25

26

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**D.  The Requested Expense Award is Reasonable**

Lead Plaintiff also respectfully requests that the Court reimburse Lead Counsel for $9,081.40 in litigation expenses that Lead Counsel advanced in the prosecution of this Action. "The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class settlement." *MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *6 (citing *Pelletz*, 592 F. Supp. 2d at 1329).   Here, the requested expenses, set forth in Monteverde Decl. ¶ 26, were reasonable and necessary to prosecute the Litigation, and thus should be awarded. *See MultiCare Health Sys.*, 2016 U.S. Dist. LEXIS 109417, at *7 (concluding that the requested expenses were reasonable and relevant to the litigation); *Pelletz*, 592 F. Supp. 2d at 1329 (same).

**E.   Lead Plaintiff's Requested Service Award is Fair and Reasonable**

Over the last three years, Lead Plaintiff devoted at least 40 hours of his time to this Action, including but not limited to: (i) evaluating the Tender Offer and contacting Monteverde to discuss a potential class action; (ii) reviewing the pleadings and motions filed in this case; (iii) discussing Defendants' appeal to the Ninth Circuit; (iv) considering the potential for settlement and the Settlement itself with Lead Counsel; and (v) reviewing the Settlement papers. *See* Monteverde Decl., Ex. 3 (Declaration of Lead Plaintiff).

Accordingly, Lead Plaintiff seeks a $5,000 Service Award pursuant to 15 U.S.C. § 78u-4(a)(4) and authority in this Circuit.  Such an amount is a reasonable request in light of other service awards previously awarded in this District and throughout the Ninth Circuit. *See, e.g., In re Infospace, Inc. Secs. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (approving an award of $5,000 and $6,600, respectively, for the two class representatives); *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *36-37 (N.D. Cal. Mar. 25, 2021) (noting service awards of $5,000 "are presumptively reasonable in this judicial district."); *In re Am. Apparel S'holder Litig.*, 2014 U.S. Dist. LEXIS 184548, at *99-103 (C.D. Cal. July 28, 2014) (approving $6,600 award where lead plaintiff devoted 55 hours to the securities litigation); *Atlas v. Accredited Home Lenders Holding Co.*, 2009 U.S. Dist. LEXIS 103035, at *7 (N.D. Cal. Nov.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11

2, 2009) (approving requested $5,000 service award for lead plaintiff's involvement in the securities litigation); *Jaguar Animal Health, Inc., et al.*, Case No. 3:17-cv-04102 (Monteverde Decl., Ex. 5) (awarding lead plaintiff $5,000 service award for his involvement in the securities litigation).  Moreover, the Notice mailed to the Settlement Class stated that Lead Plaintiff would seek up to a $5,000 service award,[7] and, to date, no objections have been made and there has been only one request for exclusion (*i.e.*, a Papa Murphy's shareholder with 60 shares). *See* Monteverde Decl. at ¶ 20.

Based on the foregoing, Lead Plaintiff respectfully submits that the $5,000 Service Award is fair and reasonable, and thus warrants approval.

III.   **CONCLUSION**

Accordingly, for the reasons explained, the requested Fee and Expense Award and Service Award should be approved by this Court in full.

Dated:  March 23, 2022

**BRESKIN JOHNSON TOWNSEND, PLLC**

s/ Roger M. Townsend
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, Washington  98104
Tel: 206-652-8660
Fax: 206-652-8290
rtownsend@bjtlegal.com

**OF COUNSEL:**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
Miles D. Schreiner
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
jmonteverde@monteverdelaw.com

[7] Notice at 2.

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

12

mschreiner@monteverdelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND SERVICE AWARD
Case No. 19-cv-5514-BHS

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

13