UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EVAN BROWN,<br><br>            Plaintiff,<br><br>   v.<br><br>PAPA MURPHY'S HOLDINGS INCORPORATED, et al.,<br><br>            Defendants. | CASE NO. C19-5514 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD |

This matter comes before the Court on Lead Plaintiff Evan Brown's motion for attorneys' fees and expenses and service award. Dkt. 79. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Brown, a former Papa Murphy's shareholder, initiated this putative class action in June 2019. Dkt. 1. Brown alleged in his Second Amended Complaint ("SAC") that Defendants Papa Murphy's Holdings, Inc. and Weldon Spangler violated Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(e), 78t(a), by making

materially false and misleading statements contained in a Recommendation Statement made in connection with a tender offer to acquire shares of Papa Murphy's. Dkt. 36, ¶¶ 1–3, 40.

Defendants moved to dismiss the SAC, Dkt. 41, and the Honorable J. Richard Creatura, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court deny Defendants' motion to dismiss, Dkt. 47. Defendants objected, Dkt. 51, and on April 22, 2021 the Court adopted the January R&R in full, Dkt. 57. Defendants argued in both their motion to dismiss and in their objections to the January R&R that there is no private right of action for Section 14(e) claims predicated on negligence. *See* Dkt. 41 at 36; Dkt. 51 at 16. Both Judge Creatura and this Court rejected that argument, declining to disturb existing Ninth Circuit precedent. *See* Dkt. 47 at 18–19; Dkt. 57 at 9–10.

Defendants then filed a motion to certify this Court's April 22 Order for interlocutory appeal and to stay proceedings during pendency of appeal. Dkt. 58. Judge Creatura issued a R&R, recommending that the Court grant the motion and stay the proceedings pending appellate review. Dkt. 62. Brown objected, Dkt. 63, and the Court adopted the R&R, staying the case, Dkt. 65.

The Ninth Circuit granted Defendants' 28 U.S.C. § 1292(b) petition for permission to appeal on October 12, 2021. Dkt. 67. Brown asserts that the parties reached a settlement less than an hour before the Ninth Circuit's order. Dkt. 79 at 9; *see also* Dkt. 68. The Ninth Circuit remanded the case to this Court, Dkt. 70, and Brown filed a motion for preliminary approval of settlement on December 1, 2021, Dkt. 71.

1     Pursuant to the Settlement, Papa Murphy's agreed to the Settlement Amount of

2 $2.4 million for the Settlement Class of former public shareholders. *See* Dkt. 72, Ex. 1.

3 Papa Murphy's Directors, and certain Supporting Stockholders affiliated with them are

4 excluded from the Settlement. Dkt. 71 at 7. Assuming 100% of the 8,160,595 shares in

5 the Settlement Class submit a valid and timely Proof of Claim and Release, the average

6 distribution will be $0.29 per share owned. Dkt. 78 at 16.

7     The Court preliminarily approved the Settlement and preliminarily certified the

8 Settlement Class on January 11, 2022. Dkt. 75. Notice was sent to the Settlement Class

9 Members in accordance with the approved notice methods, and no objections were filed

10 and only one Settlement Class Member opted out. *See* Dkt. 81. Brown accordingly

11 moved for final approval of the Settlement, Dkt. 78, and for attorneys' fees, expenses,

12 and service award, Dkt. 79.

13     The Court held the final approval hearing on May 2, 2022, approved the

14 Settlement, certified the Settlement Class, and preliminarily approved Brown's motion

15 for fees, expenses, and awards. Dkts. 84, 85. The Court now issues its ruling on the

16 motion for fees, expenses, and awards.

## II. DISCUSSION

18     Brown's counsel seeks a fee award of one-third the Settlement Amount—

19 $800,000—plus reimbursement of their litigation expenses in the amount of $9.081.40.

20 Dkt. 79 at 6. Brown additionally seeks an award of $5,000 for his time and efforts in

21 representing the Settlement Class. *Id.*

22

### A. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award "reasonable attorney's fees and nontaxable costs" in a certified class action. "While attorneys' fees and costs may be awarded in a certified class action . . . courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In the Ninth Circuit, district courts may award fees in common fund cases like this one under either the lodestar method or the percentage-of-recovery method. *Id.* at 942. Brown seeks attorneys' fees under the percentage-of-recovery method, Dkt. 79 at 6, and the Court agrees this method should be used.

Under the percentage-of-recovery method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award[.]" *Bluetooth*, 654 F.3d at 941. "The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). "Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id.* Factors that may be relevant to this determination include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). Ultimately, the fee award must be "reasonable under the circumstances." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) (internal quotation omitted).

Here, the requested attorneys' fees represent 33% of the settlement fund. Brown argues that in securities class actions, awards typically exceed the benchmark and that one-third the Settlement Amount is fair and appropriate. It is true that "in most common fund cases, the award exceeds that benchmark [of 25%]," *Omnivision*, 559 F. Supp. 2d at 1047–48, and that "nearly all common fund awards range around 30%," *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989). Brown provides extensive authority in support of his argument that securities class actions typically exceed the 25% benchmark—both through case law and his counsel's personal experience. *See* Dkt. 79 at 14; *see also, e.g.*, *Campbell v. Tansgenomic, Inc.*, No. 4:17-CV-3021, 2020 WL 2946989 (D. Neb. June 3, 2020). The Court agrees that 30% should be the benchmark here.

The requested fee amount deviates slightly above the benchmark. Brown argues that 33% is appropriate in part because the Settlement Amount represents approximately 6.75–17.25% of the potential recoverable damages at trial. Dkt. 79 at 9. He asserts that the 2021 median recovery in securities cases was 1.8%. *See* Dkt. 80, Ex. 1. This result is sizeable, and continued litigation was a risk considering that the Ninth Circuit granted Defendants' interlocutory appeal. Further, Brown's counsel undertook the class action on a purely contingent basis and demonstrated great skill and quality of work through attaining the Settlement.

These factors support the requested fee, but the Ninth Circuit has encouraged district courts to cross-check attorney's fees calculations against a second method. *See Bluetooth*, 654 F.3d at 944. Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the

ORDER - 5

litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at 941 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quotations omitted). Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Counsel's aggregate lodestar reflects 1,211.93 hours leading to $892,072.90 in fees, which would be a negative multiplier of 0.89. *See* Dkt. 80, ¶¶ 22, 25, 27, & Ex. 4. But the lodestar figure's hourly rate reflects market rates charged for securities class action litigation in the New York metropolitan area. *Id.* ¶ 24. While the New York metropolitan area is where Brown's Lead Counsel is located, the relevant community determining the reasonable hourly rate should be the forum in which the Court sits: the Seattle-Tacoma area. Based on a review of securities class actions[1] in this District, the Court believes that Lead Counsel's hourly rate should be adjusted as follows:

| Professional | Hours | Rate | Lodestar |
|---|---|---|---|
| Juan Monteverde (Managing Partner) | 476.1 | $ 600.00 | $ 285,660.00 |
| Miles Schreiner (Senior Associate) | 344.5 | $ 500.00 | $ 172,250.00 |
| John Baylet (Associate) | 207.4 | $ 450.00 | $ 93,330.00 |
| Rossella Scarpa (Associate) | 158.9 | $ 350.00 | $ 55,615.00 |
| Total | 1186.9 | | $ 606,855.00 |

---

[1] Brown cites to approved hourly rates in the Western District of Washington that exceed $900, but the hourly rates were for social security cases, not securities class action. *See, e.g.*, *Brazile v. Comm'r of Social Sec.*, No. 18-5914 JLR, 2022 WL 503779, at *3–4 (W.D. Wash. Feb. 18, 2022).

Adjusting Lead Counsel's rate leads to an aggregate lodestar of $620,620.40, inclusive of Local Counsel's hours and rate.

The Court believes that Brown's counsel has attained a very favorable result for the Settlement Class and is deserving of a percentage above the benchmark. In cross-checking the requested percentage with the lodestar, the Court concludes that 31.5% is a more reasonable and fairer fee amount. The adjusted lodestar results in a 1.21 positive multiplier in awarding 31.5% of the Settlement Amount; although the Court concludes that 33% is not an appropriate award of attorneys' fees in cross-checking against the lodestar, it believes this positive multiplier is fair and reasonable given the excellent result attained. In consideration of all the factors, the Court awards class counsel $756,000 in attorneys' fees.

**B.    Expenses**

"The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement." *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009) (citing *Staton*, 327 F.3d at 974). The Court has reviewed class counsel's expenses, which total $9,081.40. *See* Dkt. 80, ¶ 26. After reviewing these records, the Court concludes the requested expenses are reasonable and relevant to the litigation. *See Pelletz*, 592 F. Supp. 2d at 1329.

**C.    Service Award**

Finally, Brown seeks a service award for serving as class representative pursuant to 15 U.S.C. § 78u-4(a)(4). Dkt. 79 at 16–17. A court may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any

representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4). Brown seeks $5,000 for the 40 hours dedicated to this action, which is presumptively reasonable. *See, e.g.*, *Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *12 (N.D. Cal. Apr. 19, 2021) (noting that "[s]ervice awards as high as $5,000 are presumptively reasonable" in the Ninth Circuit and collecting cases holding the same); *In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (approving a $5,000 and $6,000 service award). Further, the Notice mailed to the Settlement Class indicated that Brown would receive a $5,000 award, and there have been no objections and only one opt out. The Court thus concludes that the requested $5,000 service award is reasonable and appropriate in this case.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Lead Plaintiff Evan Brown's motion for attorneys' fees and expenses and service award, Dkt. 79, is **GRANTED**. The Court awards class counsel $756,000 in attorneys' fees and $9,081.40 in expenses. The Court also awards Brown a $5,000 service award. These amounts shall be distributed subject to the terms, conditions, and obligations of the Settlement Agreement.

Dated this 2nd day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge