THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| EVAN BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                   Plaintiff,<br><br>    v.<br><br>PAPA MURPHY'S HOLDINGS, INC. and WELDON SPANGLER,<br><br>                                   Defendants. | Case No. 19-cv-05514-BHS<br><br>DECLARATION OF TINA CHIANGO IN SUPPORT OF MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND |

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

I, TINA CHIANGO, hereby declare and state as follows:

I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2"), whose address is 30 South 17th Street, Philadelphia, PA 19103. I am over the age of 18, have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

RG/2 has processed the Claim Forms in accordance with the terms of the Stipulation of Settlement, dated November 29, 2021 (the "Stipulation"), and hereby submits its administrative determinations regarding whether to accept or reject the Proofs of Claim in preparation for a distribution of the Net Settlement Fund to Authorized Claimants.

As more fully described in the Declaration of Tina Chiango Regarding Dissemination of the Notice to the Class (the "Chiango Declaration"), executed on April 18, 2022, RG/2 mailed the Court-approved Notice of Pendency and Proposed Settlement of Class Action along with the Proof of Claim and Release (together the "Notice") to potential Class Members, commencing on January 28, 2022. To date, a total number of 1,651 Notices have been mailed to Potential Settlement Class Members and nominees.

Under the terms of the Stipulation and as set forth in the Notice, each Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit a properly executed Claim Form postmarked no later than May 28, 2022, together with adequate supporting documentation for holdings reported therein. Class Members seeking to share in the Net Settlement Fund were directed in the Notice to submit their Proofs of Claim by mail to Papa Murphy's Holdings, Inc. Securities Litigation, c/o RG/2 Claims Administration, P.O. Box 59479, Philadelphia, PA 19102-9479 or through the online filing portal available through the case website www.rg2claims.com/papamurphy.html.

Before claims processing commenced, RG/2 created a database dedicated to this Settlement by customizing its proprietary database management software to accommodate the specifics of this Settlement, which included developing various computer programs and screens for entry of Class Members' identifying and securities information. In addition, RG/2 trained its

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

staff in the specifics of the Settlement so that Claim Forms would be properly processed and formulated a system so that telephone inquiries are properly handled.

RG/2 sorted incoming mail into Claim Forms and administrative mail.[1]  Notices that were returned by the Post Office as undeliverable were reviewed for updated addresses and, where available, new addresses were entered into the database and new Notices were mailed to the updated addresses.  Administrative mail was reviewed and, where necessary, appropriate responses were provided to the senders.

RG/2 received 232 Claim Forms through January 17, 2023. Of these, 45 were submitted through the online claims portal and 187 were filed through the mail or emailed.  Once received, each Claim Form was assigned a unique Claim Form number.  The information from each Claim Form, including the name, address, and the taxpayer identification number or the social security number of the Claimant, and all claimed holdings was entered into a database developed by RG/2 to process Claim Forms submitted for the Settlement.  Next, the information provided by each Claimant in support of his, her or its Claim Form was reviewed to determine whether the Claimant had in fact held Papa Murphy's Holdings, Inc. ("Papa Murphy's") common stock at the Expiration Time on May 22, 2019.

In order to process the Claim Forms, RG/2 utilized internal claim codes to identify and classify Claim Forms and any deficiency or ineligibility conditions that existed within those Claim Forms.  The appropriate codes were assigned to the Claim Forms as they were processed.  For example, where a Claim Form was submitted by a Claimant who did not hold Papa Murphy's common stock as of the Expiration Time on May 22, 2019, that Claim Form was coded to denote the ineligibility.  Similar codes were used to denote other ineligible conditions, such as duplicate Claim Forms; or the Claim was submitted without the proper documentation or signatures.  These

---

[1] Administrative mail includes all mail other than Claim Forms and supporting documentation as well as responses to notices of partial or entire rejection of the claim (e.g., requests for Claim Forms, notifications of a change of address, and questions regarding the administration process or status of the administration).

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

2

codes indicated to RG/2 that the Claimant was not eligible to receive any payment from the Net Settlement Fund with respect to that claim unless the deficiency was cured.

Many of the Claim Forms submitted were incomplete, not signed, not properly documented, or were otherwise deficient. Much of RG/2's efforts in handling an administration involve Claimant communications so that all Claimants have sufficient opportunity to cure any deficiencies and file a complete Claim Form. The "Deficiency Process," which involved letters and emails to Claimants, and inbound and outbound calls/emails to Claimants, was intended to assist Claimants in properly completing their otherwise deficient submissions so that they would be eligible to participate in the Settlement.

As described above, RG/2 established internal codes to identify and classify Claim Forms and conditions that existed within them. These Claim Form conditions included, among other things, notations about which Claim Forms were deficient or rejected. Accordingly, if a Claim Form was determined to be deficient in whole or in part (for example, if the Claim Form was missing documentation proving the claimed Papa Murphy's common stock held, or if the Claimant did not sign the Claim Form or did not provide enough information to process the Claim), RG/2 generated and mailed notices to Claimants advising them of the deficiency and requesting the submission of the appropriate documentary evidence to correct the defect within twenty (20) days. RG/2 mailed such deficiency notices to 89 Claimants.

In addition, if a Claim Form was determined to be rejected (for example, the Class Member did not hold Papa Murphy's common stock as of the Expiration Time on May 22, 2019, RG/2 generated and mailed notices to Claimants advising them of the rejection of their Claim and their right to contest such rejection in writing within twenty (20) days. To date, RG/2 has received no responses contesting the rejections.

An integral part of all of our claims administration projects is the quality assurance review. Once all of the claims have been processed, the Notice of Deficiency and Notice of Rejection letters have been mailed, and deficiency responses reviewed and processed, RG/2 performs a final project wrap-up in order to ensure correctness and completeness of all of the claims processed

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

3

prior to preparing our final report to counsel. Here, in connection with this quality assurance process, RG/2 checked that all otherwise "valid" claims that do not have proper Social Security/Tax Identification Numbers were given a "message" flagging the computer system to denote that condition; determined that valid claims have no messages denoting ineligibility; determined that claims that are ineligible have messages denoting ineligibility; determined that all claims requiring a Final Notice of Rejection were sent such letters; performed a sample review of all claims deficient or otherwise; and reviewed claims with large share amounts.

RG/2 also used a variety of fraud protection controls throughout the administration process to identify potential fraudulent Claim Forms. Duplicate claim searches (by beneficial owner name, tax identification number and share amount), high value reviews, spot reviews and other standard audit report procedures that examined the information in a variety of ways, were used during the Claim Form review.

RG/2 reviewed and compared the settlement database for this Settlement against the "watch list" of known potential fraudulent filers that RG/2 developed throughout its years of experience as a claims administrator. RG/2 works closely with the FBI to update that watch list with the latest information available. RG/2 also works with other claims administrators in preventing fraudulent claims.

The postmark deadline for filing a Claim Form was May 28, 2022. As of January 17, 2023, RG/2 has received a total of 232 Claim Forms. Of the 232 Claims Forms received by RG/2, a total of 225 were submitted timely and seven (7) were postmarked after May 28, 2022. A total of 196 Claims have been provisionally accepted. All Claims, whether timely filed or late, are included in the list of Authorized Claimants, submitted herewith as Exhibits A and B, for the Court's review.

Exhibit A lists all the Authorized Claimants who filed timely Claims and shows their approved shares held in claim number order ("Timely Authorized Claimants"). Exhibit B lists those otherwise eligible Claimants who submitted their Claims after May 28, 2022, and their approved shares held in claim number order ("Late But Otherwise Authorized Claimants").

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

4

Exhibit C lists all rejected or ineligible Claims and shows the reasons for rejection in claim number order ("Rejected or Ineligible Claimants"). For privacy reasons, Exhibits A, B and C include only claim numbers and reasons for rejection (no names, addresses or Taxpayer I.D. numbers are disclosed).

RG/2 has accepted 196 Claims representing 2,773,962 total shares held (including 2,652,870 shares held by 190 timely Claims and 121,092 shares held by six (6) Claims submitted after May 28, 2022). Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its approved shares held as compared to the total approved shares held of all Authorized Claimants. Upon approval by the Court, RG/2 will prepare and mail checks to all Authorized Claimants for their pro rata share of the Net Settlement Fund.

Through January 17, 2023, RG/2 has received and processed seven (7) Claim Forms that were postmarked after May 28, 2022. RG/2 processed all late Claim Forms, and six (6), totaling 121,092 in shares held, have been found to be otherwise eligible. As no delay resulted from these late but otherwise valid Claims, RG/2 believes that the six (6) eligible Late But Otherwise Authorized Claimants should be accepted.

A total of 36 claims were rejected for the following reasons:

| NO. OF CLAIMS | REASON FOR REJECTION |
|---|---|
| 27 | Did Not Hold Shares as of the Expiration Time on May 22, 2019 |
| 2 | Was Identified as an Excluded Party |
| 7 | Deficient Claim Never Cured |
| 36 | Total Claims Rejected |

The 36 rejected Claims are listed in Exhibit C, attached hereto. It is RG/2's position that all 36 Claims be rejected by the Court. As discussed above, each of the 36 Claimants has been notified of the rejection from RG/2.

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

Unless directed otherwise, RG/2 will continue to receive, review and process any correspondence or information submitted by Claimants with respect to their already-filed Proofs of Claim. RG/2 will also continue to receive, review and process any new Proofs of Claim or corrections to Proofs of Claim previously submitted by Claimants. And, if any such new or corrected Proofs of Claim received after January 17, 2023 are found to be eligible, RG/2 will report those claims to Lead Counsel.

However, there must be a final cut-off date after which no more Proofs of Claim will be processed so that there may be a proportional distribution of the Net Settlement Fund. The processing of any Proof of Claim received after preparation of this application would necessarily require a delay in the distribution.

Should the Court concur with RG/2's determinations concerning the provisionally accepted and rejected Claims, including the Late But Otherwise Authorized Claimants, RG/2 recommends the following distribution plan (the "Distribution Plan") and will undertake the following tasks: calculate the pro rata cash distribution amounts from the Net Settlement Fund by comparing the Claimant's approved shares held to the total approved shares held of all Authorized Claimants, and then to the total dollar value of the Net Settlement Fund at the time of distribution; prepare checks and check registers, and mail checks by prepaid first class mail; issue replacement checks upon request by payee; and answer inquiries about claim calculation and checks.

RG/2 understands that all procedures performed with respect to the distribution of the Net Settlement Fund in connection with the validity of the Claim Forms submitted are subject to the supervision and direction of Lead Counsel and the Court.

To carry out such orders as the Court may issue with respect to the allocation and distribution of the Net Settlement Fund to Authorized Claimants approved by the Court, RG/2 will first coordinate with Lead Counsel to determine the amount remaining in the Net Settlement Fund after all fees and expenses authorized by this Court have been paid. Next, RG/2 will calculate the pro rata distribution amount for each Authorized Claimant.

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

6

RG/2 will then prepare checks for the distribution, and send the payments by prepaid first class mail. Finally, RG/2 will issue replacement payments upon request by payee, and will respond to inquiries about distribution amounts.

As provided for in the Court-approved Plan of Allocation, Authorized Claimants whose Distribution Amount is less than $5.00 will receive no payment.

In those cases where Authorized Claimants checks are returned as undeliverable RG/2 will take steps to locate a new address and reissue a distribution check to the new address. Furthermore, RG/2 will reissue checks to those Authorized Claimants who have lost, damaged or otherwise require a reissued check and have requested for such in writing.

RG/2 agreed to be the Claims Administrator in exchange for payment of its fees and expenses. RG/2's actual fees and expenses for work performed to date, as well as the estimated fees and expenses to conduct the distribution of the Net Settlement Fund described above total $35,606. Attached hereto as Exhibit D is RG/2's cumulative invoice.

To date, the balance in the account is $1,635,751.49, which includes $5,832.89 in interest. Accordingly, RG/2 is prepared to issue checks to Authorized Claimants using the Net Settlement, which is expected to be $1,600,145.49, after payment of RG/2's fees and expenses.

Unless otherwise ordered by the Court, one year after distribution of the Net Settlement Fund, RG/2 will destroy the paper copies of the Proofs of Claim and all supporting documentation, and three years after the final distribution of the Net Settlement Fund it will destroy electronic copies of the same. In RG/2's experience, this is a reasonable retention period and will save the Settlement Class storage costs.

RG/2 respectfully requests that the Court enter an Order approving its administrative determinations accepting and rejecting the Proofs of Claim received on or before January 17, 2023 and approving the proposed distribution.

I declare under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

7

Executed on January 27, 2023 at Philadelphia, Pennsylvania.

Tina Chiango

DECLARATION OF TINA CHIANGO
Case No. 19-cv-5514-BHS

8